UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM P. YOUNGWORTH, et al.
PLAINTIFFS

CIVIL ACTION
DOCKET No._____

v.

05-30108-MAP

MARK A. GENTILE, et al.
DEFENDANTS

## MOTION TO APPOINT COUNSEL

Comes now the Plaintiff, William P. Youngworth, III, Pro Se, who moves this Honorable Court to appoint counsel to represent the plaintiffs in the matter at bar. In support of this motion Plaintiffs, by and through Plaintiff, William P. Youngworth, III states the following:

1. The Plaintiff's in this matter are William P. Youngworth, III and his 13-year old son, William P. Youngworth, IV.

2. The attached action filed by the plaintiffs alleges that certain defendants in this matter who were caretakers to the plaintiffs violated their rights. These caretakers were necessary for the plaintiffs to employ due to the numerous and severe disabilities that Plaintiff, William P. Youngworth, III suffers from.

3. Plaintiff, William P. Youngworth, III is disabled with that fact being supported by both the Social Security Administration and the Massachusetts Rehabilitation Commission. Plaintiff, William P. Youngworth, III, who filed this action with the assistance of his current caretaker (who is not educated in legal matters) has been diagnosed as suffering from infra-orbital nerve entrapment, optic nerve damage, trigeminal neuralgia, is presently being prescribed 100 milligrams of Morphine Sulfate Contin twice per day, fifteen

milligrams of Morphine Sulfate MSIR every four hours, Xanax XR 3 milligrams per day, to combat his chronic pain and severe anxiety due to post traumatic stress disorders that keeps the plaintiff in bi-weekly counseling (which has remained the case for three years to date). The plaintiff has recently undergone shoulder surgery, which has him in physical therapy several times per week at the New England Orthopedic complex in Springfield, Massachusetts. The plaintiff suffers from severe sleep apnea which causes an interruption of his breathing for as many times as 160 times per hour. The plaintiff, due to his post traumatic stress disorders, causes him to be a chronic sleepwalker. Due to this condition he needs to be watched each night by his caretaker due to past injuries he has suffered during these episodes. The plaintiff is currently undergoing various studies and treatments, which to this date have not been successful. The plaintiff suffers from permanent dipolpia, which causes him "low vision" and is pending review on the question of legal blindness by various Massachusetts health agencies. Lastly, the plaintiff suffers from vascular complications in both legs that will require vascular surgery to correct. While awaiting this surgery, the plaintiff must wear one of the strongest prescriptions available for compression stockings in order for him to manage minimal movements in walking.

4. Plaintiff, William P. Youngworth, III is presently under the care of David M. Slack, M.D., James Rosenthal (Ophthalmologist, M.D.), Michael Sorrell (Neurologist, M.D.), Jeffrey Kaufman (Vascular surgeon, M.D.), John Corsetti (Orthopedic Surgeon, M.D.), Isphan Pulai (Anesthesiologist, M.D.) Bay State Pain Clinic, P. Dunbar (Anesthesiologist, M.D.) Bay State Pain Clinic, Michael Coppola, M.D., Karen Cocoluto M.D., and Estey Ticknor, M.S.W., L. C. S.W., Psychotherapist.

5. Plaintiff, William P. Youngworth, III, on the average daily basis, is at least at one medical appointment per day. He cannot operate an automobile due to his visual injuries. He cannot walk distances. He cannot see well enough to read law books, pleadings and memorandums. Every place he must go, his caretaker who also suffers from her own severe disabilities drives him.

6. Within the plaintiff's complaint they allege that their former caretakers absconded with all their assets, leaving them indigent and unable to hire counsel, were left homeless after the defendants allegedly stole the plaintiff's home containing most of their valuable possessions. The plaintiff's incomes are meager benefit checks, which they give to their present caretaker (which does not offset the burden the plaintiff's have placed upon their present caretaker). It is only their caretaker's benevolence that allows the plaintiff's to exist. Prior to the conduct of the defendant's, of which the plaintiff's allege within their complaint, they were capable of living independently and plaintiff William P. Youngworth, III was not forced to burden the taxpayers by having to file for disability benefits. The monies that the plaintiff's allege the defendant's deprived them of were sufficient to sustain their independent lives.

Wherefore: While the plaintiff's are aware that this Honorable Court is not obligated to appoint counsel to represent the plaintiff's, they pray that this Court take into consideration the highly unusual circumstances of one plaintiff being severely disabled and the other being a thirteen year old minor. Additionally, within the plaintiff's complaint, they make a strong preliminary showing of their allegations and taking the entire facts into consideration, appointing counsel to represent the plaintiff's in the actions filed before this Court is both equitable and in the interest of justice.

Respectfully submitted,

*[signature]* III Pro Se

William P. Youngworth, III, Pro Se
For the Plaintiff's
P. O. Box 2663
Springfield, MA 01101-2663
413-736-5727