United States District Court

District of Massachusetts

FILED

C.A. No. 05-30108-MAP

_____

William P. Youngworth et al )

                     )

      Vs.        ) Defendant Mark Gentile's Answer to Complaint

                     )

Mark A. Gentile et als_____)

## Parties

1. Admit that William P. Youngworth III and IV are the plaintiffs and are residents of Massachusetts. Deny all other allegations contained in paragraph.

2. Defendant admits that he resides in Massachusetts. Defendant denies all other allegations contained in paragraph.

3. Defendant admits that Maryanne Gentile, formerly Maryanne Paicopoulos, resides in the Commonwealth of Massachusetts. Defendant denies all other allegations relating to him contained in paragraph.

4. Admits that Christine Hoyt resides at 25 Clark Street, Spencer, Massachusetts and is defendant's landlord. Defendant denies all other allegations relating to him contained in paragraph.

5. Do not possess information necessary to admit or deny.

6. Admit.

7. Do not possess information necessary to admit or deny.

8. Admit.

9. Do not possess information necessary to admit or deny.

10. Admit that John Conte is the elected District Attorney for Worcester County.

11. Admit that Thomas Reilly is the elected Attorney General for the Commonwealth of Massachusetts.

12. Do not possess information necessary to admit or deny

13. Admit that Spencer is a municipality in the Commonwealth of Massachusetts.

14. Defendant denies that the Commonwealth of Massachusetts is a municipality located within itself.

## Jurisdiction

15. Does not require a responsive pleading.

## Facts

16. Denied.

17. Do not possess information necessary to admit or deny set forth in this paragraph.

18. Do not possess information necessary to admit or deny set forth in this paragraph.

19. Do not possess information necessary to admit or deny set forth in this paragraph

20. Do not possess information necessary to admit or deny set forth in this paragraph.

21. Do not possess information necessary to admit or deny set forth in this paragraph

22. Denied.

23. Do not possess information necessary to admit or deny set forth in this paragraph.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied

40. Denied

41. Denied

42. Denied

43. Denied

44. Admit that William IV referred to me as "Uncle." Deny all other allegations contained in paragraph.

45. Admit that plaintiffs moved to 198 Florida Street in Springfield for a short time prior to the sale of the property by the owner.

46. Denied.

47. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

48. Denied.

49. Denied.

50. Admit.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Admit in part. Denied in part.

59. Denied.

60. Admit that D'Errico's is located on/or near Shrewsbury Street. Deny all other allegations contained in the paragraph.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

66. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

152.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

153.    Admit

154.    Denied.

155.    Admit

156.    Denied.

157.    Denied.

158.    Denied.

159.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

185.    Denied.

186.    Denied.

187.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

188.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

189.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

190.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

191.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

192.    Admit that I met with Christine Hoyt, looked over the apartment and signed the lease and gave her a $1700.00 check.

193.    Denied.

194.    Denied.

195.    Admit.

196.    Admit.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Admit.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

220.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

221.    Denied.

222.    Denied

223.    Denied.

224.    Denied

225.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

226.    Denied

227.    Denied

228.    Denied

229.    Denied

230.    Denied

231.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

232.    Denied

233.    Denied

234.    Denied

235.    Denied

236.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

237.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

238.    Denied

239.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

240.    Admit

241.    Denied.

242.    Denied.

243.    Denied

244.    Denied

245.    Denied

246.    Denied

247.    Denied

248.    Denied

249.    Admit

250.    Denied

251.    Denied

252.    Denied

253.    Denied

254.    Denied

255.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

256.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

257.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

258.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

259.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

260.     Denied

261.     Denied

262.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

263.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

264.     Does not require a responsive pleading.

265.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

266.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

267.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

268.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

269.     Denied.

270.     Denied.

271.     Denied.

272.     Admit.

273.     Denied.

274.     Denied.

275.     Denied.

276.     Denied.

277.  Admit.

278.  Denied.

279.  Denied.

280.  Denied.

281.  Admit.

282.  Denied.

283.  Denied.

284.  Denied.

285.  Denied.

286.  Denied.

287.  Admit that Judge Abdella amended Article 3 of the Restraining Order.

288.  Denied.

289.  Denied.

290.  Denied.

291.  Do not possess information necessary to admit or deny allegations set forth in this paragraph

292.  Do not possess information necessary to admit or deny allegations set forth in this paragraph

293.  Do not possess information necessary to admit or deny allegations set forth in this paragraph

294.  Denied.

295.  Admit that I had a verbal altercation with the Spencer Police.

296.  Admit that an escort was provided for Youngworth to get his clothes and belongings out of the apartment.

297.  Denied.

298.  Denied.

299.  Denied.

300.  Do not possess information necessary to admit or deny allegations set forth in this paragraph

301.  Admit in part. Deny that plaintiff's medication was missing.

302.  Denied.

303.    Admit that I never believed that the court would allow the plaintiff back into my house. Deny all other allegations in this paragraph.

304.    Denied.

305.    Admit that some chairs and stuff were stored my family's camp.

306.    Denied.

307.    Admit that property was posted. He was free to retrieve his chairs and stuff at a later date.

308.    Admit.

309.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

310.    Denied.

311.    Denied.

312.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

313.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

314.    Denied.

315.    Denied.

316.    Denied.

317.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

318.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

319.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

320.    Admit that I stopped Youngworth from taking my washer and dryer. Do not possess information necessary to admit or deny other allegations set forth in this paragraph.

321.    Admit.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Do not possess information necessary to admit or deny set forth in this
paragraph

328.    Do not possess information necessary to admit or deny set forth in this
paragraph

329.    Do not possess information necessary to admit or deny set forth in this
paragraph

330.    Do not possess information necessary to admit or deny set forth in this
paragraph

331.    Do not possess information necessary to admit or deny set forth in this
paragraph

332.    Do not possess information necessary to admit or deny set forth in this
paragraph

333.    Do not possess information necessary to admit or deny set forth in this
paragraph

334.    Do not possess information necessary to admit or deny set forth in this
paragraph

335.    Do not possess information necessary to admit or deny set forth in this
paragraph

336.    Do not possess information necessary to admit or deny set forth in this
paragraph

337.    Do not possess information necessary to admit or deny set forth in this
paragraph

338.    Do not possess information necessary to admit or deny set forth in this
paragraph

339.    Do not possess information necessary to admit or deny set forth in this
paragraph

340.    Do not possess information necessary to admit or deny set forth in this
paragraph

341.       Do not possess information necessary to admit or deny set forth in this
    paragraph

342.       Do not possess information necessary to admit or deny set forth in this
    paragraph

343.       Do not possess information necessary to admit or deny set forth in this
    paragraph

344.       Denied.

345.       Admit that no probable cause existed to issue a criminal complaint.

346.       Denied.

347.       Denied.

348.       Do not possess information necessary to admit or deny allegations set
    forth in this paragraph.

349.       Do not possess information necessary to admit or deny allegations set
    forth in this paragraph

350.       Do not possess information necessary to admit or deny allegations set
    forth in this paragraph

351.       Denied.

352.       Do not possess information necessary to admit or deny allegations set
    forth in this paragraph

353.       Denied.

354.       Denied.

355.       Do not possess information necessary to admit or deny allegations set
    forth in this paragraph

356.       Denied.

357.       Denied.

358.       Do not possess information necessary to admit or deny allegations set
    forth in this paragraph.

359.       Denied. I typed that letter for Youngworth while at M.C.I. Shirley
    Medium. The complaint was a scam.

360.       Denied.

361.    Admit in part. A motion to vacate the restraining order and to produce documents was allowed. The documents were before the court.

362.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

363.    Admit. Not recognized as legal service. Spencer Police were notified of attempt at contact in violation of restraining order.

364.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

365.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

366.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

367.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

368.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

369.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

370.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

371.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

372.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

373.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

374.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

375.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

376.    Admit.

377.     Deny. I don't remember who the judge hearing these matters was.

378.     Admit that hearing went forth on Youngworth's motions. Further admit that the Spencer Police were notified as the vandalization of Mary's car. (Sugar was put in the gas tank. We had knowledge of Youngworth having done this to others in previous incidents and strongly suspected him.

379.     Denied.

380.     Denied.

381.     Denied.

382.     Admit that motions were allowed. Deny any and all allegations of conspiracy or wrongdoing.

383.     Admit.

384.     Denied.

385.     Denied.

386.     Denied.

387.     Admit.

388.     Admit that all were present in court with documentation and that documentation was examined and found to be valid.

389.     Denied.

390.     Denied.

391.     Denied.

392.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

393.     Denied.

394.     Denied.

395.     Admit that my, then, fiancé brought up the incident of the threat with the SKS rifle and that she reaffirmed her fear of her personal safety from Youngworth.

396.     Admit that the restraining order was extended. Deny each and every other allegation set forth in this paragraph.

397.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

398.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

399.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

400.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

401.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

402.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

403.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

404.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

405.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

406.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

407.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

408.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

409.    Denied.

410.    Blank Paragraph.


## Count One


411.    I deny all substantive allegations of any wrongdoing set out within this complaint.

412.    Denied.

413.    Denied.

       A.  Denied

       B.  Denied.

       C.  Denied.

       D.  Denied.

       E.  Denied.

       F.  Denied

       G.  Denied

       H.  Denied

       I.  Denied.

       J.  Denied.

       K.  Denied

414.     Blank paragraph.

## Count Two

       A.  I deny all allegations of wrongdoing in complaint.

       B.  Denied.

       (B) Denied.

       D.  Denied

       E.  Denied.

       F.  Denied.

415.     Blank paragraph.

## Count Three

       A.  I deny all allegations of wrongdoing in complaint.

       B.  Denied.

       C.  Denied.

D. Denied.

## Count Four

416.    Blank paragraph.

      A. I deny all allegations of wrongdoing in complaint.

      B. Denied.

417.    Blank paragraph.

## Count Five

      A. I deny all allegations of wrongdoing in complaint.

      B. Denied.

      C. Denied.

## First Affirmative Defense

The complaint should be struck pursuant to the provisions of Rules 5 and 11 of the Federal Rules of Civil Procedure. This is a 110 page rambling, frivolous complaint instituted in bad faith with the sole intent of harassing the defendants for their seeking relief from the courts. The structure of the complaint violates the provisions of Rule 5 (Complaint to be 30 pages or less) the "Facts" section of the complaint makes needless, disparaging and offensive references to the opposing parties; rambles on endlessly about parties and allegations having no relevance to the complaint or any legal claim against parties named in the complaint and violates the provisions of Rule 11. The defendant respectfully moves that the court strike the complaint with prejudice against the plaintiff.

## Second Affirmative Defense

This action is barred by a prior action having been adjudicated before the Massachusetts Trial Court, District Court Division, which involves the same issues, parties and property that are the subject of this complaint. The other action adjudicated by the State Courts is case number 0469RO0046, in East Brookfield District Court, filed by Maryanne Paicopoulos against William P. Youngworth. Both plaintiffs, William P. Youngworth III and William P.Youngworth IV, Defendants Paicopoulos, Gentile, Hoyt, and the various defendant court officers were all present. The issues were fully adjudicated by the parties and extensively reviewed. Defendant requests that the court take judicial notice of the other action. A copy of the complaint in that action, along with plaintiff's motions, filed respectively on 2/23/04, is attached as exhibit A.

## Third Affirmative Defense

This complaint fails to state a claim upon which relief can be granted. No contractual obligations ever existed between the plaintiffs and defendant Gentile. The defendant was never the plaintiffs' caretaker, was never in the plaintiffs' employ, and never entered into a business agreement with the plaintiffs respecting D'Errico's Restaurant.

## Fourth Affirmative Defense

The Plaintiffs come before this Court with unclean hands and are thus barred from bringing this action. Any and all assets possible accrued by the Plaintiffs are the product of illicit and illegal activities, fraud or direct theft.

## Fifth Affirmative Defense

The Defendant moves for a special order to dismiss the complaint pursuant to Mass. General Law Ch. 231 sec. 59 H and 42 USC 1988, whereas the plaintiffs have filed this complaint in retaliation for Defendant Paicopoulos' obtaining a restraining order against the plaintiff. As is apparent from the body of the complaint itself, this complaint is just one in a long line of meritless complaints filed against the defendants after Defendant Paicopoulos obtained the restraining order against the plaintiff. Moreover, 1) the complaint lacks any reasonable factual support or basis in law; and 2) the repeated trips to court to answer these meritless claims, necessitating time off from work, have deprived the defendants of wages; and thus, have directly harmed the defendants.

Wherefore, the defendant prays that the court:

1.  Grant a jury trial in the first instance.
2.  Assess reasonable attorney's fees and court costs against the plaintiffs.

Respectfully Submitted,

Mark A. Gentile
25 Clark Street
Spencer, Mass. 01562

| **COMPLAINT FOR PROTECTION FROM ABUSE** (G.L. c.209A) Page 1 of 2 | COURT USE ONLY – DOCKET NO. 0469 R046 | **TRIAL COURT OF MASSACHUSETTS** |
|---|---|---|

☐ BOSTON MUNICIPAL COURT  ☐ DISTRICT COURT  ☐ PROBATE & FAMILY COURT  ☐ SUPERIOR COURT  DIVISION

**Name of Plaintiff** (person seeking protection)
Mary Anne Paicopoulos

Plaintiff's Address. DO NOT complete if the Plaintiff is asking the Court to keep it confidential. *See K. 4. below.*

Daytime Phone No. (     )

If the Plaintiff left a former residence to avoid abuse, write that address here:

I ☑ am over the age of eighteen.
I ☐ am under the age of eighteen, and _____
my _____ (relationship to Plaintiff) has filed this complaint for me.
The Defendant ☐ is ☑ is not under the age of eighteen.

To my knowledge, the Defendant possesses the following guns, ammunition, firearms identification card, and/or license to carry:
NO

Are there any prior or pending court actions in any state or country involving the Plaintiff and the Defendant for divorce, annulment, separate support, legal separation or abuse prevention? ☑ No ☐ Yes
If Yes, give Court, type of case, date, and (if available) docket no.

**Name of Defendant** (person accused of abuse)
William Yourworth

Def. Date of Birth 8-10-59     Defendant's Alias, if any

Defendant's Address
25 Clark St #1F
Spencer, MA 01562

Day Phone (     )
508 885-9018

Sex: ☑ M ☐ F

Social Security #     Place of Birth
Boston

Defendant's Mother's Maiden Name (first & last)
Audrey Sullivan

Defendant's Father's Name (first & last)
William Yourworth

The Defendant and Plaintiff:
☐ are currently married to each other
☐ were formerly married to each other
☑ are not married but we are related to each other by blood or marriage; specifically, the Defendant is my
brother
☐ are the parents of one or more children
☐ are not related but live in the same household
☐ were formerly members of the same household
☐ are or were in a dating or engagement relationship.

Does the Plaintiff have any children? ☑ No ☐ Yes  If yes, the Plaintiff shall complete the appropriate parts of Page 2

On or about (dates) 02-23-04 I suffered abuse when the Defendant:
☐ attempted to cause me physical harm     ☑ placed me in fear of imminent serious physical harm
☐ caused me physical harm     ☐ caused me to engage in sexual relations by force, threat of force or duress

THEREFORE, I ASK THE COURT TO ORDER:
☑ 1. the Defendant to stop abusing me by harming, threatening or attempting to harm me physically, or placing me in fear of imminent serious physical harm, or by using force, threat or duress to make me engage in sexual relations unwillingly.
☑ 2. the Defendant not to contact me, unless authorized to do so by the Court.
☑ 3. the Defendant to leave and remain away from my residence which is located at:

*If this is an apartment building or other multiple family dwelling, check here* ☐
☐ 4. that my address be impounded to prevent its disclosure to the Defendant, the Defendant's attorney, or the public. *Attach Request for Address Impoundment form to this Complaint.*
☑ 5. the Defendant to leave and remain away from my workplace which is located at:

☐ 6. the Defendant to pay me $_____ in compensation for the following losses suffered as a direct result of the abuse:

**You may not obtain an Order from the Boston Municipal Court or a District or Superior Court covering the following item 7 if there is a prior or pending Order for support from the Probate and Family Court.**
☐ 7. the Defendant, who has a legal obligation to do so, to pay temporary support for me.
☐ 8. the relief requested on page two of this Complaint pertaining to my minor child or children.
☐ 9. the following: _____

☐ 10. the relief I have requested, except for temporary support for me and/or my child(ren) and for compensation for losses suffered, without advance notice to the Defendant because there is a substantial likelihood of immediate danger of abuse. I understand that if the Court issues such a temporary Order, the Court will schedule a hearing within 10 court business days to determine whether such a temporary Order should be continued, and I must appear in Court on that day if I wish the Order to be continued.

DATE 02-23-04     PLAINTIFF'S SIGNATURE x Mary Anne Paicopoulos     Please complete affidavit on reverse of this page

This is a request for a civil order to protect the Plaintiff from future abuse. The actions of the Defendant may also constitute a crime subject to criminal penalties. For information about filing a criminal complaint, you can talk with the District Attorney's Office for the location where the alleged abuse occurred.

FA 1 (9/95)     COURT COPY

| ABUSE PREVENTION ORDER (G.L. c. 209A) Page 2 of 2 | DOCKET NO. 0469 RO 0046 | TRIAL COURT OF MASSACHUSETTS |
|---|---|---|

14. Police reports are on file at the_____Police Department.

15. OUTSTANDING WARRANTS FOR THE DEFENDANT'S ARREST:
_____(DOCKET #s) _____(PCF #)

☐ 16. An imminent threat of bodily injury exists to the petitioner. Notice issued to_____Police Department(s) by ☐ telephone ☐ other_____.

☐ **B. NOTICE TO LAW ENFORCEMENT.**
1. An appropriate law enforcement officer shall serve upon the Defendant in hand a copy of the Complaint and a certified copy of this Order (and Summons), and make return of service to this Court. If this box is checked ☐, service may instead be made by leaving such copies at the Defendant's address shown on Page 1 but only if the officer is unable to deliver such copies in hand to the Defendant.
☐ 2. Defendant Information Form accompanies this Order.
☐ 3. Defendant has been served in hand by the Court's designee: Name_____Date_____

| DATE OF ORDER 02-23-2004 | TIME OF ORDER 3:55 ☐ A.M. ☒ P.M. | EXPIRATION DATE OF ORDER March 8, 2004 at 4 P.M. | NEXT HEARING DATE: March 8, 2004 at 9:00 ☒ A.M. ☐ P.M. in Courtroom_____ |
|---|---|---|---|

The above and any subsequent Orders expire on the expiration dates indicated. Hearings on whether to continue and/or modify Orders will be held on dates and times indicated.    SIGNATURE/NAME OF JUDGE _____

☒ **C. PRIOR COURT ORDER EXTENDED.**
After a hearing at which the Defendant ☐ appeared ☐ did not appear, the Court has ORDERED that the prior Order dated_02/23/04_, 20_____ shall continue in effect until the next expiration date below ☐ without modification
☐ with the following modification(s):
_____delete # 3------retain # 1,2,5 & 12_____

☐ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER 02/26/04 | TIME OF ORDER 12:30 ☐ A.M. ☒ P.M. | EXPIRATION DATE OF ORDER 04/26/04 at 4 P.M. | NEXT HEARING DATE: April 26, 2004 at 9:00 ☒ A.M. ☐ P.M. in Courtroom_____ |
|---|---|---|---|

SIGNATURE/NAME OF JUDGE

☒ **D. FURTHER EXTENSION.**
After a hearing at which the Defendant ☒ appeared ☐ did not appear, the Court has ORDERED that the prior Order dated_2-26_, 20_04_ shall continue in effect until the next expiration date below ☒ without modification
☐ with the following modification(s):

☒ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER 4-26-04 | TIME OF ORDER 2:50 ☐ A.M. ☒ P.M. | EXPIRATION DATE OF ORDER July 26-04 at 4 P.M. | NEXT HEARING DATE: July 26-2004 at 9:00 ☐ A.M. ☐ P.M. in Courtroom_____ |
|---|---|---|---|

SIGNATURE/NAME OF JUDGE

☐ **E. PRIOR COURT ORDER MODIFIED.**
Upon motion by the ☐ Plaintiff ☐ Defendant and after a hearing at which the Plaintiff ☐ appeared ☐ did not appear and the Defendant ☐ appeared ☐ did not appear, the Court has ORDERED that the prior Order dated_____, 20___ shall be modified as indicated below:

☐ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER | TIME OF ORDER ☐ A.M. ☐ P.M. | EXPIRATION DATE OF ORDER at 4 P.M. | NEXT HEARING DATE: at ☐ A.M. ☐ P.M. in Courtroom_____ |
|---|---|---|---|

SIGNATURE/NAME OF JUDGE

☐ **F. PRIOR COURT ORDER VACATED.**
This Court's prior Order is vacated. Law enforcement agencies shall destroy all records of such Order.
☐ VACATED AT PLAINTIFF'S REQUEST.

| SIGNATURE/NAME OF JUDGE | DATE OF ORDER | TIME OF ORDER ☐ A.M. ☐ P.M. |
|---|---|---|

| WITNESS - FIRST OR CHIEF JUSTICE Charles A. Abdella | A true copy, attest (Asst.) Clerk Magistrate/ (Asst.) Register of Probate |
|---|---|

FA 2a (9/95)

| **ABUSE PREVENTION ORDER** **(G.L. c. 209A) Page 1 of 2** | DOCKET NO. 0469 RO 0046 | **TRIAL COURT OF MASSACHUSE,** | |
|---|---|---|---|

| PLAINTIFF'S NAME Mary Anne Paicopoulas | Defendant's Name and Address William Youngworth 25 Clark Street - #1F Spencer, MA  01562 | Alias, if any | |
|---|---|---|---|

NAME & ADDRESS OF COURT

**East Brookfield District Court**
**544 East Main Street**
**East Brookfield, MA 01515**

D
E
F
T.

I
N
F
O.

Date of Birth 08-10-59

Place of Birth Boston

SS #

Daytime Phone # ( 508 885-9043

Sex ☒ M ☐ F

Mother's Maiden Name (First & Last) Audrey Sullivan

Father's Name (First & Last) William Youngworth

## VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE punishable by imprisonment or fine or both.

**A. THE COURT HAS ISSUED THE FOLLOWING ORDERS TO THE DEFENDANT:** *(only those items checked shall apply)*

☐ This Order was issued without advance notice because the Court determined that there is a substantial likelihood of immediate danger of abuse.

☐ This Order was communicated by telephone from the Judge named below to:
Police Dept._____Police Officer_____

☒ **1. YOU ARE ORDERED NOT TO ABUSE THE PLAINTIFF** by harming, threatening or attempting to harm the Plaintiff physically or by placing the Plaintiff in fear of imminent serious physical harm, or by using force, threat or duress to make the Plaintiff engage in sexual relations unwillingly.

☒ **2. YOU ARE ORDERED NOT TO CONTACT THE PLAINTIFF,** except as permitted in 8 below or for notification of court proceedings as permitted in this section, either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least 100 yards from the Plaintiff even if the Plaintiff seems to allow or request contact. Notification of court proceedings is permissible only by mail, or by sheriff or other authorized officer when required by statute or rule.

☒ **3. YOU ARE ORDERED TO IMMEDIATELY LEAVE AND STAY AWAY FROM THE PLAINTIFF'S RESIDENCE,** except as permitted in 8 below, located at 25 Clark St - 1F - Spencer or wherever else you may have reason to know the Plaintiff may reside. The Court also **ORDERS** you (a) to surrender any keys to that residence to the Plaintiff, (b) not to damage any belongings of the Plaintiff or any other occupant, (c) not to shut off or cause to be shut off any utilities or mail delivery to the Plaintiff, and (d) not to interfere in any way with the Plaintiff's right to possess that residence, except by appropriate legal proceedings.

☐ If this box is checked, the Court also **ORDERS** you to immediately leave and remain away from the entire apartment building or other multiple family dwelling in which the Plaintiff's residence is located.

☐ **4. PLAINTIFF'S ADDRESS IMPOUNDED.** The Court **ORDERS** that the address of the Plaintiff's residence is to be impounded by the Clerk-Magistrate or Register of Probate so that it is not disclosed to you, your attorney, or the public.

☒ **5. YOU ARE ORDERED TO STAY AWAY FROM THE PLAINTIFF'S WORKPLACE** located at Derrico's Restaraunt

☐ **6. CUSTODY OF THE FOLLOWING CHILDREN IS AWARDED TO THE PLAINTIFF:** 145 E. Cental St - Worcester

| N A M E | | D O B | | N A M E | | D O B | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

☐ **7. YOU ARE ORDERED NOT TO CONTACT THE CHILDREN LISTED ABOVE OR ANY CHILDREN IN THE PLAINTIFF'S CUSTODY LISTED BELOW,** either in person, by telephone, in writing or otherwise, either directly or through someone else, and to stay at least _____ yards away from them unless you receive written permission from the Court to do otherwise.

☐ You are also ordered to stay away from the following school, day care, other: _____

| N A M E | | D O B | | N A M E | | D O B | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

☐ **8. VISITATION WITH THE CHILDREN LISTED IN SECTION 6 IS PERMITTED ONLY AS FOLLOWS (may be ordered by Probate and Family Court only):**

☐ Visitation is only allowed if supervised and in the presence of _____at the following times _____
_____ to be paid for by _____

☐ Transportation of children to and from this visitation is to be done by _____(third party), and not by you.

☐ You may contact the Plaintiff by telephone only to arrange this visitation.

☐ **9. YOU ARE ORDERED TO PAY SUPPORT** for ☐ the Plaintiff and ☐ your child or children listed above, at the rate of $ _____ per week or per _____, beginning _____, 20____ ☐ directly to the Plaintiff ☐ through the Probation Office of this Court ☐ through the Massachusetts Department of Revenue ☐ by income assignment.

☐ **10. YOU MAY PICK UP YOUR PERSONAL BELONGINGS** in the company of police at a time agreed by the Plaintiff.

☐ **11. YOU ARE ORDERED TO COMPENSATE THE PLAINTIFF** for $ _____ in losses suffered as a direct result of the abuse, to be paid in full on or before _____, 20____ ☐ directly to the Plaintiff ☐ through the Probation Office of this Court.

☒ **12. THERE IS A SUBSTANTIAL LIKELIHOOD OF IMMEDIATE DANGER OF ABUSE. YOU ARE ORDERED TO IMMEDIATELY SURRENDER** to the Spencer Police Department all guns, ammunition, gun licenses and FID cards. Your license to carry a gun, if any, and your FID card, if any, are suspended immediately.
► You may ask the Court to change this Order by going to the Court and filing a petition. The Court will schedule a hearing on your petition.
► You must immediately surrender the items listed above, and also comply with all other Orders in this case, whether or not you file a petition.
► If you need a firearm, rifle, shotgun, machine gun, or ammunition for your job, you may ask for a hearing within two days.

**J ARE ALSO ORDERED**

must appear at scheduled hearings, or this Order may be vacated.  The Defendant may appear, with or without attorney, to oppose any extension or modification of this
e Defendant does not appear, the Order may be extended or modified as determined by the Judge.  For good cause, either the Plaintiff or the Defendant may request the
dify this Order before its scheduled expiration date.

East Brookfield District Court
544 East Main Street
East Brookfield, MA 01515
508-885-6305  (Fax 508-885-7623 )

Please make service and return to Carole in Clerk Magistrate's Office

## IN HAND SERVICE

Docket #    0469 RO 46

Name of Defendant: Plaintiff --Mary Anne Paicopoulos

Date of Hearing:    02/27/04

Service made on:_____

Service made by :_____

NAME OF CASE

*Mary Anne Psicopoulos* VS. *William Youngworth*

PLAINTIFF/COMMONWEALTH — DEFENDANT

COURT DIVISION

**East Brookfield District Court**
544 East Main Street
East Brookfield, MA 01515

On behalf of the ☐ Plaintiff ☐ Commonwealth ☑ Defendant in this case, I respectfully request the Court:

☐ *Continuance:* to continue this case which is presently scheduled for _____
on _____ , until _____ , for the reasons given on the back of this form.
(DATE) (EVENT) (DATE)

☐ *Remove default:* to order that the default, default order, or default judgment that was entered on _____
(DATE)
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ *Remove dismissal:* to order that the order for, or judgment of, dismissal that was entered on _____
(DATE)
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ *Speedy trial:* to order that the complaints whose numbers are listed above be advanced for speedy trial, for the reasons given on the back of this form.

☐ *New trial:* to order that the court's judgment in this case dated _____ be vacated and
(DATE)
a new trial ordered, for the reasons given on the back of this form.

☐ *Revise or revoke sentence:* to revise or revoke the sentence(s) imposed in this case on _____
(DATE)
for the reasons given on the back of this form.

☑ *Amend or extend an abuse prevention order:* to extend or amend the abuse prevention order under G.L. c. 209A dated
*3/8/04* in the manner and for the reasons given on the back of this form.
(DATE)

☐ *Withdraw from representation:* to be permitted to withdraw from further representation of the _____
(PARTY)
in this case for the reasons given on the back of this form. I have notified my client of this motion.

☐ *Other:* (Specify what you are asking the Court to do, and the reasons for your request, on the back of this form.)

I have today ☐ mailed ☐ delivered a copy of this motion to all other parties to this case.

Any statements of fact made in this motion are made under the penalties of perjury and
☐ of my own personal knowledge. ☐ based on information that I believe is true.

DATE SIGNED
*2/24/04*

SIGNED
x *William P. Youngworth, III*

PRINT NAME
*William P. Youngworth, III*

ADDRESS
*25 Clark St 1F Spencer, MA*

DAYTIME TELEPHONE NO.
*413-736-5727*
*508-885-9048*

If signed by other party, that party or attorney should sign here to indicate assent:
SIGNED x
DAYTIME TELEPHONE NO.

**FOR CLERK-MAGISTRATE'S USE ONLY**

This motion has been scheduled for hearing ►
before the Court on this date and time.

DATE OF HEARING
*2-26-04*

TIME OF HEARING
*9:00 AM*

DATE SIGNED
*2-24-04*

CLERK-MAGISTRATE OR DESIGNEE
*Carole Cristo*

**FOR JUDGE'S USE ONLY**

☐ After hearing ☐ Without a hearing this motion is ☐ Allowed. ☐ Denied.

DATE

JUSTICE

DC-CR-18 (2/92)

The Plaintiff in this matter is a guest in my home, she is not on the lease. She filed this motion which has left my 12 year old child and myself homeless.

William R. Jungwirth

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, ss**

**East Brookfield
District Court
Docket No. 0469RO0046**

**MARY ANNE PAICOPOULOS,
PLAINTIFF**

v.

**WILLIAM P. YOUNGWORTH, III
DEFENDANT**

### DEFENDANT'S MOTION FOR
### ISSUANCE OF WRIT OF
### SUBPOENA
### AD TESTIFICANDUM
### AT COMMONWEALTH'S
### EXPENSE

Comes now the defendant, William P. Youngworth, III, Pro Se, who moves this

Honorable Court to issue Writs of Subpoena Ad Testificandum upon Christina Hoyt of 25

Clark St., Unit 2R, Spencer, MA and Mark A. Gentile of 25 Clark St., Unit 1F, Spencer,

MA.

In support of this motion the defendant states that upon granting him an evidentiary

hearing on his motion to vacate, the testimony of Hoyt and Gentile will be crucial to the

defendant so that he can prove through their testimony that the plaintiff and her

confederates (Hoyt and Gentile) have conspired together to suborn perjury before this

court.

Actions previously taken by this court have left the defendant and his child homeless and

dispossessed of certain possessions. The actions of the plaintiff and her confederates have

left the defendant indigent. This court was manipulated into being and unwitting party by

perjury, which has brought about the defendant's present situation.


This court, out of pure equity and fairness, should grant this motion and issue Writs of

Subpoena Ad Testificandum, to be served upon Christine Hoyt and Mark A. Gentile,

compelling their testimony at an evidentiary hearing on the defendant's motion to vacate.


Respectfully submitted,

William P. Youngworth, III
Defendant, Pro Se

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, ss**

**East Brookfield**
**District Court**
**Docket No. 0469RO0046**

**MARY ANNE PAICOPOULOS,**
**PLAINTIFF**

**v.**

**WILLIAM P. YOUNGWORTH, III,**
**DEFENDANT**

### DEFENDANT'S MOTION
### FOR ISSUANCE OF
### WRIT OF HABEUS CORPUS
### DUCEUS TECTUM

Comes now the defendant William P. Youngworth, III, Pro Se, who moves the Honorable

Court to issue Writs of Duceus Tectum upon Christine Hoyt and Mark A. Gentile

ordering the production of all documents relevant to leases issued to William P.

Youngworth, III and Mark A. Gentile from the periods of 11/18/03 to 3/3/04.

In support of this motion the defendant states that compelling the production of the

documentary evidence requested above will prove to this court's satisfaction that the

plaintiff in this matter and her confederates (Hoyt and Gentile) conspired together to

violate the criminal statutes of MGL (perjury).

The criminal actions of the plaintiff and her confederates have irrevocably damaged the

defendant and his child and the only accurate fact finding tool available to the defendant in

this court is issuing this writ.


Respectfully submitted,     Pro Se

William P. Youngworth, III
Defendant, Pro Se
P. O. Box 2663
Springfield, MA 01101
413-478-9430

Mark A. Gentile
25 Clark Street
Unit 1F
Spencer, Ma. 01562

**You are hereby ordered to appear before the East Brookfield District Court on** ~~March~~ MAY 7 **3, 2004 as to the powers of the attached Writs of Subpoenas.**

_William P. ~~Youngworth~~, III_
**William P. Youngworth, III**
**Pro Se**

_4/25/04_
**dated**

A TRUE COPY ATTEST
DEPUTY SHERIFF

| AFFIDAVIT | Describe in detail the most recent incidents of abuse. The Judge requires as much information possible, such as what happened, each person's actions, the dates, locations, any injuries, and any medical or other services sought. Also describe any history of abuse, with as much of the above detail as possible. |
|---|---|

On or about _____ , 20 ____ , the Defendant

He comes me and yells at me for money or to take one of the vehicles I have he throws things slams things bangs things he is not rational because he's under the influence of Narcotics He will not take no for an answer

If more space is needed, attach additional pages and check this box: ☐

I declare under penalty of perjury that all statements of fact made above, and in any additional pages attached, are true.

| DATE SIGNED | PLAINTIFF'S SIGNATURE |
|---|---|
| 02-23-04 | x Mary Anne Davenport |

| WITNESSED BY | PRINTED NAME OF WITNESS | TITLE/RANK OF WITNESS |
|---|---|---|
| x _____ | | |