United States District Court

District of Massachusetts

C.A. No. 05-30108-MAP

_____

William P. Youngworth et al                )

                                           )        Maryanne (Paicopoulos) Gentile's

                    Vs.                    )        Answer to Complaint

                                           )

Maryanne (Paicopoulos) Gentile et als_____ )

FILED

U.S. DISTRICT COURT

Parties

1.  Admit that William P. Youngworth III and IV are the plaintiffs and are residents of Massachusetts. Deny all other allegations contained in paragraph.

2.   Admits that Defendant Gentile resides in Massachusetts. Defendant denies all other allegations contained in paragraph.

3.  Defendant Maryanne Gentile, formerly Maryanne Paicopoulos, resides in the Commonwealth of Massachusetts. Defendant denies all remaining allegations contained in paragraph.

4.  Admits that Christine Hoyt resides at 25 Clark Street, Spencer, Massachusetts and is defendant's landlord. Defendant denies all remaining allegations contained in paragraph.

5.  Do not possess information necessary to admit or deny.

6.  Admit.

7.  Do not possess information necessary to admit or deny.

8.  Admit.

9.  Do not possess information necessary to admit or deny.

10. Admit that John Conte is the elected District Attorney for Worcester County.

11. Admit that Thomas Reilly is the elected Attorney General for the Commonwealth of Massachusetts.

12. Do not possess information necessary to admit or deny

13. Admit that Spencer is a municipality in the Commonwealth of Massachusetts.

14. Defendant denies that the Commonwealth of Massachusetts is a municipality located within itself.

## Jurisdiction

15. Does not require a responsive pleading.

## Facts

16. Denied.

17. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

18. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

19. Do not possess information necessary to admit or deny allegations set forth in this paragraph

20. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

21. Do not possess information necessary to admit or deny allegations set forth in this paragraph

22. Denied.

23. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied

40. Denied

41. Denied

42. Denied

43. Denied

44. Admit that William IV referred to Mark as "Uncle." Deny all other allegations contained in paragraph.

45. Admit that plaintiffs moved to 198 Florida Street in Springfield for a short time prior to the sale of the property by the owner.

46. Denied.

47. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

48. Denied.

49. Denied.

50. Admit.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Admit that Joseph Evangelista is the primary owner or D'Errico's.

59. Denied.

60. Admit that D'Errico's is located on/or near Shrewsbury Street. Deny all other allegations contained in the paragraph.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

66. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Do not possess information necessary to admit or deny allegations set forth in this paragraph.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100.        Denied.

101.        Denied.

102.        Denied.

103.        Denied.

104.        Denied.

105.        Denied.

106.        Denied.

107.        Denied.

108.        Denied.

109.        Denied.

110.        Denied.

111.        Denied.

112.        Denied.

113.        Denied.

114.        Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.     Denied.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

152.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

153.     Admit

154.     Denied.

155.     Admit

156.     Denied.

157.     Denied.

158.     Denied.

159.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

160.     Denied.

161.     Denied.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Denied.

166.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

167.     Denied.

168.     Denied.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

185.    Denied.

186.    Denied.

187.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

188.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

189.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

190.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

191.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

192.    Admit that Mark met with Christine Hoyt, looked over the apartment and signed the lease and gave her a $1700.00 check.

193.    Denied.

194.    Denied.

195.    Admit.

196.    Admit.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Admit.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Do not possess information necessary to admit or deny allegations set
forth in this paragraph

220.    Do not possess information necessary to admit or deny allegations set
forth in this paragraph

221.    Denied.

222.    Denied

223.    Denied.

224.    Denied

225.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

226.    Denied

227.    Denied

228.    Denied

229.    Denied

230.    Denied

231.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

232.    Denied

233.    Denied

234.    Denied

235.    Denied

236.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

237.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

238.    Denied

239.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

240.    Admit

241.    Denied.

242.    Denied.

243.    Denied

244.    Denied

245.    Denied

246.    Denied

247.    Denied

248.    Denied

249.    Admit

250.    Denied

251.    Denied

252.    Denied

253.    Denied

254.    Denied

255.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

256.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

257.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

258.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

259.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

260.    Denied

261.    Denied

262.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

263.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

264.    Does not require a responsive pleading.

265.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

266.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

267.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

268.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

269.    Denied.

270.    Denied.

271.     Denied.

272.     Admit.

273.     Denied.

274.     Denied.

275.     Denied.

276.     Denied.

277.     Admit.

278.     Denied.

279.     Denied.

280.     Denied.

281.     Admit.

282.     Denied.

283.     Denied.

284.     Denied.

285.     Denied.

286.     Denied.

287.     Admit that Judge Abdella amended Article 3 of the Restraining Order.

288.     Denied.

289.     Denied.

290.     Denied.

291.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

292.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

293.     Do not possess information necessary to admit or deny allegations set forth in this paragraph

294.     Denied.

295.     Admit that Mark had a verbal altercation with the Spencer Police.

296.     Admit that an escort was provided for Youngworth to get his clothes and belongings out of the apartment.

297.     Denied.

298.    Denied.

299.    Denied.

300.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

301.    Admit in part. Deny that plaintiff's medication was missing.

302.    Denied.

303.    Admit that I never believed that the court would allow the plaintiff back into the house. Deny all other allegations in this paragraph.

304.    Denied.

305.    Admit that some chairs and stuff were stored at Mark's family's camp.

306.    Denied.

307.    Admit that property was posted. He was free to retrieve his chairs and stuff at a later date.

308.    Admit.

309.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

310.    Denied.

311.    Denied.

312.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

313.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

314.    Denied.

315.    Denied.

316.    Denied.

317.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

318.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

319.    Do not possess information necessary to admit or deny allegations set forth in this paragraph

320.    Admit that Youngworth was stopped from taking the washer and dryer. I
        Do not possess information necessary to admit or deny other allegations set forth
        in this paragraph.

321.    Admit.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Do not possess information necessary to admit or deny set forth in this
        paragraph

328.    Do not possess information necessary to admit or deny set forth in this
        paragraph

329.    Do not possess information necessary to admit or deny set forth in this
        paragraph

330.    Do not possess information necessary to admit or deny set forth in this
        paragraph

331.    Do not possess information necessary to admit or deny set forth in this
        paragraph

332.    Do not possess information necessary to admit or deny set forth in this
        paragraph

333.    Do not possess information necessary to admit or deny set forth in this
        paragraph

334.    Do not possess information necessary to admit or deny set forth in this
        paragraph

335.    Do not possess information necessary to admit or deny set forth in this
        paragraph

336.    Do not possess information necessary to admit or deny set forth in this
        paragraph

337.    Do not possess information necessary to admit or deny set forth in this
        paragraph

338.    Do not possess information necessary to admit or deny set forth in this
paragraph

339.    Do not possess information necessary to admit or deny set forth in this
paragraph

340.    Do not possess information necessary to admit or deny set forth in this
paragraph

341.    Do not possess information necessary to admit or deny set forth in this
paragraph

342.    Do not possess information necessary to admit or deny set forth in this
paragraph

343.    Do not possess information necessary to admit or deny set forth in this
paragraph

344.    Denied.

345.    Admit that no probable cause existed to issue a criminal complaint.

346.    Denied.

347.    Denied.

348.    Do not possess information necessary to admit or deny allegations set
forth in this paragraph.

349.    Do not possess information necessary to admit or deny allegations set
forth in this paragraph

350.    Do not possess information necessary to admit or deny allegations set
forth in this paragraph

351.    Denied.

352.    Do not possess information necessary to admit or deny allegations set
forth in this paragraph

353.    Denied.

354.    Denied.

355.    Do not possess information necessary to admit or deny allegations set
forth in this paragraph

356.    Denied.

357.    Denied.

358.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

359.     Denied.

360.     Denied.

361.     Admit in part. A motion to vacate the restraining order and to produce documents was allowed. The documents were before the court.

362.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

363.     Admit. Not recognized as legal service. Spencer Police were notified of attempt at contact in violation of restraining order.

364.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

365.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

366.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

367.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

368.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

369.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

370.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

371.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

372.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

373.     Do not possess information necessary to admit or deny allegations set forth in this paragraph.

374.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

375.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

376.    Admit.

377.    Deny. I don't remember who the judge hearing these matters was.

378.    Admit that hearing went forth on Youngworth's motions. Further admit that the Spencer Police were notified as the vandalization of My car. (Sugar was put in the gas tank. We had knowledge of Youngworth having done this to others in previous incidents and strongly suspected him.

379.    Denied.

380.    Denied.

381.    Denied.

382.    Admit that motions were allowed. Deny any and all allegations of conspiracy or wrongdoing.

383.    Admit.

384.    Denied.

385.    Denied.

386.    Denied.

387.    Admit.

388.    Admit that all were present in court with documentation and that documentation was examined and found to be valid.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

393.    Denied.

394.    Denied.

395.    Admit that I brought up the incident of the threat with the Russian assault rifle and that I reaffirmed my fear for my personal safety from Youngworth.

396.    Admit that the restraining order was extended. Deny each and every other allegation set forth in this paragraph.

397.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

398.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

399.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

400.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

401.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

402.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

403.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

404.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

405.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

406.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

407.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

408.    Do not possess information necessary to admit or deny allegations set forth in this paragraph.

409.    Denied.

410.    Blank Paragraph.

<u>Count One</u>

411.    I deny all substantive allegations of any wrongdoing set out within this
complaint.

412.    Denied.

413.    Denied.

      A.  Denied

      B.  Denied.

      C.  Denied.

      D.  Denied.

      E.  Denied.

      F.  Denied

      G.  Denied

      H.  Denied

      I.   Denied.

      J.   Denied.

      K.  Denied

414.    Blank paragraph.

## Count Two

      A.  I deny all allegations of wrongdoing in complaint.

      B.  Denied.

      (B) Denied.

      D.  Denied

      E.  Denied.

      F.   Denied.

415.    Blank paragraph.

## Count Three

    A. I deny all allegations of wrongdoing in complaint.

    B. Denied.

    C. Denied.

    D. Denied.

Count Four

416.      Blank paragraph.

    A. I deny all allegations of wrongdoing in complaint.

    B. Denied.

417.      Blank paragraph.

Count Five

    A. I deny all allegations of wrongdoing in complaint.

    B. Denied.

    C. Denied.

First Affirmative Defense

The complaint should be struck pursuant to the provisions of Rules 5 and 11 of the Federal Rules of Civil Procedure. This is a 110 page rambling, frivolous complaint instituted in bad faith with the sole intent of harassing the defendants for their seeking relief from the courts. The structure of the complaint violates the provisions of Rule 5 (Complaint to be 30 pages or less) the "Facts" section of the complaint makes needless, disparaging and offensive references to the opposing parties; rambles on endlessly about

parties and allegations having no relevance to the complaint or any legal claim against parties named in the complaint and violates the provisions of Rule 11. The defendant respectfully moves that the court strike the complaint with prejudice against the plaintiff.

## Second Affirmative Defense

This action is barred by a prior action having been adjudicated before the Massachusetts Trial Court, District Court Division, which involves the same issues, parties and property that are the subject of this complaint. The other action adjudicated by the State Courts is case number 0469RO0046, in East Brookfield District Court, filed by Maryanne Paicopoulos against William P. Youngworth. Both plaintiffs, William P. Youngworth III and William P. Youngworth IV, Defendants Paicopoulos, Gentile, Hoyt, and the various defendant court officers were all present. The issues were fully adjudicated by the parties and extensively reviewed. Defendant requests that the court take judicial notice of the other action. A copy of the complaint in that action, along with plaintiff's motions, filed respectively on 2/23/04, is attached as exhibit A.

## Third Affirmative Defense

The Defendant moves for a special order to dismiss the complaint pursuant to Mass. General Law Ch. 231 sec. 59 H and 42 USC 1988, whereas the plaintiffs have filed this complaint in retaliation for Defendant Paicopoulos' obtaining a restraining order against the plaintiff. As is apparent from the body of the complaint itself, this complaint is just one in a long line of meritless complaints filed against the defendants after Defendant Paicopoulos obtained the restraining order against the plaintiff. Moreover, 1) the complaint lacks any reasonable factual support or basis in law; and 2) the repeated trips to court to answer these meritless claims, necessitating time off from work, have deprived the defendants of wages; and thus, have directly harmed the defendants.

Fourth Affirmative Defense

This complaint fails to state a claim upon which relief can be granted.

Fifth Affirmative Defense

The Plaintiffs come before this Court with unclean hands and are thus barred from bringing this action.

Wherefore, the defendant prays that the court:

1. Grant a jury trial in the first instance.
2. Assess reasonable attorney's fees and court costs against the plaintiffs.

Respectfully Submitted,

Maryanne (Paicopoulos) Gentile
25 Clark Street
Spencer, Mass. 01562

| OMPLAINT FOR PROTECTION FROM ABUSE (G.L. c.209A) Page 1 of 2 | COURT USE ONLY – DOCKET NO. 0469 R046 | TRIAL COURT OF MASSACHUSETTS |
|---|---|---|

☐ BOSTON MUNICIPAL COURT   ☐ DISTRICT COURT   ☐ PROBATE & FAMILY COURT   ☐ SUPERIOR COURT   DIVISION

**Name of Plaintiff** (person seeking protection)
Mary Anne Phicopoulos

**Plaintiff's Address.** DO NOT complete if the Plaintiff is asking the Court to keep it confidential. *See K. 4. below.*

**Daytime Phone No.** ( )
If the Plaintiff left a former residence to avoid abuse, write that address here:

I ☑ am over the age of eighteen.
I ☐ am under the age of eighteen, and _____
my _____ (relationship to Plaintiff) has filed this complaint for me.
The Defendant ☐ is ☑ is not under the age of eighteen.

To my knowledge, the Defendant possesses the following guns, ammunition, firearms identification card, and/or license to carry:
NO

Are there any prior or pending court actions in any state or country involving the Plaintiff and the Defendant for divorce, annulment, separate support, legal separation or abuse prevention? ☑ No ☐ Yes
If Yes, give Court, type of case, date, and (if available) docket no.

**Name of Defendant** (person accused of abuse)
William Yourworth

**Def. Date of Birth** 8-10-59   **Defendant's Alias, if any**

**Defendant's Address**   **Day Phone** ( )
25 Clark St #1F
Spencer, MA 01562   508 88 - 9048   **Sex:** ☑ M ☐ F

**Social Security #**   **Place of Birth** Boston

**Defendant's Mother's Maiden Name** (first & last)
Audrey Sullivan

**Defendant's Father's Name** (first & last)
William Yourworth

**The Defendant and Plaintiff:**
☐ are currently married to each other
☐ were formerly married to each other
☑ are not married but we are related to each other by blood or marriage; specifically, the Defendant is my brother
☐ are the parents of one or more children
☐ are not related but live in the same household
☐ were formerly members of the same household
☐ are or were in a dating or engagement relationship.

Does the Plaintiff have any children? ☑ No ☐ Yes, If yes, the Plaintiff shall complete the appropriate parts of Page 2.

On or about (dates) ___02-23-04___ I suffered abuse when the Defendant:
☐ attempted to cause me physical harm   ☑ placed me in fear of imminent serious physical harm
☐ caused me physical harm   ☐ caused me to engage in sexual relations by force, threat of force or duress

**THEREFORE, I ASK THE COURT TO ORDER:**
☑ 1. the Defendant to stop abusing me by harming, threatening or attempting to harm me physically, or placing me in fear of imminent serious physical harm, or by using force, threat or duress to make me engage in sexual relations unwillingly.
☑ 2. the Defendant not to contact me, unless authorized to do so by the Court.
☑ 3. the Defendant to leave and remain away from my residence which is located at:

*If this is an apartment building or other multiple family dwelling, check here* ☐

☐ 4. that my address be impounded to prevent its disclosure to the Defendant, the Defendant's attorney, or the public.
*Attach Request for Address Impoundment form to this Complaint.*
☑ 5. the Defendant to leave and remain away from my workplace which is located at:

☐ 6. the Defendant to pay me $_____ in compensation for the following losses suffered as a direct result of the abuse:

**You may not obtain an Order from the Boston Municipal Court or a District or Superior Court covering the following item 7 if there is a prior or pending Order for support from the Probate and Family Court.**
☐ 7. the Defendant, who has a legal obligation to do so, to pay temporary support for me.
☐ 8. the relief requested on page two of this Complaint pertaining to my minor child or children.
☐ 9. the following: _____

☐ 10. the relief I have requested, except for temporary support for me and/or my child(ren) and for compensation for losses suffered, without advance notice to the Defendant because there is a substantial likelihood of immediate danger of abuse. I understand that if the Court issues such a temporary Order, the Court will schedule a hearing within 10 court business days to determine whether such a temporary Order should be continued, and I must appear in Court on that day if I wish the Order to be continued.

| DATE 02-23-04 | PLAINTIFF'S SIGNATURE x Mary Anne Paicopoulos | Please complete affidavit on reverse of this page |
|---|---|---|

This is a request for a civil order to protect the Plaintiff from future abuse. The actions of the Defendant may also constitute a crime subject to criminal penalties. For information about filing a criminal complaint, you can talk with the District Attorney's Office for the location where the alleged abuse occurred.

FA 1 (9/95)   COURT COPY

East Brookfield District Court
544 East Main Street
East Brookfield, MA 01515
508-885-6305   (Fax 508-885-7623 )


Please make service and return to Carole in Clerk Magistrate's Office

## IN HAND SERVICE

Docket #    0469 RO 46

Name of Defendant: Plaintiff --Mary Anne Paicopoulos

Date of Hearing:   02/27/04

Service made on:_____

Service made by :_____

| ABUSE PREVENTION ORDER<br>(G.L. c. 209A) Page 2 of 2 | DOCKET NO.<br>0469 RO 0046 | TRIAL COURT OF MASSACHUSETTS |
|---|---|---|

14. Police reports are on file at the _____ Police Department.

15. OUTSTANDING WARRANTS FOR THE DEFENDANT'S ARREST:

_____ (DOCKET #s) _____ PCF #)

☐ 16. An imminent threat of bodily injury exists to the petitioner. Notice issued to _____ Police

Department(s) by ☐ telephone ☐ other_____

☐ **B. NOTICE TO LAW ENFORCEMENT.**
1. An appropriate law enforcement officer shall serve upon the Defendant in hand a copy of the Complaint and a certified copy of this Order (and Summons), and make return of service to this Court. If this box is checked ☐, service may instead be made by leaving such copies at the Defendant's address shown on Page 1 but only if the officer is unable to deliver such copies in hand to the Defendant.

☐ 2. Defendant Information Form accompanies this Order.

☐ 3. Defendant has been served in hand by the Court's designee:  Name_____  Date_____

| DATE OF ORDER<br>02-23-2004 | TIME OF ORDER<br>3:55 ☐ A.M.<br>☒ P.M. | EXPIRATION DATE OF ORDER<br>March 8, 2004 at 4 P.M. | NEXT HEARING DATE: March 8, 2004<br>at 9:00 ☒ A.M. ☐ P.M. in Courtroom_____ |
|---|---|---|---|

The above and any subsequent Orders expire on the expiration dates indicated. Hearings on whether to continue and/or modify Orders will be held on dates and times indicated.

SIGNATURE/NAME OF JUDGE

☑ **C. PRIOR COURT ORDER EXTENDED.**

After a hearing at which the Defendant ☐ appeared ☐ did not appear, the Court has ORDERED that the prior Order dated _02/23/04_, 20___ shall continue in effect until the next expiration date below ☐ without modification
☐ with the following modification(s):

_____ delete # 3------retain # 1,2,5 & 12 _____

☐ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER<br>02/26/04 | TIME OF ORDER<br>12:30 ☐ A.M.<br>☒ P.M. | EXPIRATION DATE OF ORDER<br>04/26/04 at 4 P.M. | NEXT HEARING DATE: April 26, 2004<br>at 9:00 ☒ A.M. ☐ P.M. in Courtroom_____ |
|---|---|---|---|

SIGNATURE/NAME OF JUDGE

☒ **D. FURTHER EXTENSION.**

After a hearing at which the Defendant ☒ appeared ☐ did not appear, the Court has ORDERED that the prior Order dated _2-26_, 20_04_ shall continue in effect until the next expiration date below ☒ without modification
☐ with the following modification(s):

☒ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER<br>4-26-04 | TIME OF ORDER<br>2:50 ☐ A.M.<br>☒ P.M. | EXPIRATION DATE OF ORDER<br>July 26-04 at 4 P.M. | NEXT HEARING DATE: July 26-2004<br>at 9:00 ☒ A.M. ☐ P.M. in Courtroom_____ main |
|---|---|---|---|

SIGNATURE/NAME OF JUDGE

☐ **E. PRIOR COURT ORDER MODIFIED.**

Upon motion by the ☐ Plaintiff ☐ Defendant and after a hearing at which the Plaintiff ☐ appeared ☐ did not appear and the Defendant ☐ appeared ☐ did not appear, the Court has ORDERED that the prior Order dated_____, 20___ shall be modified as indicated below:

☐ Return of items ordered surrendered or suspended in A.12. on Page 1 presents a likelihood of abuse to the Plaintiff.

| DATE OF ORDER | TIME OF ORDER<br>☐ A.M.<br>☐ P.M. | EXPIRATION DATE OF ORDER<br>at 4 P.M. | NEXT HEARING DATE:<br>at_____ ☐ A.M. ☐ P.M. in Courtroom_____ |
|---|---|---|---|

SIGNATURE/NAME OF JUDGE

☐ **F. PRIOR COURT ORDER VACATED.**

This Court's prior Order is vacated. Law enforcement agencies shall destroy all records of this Order.
☐ VACATED AT PLAINTIFF'S REQUEST.

| SIGNATURE/NAME OF JUDGE | DATE OF ORDER | TIME OF ORDER ☐ A.M.<br>☐ P.M. |
|---|---|---|

| WITNESS - FIRST OR CHIEF JUSTICE<br>Charles A. Abdella | A true copy, attest (Asst.) Clerk Magistrate/ (Asst.) Register of Probate |
|---|---|

FA 2a (9/95)

COURT COPY

| COMPLAINT FOR PROTECTION FROM ABUSE (G.L. c.209A) Page 1 of 2 | COURT USE ONLY – DOCKET NO. 0469RO46 | TRIAL COURT OF MASSACHUSETTS |

☐ BOSTON MUNICIPAL COURT   ☐ DISTRICT COURT   ☐ PROBATE & FAMILY COURT   ☐ SUPERIOR COURT   DIVISION

**C**

Name of Plaintiff (person seeking protection)
Mary Anne Papcopoulas

Plaintiff's Address. DO NOT complete if the Plaintiff is asking the Court to keep it confidential.   *See K. 4. below.*

Daytime Phone No. (     )
If the Plaintiff left a former residence to avoid abuse, write that address here:

**D**

I ☑ am over the age of eighteen.
I ☐ am under the age of eighteen, and
my _____ (relationship to Plaintiff) has filed this complaint for me.
The Defendant ☐ is ☑ is not under the age of eighteen.

**E**

To my knowledge, the Defendant possesses the following guns, ammunition, firearms identification card, and/or license to carry:
NO

**F**

Are there any prior or pending court actions in any state or country involving the Plaintiff and the Defendant for divorce, annulment, separate support, legal separation or abuse prevention? ☑No ☐Yes
If Yes, give Court, type of case, date, and (if available) docket no.

**G**

Name of Defendant (person accused of abuse)
William Youngworth

Def. Date of Birth   Defendant's Alias, if any
8-10-59

Defendant's Address                          Day Phone (
25 Clark St #1F
Spencer, MA 01562    50888-9098    Sex: ☑M ☐F

Social Security #              Place of Birth
Boston

Defendant's Mother's Maiden Name (first & last)
Audrey Sullivan

Defendant's Father's Name (first & last)
William Youngworth

**H**

The Defendant and Plaintiff:
☐ are currently married to each other
☐ were formerly married to each other
☑ are not married but we are related to each other by blood or marriage; specifically, the Defendant is my
brother
☐ are the parents of one or more children
☐ are not related but live in the same household
☐ were formerly members of the same household
☐ are or were in a dating or engagement relationship

**I**

Does the Plaintiff have any children? ☑No ☐ Yes   If yes, the Plaintiff shall complete the appropriate parts of Page 2.

**J**

On or about (dates) 02-23-04 I suffered abuse when the Defendant:
☐ attempted to cause me physical harm   ☑ placed me in fear of imminent serious physical harm
☐ caused me physical harm   ☐ caused me to engage in sexual relations by force, threat of force or duress

THEREFORE, I ASK THE COURT TO ORDER:

**K**

☑ 1. the Defendant to stop abusing me by harming, threatening or attempting to harm me physically, or placing me in fear of imminent serious physical harm, or by using force, threat or duress to make me engage in sexual relations unwillingly.

☑ 2. the Defendant not to contact me, unless authorized to do so by the Court.

☑ 3. the Defendant to leave and remain away from my residence which is located at: _____

*If this is an apartment building or other multiple family dwelling, check here* ☐

☐ 4. that my address be impounded to prevent its disclosure to the Defendant, the Defendant's attorney, or the public.
*Attach Request for Address Impoundment form to this Complaint.*

☑ 5. the Defendant to leave and remain away from my workplace which is located at: _____

☐ 6. the Defendant to pay me $_____ in compensation for the following losses suffered as a direct result of the abuse: _____

**You may not obtain an Order from the Boston Municipal Court or a District or Superior Court covering the following item 7 if there is a prior or pending Order for support from the Probate and Family Court.**

☐ 7. the Defendant, who has a legal obligation to do so, to pay temporary support for me.

☐ 8. the relief requested on page two of this Complaint pertaining to my minor child or children.

☐ 9. the following: _____

☐ 10. the relief I have requested, except for temporary support for me and/or my child(ren) and for compensation for losses suffered, without advance notice to the Defendant because there is a substantial likelihood of immediate danger of abuse. I understand that if the Court issues such a temporary Order, the Court will schedule a hearing within 10 court business days to determine whether such a temporary Order should be continued, and I must appear in Court on that day if I wish the Order to be continued.

DATE
02-23-04  x Mary Anne Papcopoulos    PLAINTIFF'S SIGNATURE    **Please complete affidavit on reverse of this page**

This is a request for a civil order to protect the Plaintiff from future abuse. The actions of the Defendant may also constitute a crime subject to criminal penalties. For information about filing a criminal complaint, you can talk with the District Attorney's Office for the location where the alleged abuse occurred.

FA 1 (9/95)                                                                 **COURT COPY**

NAME OF CASE

*Mary Anne Psicopoulos* VS. *William Youngworth*

PLAINTIFF/COMMONWEALTH          DEFENDANT

East Brookfield District Court
544 East Main Street
East Brookfield, MA 01515

On behalf of the  ☐ Plaintiff  ☐ Commonwealth  ☑ Defendant in this case, I respectfully request the Court:

☐ **Continuance:** to continue this case which is presently scheduled for _____
on _____ , until _____ , for the reasons given on the back of this form.
DATE                    DATE                    EVENT

☐ **Remove default:** to order that the default, default order, or default judgment that was entered on _____
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.
DATE

☐ **Remove dismissal:** to order that the order for, or judgment of, dismissal that was entered on _____
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.
DATE

☐ **Speedy trial:** to order that the complaints whose numbers are listed above be advanced for speedy trial, for the reasons given on the back of this form.

☐ **New trial:** to order that the court's judgment in this case dated _____ be vacated and a new trial ordered, for the reasons given on the back of this form.
DATE

☐ **Revise or revoke sentence:** to revise or revoke the sentence(s) imposed in this case on _____
for the reasons given on the back of this form.
DATE

☑ **Amend or extend an abuse prevention order:** to extend or amend the abuse prevention order under G.L. c. 209A dated
*3/8/04* _____ in the manner and for the reasons given on the back of this form.
DATE

☐ **Withdraw from representation:** to be permitted to withdraw from further representation of the _____
in this case for the reasons given on the back of this form. I have notified my client of this motion.
PARTY

☐ **Other:** (Specify what you are asking the Court to do, and the reasons for your request, on the back of this form.)

I have today ☐ mailed ☐ delivered a copy of this motion to all other parties to this case.

Any statements of fact made in this motion are made under the penalties of perjury and
☐ of my own personal knowledge. ☐ based on information that I believe is true.

| DATE SIGNED | SIGNED |
|---|---|
| *2/24/04* | x *William P. Youngworth, III* |

PRINT NAME *William P. Youngworth, III*    ADDRESS *25 Clark St 1F Spencer MA*    DAYTIME TELEPHONE NO. *413-736-572 -? 508-885-906.5*

If agreed to by other party, that party or attorney should sign here to indicate assent.

SIGNED x _____    DAYTIME TELEPHONE NO. _____

### FOR CLERK-MAGISTRATE'S USE ONLY

| This motion has been scheduled for hearing before the Court on this date and time. ► | DATE OF HEARING *2-26-04* | TIME OF HEARING *9:00 pm* |
|---|---|---|

| DATE SIGNED | CLERK-MAGISTRATE OR DESIGNEE |
|---|---|
| *2-24-04* | *Carole Christo* |

### FOR JUDGE'S USE ONLY

☐ After hearing  ☐ Without a hearing  this motion is  ☐ Allowed.  ☐ Denied.

DATE _____    JUSTICE _____

DC-CR-18 (2/92)

The Plaintiff in this matter is a guest in my home
she is not on the lease. She filed this motion which
has left my 12 year old child and myself homeless.

William B. Jungworth

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, ss**

**East Brookfield**
**District Court**
**Docket No. 0469RO0046**

**MARY ANNE PAICOPOULOS,**
**PLAINTIFF**

v.

**WILLIAM P. YOUNGWORTH, III**
**DEFENDANT**

### DEFENDANT'S MOTION FOR ISSUANCE OF WRIT OF SUBPOENA AD TESTIFICANDUM AT COMMONWEALTH'S EXPENSE

Comes now the defendant, William P. Youngworth, III, Pro Se, who moves this

Honorable Court to issue Writs of Subpoena Ad Testificandum upon Christine Hoyt of 25

Clark St., Unit 2R, Spencer, MA and Mark A. Gentile of 25 Clark St., Unit 1F, Spencer,

MA.

In support of this motion the defendant states that upon granting him an evidentiary

hearing on his motion to vacate, the testimony of Hoyt and Gentile will be crucial to the

defendant so that he can prove through their testimony that the plaintiff and her

confederates (Hoyt and Gentile) have conspired together to suborn perjury before this

court.

Actions previously taken by this court have left the defendant and his child homeless and

dispossessed of certain possessions. The actions of the plaintiff and her confederates have

left the defendant indigent. This court was manipulated into being and unwitting party by

perjury, which has brought about the defendant's present situation.

This court, out of pure equity and fairness, should grant this motion and issue Writs of

Subpoena Ad Testificandum, to be served upon Christine Hoyt and Mark A. Gentile,

compelling their testimony at an evidentiary hearing on the defendant's motion to vacate.

Respectfully submitted,

William P. Youngworth, III
Defendant, Pro Se

## COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, ss**

**East Brookfield**
**District Court**
**Docket No. 0469RO0046**

**MARY ANNE PAICOPOULOS,**
**PLAINTIFF**

**v.**

**WILLIAM P. YOUNGWORTH, III,**
**DEFENDANT**

### DEFENDANT'S MOTION
### FOR ISSUANCE OF
### WRIT OF HABEUS CORPUS
### DUCEUS TECTUM

Comes now the defendant William P. Youngworth, III, Pro Se, who moves the Honorable

Court to issue Writs of Duceus Tectum upon Christine Hoyt and Mark A. Gentile

ordering the production of all documents relevant to leases issued to William P.

Youngworth, III and Mark A. Gentile from the periods of 11/18/03 to 3/3/04.

In support of this motion the defendant states that compelling the production of the

documentary evidence requested above will prove to this court's satisfaction that the

plaintiff in this matter and her confederates (Hoyt and Gentile) conspired together to

violate the criminal statutes of MGL (perjury).

The criminal actions of the plaintiff and her confederates have irrevocably damaged the

defendant and his child and the only accurate fact finding tool available to the defendant in

this court is issuing this writ.


Respectfully submitted,

William P. Youngworth, III
Defendant, Pro Se
P. O. Box 2663
Springfield, MA 01101
413-478-9430

Mark A. Gentile
25 Clark Street
Unit 1F
Spencer, Ma. 01562

**You are hereby ordered to appear before the East Brookfield District Court on**
~~MAY~~ ~~March~~ **3, 2004 as to the powers of the attached Writs of Subpoenas.**

William P. Youngworth, III
**Pro Se**

4/25/04
**dated**

A TRUE COPY ATTEST

DEPUTY SHERIFF