UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III, et al. ] | CIVIL ACTION No. |
| PLAINTIFFS ] | 05-30108-MAP |
| ] | |
| v. ] | |
| ] | |
| MARK A. GENTILE, et al. ] | |
| DEFENDANTS ] | |
| ] | |

**PLAINTIFF'S RESPONSE
TO DEFENDANT HOYT'S
ANSWER TO COMPLAINT**

Come now the plaintiffs, by and through Plaintiff William P. Youngworth, III, Pro Se (herein "W.P.Y., III") who files the following response to Defendant Hoyt's Pro Se answer.

Defendant Hoyt, despite having the liability coverage by virtue of her homeowner's insurance policy and no doubt entitled to representation there under, and the assets to retain counsel, has elected to represent herself Pro Se. Such is defendant Hoyt's absolute right. Unlike the plaintiffs, who have been left indigent by the actions of the defendants, they were forced to seek this Court's redress in a Pro Se fashion.

**DISCUSSION**

The plaintiff's need not file a memorandum of law in support of their prosecution of defendant Hoyt in this particular instance.

Defendant Hoyt makes no affirmative defense to the plaintiff's allegations. Defendant Hoyt does not motion this Court to dismiss the plaintiff's action on any grounds *at all* Defendant Hoyt has made a conscience decision to defend herself Pro Se, despite her ability to obtain able counsel.

Defendant Hoyt has now filed her answer in accordance to the Fed. R. Civ. P. She has failed to reserve any right to amend her answer and is now without any other recourse but to respond to the plaintiff's allegations at trial.

Defendant Hoyt has opted to file an interrogatory type response to plaintiff W.P.Y., III's complaint. In the case of co-plaintiff William P. Youngworth, IV, she has completely obviated *any answer at all* to his own allegations of deprivation of his Constitutional Rights caused by the actions of defendant Hoyt. (See footnote*)

Defendant Hoyt has focused her response in required answer form upon plaintiff W.P.Y., III, and except as to mention of this case's official title, fails to make any defense as to the allegations brought on behalf of the minor aged co-plaintiff. As indicated within the footnote, plaintiff William P. Youngworth, IV will be filing his motion for Summary Judgment in the very near future.

Containing this discussion to Defendant Hoyt's actual answers. First, defendant Hoyt freely admits that she was, in fact, fully aware of plaintiff W.P.Y., III's medical ailments (at least a part of his disabilities) and confirms the basis of the plaintiff's allegations against her, but then attempts to persuade this Court of the Plaintiff's lack of legal tenancy in her property. Interestingly, defendant Hoyt floats some absurd theory that the "Plaintiff Youngworth" was not a tenant (versus her claim that only her co-defendant Gentile was on her lease) but was using her apartment building as some type of hospice. This plaintiff

was not aware that defendant Hoyt was operating a rehabilitation center as opposed to an apartment building. In any event, defendant Hoyt's own answer has become one of the most compelling pieces of inculpatory evidence to date.

Additionally, and most disturbingly, defendant Hoyt attaches a copy of the very falsified lease which is at the heart of the plaintiff's allegations of her participation in the conspiracy to violate the plaintiff's rights. This pleading is not brought before the informality of her local District Court. This perjerous pleading is made before the first tier of the highest Court system in America. The plaintiff W.P.Y., III holds up defendant Hoyt's latest conduct (the dictum of her answer) for scrutiny as to his allegation that this defendant not only intentionally committed the allegations within the plaintiff's complaint, but she continues to be the architect of her own demise and fails to concern herself with the allegations before this Court.

Defendant Hoyt, in her unverified or affirmed under oath representations, accuses plaintiff W.P.Y., III of conduct which has no relevance to the issue at bar. In part of her answer she affirms her knowledge of plaintiff W.P.Y., III's medical ailments, but then proceeds to deny/or to be without sufficient information to answer the plaintiff's allegation.

What defendant Hoyt is unaware of is that the plaintiffs attached hundreds of pages of exhibits of evidence as a supplement to the filing of their action. Any of these exhibits are available to defendant Hoyt upon her specific discovery requests. Defendant Hoyt has now filed an answer that flies in her own face when held up against her previous communications (and lack thereof) with the plaintiffs. As this is a dispute in controversy before this Court, and now so is defendant Hoyt's denials, the plaintiffs fully realize that these are questions of dispute of material facts that are properly resolved at trial on this

matter.

Lastly, defendant Hoyt claims that the plaintiffs have no right to seek damages, judgments, trials or the redress of the United States Court system based on her theory of the doctrine of "unclean hands". While the plaintiffs remain confused as to what defendant Hoyt is actually attempting to state, their right to redress of the Court's is absolute and their most basic rights protected and guaranteed by the Constitution of the United States. The plaintiffs, in assisting this Court in determining that the plaintiffs have brought a meritorious action, have supplied this Court with extensive documentation as to their allegations. Defendant Hoyt, failing to anticipate this, has crafted a disingenuous and deceptive response. Defendant Hoyt attaches an addendum to her answer which consists of a letter that plaintiff W.P.Y., III sent to his former neighbor, a tenant of defendant Hoyt's and an individual the plaintiff's intend on calling as a witness at trial on this matter. In presenting this document to the Court, defendant Hoyt attempts to deceive the Court with a manipulation of the facts in this matter. Attached hereto is plaintiff W.P.Y., III's 93A Demand made upon defendant Hoyt. M.G.L. 93A pertains to the Commonwealth's consumer protection laws. It is the intention of this plaintiff to pursue every avenue of relief available to him to address the damages that defendant Hoyt has subjected the plaintiff's to. On 11-11-04 via certified mail, plaintiff W.P.Y., III did, in fact, serve upon defendant Hoyt his 93A demand. In this process defendant Hoyt is not entitled to defend herself via trial by jury. The only burden required of the plaintiff W.P.Y., III, is to make a showing as to the preponderance of the evidence that defendant Hoyt violated the provisions of the 93A statute. Defendant Hoyt, upon being served with an identified legal process (by both certified and first-class mail), returned the process(s) to this plaintiff

notated by her refusal to accept. Now that defendant Hoyt has refused to accept process in that matter, this plaintiff need only file a summary judgment. Now, this plaintiff is not only entitled to summary judgment on his monetary demand but he is entitled to treble damages for defendant Hoyt's refusal to accept process. (Demand attached hereto). It has only been the extensive burden of filing this instant action that has prevented him from doing exactly that.

Given defendant Hoyt's conduct, alleged by the plaintiffs within their complaint, they are not surprised by defendant Hoyt's request that this Court deny them these Constitutional protections.

**WHEREFORE:** Given defendant Hoyt's failure to make any affirmative defense to the plaintiffs allegations within their complaint, with the exception of disputing the plaintiff's allegation, this matter, as to respect to defendant Hoyt, is now ripe for a trial by jury. The plaintiffs pray judgment in the instant matter that this Honorable Court rule that defendant Hoyt has made no request for dismissal in her Answer to the Plaintiff's complaint and docket this case, as to respect to defendant Hoyt, for trial.

\* As demonstrated by defendant Hoyt's answer to the "plaintiff Youngworth" within in her answer filed before this Honorable Court she, at no time within the actual body of her answer, responds to the allegations of co-plaintiff William P. Youngworth, IV (a 13-year old minor child) with the exception as to the official title of this case. As a result of defendant Hoyt's failure to include an answer to plaintiff William P. Youngworth, IV's complaint, she has therefore defaulted as to the rules of Federal Civil Procedure. A proper motion and memorandum on this question is not before the Court in this pleading. Such will be filed before this Court in the very near future.

Respectfully submitted,

William P. Youngworth, III
Plaintiff, Pro Se

William Youngworth IV, Pro Se

(By and incorporated for co-plaintiff William P. Youngworth, IV)
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727

Christine Hoyt
25 Clark Street
Unit 2R
Spencer, Ma. 01562

*COPY*

11/11/04 Via certified mail

Re: 93A demand.

Dear Ms. Hoyt:

I hereby demand to be compensated in the amount of $3,555.20 for monies due me for your violation of our lease agreements pursuant to the lease agreement on Unit 1F which you rented to me and my former caretaker (Mark A. Gentile).

I claim a breach pursuant to the operative laws of MGL 93A (the Commonwealth's consumer protection laws). The above figure of this demand reflects only the costs of moving expenses, police details, last month's rent collected from monies belonging to my child and myself under the control of one of my caretakers (Mark A. Gentile). Additionally, I request a refund of the security deposit paid to you (the un- calculated interests owed on that security deposit not reflected in the above demand amount) and all rents illegally collected from me during the less than three months we actually occupied your property pursuant to the lease agreement you violated by invalidating the lease you issued to me and then later issuing a second and illegal lease to Mark A. Gentile which was signed between yourself and Gentile excluding my tenancy and deceptively backdated to 11/18/03 which was entered as an exhibit of evidence before the Massachusetts District Trial Court holding for East Brookfield, Massachusetts on 2/26/04 by Mary Ann Paicopoulos AKA Mary E. Youngworth.

I hereby reserve the right to amend this complaint to include any filing fees, process fees, attorney fees and any other reasonable costs associated with having to prosecute this matter upon your failure to comply with this 93A demand. I further reserve all rights to seek compensation for any all additional remedies available to me pursuant to MGL 93A.

Additionally, I hereby reserve all rights to seek other remedies pursuant to all protections under the Americans with Disabilities Act, United States Code title 42, any and all additional federal laws redressing the civil rights of William P. Youngworth, IV and myself and all applicable remedies available to William P. Youngworth, IV and myself pursuant to any additional Massachusetts General Laws protecting us from your illegal conduct.

Very truly yours,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

cc: File
cc: Attorney General for the Commonwealth of Massachusetts
.

COPY

Chris Hoyt
25 Clark Street
Spencer, Massachusetts
01562

2/26/04

Dear Ms. Hoyt:

As required by law you are hereby notified that I intend to seek a cause of action against you for damages.

Furthermore, I intend to seek additional damages against you for the harm your actions caused my son, a minor child, named William P. Youngworth, IV.

Additionally, you caused a fraudulent document to be entered as evidence before the trial court for the Commonwealth of Massachusetts. Your actions therein are criminal and I will notify the proper authorities in my request for application of a criminal complaint against you and your co-conspirators for perjury and reckless endangerment of a minor child.

Very truly yours,
W. T. Y.
William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

cc:  Atty. Anthony Collins
     Springfield, MA

  : District Attorney for Worcester County
    John Conte

  : Clerk/Magistrate East Brookfield District Court

  : File

District Attorney
John J. Conte
Worcester County
Worcester, MA

Via fax 508-831-9899

Re: Requested Perjury Investigation

Dear Mr. Conte:

Attached hereto are a total of four documents, which relate to communications back and forth between Christine Hoyt and myself.

I do not wish to harass this woman but I thought it necessary to draw a response out of her. It appears obvious, upon which; she has taken a position that at least implies her intent in how she will proceed forward. I have many documents sent to her urging her to go to the authorities in Spencer, MA, come clean now and avoid being implicated in criminal conduct.

I have not, as of this moment, officially retained counsel in the civil action I intend on taking against Ms. Hoyt. Her actions require a very specialized civil attorney since we have a hybrid of many subjects contained within her liable conduct.

Should you feel it wise that I cease communications with her, I will do so immediately.

Very truly yours,

William P. Youngworth, III
P O Box 2663
Springfield, MA 01101
413-478-9430

cc: Officer Scott Griffin
    Spencer Police Dept.

  : Christine Hoyt

  : File



Back

RETURN TO SENDER

Received 12/30/04 refused
witnessed on 12/30/04 by
Donna M. Nkin



back

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Christine Hoyt
   25 Clark St 2R
   Spencer, MA
   01562

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
  ☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7003 2260 0002 6939 3394

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

## CERTIFICATE OF SERVICE

Comes now the plaintiffs, by and through Plaintiff William P. Youngworth, III, Pro Se, who serves upon this Honorable Court and Defendant Hoyt the "Plaintiff's repsonse to Defendant Hoyt's answer to complaint" by causing same to be served upon this Court's Clerk at his usual place of business (and Defendant Hoyt) by mailing process via First Clas United States Mail.

/s/ William P. Youngworth, III, Pro Se
For the Plaintiffs
P.O. Box 2663
Springfield, Mass. 01101-413-736-5727

Dated: 6/12/05