UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| William P. Youngworth, III et al ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> Mark A. Gentile, et al ) <br> Defendants ) | CIVIL ACTION <br> No. 05-30108-MAP |

### PLAINTIFF'S RESPONSE, OBJECTIONS AND MOTION IN OPPOSITION TO DEFENDANT PAICOPOULOS ANSWERS AND MOTION TO DISMISS

Comes now the plaintiffs, by and through Plaintiff William P. Youngworth, III (herein "W.P.Y., III") Pro Se, who files the above referenced action in response to the pleading filed by defendant Paicopoulos and herein incorporates opposition to the defendant's request (s) to "strike" the plaintiff's complaint.

### DISCUSSION

As in the previous answers filed by defendant (s) Hoyt's and Gentile's, motion responding to the Plaintiff's complaint, this defendant's answer bares a remarkable similarity. The defendants all reside within the same building. Defendants Gentile and Paicopoulos have now *married* and taken over occupation of the plaintiffs' former home that the plaintiffs allege within their complaint are the very same defendant's who conspired together to illegally evict the plaintiffs, share these 'remarkable' similarities within the defendant's pleadings and it is not merely coincidental.

Therefore, the forgoing pleading by the plaintiffs will remain consistent to the plaintiff's pleadings of previous to respect to this defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER

As in co-defendant Gentile's answers, this defendant adopts the same tactics. The defendant's instant pleading might as well be a stencil of her co-defendant Gentile's in where this defendant either admits, denies, claims to be without sufficient knowledge to respond or admits in part or denies in part. Then, exactly as her co-defendant Gentile did, this defendant adds for own verbiage (absent to the original complaint) in the form of 'answering' the plaintiff's complaint with additions to text designed to subvert a direct answer while deceitfully attempting to shift an actual allegation against her into an inclupatation of either one of the plaintiffs, or both.

Plaintiffs move this Honorable Court to take notice of this defendant's answers in numbers 45/192/296/303/305/307/320/345/361/363/378/388/ and 395.

Plaintiffs allege that this defendant is attempting to prejudice the plaintiffs, as was the exact methodology of her co-defendant Gentile in his own attempt to slide this ruse under the nose of this very Court. Both of these defendants, the plaintiffs allege, are attempting a criminally volatile scheme to deceive this Court. Such conduct is at the heart of the alleged complaint filed by the plaintiffs in this matter. The plaintiffs allege that it is now painfully obvious that both defendants Gentile's and Paicopoulos' fingerprints are all over each other's pleadings. The plaintiffs allege that the conduct of the conspiracy within their complaint follows these defendants right into this Courthouse. These defendants are

attempting to misdirect this Honorable Court again now with the pleadings of defendant Paicopoulos. The plaintiffs pray that this Honorable Court, on its own initiative sanction these defendants after conducting a hearing into this matter.

FIRST AFFIRMATIVE DEFENSE:

As this Court has witnessed the same basic defenses raised by this defendant's co-defendant's pleading, this pleading and defenses to such, will basically be a composite variation thereof.

This defendant claims that the plaintiff's complaint is in violation of rules 5 and 11 of the Fed. R. Civ. P. Thereafter the defendant then claims the complaint is "rambling", "frivolous" and instituted in "bad faith" to "harass" the **defendants** for **their** "seeking relief from the courts".

The plaintiffs object and oppose this defendants' claim. For a claim the defendant states is "rambling" she certainly demonstrates such a complete understanding of it that she attempts to subvert the complaint by making the allegation contained within the body of the complaint an inclupatory and intentionally deceitful play on words. As to her next claim of the complaint being "frivolous", the plaintiffs heatedly dispute this 'opinion' of the **defendant(s)** and allege that the allegations contained within this complaint rise to the level of extraordinarily heinous conspiracy with overt acts carried out with cold blooded premeditation and precision.

* Footnote #1. Again, as in the identical pleading of defendant Gentile, this defendant objects under the rules of procedure but feels entitled to the benefit of a double standard in where she should be allowed to proceed with an improperly formatted pleading, riddled with deceptive pleadings and service being grossly defective. (end) footnote #1.

As to the "bad faith" this defendant claims this action is brought in, with the "sole intent" of "harassing" the ***defendants*** for ***their*** seeking relief from the Courts, again, here we see the application of the double standard. This defendant, like defendant Gentile, bares out the validity of the plaintiff's complaint by raising the claim that the defendants are being ***"harassed"*** for ***"their"*** seeking relief from the courts. When the defendant files an action before a Court she is seeking "relief". When the plaintiffs do the same it becomes harassment. This defendant also attempts to give her co defendant standing in the matter in which she refers. But again, this matter was a single party restraining order which was **vacated** after the defendant failed to appear. The plaintiffs can certainly see why this defendant could not be bothered to appear before a Court on her own action. She and her co-defendants had already made a clean get away with anything they desired to deprive the plaintiffs of. The plaintiffs had nothing left and thus the defendant had no further use for the restraining order which she used as a crowbar to pry the plaintiff's door open while the Police and the Courts restrained the plaintiffs so they could have a front row seat in witnessing the defendants rob them while they could do nothing but be laughed at by the defendants.

As in the exact defense used by this defendant's co-defendant (verbatim) the defendants in chief (Paicopoulos and Gentile) arise again here in the defendant's pleading. The plaintiffs assert that this defendant's own admissions are inclupatory and an admission that, as the plaintiffs allege within their complaint, that the restraining order filed by this defendant was done so with her co-defendant Gentile, being the architect in devising a scheme to restrain the plaintiffs, while the defendants destroyed materials proving a contractual

obligation by Gentile. While the defendant's attempt to deceive this court by changing facts with subtle plays on words. The fact that now both of these defendant's claim that the plaintiff's action has the sole intent of harassing them for their seeking relief from the Courts is an admission of defendant Gentile's participation in the restraining order scam thus proving the veracity of the plaintiffs complaint. Oddly, in no place within either defendant Gentile's and Paicopoulos do they mention the very important fact that the restraining was vacated based on their own conduct. They have no Patsy to lay the blame for this at the feet of. Their decision not to appear before a Court was a fully conscience one made on their behalf. They were less than a mile away from the court on the morning they failed to appear. The plaintiffs had to travel over 50 miles, each way! The plaintiffs certainly appeared. Having done so being severely disabled, missing another day of school for the minor co-plaintiff who is an honor role student having graduated this year carrying every top honor possibly available to him.

The plaintiffs again state that they have provided this court with a detailed background in their statement of facts. Done for no other reason than to show this Court the lengths the defendants went to in violating the Constitutional Rights with an extraordinary complex and methodical conspiracy.

Again, as to this defendant's claim that their complaint violates Fed. R. Civ. P. 5 the plaintiffs respond by stating that after a review of this provision, which the plaintiffs have downloaded from the US Courts Website, they have found no provision limiting their action to "30 pages or less". The plaintiffs claim that their complaint was crafted in the most brief and concise manner possible. The plaintiffs were left indigent by the actions of

the defendants. The copying costs alone with the other supplies needed to create these documents have cost them hundreds of dollars. These plaintiffs have no extra monies in which they could afford some luxury of outlaying these expenses to "harass" any party. The plaintiffs have filed complaints consisting of the lengths that they did in order to give this Court a complete scope of the facts and the defendants a complete understanding of the charges the plaintiffs have brought against them. Defendants Hoyt, Gentile and Paicopoulos have certainly understood the complaint enough to not only answer every portion of it but have added text to it to mislead this Court. Thus, by doing so they have waived the objections made under rule 5 and 11 of the Fed. R. Civ. P. The plaintiffs move to join defendants Hoyt, Gentile and the defendant in this instant matter, Paicopoulos, in waiving their objections by virtue of their own conduct which is offensive to the Fed. R. Civ. P.'s.

As to the facts section of the plaintiff's complaint making "needless, disparaging and offensive references to the opposing parties". And it rambles on endlessly about parties and allegations having no relevance to the complaint or any legal claim against the parties named in complaint" which violates provisions of rule 11.

Addressing this broad spectrum of allegations by this defendant: The plaintiffs have offered nothing but pure provable facts as to all the defendants. The plaintiffs stand ready to defend any challenge by any defendant that they have been libeled by any allegation within the plaintiff's complaint. For example, in the plaintiff's statement of facts # 146, which the defendant denied in her answer, plaintiff W.P.Y., III states that part of the catalyst of the estrangement between the parties was due to the treatment she subjected

7

her own children to. Due to the abuse this defendant continued to subject her son, William Paicopoulos to he bares deep emotional damages which has lead up to his most present problems (see addendum).

Any other party mentioned within the plaintiff's complaint are offered to establish proofs of condition of the mind, evidence of similar bad acts, persons who will be called as witnesses in this matter or those that can substantiate important facts of background into the plaintiff's instant complaint.

The plaintiffs dispute this defendant's claims that that the mention of individuals that are not party to this complaint have extreme relevance that go to the heart of the plaintiffs complaint. The plaintiffs allege that the defendants know the exact nature of what these individuals (they claim have no relevance to the matter at bar) will testify to at trial on this complaint. The defendant is simply attempting to muddy the water with this claim and upon trial on this complaint this Court will quickly witness the importance of the reference to the individuals the defendant objects to. The plaintiffs state that the mention of these "individuals" are completely consistent with rule 11 of the Fed. R. Civ. P. and the defendant's request to strike this complaint should be denied.

SECOND AFFIRMATIVE DEFENSE:

In this claim the defendant claims that this matter is Res Judicata before the "Massachusetts Trial Courts" and the plaintiffs should be estopped as a result of which.

As extensively discussed with the plaintiffs' opposition to defendant Gentile's same defense the plaintiffs state that this representation by this defendant is an outright

outrageous lie. The plaintiffs were blocked at every turn in an attempt to adjudicated the restraining order matter brought by defendant Paicopoulos. This defendant attaches copies of various "applications" which in now way reflect any offering of proof of the defendant's claims. Thus is the basis of the plaintiff's complaint against this defendant's co-defendants. Additionally, the plaintiffs have provided this Court with extensive documentation that the exact opposite of what this defendant claims transpired actually did. Lastly, beside the inconvenient *fact* that this matter was vacated after this defendant defaulted, even if their was an atom of truth contained in this defendant's averment, which there is not, where does the defendant show that a claim for redress of the plaintiff's rights was *ever* addressed? It was not. This is yet another blatant attempt to deceive this Court and this defense should not only be denied but noted as yet another proof of the veracity of the allegations contained within the plaintiff's complaint.

THIRD AFFIRMATIVE DEFENSE:

The defendant moves this Court for a "Special Order" to dismiss this complaint claiming that it has been filed in retaliation for defendant Paicopoulos obtaining a restraining order against the "plaintiff". And of course, this defendant *again* fails to mention that she did indeed obtain a restraining order which was *vacated* after the defendants in chief accomplished their scheme and found no further use to enlist their willing co-defendant's assistance, then upon which, she simply could not be bothered to appear before the very Court she claims she needed to protect her from the plaintiff W.P.Y., III. Rather troubling behavior from an individual claiming to be in such fear of her life from plaintiff W.P.Y., III.

This defendant then claims that the instant complaint "lacks any reasonable support of basis in law". The plaintiffs claim that this is a question for a trier of the facts in this matter and that the plaintiffs have made an extremely compelling showing that their complaint is the sum total of an outrageous scheme to deprive a disabled man and his minor child out of any right the defendants desired to deprive them of. At best, the only response the plaintiffs have received was that of extreme indifference. The plaintiffs claim that they have, in fact, brought a meritorious action before this Court and this defendant has placed nothing before this Court except more examples of her contempt for the plaintiffs rights, thus the complaint is supported by the laws of the United States and is ripe for litigation before this Court.

Lastly, in this defendant's Third Defense she claims that having to appear before this Court to answer the plaintiff's complaint will place an unfair burden upon her and inconvenient for her to appear to answer the plaintiff's "meritless claims". The plaintiffs allege that if they were afforded due process and equal protection under the law by various defendants identified with the plaintiff's complaints that she would be facing serious felony charges as opposed to a civil action. The burden that this defendant has already placed upon the plaintiffs outweigh any requests for considerations that this defendant seeks and therefore should be denied as lacking any foundation of fact or truth. The plaintiffs state that they have placed a meritorious controversy before this Court. This defendant has answered such with deception and outright perjerous representations. This defendant's conduct just within her pleadings are actually demonstrations of conscienceness of guilt.

As a result of which this defense should be denied.

FOURTH AFFIRMATIVE DEFENSE:

Here this defendant claims that this complaint fails to state a claim upon which relief can be granted.

The plaintiffs hereby object and state pursuant to Fed R. Civ. P. 8 (a) and state that the plaintiff's complaint states multiple claims which relief can be granted. Furthermore this defendant's defense lacks and evidentiary support pursuant to Fed. R. Civ. P. 11 (b).

This defense should be denied.

FIFTH AFFIRMATIVE DEFENSE:

Lastly, this defendant claims that the plaintiffs come before this Court with unclean hands and are thus barred from bringing this action. This defense has now been used three times by each of the defendants in chief. In each case, like here, the defendants make no offering of proof pursuant to the requirements of Fed R. Civ. P. 8 (c). The allegation lacks factual support under rule 11 (b) and as a result thereof must be denied.

WHEREFORE:

The plaintiffs pray this Honorable Court:

1. Deny Defendant Paicopoulos, motion to dismiss while taking note of the misleading and deceptive dictum contained therein the defendant's instant motion.

2. Allow the plaintiffs leave as to any Fed. R. Civ. P. they may have unintentionally violated (if any) by virtue of the extraordinary circumstances of this 15 party complaint

and note that any offerings of proof were done so in compliance to the Fed. R. Civ. P. (in numerous provisions. or in the alternative allow the plaintiffs to re-file with respect to this defendant or amend without prejudice to the plaintiffs.

3. Take judicial notice of the practices of attempting to subvert the context of the plaintiff's complaint and sanction this defendant.

4. Join defendants Hoyt, Gentile and Paicopoulos in their defenses in where their answers and defenses violate Fed. R. Civ. P. 8 (b) and rule that their failure to properly deny answers set forth and notated in each of the plaintiff's motions opposing these defendants defenses, with the exception of defendant Hoyt who makes no substantive defenses at all, are now deemed waived and the failure of this defendant, along with the defendants the plaintiffs seek to join on this issue, and rule that these procedurally volatile denials now be treated as admissions of the facts.

5. Deny this defendant's requested relief's. attorney costs and Court costs.

6. Set this matter upon this Court's Calendar for pre-trial proceedings.

7. Grant the plaintiffs a jury trial as to the instant complaint.

Respectfully submitted,

*[signature]*

William P. Youngworth, III Pro Se
Plaintiff by and through for Plaintiff
William P. Youngworth, IV
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727

# **ADDENDUM**

Boston Herald    Daily News Tribune    MetroWest Daily News    Milford Daily News    Daily News Transcript    MilfordDailyNews.com Archive S    Town Online

**MILFORD DAILY NEWS**



WESTIN

Home > News & Opinion > Local News Coverage

## Man confesses to several area crimes

By Sara Withee / Daily News Staff
Saturday, June 4, 2005

**Herald Interactive Tools**
- Related articles
- E-mail article to a friend
- View text version
- Search site
- Sign up for home delivery

A 23-year-old man admitted this week to breaking into an Upton gas station and setting a Hopedale home on fire because he was angry at a tenant, police said.

William G. Paicopoulos, of 118 Congress St., Milford, is now being held on $25,000 cash bail at the Worcester House of Correction after he confessed to starting the March 4 blaze and committing the May 12 robbery, police said in court papers.

Paicopoulos unexpectedly walked into the Upton Police Station about 8:30 p.m. Wednesday and sat down with Sgt. Alan Cyr, who had been investigating the Gasgo robbery on Milford Street. More than two dozen cigarette cartons were taken and windows smashed in the break.

Having already attempted to question Paicopoulos, Cyr told him he lacked probable cause for an arrest, but Paicopoulos allegedly answered, "I know you don't have a case. I am throwing you a free ball. I want to come clean," court records said.

Paicopoulos also came clean in the fire at 4 Bens Way in Hopedale. He said he broke in and doused the interior with gasoline because one of the male tenants had "betrayed his friendship" and stolen from him, records show.

He claimed to have no knowledge the home was owned by Upton Police Officer Erik Mager's parents, the court records said. Property records show the home is owned by Malcolm Mager and Dianne Valis. Neither they nor the police officer could be reached for comment last night.

Upton Police arrested Paicopoulos on Wednesday night and charged him with felony breaking and entering in the nighttime, larceny over $250 and destruction of property over $250.

He will also face charges for clogging a toilet with tissue and flooding an Upton Police Station cell on Wednesday night, records show.

Hopedale Police have charged Paicopoulos with burning a building, arson of a dwelling or house, burning building contents, burning personal property and entering a dwelling at night to commit a felony.

A district court cannot act on three of the five charges due to severity of the charges. A probable cause hearing to determine whether to send the case to Worcester Superior Court is scheduled



for June 24 in Milford District Court.

Sara Withee can be reached at 508-634-7546 or swithee@cnc.com.

### Today's most read articles Updated 6:00 AM ET

1. Milford man, 63, caught again in drug rap(136)
2. Police log from Friday, June 10, 2005(89)
3. Rules added for Milford teachers and students(59)
4. Black bears making rounds: Sightings in Mendon, Hopedale and Millis(56)
5. Treasure hunters, get ready(50)

### Search the site

Enter Keywords    all ▼    relevance ▼



**Ads by Google**

| Awareness Bracelets | Tsunami Report | Custom Silicone Bracelets | Tsunami Tax Wr |
|---|---|---|---|
| Silicone Rubber Band and Cloth Low Quantity Low Price High Quality | Photos: Before and After, Plus Full Coverage of the Tsunami Crisis | 100% Silicone bands any color / any message | IRS Charitable Con r To Jan 29th For 200 |
| www.WeHaveSchoolSpirit.com | www.washingtonpost.com | www.charity-bands.com | tsunamicharities.net |

[ contact us ] :: [ print advertising ] :: [ online advertising ] :: [ Browser Upgrade ] :: [ Jobs ] :: **Click here for home delivery** or call 1

© Copyright of CNC and Herald Interactive Advertising Systems, Inc.
No portion of townonline.com or its content may be reproduced without the owner's written permission. Privacy Commitment

## CERTIFICATE OF SERVICE

Comes now the plaintiffs who by and through Plaintiff W.P.Y., III, does hereby serve the plaintiff's foregoing answer, objections and oppositions thereof to the defendant Paicopoulos' pleadings by causing same to be served upon this Court's Clerk at his usual place of business and Defendant Paicopoulos by mailing same via United States First Class mail.

William P. Youngworth, III Pro Se
Plaintiff and serving same for co-plaintiff William P. Youngworth, IV via the same method.
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727

Dated: 6/23/05