# UNITED STATES OF AMERICA
## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM P. YOUNGWORTH, III, et al<br>PLAINTIFFS<br><br>v.<br><br>MARK A. GENTILE,  et al<br>DEFENDANTS | **CIVIL ACTION No. 05-30108-(MAP)** |

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S CAROLE CRISTO'S, JAMES GENTILE'S, JOHN J. CONTE'S, THOMAS REILLY'S AND NANCY A. ALTERIO'S MOTION TO DISMISS

Comes now the plaintiff's motion in opposition to the above Defendants motion to dismiss. (herein "the defendants")

In the instant pleading before this Honorable Court counsel representing the defendants moves to dismiss the plaintiff's complaint due to various claimed violations of the Federal Rules of Civil Procedure.

Counsel for these defendants move for dismissal of the plaintiff's complaint pursuant to Fed. R. Civ. P.'s 8 (a), 8 (e) and 10 (b) or, in the alternative, requests this Court enter an order directing the plaintiffs to file an amended Complaint that "conforms with Fed. R. Civ. P. 8 (a), 8 (e) and 10 (b).

The plaintiffs hereby oppose the defendant's counsels' motion.

In support of the defendant's motion their counsel stands upon various quotations to the

-2-

letter of the Fed. R. Civ P.'s. Thereafter, counsel goes onto to discuss the "well settled" doctrines of the Fed. R. Civ. P.'s. The plaintiffs make no argument that the Federal Rules of Civil Procedure are the guidelines setting forth the desired order in which a litigation should be managed by the various courts of the United States entertaining such actions before them. Council thereafter cites Kuehl v. F.D.I.C. 8 F.3d 905 (1st Circuit 1993) in support of his position. The plaintiffs would also offer the above cited case for consideration in where that Court held that "Fed. R. of Civ P. promotes disposition of claims on merits rather than on basis of technicalities and court should be reluctant to impose dismissal with prejudice for rules violations that is neither persistent nor vexatious, particularly without some review of merits".

 However, the plaintiffs offer the observation that this complaint has numerous 'groups of defendants' and while it alleges an overall claim of conduct, actions and a conspiracy that the plaintiffs allege via an outline of a remarkably complex conspiracy in which the actions of numerous individuals enjoying absolute immunity are intertwined with those of defendants who do not enjoy such absolute protections from actions of liability. Counsel for this group of the defendants raises issues with the format in which the plaintiffs have filed their "413 numbered paragraphs of allegations" Counsel then states that the plaintiff's "Complaint fails to comply with the pleading rules in a number (sic) respects". Specifically, the "Complaint is a 111 page meandering document (footnote) that is verbose, argumentative , and confusing".

The plaintiffs herein object and opposes counsel's representation. In the case of this Counsel's clients, the plaintiffs claim that they have stayed within the meanings of the Fed.

-3-

R. Civ. P.'s of which counsel's basis his motion upon. In many cases, as to opposing counsels' clients, the plaintiff's allege that they have interwoven themselves with the conduct of immune judicial officials. The plaintiffs have done their absolute best in good faith to explain to this court the exact conduct of these defendants. In many cases allegations are of certain actions these defendants have taken, which the plaintiffs claim was done within an alleged conspiracy to violate the plaintiff's rights. In many other cases the plaintiffs base their claims on the intentional in-actions which these defendants undertook in a deliberately indifferent fashion in which the plaintiffs allege, was done to block certain matters from becoming a matter of record before a Trial Court of this Commonwealth. The plaintiffs further allege that as to this particular group of defendants and the allegation set forth against them, that no clearer set of facts exist within the entire complaint.

If anything, the plaintiffs have demonstrated to this Court the extends they went to in an attempt to *beg* these defendants for help they were lawfully entitled to. The plaintiff's claim that there is nothing within their complaint that is ambiguous and especially so as to the allegations against Counsel's clients. As to the 413 "numbered paragraphs" Council objects to under Fed. R. Civ. P. 10(b) which requires "(a)ll averments of claim... be made in numbered paragraphs, the contents of each shall be limited as far as practicable to a statement of a single set of circumstance." the plaintiffs remain confused. This is because they have done exactly that. Additionally, the first mention of any of this council's clients does not arise until paragraph # 267. This is in reference to defendant Cristo. There also seems to be a question remaining as to council's standing in representing defendant Cristo.

-4-

In the attached addendum defendant Cristo corresponds with Plaintiff William P.

Youngworth, III (herein W.P.Y., III) and states that "she will be filing an answer to the

plaintiffs' complaint once the plaintiffs have provided her with the address of the Court".

The plaintiffs have taken this to mean that she is representing herself Pro Se The plaintiffs,

in fact, responded to defendant Cristo. In which they informed her that due to her letter

that she was , in fact, doing so herself. Defendant Cristo certainly has the right to be

represented by counsel but any pleading made on behalf of her by council should be set

aside until such time as she withdraws from  Pro Se representation. Or at the bare

minimum have present council explain to this Court why she is sending letters to the

plaintiffs using State Trial Court stationary and postage meters if she is not representing

herself.

Aside from the above reference as to the representation of defendant Cristo, the plaintiffs

state that they have provided the defendants with a very specific and detailed complaint. If

anything, all the plaintiffs have done is (perhaps) outlined their complaint down to the

most exact detail. The plaintiffs have given times, dates, descriptions of the assistance they

sought from these defendants and the responses (if any) they received. Frankly, they allege

that these defendant's were motivated into taking the actions and in-actions that they did

to mainly block any liability claims that could have arisen as a result of what various co-

defendants and judicial officials did and failed to do. The statements contained with the

"facts common to all counts" section of the plaintiffs complaint is so voluminous simply

due to the fact that the defendant's conduct is so complex.

At the genesis of this matter the plaintiffs informed every official involved that they did not

-5-

desire to take the actions which lead the plaintiffs and opposing parties before this Court. But as opposed to helping the plaintiffs who made a proof positive showing that they were entitled to the assistance of the defendants the defendants started a methodical process of constructing a brick wall to bar the plaintiffs from obtaining assistance. And now instead of addressing the merits of the plaintiff's complaint ,the defendant's in this instant action, by and through council, ask this Court to dismiss allegations of the plaintiffs due to an improper format.

The plaintiffs in this matter were prayed upon by the defendants Gentile and Paicopoulos. They entered the plaintiff's lives due to the fact that Plaintiff W.P.Y., III was so ill that he could not provide care for the co-plaintiff (or himself), who at the times relevant hereto, was 12 years old! These individuals initially deceived a Trial Court with perjury and fraudulent exhibits of evidence. Then the ever growing conspiracy grew out of these additional defendants developing a bunker mentality as opposed to simply setting matters straight at their origin.

Plaintiff W.P.Y., III took over one year to file this action. This was due to the fact that he underwent some five surgeries while attempting to get it filed. At present this plaintiff is awaiting a sixth surgery to restore his ability to walk. The plaintiffs share the agreement with opposing council as to the importance of following a Court's procedure. But in the case at bar the allegations set forth against council's clients are plainly stated and concise. Does council state the allegations are "verbose" because they *over detail* the allegations? Are the allegations "argumentative" because the parties *disagree* with the allegations? And it is the plaintiffs who are *confused* as to what is so "confusing" as to the plaintiff's

-6-

allegations.

If anything, the plaintiffs have given this Honorable Court a complete background on the

plaintiffs. This all becomes relevant within a reading of the entirety of their complaint. In

the case of every defendant the plaintiffs have provided a concise and detailed complaint

against them which, if anything else, actually assists them in their own defense. In the case

of defendant James Gentile the plaintiffs have not yet accused him of depriving the

plaintiffs of their rights due to a relationship with defendant Mark Gentile. While the

plaintiffs are awaiting further discovery to make that connection and then amend their

complaint, at present before this Court is the fact that he is an employee of the co-

defendant Attorney General Thomas Reilly and an agent of the Commonwealth and when

the plaintiffs appealed for help with the Worcester office of the Attorney General (after it

became obviously clear that Defendant Conte was also refusing to protect the rights of the

plaintiffs) defendant James *Gentile* responded to the plaintiffs in the form of a letter

stating that the nature of their complaint (a violation of their civil rights) did not "come

under the purview of the Attorney General's Office". Such position flies right in the face

of numerous laws of this Commonwealth. This conduct of defendant James Gentile raises

numerous questions on their face. The most obvious of which the plaintiffs are still

investigating. Hence, offered to demonstrate the show of restraint the plaintiffs have

exercised in filing their action.

This debate could carry on throughout the length of the plaintiff's complaint. The plaintiffs

claim that they have brought a meritorious action before this Court. Within this complaint

the plaintiffs allege conduct that arises to serious criminal conduct much less a civil rights

-7-

violation. But these defendants, in this instant action, when requested to uphold the laws and protect the rights of the plaintiffs, employed a campaign of deliberate indifference for various reasons set forth within the instant complaint. Now faced with a federal suit, that surely now has the attention of these defendants, do they now act to address serious felonies? Do they even investigate the allegations? Do they even deny them? The answer to all of these questions is a resounding "no". But they claim that the plaintiffs have filed such an exhaustive complaint that they are too confused to respond to it. While the plaintiffs do not desire to make any disparaging remarks about opposing counsel the request that this Court dismiss their action lacks any fundamental of fairness. The plaintiffs begged these defendants for help, not merely requested it. To attempt to deflect addressing that request to this day by claiming violations as to the procedure of this Court is lacking in equity.

If counsel for the defendants in this instant matter is truly so confused that he can not effectively defend his clients then the plaintiffs would move this Court to entertain a hearing so they can resolve the ambiguity that council seems so paralyzed by that he can not file an answer, or at least deny the allegations within the plaintiff's complaint. The plaintiffs only offer this to attempt a resolution to the present council's predicament of being confused and unable to answer despite the fact that his record reflects that he his a seasoned litigator.

The plaintiffs would not dare come before this Court and request something that places them in some special category or claim that they are entitled to anything that any other party would not be entitled to. The plaintiff's case is extraordinary. They have been placed

-8-

at a serious disadvantage even before filing this action. It is not an 'allegation' of the consequent cause of the two defendants in chief, it is a fact. Their actions have left the plaintiffs, one a seriously disabled citizen of the Commonwealth facing medical issues that rarely ever face the average persons in an ordinary lifetime, much less all at once, and the other plaintiff being (now) a 13 year old minor simply trying to be an average kid, homeless and indigent. The mere costs associated with filing this action forced the plaintiffs to make  choices between food and medicine versus pursuing a heinous series of crimes committed against them. Setting aside the lesser allegations within the plaintiff's complaint. The plaintiffs allege that the two defendants in chief attempted to kill plaintiff W.P.Y., III and hatched several other plots to do the same. The plaintiff W.P.Y., III reports this to the defendants and they ***refused*** to even investigate it?

The plaintiff W.P.Y., III can not read without the assistance of magnifying devices. He has had to attempt to retrain himself to read with permanent dipolpia (double vision) in where he has to attempt to focus on characters appearing in the lower right of his peripherals and hope to decipher the scrambling of plain text. The truth is that all his reading and typing must be done with the assistance of others. Today, to answer Council's second defense for the Commonwealth of Massachusetts, the plaintiffs had to walk several miles to a law library (with the plaintiff W.P.Y., III presently awaiting vascular surgeries on both legs), a task that takes plaintiff W.P.Y., III hours from stopping and resting over and over again, just so the plaintiffs can get access to a law book so his 13 year old son can read them to him.

The plaintiffs would not dare deprive any defendant of any right. But the defendants have

-9-

been made aware of the burdens that face these plaintiffs. The plaintiffs ask for some consideration here when it comes to splitting hairs. If this Court finds that the plaintiffs have, indeed, violated any provisions of the Fed. R. Civ. P.'s that it order the opposing parties to make specific reference as how it *exactly* prejudices the defendants. To cite "confusing" the plaintiffs allege is far too ambiguous. Thereafter, order the plaintiffs to amend the portions of this complaint (if this Court agrees) are, in fact, so "confusing" that the defendants can not truly understand it.

One suggestion is to suspend the time limits as to answers to filings and pleadings and adopt a time line taking into consideration the burdens placed upon any party in this case. These defendants have scores of attorneys at their disposal. The plaintiffs have none. The attorneys that could assist these plaintiffs are precluded from doing so since plaintiff W.P.Y., III sent these attorneys to the aid of defendant Mark Gentile they are now barred from assisting the plaintiffs due to conflicts of interest. Defendant Gentile has sucked the plaintiffs dry of any resource they had. And now the defendants are tag teaming the plaintiffs in where the plaintiffs have burdens far beyond the scope of any average litigant. In the more relaxed forum the defendants would be free to seek interrogatory type responses from the plaintiffs as to where they can resolve their supposed confusion. The plaintiffs make this highly unorthodox offer to the defendants within this instant action. The plaintiffs still maintain that they have stayed within the meaning of all Fed. R. Civ. P.'s

*footnote. Council for the defendants makes an observation the plaintiffs have failed to number the pages of their complaint. Instead the plaintiffs have listed the chronology of their complaint in fluent numbered paragraphs.

-10-

Wherefore: The plaintiffs pray the following judgments:

1. That this Honorable Court deny the Defendant's instant motion to dismiss the Plaintiffs complaint.

2. The plaintiffs request that if this Court does, in fact, agree that they have violated any rules of procedure in the filing of their action, compel the defendants herein to specify how they are prejudiced by any supposed violations and allow the plaintiffs to amend their complaint without prejudice in the narrowest scope possible in light of the plaintiffs hardships but, of course, without depriving the defendants any rights to a fair trial or in the alternative allow the plaintiffs leave as to any unintentional violation while ordering the defendants to show some real and actual prejudice which allows them to deprive the plaintiffs out of answering the plaintiff's complaint.

3. That this Honorable Court reject Attorney Giorlandino's representation of defendant Cristo until such time as she withdraws from her Pro Se representation.

4. Docket this case on this Court's calendar for further pre-trial proceedings

5. Allow the plaintiffs to proceed with their complaint and order a trail by jury on all counts alleged.

Respectfully submitted,

William P. Youngworth, III, Pro Se
Plaintiff, by and for Co-Plaintiff William P. Youngworth, IV
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727

## UNITED STATES OF AMERICA
## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WILLIAM P. YOUNGWORTH, III, et al, )      CIVIL ACTION No.
PLAINTIFF, Pro Se                  )      05-30108-MAP
                                    )
v.                                 )
                                    )
MARK A. GENTILE, et al             )
DEFENDANT                          )

## PLAINTIFF'S MOTION IN OPPOSITION TO DISMISS
## DEFENDANT COMMONWEALTH OF MASSACHUSETTS
## MOTION TO DISMISS

Comes now the plaintiffs who file the foregoing motion in opposition to the Defendant

Commonwealth of Massachusetts motion to dismiss. (herein the Commonwealth)

Council for the defendant Commonwealth makes his first motion to dismiss citing that the

Eleventh Amendment to the U.S. Constitution bars suit against the Commonwealth in

Federal Court.

To support Council's position he offers Wojcik v. Massachusetts State Lottery Com., 300

F.3d 92, 101 (1st Cir. 2002). Thereafter Council cites additional reasons for dismissal

pursuant to Fed. R. Civ P. 8 (a), 8 (e) and 10 (b).

Council's first issue deals with Wojcik, supra. The plaintiffs hereby oppose council's

assertions under the precedent of Wojcik. In the case of Wojcik the plaintiff had numerous

other remedies available to him and, in fact, availed himself to all available. Council in this

case is well aware of the difference between the holdings in Wojcik and the plaintiff's

action. Council was the lead attorney in the Wojcik litigation.

-2-

In Wojcik the plaintiff brought action before the United States District Court pursuant to Title 42 USC sec. 1983. The Wojcik matter dealt with a Commonwealth of Massachusetts State Lottery Commission employee who brought action for wrongful termination. Here the plaintiff's action in no way resembles Wojcik.

The Court's holding in Wojcik spelled out the unique differences when a Plaintiff would be allowed to proceed with an action against the Commonwealth in a Federal Court. The precedent in Wojcik appears to be a tailor made argument in support of the plaintiffs' action against the Commonwealth.

In Wojcik the Court held that "an equal protection claim will only succeed if the decision to treat an individual differently than those similarly situated is wholly arbitrary and irrational". USCA Constitutional Amendment 14.

In Wojcik the Court also ruled that Council's equal protection argument "must be construed in light most favorable to non moving party". In this case this defense shifts the burden to the Commonwealth. In Wojcik the Court held the findings in Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.ct. 1073. 145 L.Ed. 2d 1060 (2000) (per curiam)

"The Supreme Court has "recognized" successful equal protection claims brought by a 'class of one', where [a] plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and... there is no rational basis for the difference in treatment."

As to the dictum of these decisions arising in the above citations, the plaintiffs claim that their action not only meets this standard, but exceeds such in a shockingly disturbing way.

-3-

The plaintiffs, in the instant complaint, allege conduct right on point with the holdings of the exceptions of denial of equal protection privilege barring suits against States in Federal Courts, recognized by both an Appeals Court of this very same Federal District and the Supreme Court of the United States.

Of course, the plaintiffs would be eager to receive an explanation why they were restrained by felons deceiving a Trial Court with perjury and fraudulent exhibits of evidence while they were deprived of their home, all monies being maintained by certain defendants for the living expenses of the plaintiffs which was the property of the plaintiffs, why that very trial court refused to allow the plaintiffs to challenge the conduct and actions of these co-defendants while possessing absolute proof positive evidence in support of their claim, why a local police department forced the plaintiffs to pay them for their services which amounted to holding the door open for these co-defendants while they absconded with the plaintiff's possessions, why a disabled citizen of the Commonwealth was illegally evicted from his home, why a minor child was tossed into the streets and deprived of a school to attend, why co-defendants in this case were allowed to make an attempt on the life of one of the plaintiffs and while the plaintiffs could recite hundreds of paragraphs of abuses they were subjected to by the defendants (as they did within their complaint) they feel they can safely state that they have qualified as persons who have been intentionally treated differently from others similarly situated. That is, of course, unless the defendant Commonwealth can claim that this conduct describes a" rational basis for the difference in treatment". Of course, this assertion would fail if the Commonwealth could or would show this Court that this treatment happens as common place within the

-4-

Commonwealth and it does not act to protect its citizens from such alleged abuses.

As to defendant's councils' claim that the plaintiff's pleadings *again* violated the Fed. R.

Civ. P. in several respects as to this defendant, the plaintiffs hereby object and oppose

council's claims as to this and all other similar claims of same.

Wherefore: The plaintiffs pray this Honorable Court grant the following reliefs:

1. Deny the Commonwealths' Motion to dismiss in respect to the Eleventh Amendment barring suit of the Commonwealth in Federal Court. The plaintiffs claim they tailor fit the exception clause established by precedent.

2. Deny the Commonwealth's motion to dismiss pursuant to the Fed R. Civ P.

3. Enter an order placing this matter upon this Honorable Court's calendar for pre-trial proceedings

4. Grant the plaintiffs a jury trial on their instant complaint.

Respectfully submitted,

William P. Youngworth, III Pro Se
Plaintiff, by and for Co-Plaintiff William P. Youngworth, IV
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727

**ADDENDUM**



# Trial Court of the Commonwealth
## District Court Department
## East Brookfield Division
544 East Main Street
East Brookfield, MA 01515


William Youngworth, III
Post Office Box 2663
Springfield, MA 01101


Dear Mr Youngworth

     I am unable to respond to your Civil Case # 05-30108 MAP because you neglected  to provide me with an address of the court.

     I will forward my answer to both you and the court when you provide me with the proper mailing address for the United States District Court.



Sincerely

*Carole Cristo*
Carole Cristo
May 31, 2005

Carole Cristo/ Account Clerk
Defendant
East Brookfield District Court
544 East Main Street
East Brookfield, Ma. 01515

June 3, 2005

RE: Civil Rights Action Docket No. 05-30108- MAP.

Dear Defendant:

As a courtesy in responding to your letter of 5/31/05, the address of the United States
District Court in Springfield, Massachusetts, is 1550 Main Street Springfield, Ma. 01103.

However, since that information is readily available to you I will move the Court for
Summary Default Judgment should your answer not be received within the allotted time
period set forth in the Federal Rules of Civil Procedure.

Can I assume that since you are contacting me directly on State Stationary and using a
metered stamp at the expense of the Commonwealth, that you will be representing
yourself Pro Se?

And in the spirit of judicial economy please do not hesitate to contact me if you need map
quest directions if you next can not find the Courthouse.

In any future correspondence, pleadings or filings please observe the rules of this Court
and send me original documents and not photocopies. You may obtain a local rules of that
Court by contacting their Clerk's office. You will find the Clerks there most courteous and
professional.

Sincerely,

William P. Youngworth, III Pro Se
For the Plaintiffs
P.O. Box 2663
Springfield, Ma. 01101

cc: Clerk of the US District Court
    Springfield, Massachusetts
    : File

dmm/wpy3

## CERTIFICATE OF SERVICE

Comes now the Plaintiff William P. Youngworth, III, Pro Se, by and for Co-Plaintiff
William P. Youngworth, IV, who serves upon this Court the Plaintiff's foregoing motion( S )
and further serves upon Council for the Defendants same by causing service to be made
via First Class United States Mail at their usual places of business.

William P. Youngworth, III, Pro Se
Plaintiff
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727