UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30108-MAP

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, IV, </br> WILLIAM P. YOUNGWORTH, III, </br>     Plaintiffs </br> </br> vs. </br> </br> MARK A. GENTILE, AKA MARIO STILETTO, </br> MARYANNE PAICOPOULOS, AKA- </br> MARY E. YOUNGWORTH, </br> CHRISTINE HOYT, CAROLE M. CRISTO, </br> SCOTT GRIFFIN, CHIEF OF POLICE </br> DAVID P. DARRIN FOR THE TOWN OF </br> SPENCER, "SAFETY PLAN ADVOCATE" </br> (NAME UNKNOWN) FOR THE EAST </br> BROOKFIELD DISTRICT COURT, </br> JAMES M. GENTILE, JOHN J. CONTE, </br> THOMAS REILLY, NANCY A. ALTERIO, </br> TOWN OF SPENCER, </br> COMMONWEALTH OF MASSACHUSETTS, </br>     Defendants | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## **DEFENDANTS, SCOTT GRIFFIN, CHIEF OF POLICE DAVID P. DARRIN AND TOWN OF SPENCER'S, MOTION TO DISMISS**

NOW COME the defendants, Scott Griffin, Chief of Police David P. Darrin and Town of Spencer, and respectfully move this Court to dismiss the Complaint as against them. As grounds therefor and in support thereof, the defendants state that the Complaint fails to state causes of action against said defendants cognizable under either state or federal law and, as such, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12.

Alternatively, the defendants join in the motion filed by the Commonwealth of Massachusetts and other defendants in moving to dismiss the Complaint pursuant to Fed. R. Civ. P. 8.

403925

As grounds for the foregoing and in support thereof, the defendants attach hereto and incorporate by reference their Memorandum in Support of the instant motion.

WHEREFORE, the defendants respectfully submit that the plaintiffs' Complaint should be dismissed and for such other and further relief as this Court deems just and proper.

> THE DEFENDANTS
> SCOTT GRIFFIN, CHIEF OF POLICE
> DAVID P. DARRIN AND TOWN OF
> SPENCER
>
> By    */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301  Fax (413) 785-4658
> BBO No.:  544402

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 1st day of July, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel:

| | |
|---|---|
| William P. Youngworth, III, Pro Se, and William P. Youngworth, IV, Pro Se P.O. Box 2663 Springfield, MA  01101 | Mark A. Gentile a/k/a Mario Stiletto, Pro Se 25 Clark Street Spencer, MA  01562 |
| Maryanne Paicopoulos a/k/a Mary Youngworth, Pro Se 25 Clark Street Spencer, MA  01562 | Christine Hoyt, Pro Se 25 Clark Street Spencer, MA  01562 |
| Salvatore Giorlandino, Esq. Office of Attorney General Central Massachusetts Regional Office One Exchange Place, 3rd Floor Worcester, MA  01608 | |

Subscribed under the penalties of perjury.

> */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq.

403925

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30108-MAP

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, IV, <br> WILLIAM P. YOUNGWORTH, III, <br>     Plaintiffs <br> <br> vs. <br> <br> MARK A. GENTILE, AKA MARIO STILETTO, <br> MARYANNE PAICOPOULOS, AKA- <br> MARY E. YOUNGWORTH, <br> CHRISTINE HOYT, CAROLE M. CRISTO, <br> SCOTT GRIFFIN, CHIEF OF POLICE <br> DAVID P. DARRIN FOR THE TOWN OF <br> SPENCER, "SAFETY PLAN ADVOCATE" <br> (NAME UNKNOWN) FOR THE EAST <br> BROOKFIELD DISTRICT COURT, <br> JAMES M. GENTILE, JOHN J. CONTE, <br> THOMAS REILLY, NANCY A. ALTERIO, <br> TOWN OF SPENCER, <br> COMMONWEALTH OF MASSACHUSETTS, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS, SCOTT GRIFFIN, CHIEF OF POLICE DAVID P. DARRIN
AND TOWN OF SPENCER'S, MEMORANDUM IN SUPPORT
OF THEIR MOTION TO DISMISS**

**I. STATEMENT OF FACTS**

Solely for the purposes of the instant motion, the defendants accept the facts, as opposed to conclusory allegations, as they relate to the said defendants as set forth in the Plaintiffs' Complaint as true.

**II. STANDARD OF REVIEW**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a Court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff. See *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993). The Court, however,

403595

need not credit "bald assertions, unsupportable conclusions, and opprobrious epithets." See *Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir. 1987). Dismissal under Rule 12 (b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery. See *Cooperman v. Individual, Inc.,* 171 F.3d 43, 46 (1st Cir. 1999).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Barbour v. Dynamics Research Corp.,* 63 F.3d 32, 36 (1st Cir. 1995); Fed. R. Civ. P. 56(c). To succeed in a motion for summary judgment, the moving party must show that there is an absence of evidence to support the non-moving party's position. See *Rogers v. Fair,* 902 F.2d 140, 143 (1st Cir. 1990). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Although the Court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor, see *Barbour v. Dynamics Research Corp., supra,* at 36, "if the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Rogers,* 902 F.2d, *supra,* at 143.

### III. ARGUMENT

A.  **As to the Defendant, Town of Spencer.**

  1.  **There are Insufficient Facts Alleged to Support a Claim under 42 U.S.C. § 1983.**

It is beyond dispute that 42 U.S.C. § 1983 does not, in and of itself, create substantive rights. Rather, it simply provides a vehicle by which claims may be brought for alleged

403595

violations of rights secured by the United States Constitution. To proceed with a claim under 42 U.S.C. § 1983, a plaintiff must first establish that a defendant is acting under color of state law. The plaintiff must next prove that the alleged wrongful conduct resulted in a deprivation of rights secured by the United States Constitution or federal law. Most important in this regard, mere violations of state law do <u>not</u> create constitutional claims. See generally, *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir. 1982).

As to the claims under 42 U.S.C. § 1983, it is undisputed that a municipality cannot be liable on a theory of *respondeat superior*, but, rather, may only be liable upon allegations and proof of impermissible policy or custom. *Monell v. Dept. of Social Services,* 436 U.S. 658, 690-695 (1978). The defendant, municipality, submits that the 413 paragraph complaint, does not allege facts sufficient to find allegations of policy or custom in violation of the law. In the absence of any evidence of an unconstitutional municipal policy or custom, a single incident of misconduct cannot provide the basis for municipal liability under § 1983. See *Monell v. Dept. of Social Services,* 436 U.S. 658, 690-695 (1978); *Baron v. Hickey*, 242 F. Supp. 2d 66, 75-76 (D. Mass. 2003).

Based upon the foregoing, to the extent that the complaint purports to allege constitutional violations against the municipality, the same must be dismissed.

To the extent that the remaining counts are deemed to allege causes of action against the Town of Spencer, the same too must fail. With regard to Count II, again, the municipality cannot be liable for conspiracy but, rather, can only be liable in accordance with *Monell*. Further, as to the conspiracy count, the Court is directed to the additional argument *infra*.

There is no cause of action under either state or federal law for "deliberate indifference" as alleged and, as such, Count III must fail.

403595

**2.     As to State Law Claims.**

As to Count IV, alleging "vicarious liability", again, the plaintiff has failed to set forth any cause of action cognizable under state law failing entirely to even allege compliance with M.G.L. c. 258.[1]

As to Count V, again, the municipality simply cannot be held liable for intentional infliction of emotional distress nor is there a single fact alleged which would support such a cause of action as against any of the municipal defendants herein.

To the extent that the complaint is read to allege a cause of action for failure to investigate, M.G.L. c. 258, § 10(h) precludes the same.  That section precludes:

> Any claim based upon the failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, <u>investigate, detect or solve crimes,</u> identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law, but not including claims based upon the negligent operation of motor vehicles, negligent protection, supervision or care of persons in custody, or as otherwise provided in clause (1) of subparagraph (j).

**B.     As to Chief Darrin.**

There is not a single fact alleged in the 413 paragraph complaint which, in any way, can be construed to set forth a cause of action of any wrongdoing whatsoever under either state or federal law as against Chief Darrin.  The only allegation of fact as to Chief Darrin is that he assigned the defendant Griffin to conduct an investigation as requested by the plaintiff.  See Plaintiffs' Complaint, ¶¶ 330-331.  It is well settled that a municipal employee cannot be liable for supervisory liability absent specific articulation of facts clearly absent in the plaintiffs' pleading.

---

[1] The defendant, Town of Spencer, should not be put to the expense of articulating the manners in which a municipality can be subject to potential liability under state law absent a single fact as alleged in the complaint to support such a cause of action.  Should the Court so desire, the defendant is prepared to supplement this brief with additional law on this issue.

403595

> 1. **There are Insufficient Facts Alleged to Support a Claim under 42 U.S.C. § 1983.**

As noted above, *respondeat superior* cannot serve as a basis for liability under § 1983. See *Board of County Comm'rs. of Bryan County v. Brown,* 520 U.S. 397, 403 (1997) (and cases cited therein). Instead, for supervisors to be held accountable for their subordinates' alleged misdeeds, the Courts require a showing that the supervisor was either a primary actor involved in or a prime mover behind the underlying violation. To meet this burden, the plaintiff must show some affirmative act or some conduct that amounts to implicit authorization on the part of the supervisor with respect to his employee's behavior. See, *Aponte Matos v. Toledo Davila,* 135 F.3d 182, 192 (1st Cir. 1998).

In the case of allegations of direct participation, the Court employs the classic *Harlow* qualified immunity framework discussed *infra* to determine whether or not the supervisors were entitled to qualified immunity as well. See, *Camillo-Robles v. Zapata,* 175 F.3d 41, 43-44 (1st Cir. 1999). Where a direct violation is not alleged, liability can exist when a supervisor supervises, trains or hires "with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." *Id.* at 44 (citations omitted). In analyzing this potential liability, the Courts have generally looked to determine whether or not the supervisor's actions "displayed deliberate indifference toward the rights of third parties and had some causal connection to the subsequent tort." *Id.* (citations omitted).

Because the plaintiffs fail to allege a single fact relevant to the behavior or conduct of the Chief of Police, there is nothing in the complaint from which this Court could discern a viable claim of supervisory liability against him and, as such, the defendant moves that the Chief of

403595

Police be dismissed from this action for failure of the plaintiff to state a viable claim of supervisory liability under 42 U.S.C. § 1983 against him.

      2.    **<u>The Facts Alleged Cannot Support a Conspiracy Claim.</u>**

The arguments as set forth above with regard to the Town of Spencer as to the remaining counts of the complaint apply with equal force as to Chief Darrin. To the extent that the complaint is read to allege a conspiracy involving Chief Darrin, the defendant submits the same must also fail. The plaintiffs appear to allege that each of the individual defendants in this matter acted or engaged in a conspiracy in which they participated in an unlawful agreement to cause harm to them. Although the plaintiffs list a litany of facts regarding incidents completely unrelated to each other, not only temporally, but also substantively, they fail to provide sufficient evidence as a matter of law that any of the defendants conspired against them. In fact, other than the assertion of conspiracy, there is no evidence that supports a claim under § 1983. Merely asserting the existence of a conspiracy by pleading the conclusory word "conspiracy" is not sufficient to sustain the cause of action. See *Hanania v. Loren-Maltese,* 212 F.3d 353, 356 (7th Cir. 2000). As such, the plaintiffs' conspiracy claim must also fail.

C.    **<u>As to the Defendant, Scott Griffin</u>.**

Again, there is a dearth of facts in the complaint to support any cause of action cognizable under either federal or state law as to Officer Griffin. Essentially, the complaint alleges that Officer Griffin was present as a detail officer when the plaintiff removed certain items from a location in Spencer in accordance with an order of the East Brookfield District Court. See Plaintiffs' Complaint, ¶¶ 290-346. In essence, the plaintiffs allege that Officer Griffin conducted an investigation but failed to pursue criminal charges as requested by the plaintiff, William P. Youngworth, IV. *Id.*

403595

1. **There are Insufficient Facts Alleged to Support a Claim under 42 U.S.C. § 1983.**

Count I of the complaint alleges violation of 42 U.S.C. 1983 claiming violation of rights guaranteed through the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. The specific wrongful acts are delineated in ¶ 413 and, with a single exception, bear no relation whatsoever to the defendant, Griffin. Read in the light most favorable to the plaintiff, the allegations contained in ¶ 413E relate to the facts as alleged with respect to Officer Griffin. The defendants submit, however, that the facts, as opposed to conclusory allegations as set forth in ¶ 413E, do not support a cause of action for the failure to protect the plaintiff as alleged nor is there a single allegation to support a claim for a violation of equal protection under the law. The United States Supreme Court has long held that the there is nothing in the language of the Due Process Clause of the United States Constitution requiring a municipality to protect life, liberty, and/or property against invasion by private actors. See *DeShaney v. Winnebago Cty. Dept. of Social Services,* 489 U.S. 189, 109 S. Ct. 998 (1989). As noted by the *DeShaney* Court:

> Nothing in the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's powers to act, not as a guaranty of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to insure that those interests do not come to harm through other means.

*Id.* at 195.

While the defendants recognize that, under very limited circumstances, a cause of action may exist where a municipality allegedly selectively denied its protective services to "certain disfavored minorities", the complaint is entirely devoid of any facts to support an equal protection claim in this case. *Id.* at 197, n.3.

403595

      a.      **Qualified Immunity Precludes the Imposition of Liability.**

In addition to the foregoing, the defendant officer submits that he is protected by qualified immunity which is intended to shield public officials in the course of performing discretionary acts "from civil damages liability as long as their actions could reasonably have been thought constant with the rights they are alleged to have violated." *Anderson v. Creighton,* 483 U.S. 635, 638 (1987). The qualified immunity defense is favored early in the proceedings so that costs and expenses of trial can be avoided where the defense is dispositive. See, *Saucier v. Katz,* 533 U.S. 194, 200 (2001).

Qualified immunity shields government officials from liability for civil damages when their actions "do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). Qualified immunity provides protection to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). The relevant question, then, is "whether a reasonable official could have believed his actions were lawful in light of clearly established law and the information the official possessed at the time of his allegedly unlawful conduct." *McBride v. Taylor,* 924 F.2d 386, 389 (1st Cir. 1991).

As noted above, it is the position of the defendant that the plaintiff does not have a right, clearly established or otherwise, to have the investigation concluded in the manner in which he requested. See *DeShaney v. Winnebago Cty. Dept. of Social Services, supra.* Moreover, there are no facts alleged, even assuming the existence of a right, which would allow for a finding that the actions of the defendant violated any such right. As such, qualified immunity applies to as to preclude the imposition of liability.

403595

**D.    As to the Eighth Amendment Claims as to all Parties.**

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. The United States Supreme Court has defined the Eighth Amendment as prohibiting the "unnecessary and wanton infliction of pain." *Gregg v. Georgia,* 428 U.S. 153, 173 (1976). The standard for assessing whether an Eighth Amendment violation has occurred includes an objective and subjective component. The objective portion of the two part standard requires that the alleged deprivation be sufficiently serious. Mere discomfort experienced by an inmate in the course of prison life cannot amount to an Eighth Amendment violation. See, e.g., *Rhodes v. Chapman,* 452 U.S. 337, 339 (1981). *Id.* Only those deprivations denying "the minimal civilized measure of life's necessities" form the basis of an Eighth Amendment violation. See, *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). In addition, a subjective component of the two prong test for determining whether an Eighth Amendment violation has occurred requires that the plaintiff show that the municipal officials had a culpable state of mind. In other words, the plaintiff must show that the deprivation resulted from "deliberate indifference" of municipal officials.

Inasmuch as the plaintiff has, in essence, failed to even articulate a single act which would fall within the purview of the Eighth Amendment, the defendants suggest that no further analysis need be made. Clearly, the plaintiff cannot, on the face of his complaint, meet either the objective or subjective prong of the Eighth Amendment analysis.

**E.    As to "Deliberate Indifference" as to all Defendants.**

There is no cause of action cognizable under either federal or state law for "deliberate indifference." As such, Count III of the complaint must be dismissed.

403595

**F.**     <u>**As to the First Amendment as to all Defendants.**</u>

It is impossible for the defendants to respond to the allegation of violation of the First Amendment as there is no fact articulated within the confines of the complaint which could possibly trigger a First Amendment analysis. As such, any count which relies upon the First Amendment must be dismissed.

**G.**     <u>**As to the Fourth Amendment Claims as to all Defendants.**</u>

Again, the complaint cannot be read to allege a single fact upon which a Fourth Amendment claim can be made as against the defendant, Town of Spencer, defendant, Chief Darrin, and/or defendant, Officer Griffin, and, as such, to the extent that the complaint alleges a violation of the Fourth Amendment, the same must be dismissed.

**H.**     <u>**As to the Due Process Violations (Fifth and Fourteenth Amendments) as to all Defendants.**</u>

Again, there is a complete absence of factual support for a claim for a violation of either substantive or procedural due process in the Plaintiffs' Complaint as to the Spencer defendants. In order to pursue a due process claim, a plaintiff must provide sufficient evidence to establish four elements: that the defendants (1) acting under color of state law, (2) deprived the plaintiff of (3) an interest created and protected by state law (4) without satisfactory process. See *PSZ Properties, Inc. v. Rodriguez,* 928 F.2d 28, 30 (1st Cir. 1991). Again, the defendants will not specifically analyze the law of both procedural and/or substantive due process as there is a complete absence of factual allegations to support the four elements as set forth above.

**I.**     <u>**As to the Minor Plaintiff, William P. Youngworth, III.**</u>

The defendants submit that complaint of the minor plaintiff, William P. Youngworth, III, must be dismissed as a minor is disqualified from representing himself on the basis of his

403595

minority. See 28 U.S.C. § 1654; *Maroni v. Pemi-Baker Regional School Dist.,* 346 F.3d 247 (2003).

## IV. CONCLUSION

WHEREFORE, based upon all of the foregoing, the defendants submit that the plaintiffs have failed to state causes of action cognizable under either state or federal law and, as such, the Complaint must be dismissed as against them.

> THE DEFENDANTS
> SCOTT GRIFFIN, CHIEF OF POLICE
> DAVID P. DARRIN AND TOWN OF
> SPENCER
>
> By   */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq., of
> Robinson Donovan, P.C.
> 1500 Main Street, Suite 1600
> Springfield, Massachusetts 01115
> Phone (413) 732-2301  Fax (413) 785-4658
> BBO No.: 544402

CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 1st day of July, 2005, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel:

| | |
|---|---|
| William P. Youngworth, III, Pro Se, and<br>William P. Youngworth, IV, Pro Se<br>P.O. Box 2663<br>Springfield, MA  01101 | Mark A. Gentile a/k/a Mario Stiletto, Pro Se<br>25 Clark Street<br>Spencer, MA  01562 |
| Maryanne Paicopoulos a/k/a<br>Mary Youngworth, Pro Se<br>25 Clark Street<br>Spencer, MA  01562 | Christine Hoyt, Pro Se<br>25 Clark Street<br>Spencer, MA  01562 |
| Salvatore Giorlandino, Esq.<br>Office of Attorney General<br>Central Massachusetts Regional Office<br>One Exchange Place, 3rd Floor<br>Worcester, MA  01608 | |

Subscribed under the penalties of perjury.

>    */s/ Nancy Frankel Pelletier*
> Nancy Frankel Pelletier, Esq.

403595