UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III ) | |
| PLAINTIFF PRO SE, et al. ) | CIVIL ACTION No. 05-30108MAP |
| ) | |
| v. ) | |
| ) | |
| MARK A. GENTILE ) | |
| DEFENDANT, et al ) | |
| ) | |

### PLAINTIFF'S MOTION TO AMEND COMPLAINT

Comes now the Plaintiffs, by and through Plaintiff William P. Youngworth, III, who moves this Honorable Court to amend their complaint in the above entitled action. In support of this motion the plaintiffs state that on or about June 28, 2005 the plaintiffs moved this Court, by and through its Clerk, to enter a default judgment against a defendant identified as the "Safety Plan Advocate".

On July 8, 2005 this Court's Honorable Justice Posner entered an order reversing this Court's Clerks' entry of default judgment against the defendant "Safety Plan Advocate". Judge Posner further ordered the plaintiff's to amend their complaint by August 1, 2005 citing that the "Safety Plan Advocate was not an entity subject to suit."

As asserted within the plaintiff's initial complaint the identity of the defendant "Safety Plan Advocate" was deliberately withheld from them despite the fact of their requesting the identity of this 'individual' before a Trail Court for the Commonwealth of Massachusetts. The plaintiffs further asserted that this defendant went to great lengths to conceal her identity from the plaintiffs by taking actions including, but not limited to, removing her identification badge every time she appeared before a Trail Court with

-2-

business concerning the plaintiffs. The plaintiffs made a record of this fact before the sitting Justice for the East Brookfield District Court, as stated within their complaint, and yet the Court still refused to disclose the identity of this defendant or enforce the proper security protocols for Certified Massachusetts Regulations governing Courthouse security throughout the Commonwealth's Court systems

Upon the plaintiff's complaint being served upon this defendant service was accepted by a fellow co-defendant, one Carole Cristo. Upon accepting service for this defendant, Carole Cristo identified the defendant "Safety Plan Advocate" as "Jennifer McGinnis". If this representation is even factual, this would be the first time that the plaintiffs were made privy to this defendant's actual name despite the fact that the plaintiffs went to extraordinary lengths to obtain the identity of this defendant prior to filing their action. The deliberate conduct of this defendant in withholding her identity was done for no other purpose then to prevent the plaintiffs from seeking judicial redress against this defendant.

While the plaintiffs respectfully dissent with this Honorable Court's finding that the "Safety Plan Advocate in not an entity subject to suit", the plaintiffs taking the only actions now available to them, hereby amend their complaint to replace reference to the defendant "Safety Plan Advocate" with now another defendant in this matter having identified this defendant after accepting service of the plaintiff's complaint from the U.S. Marshal's as "Jennifer McGinnis".

Wherefore: The plaintiffs, pursuant to this Honorable Court's order, hereby amend their complaint to list the former defendant "Safety Plan Advocate" as "Defendant Jennifer McGinnis". Service has been made and accepted by Defendant Jennifer McGinnis's

-3-

co-defendant and co-worker Carole Cristo, at this defendant's place of employment, the East Brookfield District Court. The plaintiffs have further informed the newly identified defendant that she was, in fact, in default due to her failure to answer the plaintiffs' complaint, via US Mail. To date, this defendant has neither responded to this Court, the Unites States Marshal Service or the plaintiffs.

The plaintiffs hereby file their motion to amend their complaint pursuant to the mandate of this Honorable Court's Justice Posner. The plaintiffs allege that this defendant has, in fact, been lawfully served at her place of employment and therefore pray that this Honorable Court order Defendant Jennifer McGinnis, formerly identified as the defendant "Safety Plan Advocate", to respond to the amendment of the plaintiff's original complaint within the time limits prescribed by the Fed. R. Civ. P. (within 20 days of receipt of this motion by this Honorable Court). Upon defendant Jennifer McGinnis failing a second time to answer the plaintiff's complaint, that this Court order a second and final Judgment of default be entered against the defendant.

Respectfully submitted,

William P. Youngworth, III

P.O. Box 2663

Springfield, Mass. 01101

413-736-5727