UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III ) <br> PLAINTIFF PRO SE, et al ) <br> ) <br> v ) <br> ) <br> MARK A. GENTILE ) <br> DEFENDANT, et al ) <br> ) | CIVIL ACTION No. 05-30108MAP |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Comes now the Plaintiffs in the above entitled action, by and through, Plaintiff William P. Youngworth, III, Pro Se, who moves this Honorable Court for reconsideration in this Honorable Court's order vacating the Plaintiff's Judgment of Default against the Defendant originally identified within the Plaintiff's Complaint as the "Safety Plan Advocate".

In support of this motion the plaintiffs state that this Honorable Court's Clerk entered an order of Default Judgment against the above identified defendant on June 28, 2005 on the Plaintiff's motion seeking same.

On July 8, 2005 this Honorable Court's Justice Posner vacated this Court's Clerks' citing that "The party, the Safety Plan Advocate, is not an entity subject to suit".

## DISCUSSION

The plaintiffs recognize the logic of his Honor, Justice Posner's rational, in where it appears to the plaintiffs that Justice Posner was concerned with the rights of an unknown

-2-

defendant and the possible arbitrary effects of a default judgment unfairly prejudicing the rights of an 'unknown' defendant.

The plaintiffs, within their complaint, described in careful and exact detail, details which have earned the plaintiffs legal rebukes by all defendant's who did comply with the appropriate Fed R. Civ. P. and did, in fact, answer the Plaintiff's complaint, that this particular defendant went to extraordinary lengths to conceal her identity from the plaintiffs to frustrate them in their announced intentions to seek judicial redress regarding the conduct alleged by the plaintiffs in the instant complaint before this Court. The plaintiffs made that fact a matter of record before a Massachusetts Trail Court of exactly what the defendant "Safety Plan Advocate" was intentionally doing and why. The Plaintiffs requested that this Defendant's identity be divulged by that very same Trail Court while this defendant was before it on a matter with the plaintiffs. This request was denied by the Justice of this Trail Court. The plaintiffs filed a complaint with the Chief of Security of this Trail Court that this defendant was removing her identification tag which is required to be displayed by all times in a Massachusetts Courthouse for no other reason than to conceal her identity from the plaintiffs.

The Plaintiffs filed complaints concerning the conduct of this Defendant with Massachusetts Representative Barney Frank and the Department of Public Safety. Until the service of the Plaintiff's Complaint by the U.S. Marshals, being accepted by this defendant's co-worker and co-defendant (Carole Cristo) in this matter, at her place of employment (the East Brookfield District Court) on 5/20/05 at 8:30 AM, the Plaintiffs,

-3-

despite their numerous efforts to properly obtain the true name of this Defendant, never knew this defendant's given name. Again, the *only reason* for naming this Defendant as the "Safety Plan Advocate" "identity unknown" was caused by the deliberate actions of this defendant.

After this action's service was made upon this defendant, and legally accepted at her place of employment, was the very first time did the plaintiffs discover that Defendant Cristo had given a name to this defendant. Again, the plaintiffs are only relying on what another defendant stated was the true name of this defendant. This name was not legible to the plaintiffs, having seen it through several carbons deep and thereafter called both this Court's Clerk and the US Marshal Service in order to obtain the name of this defendant. It was not until late June, 2005 did the plaintiffs discover that this defendant's true name is purportedly "Jennifer McGinnis".

The Plaintiffs should not be prejudiced by the very conduct of this defendant. This defendant took intentional and deliberate actions to conceal her identity to avoid legal process. Service was accepted by this defendant's co-worker and co-defendant at this defendant's place of employment. In spite of the deliberate actions of this defendant she *still* shows her indifference to not only the Plaintiffs but this Honorable Court. Outrageous conduct by a defendant who is employed as a Judicial Advocate who is employed to assist citizens of the Commonwealth navigate the Court System.

This is clearly not a defendant that is ignorant to the procedures of the Judicial System. Service for this defendant was accepted by a Clerk employed by a Court. It simply defies

-4-

credulity that this defendant was not served and without complete knowledge of the pending complaint.

Denying the Plaintiff's relief by entry of default judgment is lacking in equity. To this very date this defendant has still refused to answer the Plaintiff's complaint and is still benefiting by her deceitful conduct by deliberately concealing her identity. While this defendant unquestionably enjoys every right that any citizen of this Country enjoys she does not have any right to benefit from her deliberate conduct and default judgment should be re-instated against this defendant.

The Plaintiffs pray that if this Honorable Court remains reluctant to grant the Plaintiffs' request for reconsideration that this Honorable Court Calendar a hearing into this matter and order all parties involved in this instant controversy to show cause as to their particular position. Additionally, if service in this matter was deliberately interfered with by another defendant in this action then the plaintiff's would be prejudiced by not being allowed to ascertain this answer and amend their complaint to include an additional allegation of a further Constitutionally volatile conduct.

Respectfully submitted,

William P. Youngworth, III

Plaintiff, Pro Se, by and for Plaintiff William P. Youngworth, IV

P.O. Box 2663

Springfield, Mass. 01101

## CERTIFICATE OF SERVICE

    Comes now the Plaintiffs who serves their foregoing motions to amend complaint and motion for reconsideration upon this Honorable Court's Clerk via Lobby Service and the Defendant "Jennifer McGinnis" ("Safety Plan Advocate") at her place of employment/business, the East Brookfield District Court of East Brookfield District Court, East Brookfield Massachusetts via US First Class Mail service.

_____  7/14/05
William P. Youngworth, III
Plaintiff, Pro Se
For the Plaintiffs
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727
Yworth3@MSN.com