UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM P. YOUNGWORTH IV and ) <br> WILLIAM P. YOUNGWORTH III, ) <br> Plaintiffs, ) <br> ) <br> VS. ) <br> ) <br> MARK A.GENTILE, AKA MARIO STILETTO,) <br> MARYANNE PIACOPOULOUS AKA MARY ) <br> E. YOUNGWORTH, CHRISTINE HOYT, ) <br> CAROLE M. CRISTO, SCOTT GRIFFIN ) <br> DAVID DARIN, SAFETY PLAN ADVOCATE ) <br> FOR E. BROOKFIELD COURT, JAMES M. ) <br> GENTILE, JOHN J. CONTE, THOMAS ) <br> REILLY, NANCY A. ALTERIO, TOWN OF ) <br> SPENCER and COMMONWEALTH OF ) <br> MASSACHUSETTS, ) <br> Defendants. ) | CIVIL ACTION NO. 05-30108-MAP |

**MEMORANDUM OF JENNIFER McGINNIS (WHOSE TRUE NAME IS JENNE McGINNIS) IN SUPPORT OF HER OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

I.  **STATEMENT OF FACTS**

Plaintiffs have filed a Complaint numbering in excess of 100 pages and containing 418 numbered paragraphs. This pleading stands as a stream of consciousness accounts of plaintiffs' personal, criminal, and family lives. When distilled, however, the Complaint as against Jennifer McGinnis stems from a Restraining Order that was issued against said plaintiff and in favor of his sister and co-defendant Maryanne Paicopoulos, aka Mary E. Youngworth.

Specifically, plaintiffs allege that on or about February 24, 2004 said co-defendant obtained a Restraining Order against plaintiff William P. Youngworth III. (See Plaintiffs' Complaint at ¶¶260-265). Said plaintiff challenged the issuance of this Restraining Order initially through an emergency hearing on February 26, 2004. (See ¶267 of Plaintiffs' Complaint) At this emergency hearing co-defendant, Maryanne Paicopoulos testified that plaintiff had assaulted her and that she was in fear for

her life. (See ¶285 of Plaintiffs' Complaint) This initial challenge to the Restraining Order was unsuccessful for the plaintiff. Thereafter plaintiff again challenged the Restraining Order culminating in a hearing on May 3, 2004. (See ¶¶360-365, 382, 393-396 of Plaintiffs' Complaint) This second hearing was likewise unsuccessful for the plaintiff and the Restraining Order was extended until July 26, 2004. On July 26, 2004 the Restraining Order expired by either statute or an extension was waived by said co-defendant. (See ¶409 of Plaintiffs' Complaint)

Plaintiffs allege that the result of the Restraining Order was that plaintiff had to vacate his residence. During these hearings, Ms. Paicopoulos was assisted by Ms. McGinnis, the Safety Plan Advocate at the East Brookfield District Court, East Brookfield, MA. In that capacity, Ms. Paicopoulos and Ms. McGinnis had confidential Communications. (See ¶¶278, 280, 281, 285, 387, and 394 of Plaintiffs' Complaint). Plaintiff has no information regarding the substance of theses conversations. Any conclusion Plaintiff draws from these private conversations is purely based on speculation and conjecture. Plaintiffs allege that Ms. McGinnis improperly instructed Ms. Paicopoulos during the hearings of February 26, 2004, and May 6, 2004 (See ¶¶280, 285, 397, and 394 of Plaintiffs' Complaint). However, nothing in the Complaint supports this groundless conjecture. Accordingly, the proposed amendment sought by plaintiff should be denied.

## II. PLAINTIFFS' MOTION MUST BE DENIED AS THE PROPOSED AMENDMENT WOULD BE FUTILE.

Ms. McGinnis respectfully submits that where a proposed amendment to a party's pleading would be futile, such stands as proper grounds for the proper grounds for the denial of a Motion to so amend the pleadings. "Where an amendment would be futile or would serve no legitimate purpose, the District Court should not needlessly prolong matters." **Correa-Martinez v. Arrillaga-Belendez**, 903 Fed.2d 49, 59 (1st Cir. 1990).

2

A. **Plaintiffs' Complaint Fails to State a Claim for which Relief may be Granted as to Ms. McGinnis**

The amendment proposed by plaintiffs is futile as the proposed Amended Complaint fails to state a claim as to Ms. McGinnis. "Rule 15 permits the Trial Court to deny leave to file an amended complaint which would be subject to the immediate dismissal under Rule 12(b)(6) for failure to state a viable claim for relief. **Hayden v. Grayson**, 134 Fed. 3rd 449, 455-456 (1st Cir. 1998). Ms. McGinnis respectfully submits that the resulting Complaint proposed by plaintiff fails to set forth a claim for relief as against Ms. McGinnis.

Plaintiffs raise two causes of action as against Ms. McGinnis. The first two fall under 28 U.S.C. §1983. However, Plaintiffs' Complaint fails to state a claim under this Section.

"In order to state a claim for deprivation of rights under 42 U.S.C. §1983, plaintiffs must show that "conduct complained of was committed by a person acting under color of law. Second, plaintiffs must show that defendants' conduct in fact deprived them of rights, privileges or immunities secured by the Constitution or laws of the United States. Third, plaintiffs must show that defendants' conduct caused the deprivation of federal constitutional rights. Finally, defendants' conduct must have been intentional, grossly negligent, or must have amounted to 'reckless or callous indifference' to the constitutional rights of others." **Neris v. Vivoni**, 249 F. Supp. 2nd 146, 149 (D.P.R. 2003), citations omitted. See also, **Gutierrez-Rodriguez v. Cartagena**, 882 Fed. 2d 553, 559, 569 (1st Cir. 1989).

Plaintiffs' Complaint does not make a showing. Furthermore, no showing is made as to any allegation of Ms. McGinnis as having acted "under color of law" under this same section.

Instead, the basis of plaintiffs' allegations against Ms. Jennifer McGinnis is conjecture as to what, if anything, was advised to co-defendant Paicopoulos when said co-defendant was in Court opposing plaintiff's repeated attempts to vacate a Restraining Order she had gained against him for her

own protection. It is important to stress that Plaintiffs' Complaint recites the activities of said co-defendant during these Court appearances as she acted on her own behalf. Accordingly, plaintiffs can only speculate when they allege any conduct by Ms. McGinnis. Such, however, is conjecture and a complaint cannot be supported by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." **Aulson v. Blanchard**, 83 Fed. 3d, 1, 3 (1st Cir. 1996). As such, Plaintiffs' Complaint sets forth no assertions that would entitled them to relief as against her. See **Hatch v. Dept. For Children, Youth and Their Families**, 274 Fed. 3d. 12 (1st Cir. 2001).

Furthermore, communications between Ms. McGinnis and co-defendant Paicopoulos are confidential. As set forth above, Ms. Jennifer McGinnis is a domestic violence victim's counselor and as such any communications she may have had with Ms. Paicopoulos are confidential and protected by M.G.L. ch. 233, §20K. This, too, warrants denial of Plaintiffs' Motion to Amend the Complaint as it would seek to utilize purported conversations protected as confidential under the laws of the Commonwealth of Massachusetts as the basis for a complaint.

Plaintiffs have no evidence of the substance of conversations between Ms. Paicopoulos and Ms. McGinnis. Plaintiffs do not have the ability to prove the substance of such conversations, and they have no reasonable belief that such conversations were improper. Accordingly, the Proposed Amended Complaint violates Fed.R.Civ.P. 11(b)(3), further warranting denial of the instant Motion to Amend and dismissal of Plaintiffs' Complaint.

Furthermore, it is respectfully submitted that no cause of action exists under either name or substance of "deliberate indifference." As such, plaintiffs' desire to amend the Complaint to include Ms. McGinnis under this Count is futile as such Count should be dismissed under Fed.R.Civ.P. 12(b)(6).

**B.     Plaintiffs' Complaint Fails to Contain a Short and Plain Statement of Their Claims.**

Alternatively, Plaintiffs' motion should be denied, and their Complaint dismissed, as the

proposed amendment by plaintiffs merely seeks to replace the name of Ms. McGinnis for that of the "Safety Plan Advocate" originally stated in the underlying Complaint. Such an amendment does not cure the obvious deficiency in the underlying Complaint namely that it fails to contain a short and plain statement of plaintiffs' claim. Instead, it is a rambling document totaling in excess of 100 pages recounting the plaintiffs' family, criminal and personal histories. Fed.R.Civ.P. 8(a) requires a complaint to "contain a short and plain statement…showing that the pleader is entitled to relief…" In addition, Rule 8(e) requires that "each averment of a pleading shall be simple, concise, and direct." Furthermore, Rule 10(b) requires that "all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances;…"

Ms. McGinnis respectfully submits that the Court can dismiss any complaint which fails to comply with these pleading Rules. See Fed.R.Civ.P. 41(b); and **Kuehl v. F.D.I.C.**, 8 Fed. 3d 905, 903 (1st Cir.1993).

Accordingly, Plaintiffs' Motion to Amend the Complaint to include the name of Ms. Jennifer McGinnis should be denied. As the Complaint itself remains insufficient in substance for failing to set forth a plain recitation of allegations, let alone allegations showing an entitlement to relief as against Ms. McGinnis, the Motion should be denied.

WHEREFORE, Jennifer McGinnis respectfully requests that the Court deny Plaintiffs' Motion to Amend the Complaint in its entirety and for such further relief as this Court deems just.

JENNIFER McGINNIS,
By her Attorney,

Robert J. Murphy BBO# 363760
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
617-423-3700

**DATED: July 29, 2005**