UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 AUG -1  A 11: 27

WILLIAM P. YOUNGWORTH, III, et al )   CIVIL ACTION 05-30108MAP
PLAINTIFF, PRO SE                )
                                 )
v.                               )
                                 )
MARK A. GENTILE,  et al          )
DEFENDANT                        )
_____ )

**PLAINTIFFS RENEWED REQUEST FOR
APPOINTMENT OF COUNSEL**

Comes now the Plaintiffs William P. Youngworth, III and William P. Youngworth, IV,

Pro Se, who moves this Honorable Court for a renewed request to appoint counsel in the

above entitled matter.

In support of this renewed motion the plaintiffs move for this Court to reconsider certain

new circumstances impacting the necessity for the appointment of counsel.

On July 1, 2005 Council for defendant Scott Griffin, David P. Darrin and the Town of

Spencer filed a motion to dismiss the plaintiffs complaint and memorandum of law in

support thereof. Amongst many other complex issues cited within these defendants

counsels' motion was council's challenge that "the minor plaintiff, William P.

Youngworth, III, must be dismissed as a minor is disqualified from representing himself on

the basis of his minority". Thereafter, council cites 28 U.S.C. section 1654; Maroni v.

Pemi-Baker Regiona; School Dist., 346. F.3rd 247 (2003) Council has mistakenly

identified plaintiff W.P.Y., III as the minor aged plaintiff as opposed to W.P.Y.,IV, who is

-2-

,in fact, the minor aged plaintiff.

As the plaintiffs have extensively alleged in various pleadings throughout this case, the **only reason** they have been forced to file this action Pro Se is due to being illegally deprived of all their cash assets by the illegal actions of their caretakers. The actions of the defendants have left the plaintiffs indigent and homeless. They depend of their present caretaker's benevolence for their very existence and this present caretaker is seriously disabled herself. The plaintiffs meager incomes do not even offset their living expenses which has forced the plaintiffs present caretaker to shoulder an additional financial burden of the plaintiffs care and housing needs.

They can not retain counsel do to their being swindled out of all their assets which were entrusted to defendants in this matter for management of their basic living requirements. The plaintiffs have furnished this Court with indisputable exhibits of evidence showing that one certain defendant/caretaker had possession of all their monies via mortgage discharges and bank deposit receipts for the plaintiffs monies. And thereafter he set off on a diabolical conspiracy to dispose of the plaintiffs, enlisting both the witting and unwitting cooperation of the remaining defendants identified in this matter.

Plaintiff W.P.Y., III is seriously disabled. On July 22, 2005 his Ophthalmologist, James S. Rosenthal, M.D., filed a Mandatory Report of Legal Blindness with the Massachusetts Commission for the Blind.

The Plaintiffs have been attempting to do the best they can be using the resources of the Hamden County Law Library. Plaintiff W.P.Y., III, who can barely walk due to badly

-3-

vascular surgery that needs to be preformed on both of his legs. At present he is battling

with his health care provider to approve his surgery. And as the plaintiff W.P.Y., III has

made this Court aware, he suffers from other conditions so severe that he is presently

forced to take a minimum of 280 mgs per day of morphine. The plaintiff W.P.Y., III, can

not sleep without the aid of a breathing machine and, if that was not enough for one

human being to deal with, has even more serious disabilities.

The mere cost the plaintiffs have been forced to shoulder in postage, stationary, mailing

supplies and computer supplies have forced the plaintiffs to make choices between bare

necessities over pursuing this meritorious litigation.

The plaintiffs have no access to  computer law search engines. They face opponents who

have the unlimited resources of an entire State's and Town's treasury to finance a defense

that even if the plaintiffs prevailed on would simply be some burden passed on to

taxpayers.

The law library at the Hamden County Courthouse has no special equipment for visually

impaired persons. Though required to have such. Plaintiff W.P.Y., III is presently awaiting

enrollment in rehabilitative programs through the Mass. Rehabilitation Commission. The

plaintiffs can not drive and can not seek employment.

As if all that is not enough of an unbalanced playing field now one of the plaintiffs is

being disqualified from seeking the redress of this Court simply because he is too young?

Plaintiff W.P.Y., IV certainly was not too young to have his most basic rights violated by

some of the Commonwealth's top officials. And now because of their poverty, brought

-4-

by the actions of the very same defendants he loses his most basic right protected under the Constitution of the United States of redress of the Courts?

The plaintiffs are most certainly aware that this Honorable Court has attempted to solicit Pro Bono council to aid the plaintiffs in this matter before this Court. The Court stated that it simply could not interest any attorney into taking this case.

The plaintiffs now face a new and more compelling issue. They have no access to a law library suitable or their needs, plaintiff W.P.Y., III health has deteriorated dramatically, he has had to file this action amongst undergoing five surgeries, he awaits a sixth so he can simply walk, he has been reported by law as legally blind, the plaintiffs have no in home access to expensive legal websites, they have no monies to litigate this matter without depriving themselves of the most basic of needs, they have been left without the means to obtain council be the very actions of the defendants and now the minor plaintiff W.P.Y., IV is being barred from seeking the redress from the Court because he is a minor.

The plaintiffs claim that they have brought an extraordinarily strong action before this Court that cries out for justice. It would be easier for the plaintiffs to cite what rights of theirs were not violated as opposed to the ones they allege. The passing of every month brings validity to the plaintiffs complaint by the baring out of their cited allegations by the circumstances of unrelated occurrences. And even on this date the plaintiffs received a correspondence from one of the defendants in chief adult children. Within this document the plaintiffs now possess (and will soon enter it as an amendment to their Complaint) that the defendants in chief made direct admissible admissions to him stating that they poisoned

-5-

plaintiff W.P.Y., III, pulled the same type of restraining order scam to dispose of him, that

he was employed by the defendants as a drug dealer for them and conspired to murder him

by luring him to the restaurant (D'Errico's).

The plaintiffs renew their request for the appointment of counsel. The plaintiffs would

ask this Court to inquire within the Clerks offices of the Courts in Worcester or Boston if

council could be obtained there. Or if this Court may appoint this case to the Federal

Public Defenders Committee citing highly unusual circumstances.

Now with able council seeking the barring of the minor plaintiff W.P.Y., IV, from

seeking the Court's redress and the vision decay of plaintiff W.P.Y., III, along with the

seemingly self validating process of the plaintiffs accumulating compelling evidence in

their favor and the plaintiffs have no meaning access to any legal reference data base or

library the need for the assistance of council is more compelling than ever.

Wherefore: The plaintiffs pray that this Court appoint them counsel to represent them in

their complaint before this Honorable Court.


Respectfully submitted,

William P. Youngworth, III
Plaintiff, Pro Se

William P. Youngworth, IV
Plaintiff, Pro Se
P.O. Box 2663
Springfield, Mass. 01101

Attorney Nancy Frankel-Pelletier
1500 Main Street
Suite 1600
P.O. Box 15609
Springfield, Ma. 01115-5609

July 28, 2005

RE: Youngworth, et al v. Gentile. et al. Civil Action 05-30108-MAP

Dear Nancy:

I am in receipt of your "Budget 16.1 certification" notice. I am confused as to its meaning but nevertheless, I acknowledge receipt thereof.

If your client's insurance carrier is concerned about the cost of litigation I am sympathetic. However, your clients showed little of that sentiment to my child and myself. I did not want to take these actions against your clients. I told them so in advance but they opted to take other actions instead.

I am doing my best to get my motion in opposition finished but I am running into several problems. The biggest is that the Hamden County Courthouses Library has no devices for assisting the visually impaired. On that note my Ophthalmologist has filed his mandatory report of Legal Blindness with The Massachusetts Commission for the Blind of 7/22/05, see attached.

I have been denied the appointment of counsel by the Federal Court so I am doing the best I can. I am afraid I will have to file to motion to amend my action to address articles that I filed with my exhibits of evidence numbering 300 plus pages, of which, it appears that I did not properly incorporate within the allegations of my complaint. More specially, these would illustrate through my exhibits that Chief Darrin played are far more inclupatory role in this affair than merely a "Supervisor." The second will be my amending our Complaint to incorporate that the actions your clients took were to prevent their employer, the Town of Spencer, from being placed in a situation of liability behind their actions. Again, it is my contention that your clients were, at first duped, but afterward took extraordinary actions in complicating this affair. I was absolutely sincere at the time when I said to your clients that I did not desire to take any adverse actions against them. I believed they were initially duped but their response left me little choice than to take action against them. I was also treated respectfully by members of that police department who were, in fact, sympathetic to my son's and my plight. You will notice that I limited my actions to the members of that department who went out of their way to complicate this affair, as I allege.

As of this date I received a correspondence from the son of Defendant Maryanne Paicopoulos, William Paicopoulos, see attached. Contained therein are some most interesting and disturbing revelations. Please excuse the language he uses but I will be

amending my complaint to incorporate this newly discovered evidence within the admissions made to him regarding the attempts on my life, his knowledge concerning the bogus restraining order and other relevant facts alleged within my complaint concerning the conduct of the defendants in chief and Spencer's failure to investigate attempts on my life and other less dramatic, but egregious conduct of the defendants in chief.

It is my plan to seek complaints from the U.S. Attorneys office regarding this newly discovered evidence should they also fail to investigate the complaint I will be filing with Chief Darrin this very date.

My son, caretaker and myself will be working around the clock to get all these additional amendments, motions and answers filed in a timely manner. My son has been cheated out of so much of his life. He was forced to adjust to an inner city school where police officers walk around with firearms. Despite that, and his severe emotional traumas he graduated from Junior High School this year taking all Max Honors and was voted the student of the year. After all that hard work he gets no time off. He has to take me to Law Libraries and spend his summer vacation fighting for the right to enjoy life as simply a 14 year old child.

If your client has some proposal in mind as to a cost effective resolution to this affair than I would be eager to entertain it. Your clients are not the parties in this affair that I hold my largest grievance with. But on the same note we wouldn't be here right now if they had helped us as opposed to following the course that they did.

Lastly, they are very lucky to have the representation of an attorney with your skills. Nevertheless, I have taken this action up as the fight of my life and I will pursue it to the ends of the earth if taken to task.

Very truly yours,

Bill Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101
413-736-5727
Yworth@MSN.com

CC: Justice MAP US District Court
    : File
    : William L. MacKinnon, Jr.