UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

2005 AUG -1  A 11: 28

U.S. DISTRICT COURT

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III, et al,<br>PLAINTIFF, PRO SE | ) CIVIL ACTION No. 05-30108MAP |
| | ) |
| v. | ) |
| | ) |
| MARK A. GENTILE, et al,<br>DEFENDANT | ) |
| | ) |

## PLAINTIFFS MEMORANDUM OF LAW
## IN OPPOSITION OF THE DEFENDANTS
## SCOTT GRIFFIN, DAVID P. DARRIN AND THE TOWN OF SPENCER
## MOTION TO DISMISS

Comes now the plaintiffs, by and through plaintiff William P. Youngworth, III. Pro Se, (herein "W.P.Y., III) who respectfully moves this Court to dismiss the above identified defendants motion to dismiss. As grounds in support of the plaintiffs instant motion the plaintiffs state:

The substance of the defendants motion to dismiss and memorandum in support thereof begins in their "II standard of review". In support of their position so offered, the defendants cite various case precedents. The defendants seek dismissal and/or summary judgment within this argument. Later on in their motion they back their way into addressing this argument again within their particularized defenses as to the individual defendants.

This defense hinges on precedents cited by council for the defendants. The plaintiffs oppose council's assertions. These assertions, in essence, challenge the plaintiffs

-2-

allegations within their complaint. By doing such council for the defendants is setting forth a test of the strength of the plaintiffs allegations and that the plaintiffs complaint is lacking in specific elements needed to legally support a prosecution of the defendants for violating the rights of the plaintiffs.

The plaintiffs believe that they may have left gaps within their actual Complaint. Their negligence was, in fact, not intentional. However, the specific elements of proof as to the sufficiency of the preliminary evidence against each of councils clients lies within the 300 plus exhibits of evidence that the plaintiffs filed with and incorporated within their complaint.

This Court and council representing individual defendants (and defendants representing themselves Pro Se) have been fully apprized of the unique issues facing the plaintiffs. It is plainly reflected within the very body of their Complaint. As most recently as the previous week to the filing of this instant motion, the plaintiffs have indeed informed council for the defendants, within this instant action, that the exhibits of evidence were on file with the Clerk of this Court. Plaintiffs are making their best efforts to ensure that council here will be provided with such but to date have not been able to physically deliver these documents to council. The plaintiffs will certainly attempt do so this coming week. However, council accesses her pleadings with this Court via electronic filing. Said file on this Complaint's docket is on file with the Clerk's office and accessible by merely requesting files via electronic transfer.

In Surratt v. USA 582 F. Supp. at 692 holding where as here, "all information concerning what actually happened to plaintiff is contained in......records possessed by

-3-

defendants....defendant cannot complain that plaintiff has not adequately spelled out what happened to him". Here, and now, attached for the benefit of the fact finding mission of this Court, the plaintiffs attach a small portion of their exhibits filed with their Complaint.

Clearly, as to any argument that defendant Darrin was merely a Supervisor in an administrative capacity, as to the reality of his role of taking a hands on action in this affair and actually was in control of the decision making process, is a fallacy. If the plaintiffs have caused some prejudice to council for the defendants they sincerely apologize and would invite the defendants council to refile her action without prejudice to her clients upon reviewing the incorporated exhibits of evidence, if she already has not. However, while it certainly is not within the realm and interest of her clients to introduce inculpatory evidence against her clients, it would stretch ones imagination to assume that her clients have not provided council with all documentation to assist her in defending her clients or that council did not request to be provided with such from her clients. Anything other than the occurrences of either scenario could only logically be concluded that councils' clients have withheld crucial information from their own attorney.

The plaintiffs, after filing the instant action, will file their motion to amend pursuant to Fed R. Civ P. 15 (b) "as to do substantial justice" in this matter in where they certainly incorporated exhibits of evidence within the filing of their action with this Clerk's office. Their main concern, at that point, was to demonstrate to this Court that they had satisfied the prerequisite of proving that their action should be accepted as having merit and not some frivolous filing not worthy of docketing. The submission of their exhibits of evidence places the defendants, in the humble opinion of the plaintiffs, in a position of inescapable

-4-

liability.

Additionally, and most crucial to this argument, is the fact that the exhibits of evidence the plaintiffs are in reference to are correspondences sent directly to council's *own clients*. If they have failed to provide these documents to council than the blame for council not having all the facts before her prior to filing the instant motion to dismiss is not entirely attributable to the cause of the plaintiffs.

These particular defendants, as alleged within the plaintiffs' Complaint, took deliberate actions with full knowledge and aforethought for various reasons, all based within self serving motives. The plaintiffs have consistently alleged that the defendants actually taking *any* action to protect their rights, or initiate a prosecution for the violation of the plaintiffs rights, were deliberately *not* done, since doing so would cement a case of liability against them and their employer, the Town of Spencer. At that point the plaintiffs stated to the defendants that they believed, at *that time* in the history of this action, they were duped by the defendants in chief and that the plaintiffs would not take any adverse actions against them *if* they helped them. They went as far as offering to indemnify the defendants for any unintentional action taken which had adversely affected the plaintiffs. Instead, these defendants employed a cover up to not only protect themselves and their employer, but to protect their fellow colleagues in law enforcement who followed suit with these defendants. When all the plaintiffs requested was the protective services that any other citizen of Spencer would have been entitled to and would have received.

These defendants, Griffin and Darrin, knew their co-defendants had outrageously violated the rights of the plaintiffs. They knew the plaintiffs, because of their status of

-5-

being disabled and a minor child, were entitled under the General Laws of the Commonwealth to an enhanced protection of law due their class. They knew that the plaintiffs were helpless and completely dependant on their former caretakers whom had abused them in numerous and flagrantly obvious ways. They knew their co-defendants actions were outrageously volatile of the plaintiffs rights and their failure to take any action at all was based in a conspiracy to escape liability for not only being a party to the offenses committed against the plaintiffs but allowing it to happen because charging any party for their conduct would also place them in jeopardy for allowing the violations to happen in the first place. The plaintiffs claim that they have satisfied a preliminary showing that defendants Griffin and Darrin actions were based purely out of a motive to protect themselves from liability, not merely failing to charge persons for lack of evidence, but doing such to serve their own interest with no consideration given to the wrongs done to the plaintiffs. Plaintiffs vehemently dispute the characterization of their statement of facts being called "bald assertions, unsupportable conclusions and opprobrious epithets." To the contrary, items within the Complaint that appeared "extraneous" at the genesis of this Complaint are now coming into focus in most disturbingly accurate ways.

The evidence clearly demonstrates that defendant Griffin was not merely some hapless officer unlucky enough to draw a specific detail. He lead an investigation afterward at the express direction of his Superior, defendant Darrin and that defendant Darrin was not merely some uninvolved Superior but was, in fact, a decision maker in the ultimate actions of the Spencer Police Department and *his actions therein* were solely motivated by a cover up to protect his department and his employer from any possible situation of

-6-

liability. The decision not to charge co-defendants was one based out of prevention of incrimination and the rights and protections assured to the plaintiffs played no part in his making process decision.

In support of defendant's councils' argument as to the actions of her clients, certain crucial facts which *are* plainly described within the Complaint are neglected in favor of theories contrary to the facts offered. Additionally, when defendant Darrin's department was confronted with yet another encounter by the defendants in chief, his department, following his orders to the effect of getting the stench of this affair out of the door of his department, then furthered his mandate to his department to white wash this entire affair, and directed co-defendants not to accept legal process by the plaintiffs and thereafter took a police report citing vandalism committed to one of the co- defendants automobiles in which plaintiff W.P.Y., III, was accused, knowing same to be false and thereafter failed *again* to charge this co-defendant for filing a false police report with his department.

The precedents of law submitted by council for the defendants all fail in light of the added dimension of defendants Griffin and Darrin's motives behind the actions they *did take* as opposed of the ones they *should have taken.* Self serving motives were dictating the entire decision making process of the defendants.


In Wilman, et al v. Faulkner, et al 715 F.2d at 269:

"To recover damages under statute governing deprivation of civil rights, plaintiffs must establish defendants' personal responsibility for claimed deprivation of Constitutional Rights: This personal responsibility requirement is satisfied if official acts or fails to act

-7-

with deliberate or reckless disregard of plaintiffs' Constitutional rights, or if conduct

causing constitutional deprivation occurs at [officials] directions with knowledge and

consent".

   Supported by Estelle v. Gamble 429 US at 104, Duncan v. Duckworth 644 F2d at 653

and Crowder v. Lash 687 F.2d at 996.

   In the Complaint before this Court clear evidence within the Complaint exists that

defendants Griffin and Darrin had extensive information before them proving beyond a

doubt under any theory of law that the plaintiffs rights had been violated and their

response to which was to fail to take any actions to protect the plaintiffs based out of self

serving motives. If they are before this Court claiming that it is incumbent upon the

plaintiffs to prove that they did not possess the knowledge of law, while acting under the

color of state law, that there actions were not tantamount to constitutional violations than

it goes without saying that their employer, the defendant Town of Spencer hired

individuals who were not properly trained as police officers, holding police powers

through their employment as agents of the Town of Spencer, to uphold the law. The same

theory of law and logic could be applied to an example of a Hospital hiring a janitor to

perform brain surgeries, an Airline having a baggage attendant flying the planes or an

Interior Decorator building road bridges. Then, something happens, people are seriously

harmed and their defense would be that you must prove *we knew* better than the course of

actions we took could have lead up to injury and liability. Additionally, these defendants

did know better. They simply refused to aid the plaintiffs out of self interest in protecting

themselves and their employer from liability which, in all likelihood upon action being

-8-

taken against their employer for their gross incompetence and deliberate indifference being outweighed from attempting to employ a cover up, would have resulted in their termination.

Plaintiff W.P.Y., III and his caretaker Donna M. Miner met with defendant Scott Griffin at his behest, having to do so by traveling from Springfield to Spencer. Within this debriefing concerning the complaint for larceny he filed with the Chief of the Spencer Police Department, having his new caretaker with him, plaintiff W.P.Y., III proceeded to fully detail a litany of crimes that were committed against him and his son. At the time of this meeting plaintiff W.P.Y., III had no idea that defendants in this matter had attempted to kill him by substituting certain medications with ones potentially lethal when mixed with the other medications they knew he was taking. But plaintiff W.P.Y., III showed defendant Griffin receipts and photographs of property totaling tens of thousands of dollars that his co-defendants helped themselves to after having illegally evicting him from his home with his child. Showed him the locks from the doors which had been illegally changed, explained in detail how it was against the laws of this state to illegally evict a disabled person, showed him the original lease that he held on the premises and detailed how his co-defendants forged a new lease for no other reason than to deprive him and his son of their entire world. Then reminded Griffin that he was present at the detail when Ms. Miner was asking defendant Gentile where plaintiff W.P.Y., IV's Lap Top Computer was along with his cash he had saved and other items he had sent Ms. Miner to specifically retrieve for him. And that Gentile stated in the presence of Griffin that he would mail these items to him. Which he never did thus removing these items from the plaintiffs home with

-9-

felonious intent. By the time the plaintiff and his new caretaker had finished the interview

no less than a dozen serious felonies were reported to the defendant. After a series of

letters to the defendant and his supervisor (defendant Darrin) this defendant called the

plaintiff's caretaker and informed her that his department had found no "probable cause"

to charge his co-defendants, despite the fact that he stated that they had indeed *admitted*

to possessing some of the items on the list of items *stolen* from the plaintiffs. Much less

taking no action regarding the commission of the numerous other crimes committed

against the plaintiffs which were of far greater severity than a felony larceny complaint. All

of which were crimes committed within the defendants' jurisdiction. When the plaintiffs

caretaker voiced her dismay at how his department could find no probable cause despite

the admissions of the co-defendants this defendant's response was to state that "he had all

his ducks in a row". Clearing indicating that the Spencer Police Department was

employing a cover up, that his chief was involved, knew later after receiving a letter from

the plaintiff W.P.Y., III, and the reasoning was motivated out of the pure policy of

quashing any questions as to these defendants' liability. Liability went lockstep with a

prosecution.

In regards to the defendants "Standard of Review", "B. as to Chief Darrin", "1.

argument of insufficient facts alleged to support a claim under 42 U.S.C. section 1983",

addressing # 2. "the facts cannot support a conspiracy claim", "C. as to Defendant, Scott

Griffin"., have been addressed out of sequence since they actually jump around and

rebraid themselves back into earlier arguments within the instant motion. However, in

construing the facts as true and most favorable to the plaintiffs the defendants motions to

-10-

dismiss these elements of the Complaint must fail.

As to the defendants second claim that there are "insufficient facts alleged to support a claim under 42 U.S.C. sec. 1983":

Here the defendant Griffin claims that the plaintiffs have failed to allege fact as opposed to "conclusory allegations" and the Complaint does not support a cause of action for failure to protect the plaintiffs as alleged. The plaintiffs claim, again, this argument fails in where they have set forth that the actions of these defendants were based purely out of self serving motives and no consideration of the plaintiffs right went into their decision making process. As to the defendants argument that there is no allegation to support a claim for denial of equal protection and their recitation that nothing in the Due Process Clause itself requires the State to take certain actions to protect a citizen (generally) the plaintiffs, again, offer the holdings in Village of Willowbrook v. Olech, 528 U.S. 562, 564, 102 S.ct. 1073. 145 L.Ed. 2d 1060 (2000) (per curiam)

"The Supreme Court has "recognized" successful equal protection claims brought by a 'class of one', where [a] plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and...there is no rational basis for the difference in treatment."

The plaintiffs claim that the 'treatment' which they allege rises to the level of an intentional violation of their rights by the defendants in this instant action and was a discriminatory action compounded by the defendants' cover up scheme. Of course, if the defendants can show this Court that as a practice of their Department's protocols, that they do not prosecute individuals who commit felony larceny, abuse disabled persons and

-11-

minor children, allows town residents to toss them from their homes using forged leases

and in generally decline to prosecute other serious crimes, then the plaintiffs argument, as

to this particular element of the Complaint, would fail. Then their action, under counsels'

theory, against the defendant town of Spencer, would prevail.

   The plaintiffs' claim, in addition to rational serving only the benefit of the defendants,

that they were selectively denied protective services and treated as a disfavored minority,

has met its threshold and the defendants action for dismissal on this issue must be denied.

   As to defendants' argument that he is protected by a doctrine of Qualified Immunity the

plaintiffs state that they need not cite any precedent other than the ones already offered by

council for the defendant Griffin, which this argument has been limited to addressing *only*.

Each of council's legal arguments has another edge to the blade that cuts against the basis

of the defendant's theories of law. In where at the preliminary stages of this action the

allegations within the Complaint must be viewed as true than, inarguably, defendant

Griffin's claim of qualified immunity must fail. Quoting councils' argument in McBride v.

Taylor, 924 F.2d 386, 389, (1st Cir. 1991) "The relevant question, then, is whether a

reasonable official could have believed his actions were lawful in light of clearly

established law and the information the official possessed at the time of his allegedly

unlawful conduct." The plaintiffs assert that the Commonwealth's laws concerning the

protection of minors and the disabled are as clearly established as is the state's laws

governing felony larceny. The defendants actions were not based in upholding any laws as

much as they were simply motivated by attempting to make a potential situation of liability

vanish by failing to prosecute his co-defendants and wrongly assuming that the plaintiffs

-12-

would not have so zealously pursued the redress of the violation of their rights. Again, if

this Court were to adopt the defendant's argument then it would be painfully obvious that

the defendant town of Spencer had employed a police officer without the slightest

knowledge of what the laws are that he has sworn to uphold and thus liable by the

assertion of law that council states the plaintiffs failed to make as to the lack of liability of

the defendant Town of Spencer. The plaintiffs state that they have met the burden of

stripping defendant Griffin from using any defense that qualified immunity protects him

from his conduct in this case. Council for the defendants can simply not have it both ways

and therefore this defense must also fail.

   Council next asserts that there is no cause of action cognizable under either federal or

state law for "deliberate indifference", and as such Count III must be dismissed. The

plaintiffs dispute council's arguments. Again, in offering Welman v Faulkner 715 F2d at

269, claims of deliberate indifference to the deprivation of constitutionally protected

rights, especially when applied to the Eighth Amendment are not only "cognizable" but

quite alive and well. This claim was clearly directed at all the defendants for not only

violating the rights of the plaintiffs but doing so in the action of a conspiracy to violate

their rights. Therefore, since such claims are, in fact, cognizable, the defendants motion to

dismiss must fail here as well.

   As to the plaintiffs claims of violation of their First Amendment Rights: The plaintiffs

allege that their rights to petition the Government via the Massachusetts Court System

was arbitrarily denied by the actions of one particular defendant in this matter. Should

council desire to notate the separation of her clients from this action as opposed to arising

-13-

a defense to "all Defendants", which she does not represent, then she should have done exactly that. As a result thereof in her failure to do exactly that she has waived her client's defense for failing to make a proper challenge and therefore the defendants motion for dismissal of this count must be denied.

The plaintiffs were deprived of their home, papers, assets and possessions by warrantless seizure by the actions of the defendant's illegally depriving them of such and denying them of due process and subsequently depriving the plaintiffs of their Fourth, Fifth and Fourteenth Amendments. Council for defendants Griffin, Darrin and the Town of Spencer again asserts standing in this matter for **ALL DEFENDANTS** and has thus over reached her standing yet again. Should council desire to limit the scope of her assertion to just her own clients then the plaintiffs will be pleased to address this at any point council so desires. Until then this broad and over reaching attempt at disqualification of the plaintiffs' must be denied as the plaintiffs are not required to answer this defense by council lacking standing to make defenses of parties beyond the scope of her representation.

As to the defendant Town of Spencer's defense that the plaintiffs have alleged that their employees made them liable under a Respondent Superior theory, the plaintiffs have made no such claim. This is an assumption made by council for the defendant. The plaintiffs have pursued a claim of vicarious liability under "any theory of law". The plaintiffs, do in fact allege that the defendant town of Spencer has failed to establish proper guidelines for their police departments procedure. As a direct consequence thereof the Town of Spencer maintains a police department that dispenses ad hoc justice when and where they so desire while acting under the color of state law as police officials as opposed to equally

-14-

dispensing the General Laws of the Commonwealth of Massachusetts without having any discriminatory safe guards which protect disfavored minorities who their agents employed as police officers, in fact, discriminate against at will. The defendant Town of Spencer, as a matter of lack policy and lack of supervisory guidelines is liable under this theory of law and as a result of this municipalities lack of proper supervision and training of their police department have so violated the rights of the plaintiffs and their motion to dismiss must be denied.

   Lastly, and perhaps most chilling of all, council for the defendants in this instant action has moved this court to disqualify the minor plaintiff from representing himself on the basis of his minority. As this Court is aware the plaintiffs have, in fact, requested the appointment of counsel. They have been left indigent by the very actions of the defendants in this case. The plaintiffs have had no choice than to represent themselves Pro Se. This motion has caused the plaintiffs to renew their request for the appointment of Council. 28 U.S.C. section 1654 appears clear on this issue. The plaintiffs state that due to their disabilities, minority and most importantly, their poverty caused by the *very actions* of the defendants in the Complaint before this Court, they have had no other choice than to pursue this Complaint in a Pro Se fashion. As it stands the defendants have placed themselves at such an unfair advantage that this case screams out for justice. Now council seeks to bar at least one of the plaintiffs simply because he lacks the funds to retain counsel. The plaintiffs seriously doubt that even her own clients could afford her most capable services and now the defendants seek to exploit the poverty they have brought about upon the plaintiffs. The plaintiffs believe that this arises a case of first impression

-15-

before this Court. The plaintiffs would certainly relish the opportunity to prosecute these defendants representing themselves Pro Se due to the same circumstances the defendants have brought about, but would never dare seek to deprive them of the most basic of rights that they allege the defendants have deprived them of. The plaintiffs look to this Court for an equitable solution to this situation and states that the defendants should not be able to enjoy the drastic disadvantage they have created. This motion by the defendants in the instant matter, is lacking in all equity and justice and a solution must be found or the greatest travesty to date will have been committed against the plaintiffs.

   The plaintiffs went to extraordinary lengths to avoid any litigation with these defendants before this Court on the instant motion. The defendants opted to harm the plaintiffs as opposed to help them. The defendants chose this course of conduct based in self serving interests. After the defendants and the Town of Spencer refused to provide protective services to the plaintiffs the plaintiffs filed a complaint on 5/6/04 with the Worcester County District Attorney and defendant in this matter, John Conte, that it had come to their recent attention that the defendants in chief in this matter were conspiring to kill at least one of the plaintiffs. As recently as this past week one of these defendants own children contacted plaintiff W.P.Y., III stating that these defendants had freely informed him that they ,in fact, poisoned plaintiff W.P.Y., III. Now with a witness to this effect and the crime of attempted murder being committed in the jurisdiction of the defendants Griffin, Darrin and the town of Spencer, being brought to the attention by submitting a compelling and unsolicited exhibit of evidence within this pleading, the plaintiffs will seek to further amend their complaint pursuant to Rule 15 (b) should the defendants in the

-16-

instant action yet *again* fail to prosecute another violation of the rights of the plaintiffs no

less serious than the ultimate of violations one could subject the plaintiffs to.

## CONCLUSION

**WHEREFORE:** The plaintiffs move this Court to deny the motion to dismiss without

prejudice, allow the defendants Griffin, Darrin and the Town of Spencer to re-file their

motion (should they so desire) and allow them to re-plead their motion upon examining

the plaintiffs exhibits of evidence filed as an incorporation with this Complaint. The

plaintiffs extend this offer out of pure equity and courtesy to council who has displayed

courtesy and refreshing ethical conduct throughout this entire affair. Should the

defendants so decline the plaintiffs offer than disregard their offer and deny the

defendant's motion on its merits while ordering this matter proceed for further pre-trial

proceedings.

Respectfully submitted,

William P. Youngworth, III
Plaintiff, Pro Se

William P. Youngworth, IV
Plaintiff, Pro Se
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727

wpy4/wpy3

## CERTIFICATE OF SERVICE

Comes now the plaintiffs who serves their foregoing motion and memorandum of law in opposition to the defendants motion to dismiss by causing same to be served in hand upon the Clerk of this Court at his usual place of business and serving same in hand upon Council for the defendants Scott Griffin, David P. Darrin and the town of Spencer at her usual place of business.

William P. Youngworth, III
Plaintiff, Pro Se
For the plaintiffs
P.O. Box 2663
Springfield, Ma. 01101
413-736-5727
yworth3@MSN.com

Chief of Police
Spencer Police Department
Spencer, MA 01562

Re: Felony larceny

March 7, 2004

Dear Chief:

Please accept this letter as my initiating a complaint for felony larceny.

Officers of your department are only too aware of the circumstances of which I write this letter. After a heated dispute before the local District Court I hired a Spencer police detail to recover what was remaining of my property at my former residence. This complaint is not a dispute of property it is one of property that was flagrantly stolen from my residence.

I am still in the process of assembling an inventory of items stolen. Despite my lack of inventory completion what I know to have been stolen clearly exceeds the criminal definition of felony larceny.

Your officers have been nothing but helpful to my child and me. Their professionalism and intuition has been remarkable. At present, I am seeking to initiate criminal action against the individuals whom I am certain stole my property. Would you please advise me what I should do next about this felony that has been committed in your jurisdiction.

Thanking you in advance for your time and consideration in this matter, I am.

Sincerely yours,

William P. Youngworth, III
P. O. Box 2663
Springfield, MA 01101
413-478-9430

John J. Conte
District Attorney
Worcester County
Via Fax 508-831-9899

3/25/04

RE: Failure to issue felony complaint by Spencer P.D.

Dear Sir:

In conjunction with the investigation into felony perjury charges against Mark A. Gentile,
Christine Hoyt and Mary Ann Paicopoulos, I requested the Spencer police charge these
individuals with felony larceny charges for all the items they stole from my home from the
time it took me to get the court to allow me back into my own home, where I had to hire a
police detail, to recover what they did not desire to steal. Many the items too heavy to
carry away.

The Spencer Police informed me on this date that they found *no probable cause* to take
action even though these people admit "they have some of the items" on my list of stolen
property. I went to the police with photos and receipts for many of these items. That was
not easy for me to obtain.

This police agency, under your Counties jurisdiction, has now taken yet another inaction
to allow these people to rob me while I had to pay them to recover what they could not
haul away.

The Spencer Police, an actual party to the crimes committed against me, acting under the
color of state law have not only deprived of us of due process and about a dozen other
Constitutional Guarantees, but is acting under an outrageous conflict of interest. Their
liability would be cemented if they admitted a crime actually occurred. I would not have
returned the gesture of trying to help us with some underhanded legal action. I asked for
help and my child and myself received a slap in the face. These people used your very
police and courts to rob us and there is "no probable cause!" Of course there's not.

The sad thing here is my 12-year-old child was right. He said they wouldn't do anything to
help us. From the mouth of babes. Now, Sir, I ask you to do something to help us here, or
at the very least appoint a special prosecutor if you are concerned about your legal rights.

No one, as of yet, seems concerned about ours. In fairness I did receive a call from a very
polite young man from your office who told me he would investigate my initial complaint.
He has not told me what I expect to hear now, yet! Pardon me for being cynical, but if not
for me, will you at least do something for a 12-year-old child who's only crime is being my
son?

I ask you, honestly, have you ever seen anything as outrageous as what I am alleging and what these people own acts and deeds confirm?

Please, pick up the fight. Don't sweep us under the rug. I am trying to become a private citizen again. Not caught between some fight in a Tabloid Newspaper. I have yet to play out the last hand but all I see is treachery and nothing that even looks like ethics from the justice system.

President Harry Truman had a sign on his desk about these things. Please uphold the laws that protect us all.

W.P.Y.

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

cc: file

John J. Conte
District Attorney
Worcester County
Room 200
Courthouse
2 Main Street
Worcester, Ma. 01608

4/10/04

RE: Your investigation/felony larceny & perjury charges/notices/service of motions in criminal matter before the East Brookfield District Court.

Dear Mr. Conte:

Today, instead of playing baseball with my son, we are sending you these various services, notices and documents. Tragically, instead of my son being a normal boy, he is now forced to learn about law, politics and morality all in a single afternoon.

Please accept this multi-function document/letter as for not only the above references, but my re-newing my request for your appointment of a special prosecutor. Unless, of course, you opt to completely waive jurisdiction. Restated, at this point, we are begging for help. Very soon these pleas will become something completely different. We appreciate the unique problems all this creates. But I, in some of this, and we in the rest of this, did nothing wrong but move within the jurisdiction of the East Brookfield District Court. May I add, we did so fleeing an even worse jurisdiction called Easthampton, Massachusetts and that resulted after fighting my way out of a cell, getting my child back from the state, having the full bench of the SJC side with me, pursuing an underlying appeal all the way to the U.S. Supreme Court, burying my wife, fleeing for our lives from Norfolk County, all because some of our more privileged citizens of this Commonwealth claimed they lost some items that were fakes to begin with.

Or more simply put, the book will be out soon. No doubt followed by the movie.

I just want to raise my son. Will you help us? I really don't want to sue the state. But I won't stop until those three people who did all this are held accountable. I have not turned this into the circus you know I could. I asked the paper of record to monitor all this simply to keep everyone's hands above the table. The truth is embarrassing here but I swear I only am after my Sister, Gentile and that horrid woman in Spencer. I will bring every asset in my arsenal to bare on them. Anything getting in the way of that will be caught in the fall out.

Please, Sir, I am trying to show my son that he does not have to pay for my past shameful conduct. But in all of that. I was Eighteen years old. In Walpole for a crime my sister and her friends committed. I went in innocent and came out how that place makes you. I don't

need anyone's money. Seems shortly all that is taken care of by this nightmare. And a lot of people are going to be exposed in the process. It is only this ride called my life.

I don't know how else to beg you for help. Why do I even have to. And this disgraces me to say but the sad 'or else' is an action filed before the United States District Court under United States Code 42 chapter 1983. Please, I can cite it by verse and phrase in my sleep. You know our rights have not just been violated, they have been raped.

I just want to get on with our lives but I will not move one inch until my son is given the rights we should not have to beg for. I understand you are a man of integrity. I know you are also an elected official. I am sensitive of all that.

Please, lets stay off the dirty end of the field. Just charge those people. The record is clear and we both know it. The Justice Department will come next after the A.G.'s office. Please, pick it up. It won't burn you. That is my word of honor. I will get those two animals and then subject that cruel woman to every bit of legal recourse available on this planet.

Most respectfully,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

P.S. You want me to sign some liability release? Charge them and I will.



## COMMONWEALTH OF MASSACHUSETTS

OFFICE OF THE
### DISTRICT ATTORNEY
MIDDLE DISTRICT

**JOHN J. CONTE**
**DISTRICT ATTORNEY**

**WORCESTER COUNTY COURTHOUSE**
**WORCESTER, MASSACHUSETTS 01608**
**www.worcesterda.com**

TELEPHONE
755-8601
AREA CODE 508

May 6, 2004

William P. Youngworth, III
P.O. Box 2663
Springfield, MA 01101

Dear Mr. Youngworth:

This letter is in response to your recent inquiries to this office.

1) With regard to the larceny investigation by the Spencer Police Department, please note that this office cannot direct the police to take particular action in a case such as you describe. We suggest that, if you are dissatisfied or have concerns about that investigation, you communicate with appropriate officials in the Spencer town government.

2) With regard to the allegation of perjury, I would state the following: The East Brookfield District Court provided you with a forum in which to argue against the issuance of the restraining order against you, at which time you allege that a fraudulent document was introduced into evidence against you. Under Massachusetts General Laws Chapter 268, §4, if a court believes that perjury may have been committed before it, it should formally send notice to this office. At that point this office might initiate an inquiry into a perjury allegation. Since the matter at which the perjury occurred was a civil hearing, you may need to confer with a private attorney to consider additional civil action to re-open the matter and bring to the court's attention evidence which proves that perjury was committed, at which time the court might take action under §4.

Thank you.

Sincerely,

Michael G. Salloum
ASSISTANT DISTRICT ATTORNEY

Michael G. Salloum
Assistant District Attorney
Worcester County District Attorney's Office
Room 200
Courthouse
2 Main Street
Worcester, Ma. 01606

RE: Your letter of 5/6/04

Dear Mr. Salloum:

In response to your letter containing certain suggestions, and taking them up in order.

1. The District of Attorney of every respective county within this Commonwealth is the highest body of law enforcement each county possesses. In the matter at hand, the Spencer police who are actually parties to the crimes committed against us, opted to duck their responsibilities since doing anything else but would cement their own liability in this matter. Despite the fact I said I would release the town of Spencer from any unintentional liability as a result of consequent cause. They opted to employ CYA and now have exacerbated a situation, which was needlessly done when all this was so easy to resolve. Now we will do it in Federal Court.

But back to the responsibility of the Counties Chief Law Enforcement Officer, the District Attorney. Upon the town of Spencer making a cowardly decision to choose politics as opposed to being policemen and doing the job the tax payers employ them to do, the District Attorney has a sworn duty to uphold all the laws of the Commonwealth and not selectively avoid sticky situations. On your suggestion that I take my grievances back to the officials of Spencer, of whom I have completely exhausted all remedies available short of the judicial process, I respectfully disagree with you and the your opinion on the duties of an incumbent District Attorney to enforce all the General Laws of the Commonwealth when others simply refuse to.

As to that subject, which you refer to as "#2" in your letter to me. My exhibits of evidence were very plainly laid out to you when I sought the District Attorney's assistance. I sought the redress of that court and my application for criminal complaint was denied without hearing despite my allegation being a matter of record before that very court. Additionally, on this date my motion to vacate was denied. On May 3, 2004 I was scheduled to be heard on a full evidentiary hearing on this matter before the East Brookfield District Court. Judge Gardner granted this evidentiary hearing after a hearing on 4/26/04 granting my subpoenas for Duceus Tectum and Ad Testificandum. I served the witnesses at a cost of $160.00 compelling their appearance on 5/3/04. Monies which I do not have after being robbed by Gentile and Paicopoulos. Nevertheless, I borrowed the funds; got them served and having all parties before the court Judge Abdella refused to allow me to put on my evidentiary hearing after they were granted one-week prior by Judge Gardner.

I guess that whole due process thing jumps Route 9 in that Jurisdiction. So Judge Abdella who refused to allow me to note my objection for the record confines me to arguing the strict limitations of a real 209A threat, or not, as opposed to allowing me to prove that the court made its initial finding based on perjury and fraud.

May I add, Judge Abdella is still adjudicating this matter while having taken a motion for change of venue and motion to recuse under advisement some months ago. So I simply can not bring this to the Court's attention because they are deliberately refusing to allow me to get it on the record even after another judge granted me an evidentiary hearing and the motion to vacate deals with nothing else than the core of my original argument.

We both know judicially volatile proceedings are one of the only things not under the realm of the D.A.'s office. But while on that subject, I have made two requests for the appointments of special prosecutors to be assigned by your office due to the numerous conflicts of interests you are proceeding under. To date I have received no response. As a matter of fact, your letter telling me to look elsewhere for assistance is the only response to date I have received from your office.

One worry you don't have is my not being fully aware of my recourse here. My complaint for Judicial misconduct will be filed before the SJC by tomorrow, my complaint to the Chief Justice of the District Court will be done by tonight, my request that the Commonwealth's Attorney General uphold his obligation to enforce the law is rapidly approaching my exhaustion of remedy from his office. My next application for criminal complaint will be made with the United States Attorney when I proceed  simultaneously with my filing with the US District Court pursuant to United States Code 42 chapter 1983 to redress the violations of the civil rights of myself and my child.

I will consider your letter a denial of my request for equal protection under the law for my son and myself and incorporate that within my action against the Commonwealth via the numerous state authorities acting under the color of state law in violating our rights. And on a side bar note, I have seen some pretty outrageous conduct on behalf of some courts in this country but never have I seen anything so outrageous as this. I promise you all, you will not forget this encounter anytime soon.

Very truly yours,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

cc: First Presiding Justice E. Brookfield District Court
  : The Honorable Samuel Zoll
  : The United States Attorney
  : The Massachusetts Supreme Judicial Court

John J. Conte
District Attorney of Worcester County
Room 200
Courthouse
2Main Street
Worcester, Ma. 01606

5/6/04

RE: Conspiracy to commit murder.

Dear Sir:

I have sent you countless letters seeking your office initiate an investigation into perjury
charges that occurred during a 209A proceeding before the East Brookfield District
Court.

This request that you conduct an investigation into my allegations are more than two
months old. To date, from all I have to go on, your office has done nothing.

Most recently, during the course of my own investigation, that I have been forced to
conduct due to the fact I have received no help from your office, I have discovered that
the individuals I have filed my complaints with you against, a Mary Ann Paicopoulos and a
Mark A. Gentile were actually planning to murder me after Ms. Paicopoulos had gotten
my son out of my home under ruse of taking my son to Florida during the 02/04 school
vacation.

After my son was out of the way Mr. Gentile was either going to contaminate my
medication using a toxic replacement to bring about my death or in the event that failed,
enter my home and kill me with a firearm while using an 'attempted home invasion' as the
ruse for the police to explore. That is assuming my death would even be investigated.

I am disabled; my child is a minor suffering from previously inflicted emotional illnesses.
We are both under the care of numerous physicians. Assets being maintained for my son's
benefit, Mark A. Gentile, Mary Ann Paicopoulos and the involvement of Christine Hoyt is
not fully known as of this date, were stolen from us. Assets, which Gentile controlled for
my child's benefit through a very specific fiduciary contract, were swindled using the court
to dislodge me from my home. Gentile, a violent felon well known to your office,
Paicopoulos (my biological sister) who has already caused my closest friend to be
murdered some 24 years ago, all well known to the state police, and a multi jurisdictional
habitual felon, all came to my 'aid' after I feel ill to 'help' my child and myself.

My sister was supposed to take my son on vacation to Disney World during the school
brake of 02/04. I nixed this trip which was promised to my son behind my back. That
probably saved our lives. Gentile's conduct, in the performance of contract under the

provisions of a loan I made to him, was growing constantly problematic. During the 02/04-school brake I stayed at the home of a friend in Springfield, Ma. This friend is an officer of the court and of character beyond reproach. Upon our returning from the vacation, which not then knowing any serious problems beyond Gentile being financially abusive, were fermenting, walked into a restraining order issued against me throwing my child and I out of our own home. The chronology of this event has been exhaustively outlined to you via documentation previous to this, yet another, attempt to get you to actually take some actions here.

I have discovered, from very reliable sources, that the restraining order scam was the only option left when I was not available to murder without any witnesses. Given your deliberately indifferent posture in my past requests for your offices' assistance, I expect nothing to change by this letter. Mr. Gentile claims to have connections to members of your family and has all but assured me your office is simply ignoring my requests for assistance. These requests I make of you are nothing more than attempts to get you to uphold the General Laws of this Commonwealth.

The purpose of this letter is yet another historical marking of the moment and expanding the ever-growing record. I expect your actions will remain consistent and you will do nothing. This is painfully clear after a dozen or so letters. But I am filing for compensation from the Attorney General's Victim Compensation Fund in addition to filing a civil rights action before the United States District Court having proper jurisdiction. As testament to the absurdity of the systemic corruption of Worcester and its politics, I filed a complaint with the Attorney General's Office based in Worcester trying to get the States' assistance when you made it plainly obvious you were going to take no actions based on my complaints which, may I add, are not merely allegations but a matter of record before the East Brookfield District Court. A member of the Gentile family, assigned as an Investigator, named James Gentile, responded to me in writing stating to the effect that civil rights violations "do not come under the purview of the Attorney General's Office."

To date I have asked for assignment of a special prosecutor due to your office's conflict in several matters having to due with myself and I have not even received the courtesy of one single letter from you office. I got one phone call by a young man who stated that he would be "looking into this matter this week", that was so long ago I can't even recall how many months have passed since then.

I have long given up any hope that your office offers any services to anyone not politically useful to your agendas. These past letters, again, are nothing more than leaving an irrefutable paper trial, which more appropriately should be labeled as "exhibits". I am now waiting a respectable period of time to elapse in my requests for assistance from the Attorney General of the Commonwealth. Upon such passing I will seek the Justice Department's assistance while I simultaneously bring a civil rights action against the Commonwealth for its agents deliberate indifference to the civil rights of my child and myself while you were, at all times relevant ,were acting under the color of state law.

My child and I were not simply victimized by two felons using a court they manipulated through perjury and fraudulent exhibits of evidence which left us dispossessed and homeless, but we are the victims of violent crime that have left my child and myself irreparably harmed.

Most sincerely,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

cc: Massachusetts Attorney General
   : United States Attorney for the First District of the United States
   : Attorney Richard P. Branson
   : ACLU
   : MCAD
   : Disabled Persons Protection Commission
   : File

Officer Scott Griffin
Spencer Police Department
Spencer, Ma. 01562

3/14/04
RE: Interview on 3/12/04

Dear Officer Griffin:

Attached hereto you will find the information you requested. I am curious as to why you had us travel to Spencer on Friday though. I am sure you know your job better than I do.

There is another issue that has arisen since we spoke. It is a question of consequent cause liability. You know I am sincere when I say this but might the State Police better handle this matter? Please, run this by your chief. You people treated me with respect and I will not return that gesture with a disrespectful one.

If the Spencer police feel it is the appropriate jurisdiction then by all means proceed. Prior to doing so, I am sure the Boston papers and Mr. Gentiles latest antics have not gone unnoticed. I would ask you not to let that divert your attention as it is designed to do. There will be a lot of media scrutiny here. The venues will be much higher up on the food chain and they are not distracted by Mr. Gentiles for one second. The good publicity the Spencer Police should receive could go a long way to helping you people do even a better job of protecting the taxpayers of that good town. The upside to all of that was that Mr. Gentiles has certainly proven himself to be a good forger. That is about the only truth to that matter. In all of this you will get a good insight in the true workings of the Boston Newspapers. They never let the facts get in the way of their reporting. ABC News is the most credible and biggest venue in the Journalistic World. They have very good reason to say every word they do. And now sadly enough, the Spencer Police and the East Brookfield District Court are about to be enveloped by this sordid affair. If the Spencer Police Department has a public relations persons it might be a good idea to get us all on the same page. And if the lawyers have to involve you people in the civil actions I give you my word of honor that they will only do so as part of a fact finding mission and no adverse actions will be taken against you people. You were duped. So was I.

Having said that lets get down to business. In the attached documents I will do my best to provide you with what you requested on 3/12/04. You will note that in that inventory there are certain items I believe in my past observations that Mr. Gentile would *conceal* in *his* safe, many of the items that were stolen from me. Perhaps, you have *probable cause to execute a search warrant looking for stolen property in his personal safe,* I believe it would be extremely likely that you would find my stolen property there. Personally, I wish you would have taken immediate action but that was probably a moot point. I am sure Crack Dealers are now enjoying possessions that were very cherished by my late wife, my son and myself.

If you were to warn Mr. Gentile in advance he would most certainly remove the illegal items from his safe.

Very truly yours,

William P. Youngworth, III
P O Box 2663
Springfield, MA  01101-2663

Chris Hoyt
25 Clark Street
Unit 2-R
Spencer, Ma. 01562

Dear Ms. Hoyt:
Against the advice of counsel I am sending you this letter. Your civil liability is beyond
question and nothing you can do will stop that. I would advise you not to get cute and
start trying to conceal assets. My experience tells me that judges have little understanding
with those trying to deceive a court. In that department I will show you the same
compassion you showed a young child and a sick man.

What I am warning you about is taking any further actions which further inculpates you in
a criminal action. While it is a foregone fact that your ignorant as to issues of civil liability
I must also assume that you are the same when it comes to criminal conduct.

I want you to know that your confederates were so stupid as to not only allow me to
recover our signed contracts but they even left around second and third generation copies
of all documents you all monkied around with, the 'white-out' evidence, the 'white-out'
caked to my printer and at present my hard drive from my computer system is on the way
to a Forensic Computer Specialist to retrieve all the recent activity that went through it.
You see an H. P. formatted printer matched to an H.P. Computer has some unique
features.

Would you like to hear that once or again during your criminal prosecution? Lady, you
sold me very short. I assure you, you were conned by two of the best. Or, at least, I want
to believe that. However, my simpleminded little beliefs really don't matter. As the old
saying goes: "Ignorance of the law is no excuse." The three of you dodge a bullet with the
Clerk Magistrate of that cute little court house up the street but now we are headed for
the real Arena and unless you get away from those two, and *now*, I promise you on my
wife's grave I will pursue you to the ends of the earth in a criminal prosecution. Are you
aware that what you did carries ten years in this state?

That court up the street simply wants this matter to leave that court house. I assure you
the only way that will happen is if, and when, you are all indicted for felony perjury. I have
exactly that in the works. Perhaps you think I'm bluffing? Enclosed are a few items for
your reading pleasure. It is not stopping there. Why don't you watch the ABC special
about me this Thursday at 10:00PM. Now, go ahead and believe all this won't be in the
local paper.

Are you crazy? I am giving you one last chance to get clear of this. Let me be very clear
here. I am only allowing you to get clear of the criminal phase of this whole thing and
here's another little jewel for you to consider, you are about to become a party to a felony
larceny complaint since you are complicit in a conspiracy which resulted in little Billy and I

being ripped off for thousands of dollars worth of our possessions from our home.

You can bullshit everyone else but you and I know the truth here. You are a moral less skunk of a person for doing what you did to a child and a sick man. If you had a shred of human decency you'd pick up that phone and apologize. That won't stop my cause of action for compensatory and punitive damages against you. You own that one and you know you deserve it but I really don't want to see you end up in prison because unlike yourself I have compassion for your kids.

I would advise you to beat my letter to the D.A.'s office and come clean. I am mailing these at exactly the same time. So, you see, you have little time. I know what you all are up to but I know something you don't. Those two are dolts and what they are confident of will protect them is like trying to cure cancer with Aspirin. Go ahead, be my guest, get this to your attorney. First he'll convince you of your defenses. Get a big fat retainer. Then in a week or so he'll ask you another question that 'you forgot to tell him' and then he'll try to cop a plea for you while blaming you for 'neglecting' to inform him of all the facts.

What I am laughing about is those two involving a citizen in this. I'll get you on the stand and fold you like a lawn chair in three or four questions. You know I can. We both know who has the facts as opposed to a hand full of bogus documents. Oh, yeah, the court has *never* seen the White-out trick before. I'd advise you not to insult their intelligence. That judge up the street did not believe them. His hands were tied because you and your confederates games prevented me from obtaining the real documents. But now I have them and his Clerk bagged the thing with him ever knowing about it. Well, he will right about the time you are reading this.

Listen, go to the Spencer Police. Speak to Sgt. Agnew or Officer Morin. Tell them how you were duped (or whatever bullshit excuse you have) and cut the deal now. They know I am telling the pure truth and for the first time in my life I have the system on my side.

Oh, incidentally, a criminal act voids your insurance coverage. Hence, if you get charged your Insurance Company won't give you a lawyer or a penny in coverage. But go ahead and doubt that and the fact *I am suing you.* You didn't give a shit what happened to my little boy or myself. I am showing you I am the better person. The damages your actions have caused are staggering. And wait until a jury hears what you did to a little boy who was already emotionally injured over the death of his mother and to his father, who in spite of overcoming everything you could possibly throw at a person, devoted his life to the needs of that child. And doubt that I have a lawyer getting ready to serve you.

Funny, I did take you for such a fool. And I promise you'll regret you did I.

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

very decent person. All the Spencer police were very kind to us. Who wouldn't be compassionate after what you put us through? But while they were so busy destroying promissory notes and assignments of titles those two degenerates left their evidence everywhere and I recovered it with the police as witnesses. See they are thinking ahead about how to swindle my father next. They have a surprise coming there as well. But, while you are not even worth a stamp as a person I want your insurance coverage not to get voided. And while you are one of the most repugnant things I have ever scraped off my shoe you are plainly my best witness or their co-defendant. Take your pick or write me off as the fool they convinced you I am.

Oh, I bet you're really slick and have a trust or something. Yeah, see what kind of protection that will give you. It's about worth a party hat's protection hitting a wall at a 100. And for hurting that little innocent child... You animal!

William Youngworth

Chief of Police
Spencer Police Department
Spencer Ma. 01562

4/26/04

RE: Mary Ann Paicopoulos

Dear Chief:

In a matter of record before the East Brookfield District Court the above named individual testified under oath that your department instructed the individual named within to not accept a legal service I caused to be served upon her via US certified mail.

Additionally, this same person testified under oath that I "Vandalized her car" and filed a complaint with your department. The individual who repaired her car is ready to testify under oath that this damage happened when she struck a pot hole.

As usual, I expect nothing in the form of action from your department. I am simply marking the record for a future action I am bringing against you and others. And more to the point that fits the criteria of obstruction of justice.

Very truly yours,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

cc:file

# SPENCER POLICE DEPARTMENT
## 9 DEWEY STREET
## SPENCER, MA 01562-2431

**CHIEF OF POLICE:**
**DAVID B. DARRIN**

TEL 508-885-6333
FAX 508-885-9914
TTY 508-885-2399

**SERGEANTS:**
**JOHN M. AGNEW**
**GEORGE L. EDWARDS**
**MICHAEL L. BEFFORD**

4/2/04

William P. Youngworth III
P.O. Box 2663
Springfield, MA 01101

Dear Mr. Youngworth:

I have received your request for a copy of the incident report in regards to alleged theft of your property. The cost for preparing and mailing an incident is $1.00 per page. The report you are requesting is 18 pages.

If you would like a copy of the report, please forward a certified check or money order for $18.00 to the Spencer Police Department. Once we have received the check, a copy of the report will be mailed to you.

Respectfully,

David B. Darrin,
Chief of Police

cc: Marvin H. Siegel
cc: Attorney Sean Murray
cc: Mark Gentiles

Chief of the Spencer Police
Spencer, Massachusetts

3/25/04

RE: Your department's failure to find probable cause.

Dear Chief:

Please note my exception to your Department's lack of desire to prosecute individuals who have stolen property belonging to my Son and myself.

Truthfully, at first, I actually was simpleminded enough to believe that the system, for the first time in my life, would work for my son and I. Needless to say I am extremely disappointed, but not really surprised.

I realize that actually doing something adverse to anyone but myself would put the Commonwealth into a summary liability issue but I would never treat your Department disrespectfully for trying to help me. I know I have an up hill battle from here on out. You folks take care of your own. So do we.

So, I gave the system a try. There is nothing for me there. Good message to send to a little boy, huh?

Apparently your investigating officer, as he informed a third party acting on my behalf, on this date, informed us that these parties "admit they have some of the items on my list" of stolen property. But you have no *probable cause*. Well, thanks for letting me hire your department while you held the door open for the robbers. This could have been a good experience for all of us but now, at least for me, for this instance, it was nothing but. What it is was an eye opening experience for many who could not understand why I distrust you people so.

Very truly,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

cc: file

Officer Scott Griffin
Spencer Police Department
Spencer, Ma. 01562

RE: Larceny complaint.

3/25/04

Dear Officer Griffin:

Sadly, I must admit, I am a little slow to take a hint sometimes. Yes, I should have gone to the proper authorities. I will quickly correct that mistake. I am sorry that your Department took the posture it did. To choose courage over politics is a hard choice for many. Personally, I am not bound by such dilemmas.

By the time someone whispered something into my ear things, concerning your Department, 'things' had gone too far. My word is good. I would not have ever returned the gesture of help with disrespect. But I am very happy that you have all your ducks in a row. I'll try not to tread too hardly upon that situation.

In any event, I herein request copies of all reports you have generated concerning myself. Kindly notice my lack of defining specific boundaries. I have been away from Boston for far too long now. I guess the chickens have come home to roost. I am sorry that I could not participate in the informing party. I would not take too much faith in Tabloid news and threats by their reporters. The Herald's tactics are far too well known to me. It appears you have got a dose as well.

Please send your reports to me at the below provided address. If you are unable to do so within the commonly recognized legal time standard of ten days, I will herein consider my request denied and exercise appropriate remedies available to me.

Very truly,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

Officer Scott Griffin
Spencer Police Department
Spencer, Ma. 01562

RE: Theft from Youngworth residence:

3/19/04

Dear Officer Griffin:

Last evening while sifting through more papers I found the operating instructions manual for my stolen VCR. It is a Panasonic Omnivision VHS. As for the model # they issue this manual for the PV-V4022/PV-V4522. I am not sure, as of yet, which mine was.

If Ms. Miner had bought it with me the receipt would be neatly stapled in some file. But sadly, this is not the case. I want to say I bought it at Wal-Mart. But I can't swear to that.

I also made an interesting discovery in that same box. It was the Sira Saya Tang cover to one of my prized Katanas. It was only a Gen Diato Katana but still a WW II artifact that my step grand father captured in battle. Usually a Japanese Regular would only give up such a cherished possession in one way. This meant a lot to me. The handle cover, which was merely part of the wooden storage scabbard, was a message. But that does not involve your jurisdiction but it means a long ride to check another storage site. But fortunately it involves a jurisdiction where stealing from me is taken more seriously.

I have enough trouble just getting through the day. All this is an aggravation my health can't take much more of. But my resolve is fully intact. So, when it becomes convenient for Mr. Gentiles to swing by the station tell him I got his message. I'll be sending my reply shortly. Oh, also tell him that some of Billy's child's toys are in the other storage bin. He might be able to get two or three more dollars for those items.

Lastly, he is criminally retaining valuable property of mine in his "summer home". Attached hereto is the demand letter for the return thereof. If it would not be a bother, and it is convenient for him, would you mind asking him if he will return it willingly? It simply would not fit in that little Clark Street Apartment so items were stored there and in his office. I am sure my keys no longer work and the land it is on, in fact, belongs to him, with the exception of Derrico's, so given the selective application of the Commonwealth's Laws, I would not desire to violate one by attempting to retrieve my property unlawfully.

Very truly yours,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

Thanking you for your time and consideration, I am.

Very truly yours,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101

cc: Marvin H. Siegel
  : Robert Keefe
    Hale&Dore

Officer Scott Griffin
Spencer Police Department
Spencer, Ma. 01562

3/18/04

RE: 3/17/04 Telephone Communication.

Dear Officer Griffin:

I am rather confused as to your call to me on this date. My desire is to keep the focus on the crimes that we are victims of by Christine Hoyt, Mark A. Gentile and Mary Ann Paicopoulos.

I believe I will pass on some informing contest. If Mr. Gentiles wishes to continue in his cowardly manipulations of the police and the judicial system then he has succeeded in diverting the authorities' attention from the matter before us.

Ambition in one's profession is an admirable quality. But I am a well-informed individual.

Mr. Gentiles is a very clever and manipulative individual. The characters he has chosen to involve in his life have rules about these kinds of things. As for myself, I have chosen to be a good father and make raising my child properly the center of my life.

I remain eager to recover my child's and my own property. I am not a well man. It's becoming painfully obvious that I will have to start combing my peers in the Antique World if I have any hope of ever seeing my cherished possessions again.

I believed for the first time in my sorry life that the System would work for me. While I say this with all due respect, that refreshing feeling is quickly fading as I see things.

I would appreciate the return of my photographs. They would be helpful to me in my efforts to recover my property. I would also like to be provided with any reports you have completed to date. This documentation would assist me in making ownership claims if I happen to get luckily enough to locate my property.

Lastly, I will be forwarding a parcel of various items of Mr. Gentiles that ended up in a storage box from our Easthampton move. Perhaps you can return you can return his property to him. I also found transcripts of his. But since I paid for them I consider these my property. Unless, of course, he would like to purchase them from my Attorney's office.

Incidentally, I found the paperwork that came inside my Zero Halliburton Briefcase. It is a model DZ7-GM. The price of 900.00 was incorrect. It actually cost $349.95 less sales tax. Please reflect that change on my report.

## Items Stolen

art Glass Collection / misc tools + Box
Paper weight collection / 2 Safari Land Bullet Proof Vests
Washer + Dryer / Hair Dryers
Towels / Iron + Iron Board
Sheets / set of tension Bar clamps
Pillows / VCR Movies
Quilts / Graphic art equipment
VCR / Family photos
Cordless Phone / Pair Copper Gourmet Skillets (French)
new white Phone / H.P. Ink Cartriges
IBM Lap top Computer / Iron + Ironing Board
Walnut Chifferobes / coin + stamp collection
Jewelery / Legal documents
Gold Cross Pen set / Walkie talkie set
Luggage /
Olyimpas 35 MM Camera
Stereo C.D. Radio
~~Ring~~
~~Watch~~
Clothing
Radio Alarm Clock
Computer software
Craftsman 18 Volt Cordless Drill / Flash lights
Kit with charger
Craftsman tool set

**80 Charles Street**
**Boston, MA 02114**
**(617) 742-8006**

Date: _10/22/01_
Customer: _____
Address: _William P. Youngworth_
_____
Telephone: _Dealer on file_

| Sold By: | Dept.# | ☐ Cash | ☐ Check | ☐ MC |
| | | ☐ Visa | ☑ Amex | ☐ Discover |

| Qty. | Description | Price |
|------|-------------|-------|
| | | |
| | | |
| 1 | Millefiore Lamp 760 | 258- |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**All Sales Final**
**Merchandise Sold As Is**

I hereby certify under penalties of perjury that I hold valid permit to make sales at Mass. Retail No._____ that I am engaged in the business of selling antiques and that these items will be resold by me in the form of tangible personal property.

| Sub Total | |
| Tax | |
| Total | 2x/7 |

Signature: _____ Date: _____



# STANTON'S AUCTIONS

106 East Longmeadow Road
Hampden, MA 01036

Tel. (413) 566-3161

CUSTOMER NO _47_      DATE _____

NAME _Allston Antiques_

ADDRESS _____

PHONE ( ) _788-6975_

| DESCRIPTION | PRICE | |
|---|---|---|
| 77A brass telescope | 175 | — |
| 100 cast iron bench, chair, table | 175 | — |
| 101 " " pedestal planter | 70 | — |
| 139 pr art glass vases | 105 | — |
| 150 oak desk & office chair | 80 | — |
| 236 1 dr stand | 185 | — |
| 260 Sheraton stand | 110 | — |
| 353A lamps | 150 | — |
| | | |
| Cash | | |
| | | |
| | | |

Mass Resale No _on file_    Sub Total _1050_

Driver's License    10% _105_

# _____    Total _1155_

Tax _____

TOTAL _____

# STANTON'S AUCTIONS

②

106 East Longmeadow Road
Hampden, MA 01036

Tel. (413) 566-3161

CUSTOMER NO _____ SS _____          DATE 10-16-01

NAME _____

ADDRESS _____

_____ PHONE ( ) _____

| DESCRIPTION | PRICE | |
|---|---|---|
| 220 marble top table | 275 | — |
| 227 Loetz green dimpled vase | 90 | — |
| 228 " " vase | 475 | — |
| | | |
| | | |
| | | |
| | | |
| | | |
| pd in # 840 | | |
| | | |
| | | |

Mass Resale No _____        Sub Total  2300

Driver's License              10%   230

# _____        Total  2530

                           Tax   —

                          TOTAL  2530

# STANTON'S AUCTIONS

106 East Longmeadow Road                    Tel. (413) 566-3161
Hampden, MA 01036

CUSTOMER NO __55__                    DATE __10-16-01__

NAME __Donna Miner__

ADDRESS __173 Bay St__

__Spfld, MA 01109__ PHONE ( ) __736 5727__

| | DESCRIPTION | PRICE | | |
|---|---|---|---|---|
| P5 | Gov. Winth. mahog. desk | 100 | — | |
| P8 | dresser & commode | 110 | — | |
| P35 | antique trunk | 45 | — | |
| P47 | Hepp. 8tr. sideboard | 60 | — | |
| 4 | 5½" dia. Weller sm. bowl | 50 | — | V |
| 16 | 2 4½" Weller forest jardineres | 120 | — | V |
| 23 | 4½" Weller Mono vase | 50 | — | V |
| 54 | beehive clock | 275 | — | V |
| 106 | marble top dresser | 150 | — | |
| 116 | marble top taboret | 225 | — | |
| 203 | 7 pc tea & coffee service | 275 | — | V |

Mass Resale No __024505536__ Sub Total _____

Driver's License                    10% _____

# _____                    Total _____

                              Tax _____

                        TOTAL _____



*103*

**COL. FRANCIS E. COLLETTE**
**AUCTIONEER**
16 Collette Road East
Stafford Springs, CT 06076
(860) 684-7803

*10 8 01*

| Sales No. | (1 Broken) Item | $ |
|---|---|---|
| 7 | Murano Vase 2 handle | 17.50 |
| 6 | BB Cards | 5.— |
| 17 | D. L. Table | 42.50 |
| 6 | B Boxes Cards | 10.— |
| | | |
| | | 75.(N) |
| | NB | 7.80 |

TOTAL $ 8250



**COL. FRANCIS E. COLLETTE**
**AUCTIONEER**
16 Collette Road East
Stafford Springs, CT 06076
(860) 684-7803

*10-22-01*

| Sales No. | | Item |
|---|---|---|
| 22 | Cufflinks | 95.— |
| 24 | empire stool | 50.— |
| 22 | Stein Jar | 25.— |
| 23 | Cooking Clock | 50.— |
| | Chippendale Mirror | 75.— |
| 15 | Tool Chest | 80.— |
| 4 | 3 Sea frame prints | 90.— |
| | | |
| | | 415.00 |
| | 10% | 41.50 |
| | | |
| | *PAID* | |
| | | |
| | TOTAL | 456.50 |



## JOSEPH'S JEWELERS
Where The Look Is Gold
1690 Main Street
SPRINGFIELD, MA 01103
(413) 732-9409

| NAME | | | | | DATE | |
| --- | --- | --- | --- | --- | --- | --- |
| CASH | | | | | 05/23/03 | |
| ADDRESS | | | | | | |
| PHONE | | | | | | |
| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RET'D | |
| QTY. | DESCRIPTION | | | | AMOUNT | |
| | 10K Man's Chain | | | | 125 | 00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | **NO CASH REFUNDS** | | | | | |
| | **STORE CREDIT ONLY !** | | | | | |
| | **NO DEVOLVEMOS DINERO** | | | | | |
| | **¡CREDITO DE LA TIENDA** | | | | | |
| | **SOLAMENTE !** | | | | | |
| | | | | TAX | 6 | 35 |
| RECEIVED BY | | | | TOTAL | 131 | 35 |

*Thank You*

All claims and returned goods MUST be accompanied by this bill.

**SPRINGFIELD**
**JEWELRY & DIAMOND EXCHANGE, INC.**
883 SUMNER AVE.
SPRINGFIELD, MA 01108
(413) 734-8977

| SOLD BY | | | DATE | | | |
|---|---|---|---|---|---|---|
| NAME | *William* | | | | | |
| ADDRESS | | | | | | |
| CITY | | | | | | |
| ☐ CASH ☐ C.O.D. | ☐ CHARGE ☐ PAID OUT | ☐ MDSE. RETD. ☐ PD. ON ACCT. | PREVIOUS BALANCE ▶ | | | |
| | | | | | | |

*Thank You!*  RECEIVED BY

PRODUCT 350

MA 3245 45 43 5

M.

Address

| Reg. No. | Clerk | Account Forward | | |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | Room Bowl | | 155 | — |
| 4 | | | | |
| 5 | 101-70 Tea Pot | | 145 | — |
| 6 | 93.70 Cowl | | 195 | — |
| 7 | 91-89 Cigarette | | 121 | — |
| 8 | Jelly | | | |
| 9 | 89-00 Vase | | 135 | |
| 10 | | | | |
| 11 | | | 751 | |
| 12 | -15% | | 15 | |
| 13 | | | | |
| 14 | 1875-19 | | | |
| 15 | | | 640 | |

Your Account Stated to Date  — If Error Is Found Return at Once
STYLE 1200W

Date_____19____

M._____

Address_____

| Reg. No. | Clerk | Account Forward | | |
|---|---|---|---|---|
| 1 | | | | |
| 2 | 98-40 | | | |
| 3 | | | | |
| 4 | JTP Van | | | |
| 5 | | | 190 | — |
| 6 | Mely | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | **1875-16** | | | |

Your Account Stated to Date  — If Error Is Found Return at Once
STYLE 1200W



West Springfield
West Springfield, MA
(413) 731-0991

12-19-03  4:47P    0639/0006/4950/3 1309XXX
ID# 999-8780-9683-5246-9360-9350-4913

## GIFT CARD

| | | | | |
|---|---|---|---|---|
| TRIM-A-TREE | 070508344784 | * | 1.49 | T1 |
| WOMENS ROBES | 400094470527 | * | 19.99 | T2 |
| GIRLS 7-16 BOTT | 826410073416 | * | 18.00 | T2 |
| HALLMRK CHRISTM | 015012776096 | * | 9.47 | T1 |
| ITEM PRICE | | 18.95 | | |
| MARKDOWN 50% | | 9.48- | | |
| MENS COLLECTION | 098688742312 | * | 24.00 | T2 |
| HEADWEAR | 013244356451 | * | 8.99 | T2 |
| GIRLS SLEEPWEAR | 090878285494 | * | 12.49 | T2 |
| GIRLS SLEEPWEAR | 090878285395 | * | 12.49 | T2 |
| L/S FASHION KNI | 400054194449 | * | 15.00 | T2 |
| MENS ACCESS/GIF | 400152560269 | * | 12.50 | T1 |
| GIRLS 7-16 TOPS | 826410105650 | * | 21.00 | T2 |
| GAMES | 400020200082 | * | 23.99 | T1 |

```
                      SUBTOTAL    179.41
   ** % OFF TTL TRANSACTION 10%    17.95-
 T1=    42.70  @  5.000% TAX        2.14
 T2=   118.76  @  0.000% TAX        0.00
                         TOTAL    163.60


 GIFT CARD        2052860927124    50.00
   APPROVED        005000
 NEW BALANCE ON 2052860927124       0.00
 KOHLS CHG         XXXXXXXX7901    113.60
   APPROVED        087601
```

FOR RETURNS WITH A KOHL'S MDSE RETURN
CREDIT CARD OR GIFT CARD, A KOHL'S MDSE
RETURN CREDIT WILL BE ISSUED FOR THE
VALUE OF YOUR RETURN.



Kohl's Gift Card

The gift of choice for any occasion.

Happy Holidays!

THE ANTIQUE CO.
Tania Langerman
311 Washington St.
BROOKLINE, MA 02445
(617) 738-9476

| Customer's Order No. | | | | | Date 12/6/01 | |
|---|---|---|---|---|---|---|
| Name William Youngworth | | | | | | |
| Address | | | | | | |
| Phone No. | | | | | | |
| SOLD BY | CASH | C.O.D. | CHARGE | RETURN | PAID OUT | |
| Quantity | DESCRIPTION | | | PRICE | AMOUNT | |
| 1 | Iporn white/blue | | | | 450 — | |
| | dealer | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | AM EX | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | SUB TOTAL | | |
| | | | | TAX | | |
| | | | | TOTAL | 450 — | |

**ALL claims and returned goods MUST be accompanied by this bill.**

Rec'd by



AL. SALES FINAL
CEASAR'S PLAZA INC
NEW YORK, NY
431131(629000000        01
APPROVAL
AUG 17, 01                        350300

WILLIAM P WADSWORTH
3710276245910I5
AMEX                              01/01

SALE
AUC #                      TERMINAL #
309905                     249023340

GENERAL MERCHANDISE

TOTAL                        $500.00

X  William Sawyer

I AGREE TO PAY ABOVE TOTAL AMOUNT
ACCORDING TO CARD ISSUER AGREEMENT
(MERCHANT AGREEMENT IF CREDIT VOUCHER)
TOP COPY-MERCHANT        BOTTOM COPY-CUSTOMER

Case 3:05-...

# Tools and features available on various WENGER Genuine Swiss Army Knives:

1) Large Spear Blade
   available with Packlock™ Safety Locking System
2) Metal File
3) Double Cut Saw
4) Fish Scaler
5) Hook Remover
6) Thread Guide
7) Locking Combinated Tool:
   a) Screwdriver  b) Can Opener  c) Cap Lifter
8) Flat Phillips
9) Locking Phillips Screwdriver (Patented)
10) Phillips Screwdriver
11) Corkscrew
12) Reamer
13) Magnifier
14) Precision Screwdriver
15) Pen Blade
16) Nail File
17) Nail Cleaner
18) Toothpick
19) Tweezers
20) Key Chain
21) Multi-purpose Pliers
22) Tag-Clamp (Slip-Joint Pliers)
23) Inside Wire-Cutter
24) Outside Wire-Cutter
25) Integrated Compass (exclusivity)
26) Rule
27) Ski Wax Remover
28) Locking Screwdriver (Patented)
29) Cap Lifter
30) Wire Stripper
31) Wrench
32) Can Opener
33) Wood Saw
34) Scissors (Patented)
35) Hook Sharpener



WENGER
of Switzerland

ANOTHER SWISS QUALITY PRODUCT
FROM WENGER SA - Since 1893



Printed in Switzerland 96  adequa/5493  Imprimerie du Démocrate SA, Delémont

NOT RESPONSIBLE FOR MERCHANDISE HELD AFTER 30 DAYS

## Tolone Antiques
### AND
### Custom Furniture, Inc.
Antiques - Bought, Sold and Appraised
### AUCTIONEERS
Phone 617-731-3326        256 Washington Street
Brookline Village, Massachusetts 02445
ALL SALES FINAL                    ALL SALES AS IS

DATE __11/24/01__

CUSTOMER'S
ORDER NO._____            PHONE NUMBER( )___-____

NAME __William Youngworth__

ADDRESS __589 West Field St.__

(All Sales and returned goods MUST be accompanied by this bill.)

| Sold By | Cash | Charge | C.O.D. | On Acct. | Mdse. Retd. | Paid Out | |
|---------|------|--------|--------|----------|-------------|----------|--|
| | Wo - Springfield | | | | | | |

| Quan. | Description | Price | Amount | |
|-------|-------------|-------|--------|--|
| | cut glass | | | |
| | lamp | | 450 | 00 |
| | | | | |
| | ant glass vase | | 110 | 00 |
| | | | | |
| | | | | |
| | cert | | | |
| | # 024505130 | | | |
| | | | | |
| | | | 560 | 00 |

30455            Rec'd by_____

REPAIR #: 6589
IN:08/01/01 DUE:08/01/01
REPLACE WORLD PAWN & LOAN, INC.
(413) 737-5552

522 SUMNER AVE.
SPRINGFIELD, MA 01108-
PAGE: 1 of 1    #: 6590
EMP: KO    DATE: 08/01/01

STEVE SALES RECEIPT.
MASCARO

BUYER'S NAME: WILLIAM  YOUNGWORTH
ADDRESS:      1030 WORTHINGTON ST.
CITY:         SPRINGFIELD        STATE: MA       ZIP: 01109-

Has this day purchased from WORLD PAWN & LOAN, INC., the following described property:

| ITEM | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 1 ) | INV #: 108056-1    QTY: 1 | | 200.00 |
| RING | MANS | | |
| | SERIAL # | 14.00 KT    5.90 DWT | |
| | DIA APPOX 20 PTS | | |

TOTAL: $      200.00
SALES TAX: $      10.00

PAID IN FULL. NO CASH REFUNDS.
ALL SALES FINAL.                TOTAL AMOUNT PAID: $    210.00

# *Ceasars Plaza Inc.*

## 24 CENTRAL PARK SOUTH
### NEW YORK, N.Y. 10019
☎ (212) 759-2299 ● FAX (212) 935-2109

| Phone No. | Phone No. | Date 8/17/01 19 |

Name

Address

| Quantity | DESCRIPTION | PRICE | AMOUNT |
|----------|-------------|-------|--------|
| 1 | LAMP GALLE. | 100 | |
| 1 | LAMP TIFFANY | 100 | |
| 1 | ART GLASS VASE | 800 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | TAX | |
| | | TOTAL | |

All Shipments Freight Collect.
All Sales Final. No Refunds.

FIB PRINTING COMPANY
NEW YORK NY 10010    197110-DF

7960        *Thank You*

Prepared For
**DONNA M MINER**

Account Number
3715-276245-91007   **Page 2 of 8**

Foreign Spending    Amount $

**New Activity continued**

25.00

**September 1, 2001**
NEW JERSEY EZ PASS  888-288-6865    NJ
REGN.CONS.EZPASS
Reference: 320012450474245416

394.32

**Activity for DONNA M MINER**

**Transactions for WILLIAM P YOUNGWORTH**
Card 3715-276245-91016

28.26

**August 11, 2001**
WALGREEN    034389NIAGARA FALLS    NY
DRUG STORE/PHARMACY
Reference: 320012240438543805

✓ ⋔

16.00

**August 13, 2001**
EXXONMOBIL3401141621PORT BYR    NY
PAY AT PUMP3401141621
Reference: 320012260439868243

✓ G

77.64

**August 15, 2001**
SPRINGFIELD NEWSPAPESPRINGFIELD    MA
PUBLICATIONS
Reference: 320012280443189129

✓ ♪

12.95

**August 16, 2001**
MCKNIGHT CONVENIENCESPRINGFIELD    MA
GROCERIES/SUNDRIES
Reference: 320012290444656431

⋔

12.95

**August 16, 2001**
MCKNIGHT CONVENIENCESPRINGFIELD    MA
GROCERIES/SUNDRIES
Reference: 320012290444656432

⋔

32.42

**August 17, 2001**
DE LA CONCHA TOBACCO NEW YORK NY
GENERAL MDSE
Reference: 320012290445932443

✓ ⋔

110.00

**August 17, 2001**
MAKE 10 NEW YORK NY
GENERAL MDSE
Reference: 320012290445932444

✓ A

500.00

**August 17, 2001**
CEASAR'S PLAZA INC NEW YORK NY
GENERAL MDSE
Reference: 320012300446031194

✓ A

*Continued on next page*

AMERICAN EXPRESS
Cards

Prepared For
**DONNA M MINER**

Account Number
3715-276245-91007

Closing Date
**September 9, 2001**

Page 3 of 8

## New Activity continued

| | Foreign Spending | Amount $ |
|---|---|---|

| **August 17, 2001** | 2,450.00 |
| CEASAR'S PLAZA INC NEW YORK NY | |
| GENERAL MDSE | |
| Reference: 320012300446631195 | |

✓ A

| **August 17, 2001** | 32.30 |
| CARNEGIE LUGGAGE   NYC      NY | |
| LUGGAGE/LEATHER GOODS | |
| Reference: 320012310448384735 | |

✓ M

| **August 18, 2001** | 800.00 |
| CEASAR'S PLAZA INC NEW YORK NY | |
| GENERAL MDSE | |
| Reference: 320012310448384736 | |

✓ A

| **August 18, 2001** | 81.19 |
| PHANTOM OF BROADWAY NEW YORK       NY | |
| GIFTS-ELECTRONICS | |
| ROC No. 189253 | |
| Reference: 320012310448384737 | |

✓ A

| **August 26, 2001** | 20.00 |
| EXXONMOBIL59010903070DARIEN      CT | |
| PAY AT PUMP59010903070 | |
| Reference: 320012400468578551 | |

G

| **August 30, 2001** | 18.75 |
| THE HOME DEPOT 2662 W SPRINGFIELD    MA | |
| BUILDING SUPPLIES | |
| Reference: 320012430471678230 | |

✓ HR

| **August 30, 2001** | 32.01 |
| CITGO6929 B AND D PESPRINGFIELD      MA | |
| CITGO | |
| GAS/MSC8207083126929015 | |
| Reference: 320012430471678231 | |

G

| **August 31, 2001** | 26.11 |
| LOWES        SPRINGFIELD     MA | |
| HOME IMPROVEMENT | |
| Reference: 320012440472443690 | |

✓ HR

| **August 31, 2001** | 50.23 |
| THE HOME DEPOT 2662 W SPRINGFIELD    MA | |
| BUILDING SUPPLIES | |
| Reference: 320012450474246419 | |

✓ HR

| **September 3, 2001** | 409.44 |
| THE PARK LANE HOTEL NEW YORK     NY | |
| Arrival Date      Departure Date    No of Nights | |
| 08/31/01          09/02/01             2 | |
| 00000000 | |
| Reference: 320012460476623125 | |

H

| **September 6, 2001** | 975.00 |
| CBC ANTIQUES     KINNELAN    NJ | |
| ANTIQUES/COLLECTIBLES | |
| Reference: 320012500482672900 | |

✓ A

| **September 8, 2001** | 450.00 |
| ONCE AND AGAIN INC BROOKLYN      NY | |
| FURNITURE, HOME FURNISH | |
| ROC No. 000251 | |
| Reference: 320012520485978593 | |

✓ A

| **Activity for WILLIAM P YOUNGWORTH** | **6,135.25** |

| **Total of New Activity** | **6,529.57** |


**Cards**

Customer Service **Page 1 of 8**
1-888-BLUE-741
(24 hours/7 days)
www.americanexpress.com

# Blue from American Express

Prepared For
DONNA M MINER

Closing Date
**September 9, 2001**

Account Number
**3715-276245-91007**

## Account Summary

| Previous Balance $ | Payment Activity $ | New Charges/Adjustments $ Inc. Finance Charge,if any | New Balance $ | Minimum Amount Due $ |
|---|---|---|---|---|
| 524.19 | -524.19 | +6,529.57 | =6,529.57 | 131.00 |

**Payment Due Date
September 29, 2001**

\* Indicates posting date.

Please refer to page 5
for important information
regarding your account

| **Credit Line Summary** on September 9, 2001 | Total Credit Line $ | Available Credit Line $ | Cash Advance Limit $ | Available Cash Limit $ |
|---|---|---|---|---|
| | 10,800.00 | 4,270.43 | 2,200.00 | 2,200.00 |

## Payments

Amount $

**August 25, 2001\***
Payment Received - Thank You
Reference: 32001227045038895

-524.19

**Total of Payment Activity**

-524.19

## New Activity

**Transactions for DONNA M MINER**
Card 3715-276245-91007

Foreign Spending | Amount $

**August 9, 2001**
NEW JERSEY EZ PASS  888-288-6865    NJ
REGN.CONS.EZPASS
Reference: 32001221040498129

25.00

**August 12, 2001**
HARD ROCK BOUTIQUE  NIAGARA FALLS    ON
GOODS/SERVICES
Reference: 32001227044132700

78.20
Canadian Dollars

51.87

**August 14, 2001**
HOLIDAY INN BY THE FNIAGARA FALLS    ON
GOODS/SERVICES
Reference: 32001227044132899

440.88
Canadian Dollars

292.45

↓ Please fold on the perforation below, detach and return with your payment ↓

*Continued  on  reverse* ⟹

*[Handwritten: Pd $3,000.00 ck #834 9/22/01 ✓]*

| | |
|---|---|
| 18. Diamond Ring | $200.00 |

**BEDROOM #1 (cont'd)**

| | |
|---|---|
| 19. Gold Chains (six or more) | $1000.00 |
| 20. Assorted Rings, Hebrew Charms, two Tank Watches and Cuff Link Collection | $1500.00 |
| 21. Sterling Silver Tea Set (packed in storage box in closet) Property of late J.S.Youngworth, signed Arthur Stone,Gardner Massachusetts | Value Unknown |
| 22. TV Remote Control | ? |
| 23. Two Fishing Poles & Tackle Box (in closet) | $150.00 |

**GUEST BEDROOM**

| | |
|---|---|
| 1. VCR | $ 75.00 |
| 2. TV Remote Control | ? |
| 3. IBM Laptop Computer w/ Carrying Bag (bought used) | $250.00 |
| 4. Craftsman Tool Set (in closet) | $175.00 |
| 5. Husky Tool Set (in closet) | $100.00 |
| 6. Walkie Talkie Set (in closet) | $100.00 |
| 7. Luggage Set (in closet) | $250.00 |
| 8. Dress Shirts | $250.00 |
| 9. Down Quilts | $100.00 |
| 10. Two New Bed Sheet Sets | $240.00 |
| 11. 30 VCR Tapes | $300.00 |
| 12. Portable Stereo/Radio Player | $ 50.00 |
| 13. Family Photo Album | ? |
| 14. Millefori Vase | $135.00 |
| 15. Millefori Rose Bowl | $155.00 |
| 16. Millefori Vase | $190.00 |
| 17. Paper Weight Collection, approx. 36 items by makers Baccarat, Tiffany, Pairpoint, Gunderson Pairpoint, Barry Ettna, Murano, Millefori, Czech.,Veinni and others which were not inscribed | $3000.00 + |

**\*\*Additional Items may be added at later point**

It is the complainant's belief that some of these items might be being stored in Mark A. Gentile's back office safe located at Derrico's Restaurant, 145 E. Central St., Worcester, MA.

# INVENTORY LIST OF STOLEN PROPERTY

<u>ITEM DESCRIPTION</u>                                                                    <u>COST</u>

## <u>KITCHEN</u>

1. Epergne (centerpiece), Blue & White made by Fenton Glass Co.
       $450.00
2. Oak & Brass toolbox 18" X 18"(decorative)                         $ 80.00
3. Iron & Ironing Board                                              $ 40.00
4. Craftsman Drill & Flashlight Set (charger & extra cell)           $100.00
5. Set of Tension Bar Clamps (behind kitchen door)                  $ 60.00
6. Yellow Plastic Toolbox (filled with assorted hand tools)         $100.00
7. Panasonic Cordless Phone                                         $ 90.00
8. Pair of Copper Gourmet French Skillets                          $500.00
       with brass riveted handle and manufactures stamp

## <u>BEDROOM #1</u>

1. Zero Briefcase (in closet - gift)                                $900.00
2. Inside Briefcase - Financial Instruments (promissory note, assignment of title for four
       vehicles and part of William P. Youngworth IV's coin and stamp collection)
                                            Value presently unknown but
                                            exceeding $250.00
3. Sketch Pad w/Charcoal Studies by Edna Hibble given to Florence Sacarob
                                            Value presently unknown but
                                            Exceeding $250.00
4. Various Clothing Items in Closet                                 $250.00 +
5. Documents (transcripts-$3.00 per page x 500)
6. Swiss Army Knife in Box                                          $ 80.00
7. 2 Safari Land Bullet Proof Vests                                $400.00
8. Arts & Crafts Loetz Vase                                        $475.00
9. Loetz Dimple Vase                                               $ 90.00
10. Loetz Vase (ribbon applique)                                   $450.00
11. Loetz Vase                                                     $110.00
12. Six Murano Glass Pieces                                        $600.00
13. Millifore Lamp                                                 $288.00
14. 35mm Olympus Camera                                            $175.00
15. Gold Cross Pen Set                                             $100.00
16. Radio/Alarm Clock                                              $ 25.00
17. Gold Watch (Geneve)                                           $1680.00

*Ceasars Plaza Inc.*

24 CENTRAL PARK SOUTH
NEW YORK, N.Y. 10019
☎ (212) 759-2299 ● FAX (212) 935-2109

Phone
No. _____

Phone
No. _____

Date 5/17/01

Name _____

Address _____

| Quantity | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | *Amer Class Imp.* | 1950 | 00 |
|  | *Paid Cash* |  |  |
| 1 | " " *Safe* | 500 | 00 |
|  | *Paid AE* |  |  |
|  |  | TAX |  |
|  |  | TOTAL |  |

All Shipments Freight Collect.
All Sales Final. No Refunds.

7957

*Thank You*

FIS PRINTING COMPANY
NEW YORK NY 10010  187110-9P