UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM P. YOUNGWORTH, III, et al, ) CIVIL ACTION 05-30108-MAP
PLAINTIFF, PRO SE )
)
v )
)
MARK A. GENTILE, et al, )
DEFENDANT )
)

## PLAINTIFFS MOTION TO AMEND MOTION FOR RECONSIDERATION REINSTATEMENT OF DEFAULT AGAINST DEFENDANT JENNA MCGINNIS PURSUANT TO FED. R. CIV. P. 15 (b)

Comes now the plaintiffs, by and through plaintiff W.P.Y., III, Pro Se, who motions this Honorable Court to amend the plaintiffs motion for reconsideration in vacating the default judgment against the defendant initially identified as the "Safety Plan Advocate".

In Support of this motion the plaintiffs state that on June 29, 2005 the Clerk for this Court entered an order of default against the defendant "Safety Plan Advocate" after motion by the plaintiffs. On July 8, 2005 this Court's Honorable Justice Posner entered an order vacating the default judgment citing that the defendant "Safety Plan Advocate" was not a "legal entity". Judge Posner ordered the plaintiffs to re-file their complaint by 8/1/05 against the defendant "Jennifer McGinnis" who the plaintiffs believed, was the true name of this defendant after service by the U.S. Marshal was accepted by this defendant's co-defendant, Carole Cristo, an employee of the East Brookfield District Court.

The plaintiffs complied with this Court's order and filed an amended Complaint reflecting the name of this defendant, as the plaintiffs were informed by this Court's

-2-

Clerks office and the U.S. Marshal's service, by motion and not actual Complaint. The plaintiffs stated their rational for the service by amended motion instead of the actual Complaint, was that this defendant had *already* received the actual Complaint.

The plaintiffs filed their motion for reconsideration on the same date as their amendment to the Complaint reflecting the defendant's name, as they then believed they had discovered after service was, in fact, accepted. In the plaintiff's motion for reconsideration they stated that "this particular defendant went to extraordinary lengths to conceal her identity from the plaintiffs to frustrate them". That the plaintiffs made numerous attempts to obtain the identity of this defendant and each time she took deliberate action to conceal such for no other reason than to prevent the plaintiffs from taking legal action against her.

On July 29, 2005, Council for defendant "Jenna" McGinnis entered an appearance for her. Service for this defendant was *accepted* on May 20, 2005 at her place of employment. This Court ultimately vacated the default judgment on July 8, 2005. Again, the only reason the plaintiffs did not set out this defendants true name is that she concealed it from them. This Court, the plaintiffs can only assume, was concerned about the arbitrary effects of an entry of default against an unknown defendant.

The fact that the defendant only responded after she received the order of this Court proves that she had, in fact, been lawfully served and chose to keep her identity's concealment charade alive. It was only after the plaintiffs were forced to go to extraordinary lengths that they pried loose the identity of this defendant. And now, after this defendant has received correspondences , U.S. Marshal Service, Court Orders, and

-3-

motions of amendment, did she respond with council.

The plaintiffs actually served this defendant with their Complaint on May 20, 2005. The plaintiffs state that this defendant, in fact, received lawful service when service was first made. This defendant's motive in failing to respond was based purely out of the fact that she incorrectly presumed that the plaintiffs still did not know her name and a default judgment against a nameless defendant would never effect her. This defendant knew she had been served, was required to answer the plaintiffs complaint in a timely manner, made a conscience decision to evade a federal civil rights action and then, only after being literally chased up a legal tree, did the defendant submit herself to the jurisdiction of this Court.

The plaintiffs state that this defendant has demonstrated contempt for the rules of the United States Courts. This defendant knew an action had been sought against her on 5/20/05. Thereafter, she continued to exploit the situation she created in deliberately concealing her identity. Only after a co-defendant accepted service on her behalf could the plaintiffs begin the process of having to glue their Complaint to this defendant.

This defendant should not benefit for her deceitful conduct. This defendant should not be held to any lesser standards of the rules of the United States District Courts simply because she created a situation she continued to exploit. This defendant is employed as an advocate in the Commonwealth's District Court system. This defendant deals with services of process on almost a daily basis. But yet, when she is served with in an action the chase was on for the plaintiffs. The fact remains, after service, this defendant

-4-

attempted to employ the scheme of the very same game as she invented before a Massachusetts Court to block the plaintiffs from seeking judicial redress.

The plaintiffs already face overwhelming burdens of having to fend off defenses that come at them by the pound. One plaintiff is handicapped. The other is a 14 year-old minor. They have been deprived of their assets by the defendants. They are unable to retain counsel as a result thereof. In short, the plaintiffs face insurmountable obstacles and now a defendant who has caused them to expend precious energies and resources just to serve her should not be allowed to proceed simply because she lost the 'guess the defendant's name' game.

The plaintiffs have now satisfied the question as to this defendant being lawfully served and therefore the default judgment should be reinstated against her.

Respectfully submitted,

William P. Youngworth, III, Pro Se
For the Plaintiffs
P.O. Box 2663
Springfield, MA. 01101

## CERTIFICATE OF SERVICE

    Comes now the plaintiffs who serve their foregoing motion to amend motion for reconsideration pursuant to Rule 15 (b) of the Fed. R. Civ. P. and serving same upon the Clerk of this Court via US first class mail at his usual place of business. The plaintiffs further make service upon council for defendant "Jenna" McGinnis in the same manner.


William P. Youngworth, III, Pro Se
For the plaintiffs
P.O. Box 2663
Springfield, Ma. 01101
413-736-5727
Yworth3@MSN.com