UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM P. YOUNGWORTH, III, et al )
PLAINTIFF, PRO SE ) CIVIL ACTION NO. 05-30108-MAP
)
v )
)
MARK A. GENTILE, et al )
DEFENDANT )
)

### PLAINTIFFS MOTION TO STRIKE AMENDMENT OF ANSWER BY DEFENDANT CHRISTINE HOYT

Comes now the plaintiffs, by and through plaintiff William P. Youngworth, III (herein W.P.Y., III) who moves this Honorable Court to strike the amendment to defendant Christine Hoyt's answer to the plaintiffs Complaint.

In support of the plaintiffs instant motion the plaintiffs state that defendant Hoyt's amendment to her answer violates Fed. R. Civ. P.'s 7 (a), 7.1 (b) (1) and (2), 8 (b), 12 (b) (2), 13 (f), 15 (a) and (b).

The defendant seeks to amend her answer upon discovery that documentation, which was all previously provided to her and had absolute knowledge thereof, was awaiting her answer on file with this Court's Clerk.

The plaintiffs' prediction as to the conduct of this defendant has been realized by the standing rebuttal of documentation filed before this Court. Now that this defendant knows her initial answer simply does not work she exacerbates her conduct by submitting even more documentation which has been altered in another blatant attempt manipulate the facts of this action.

-2-

Defendant Hoyt attempts to try this case before this Court within her motion and documents which are nothing more than half truths, braiding facts with usable lies, outright perjury and attempts to manipulate this Court that she was denied a fair opportunity to answer the plaintiffs based on the fact that she simply can no longer keep pace with her own acts of perjury. Every single document that this defendant submits before this Court clearly indicates that she had previous knowledge of its existence.

The plaintiffs moves this Court to take judicial notice of the disparity between the original lease which this defendant did, in fact, provide the plaintiffs and the alterations and manipulations to the one she has now submitted with her motion to amend which is nothing more than asking this Court for a second bite at the apple. The plaintiffs would direct this Court's attention document #4 in the defendant's "addendum to amended answer of Christine Hoyt".

In this document defendant Gentile's signature has been squeezed in below plaintiff W.P.Y., III's where he signs on the line given for the Tenant. Above this line item defendant Hoyt then changes the date she signed the original document by initialing "CH 1/16" under her original signature. The fact of this matter is exactly how the plaintiffs have stated it to be. Defendant Hoyt rented the plaintiffs an apartment in her building. She left **all** the necessary documents in the plaintiffs apartment that she wanted them to complete and return to her when she returned from her trip out of the United States. Upon her doing so plaintiff W.P.Y., III was contacted by this defendant to complete these documents so she could collect them. Plaintiff W.P.Y., III signed some of the documents

-3-

on 12/29/03 but failed to complete the package of documents correctly. Defendant Hoyt requested additional documents be executed which W.P.Y., III did on 1/4/04 and signed the original lease for defendant Gentile pursuant to his POA powers. Of which defendant Gentile denied the existence thereof in his answer. To the plaintiff's observation, about the only factual representation defendant Hoyt has made, is the fact that her co-defendant stated to her that plaintiff W.P.Y., III, in fact, held such power to sign any document for him under his POA.

The plaintiffs would also ask this Court to note defendant Gentile's participation in this latest act of perjury by defendant Hoyt by her submission of falsified documents. The plaintiffs are certainly grateful that defendant Hoyt has provided the plaintiffs with such inclupatory evidence. However, her request to amend her answer must be denied.

Next defendant Hoyt moves this Court for a counter suit against the plaintiffs for various reasons in where she seeks certain monetary damages from the plaintiffs. However, defendant Hoyt cites no pendant, or other, jurisdiction of this Court to bring any such action. Fails to submit any statement of facts. Simply a litany of accusations of libel, harassment, and other alleged conduct.

This counter claim must be denied as wholly inactionable by this Court.

Defendant Hoyt also moves for dismissal and or directed verdict citing that the plaintiffs claims are "unjustified in all claims against defendant Hoyt". The plaintiffs also state that these motions must be denied as being baseless.

This defendant was a key player in the first tier of the constitutional depravations alleged by the plaintiffs. The plaintiffs allege that defendant Hoyt has yet again come before this

-4-

Court with a transparent attempt to deceive this Court using altered and perjured documents. The plaintiffs will seek a complaint with this Districts' United States Attorney concerning the filings of this defendant in this matter. The plaintiffs would welcome defendant Hoyt seeking criminal charges against them surrounding the allegations she makes against them.

The plaintiffs state for the record of this matter, that their delay in initiating their State action for summary judgment pursuant to M.G.L. 93A against this defendant, is their being consumed with the filings of this action and the health challenges that face plaintiff W.P.Y., III. Plaintiff W.P.Y., III has been informed that his vascular surgery has been delayed until 9/30/05 to be preformed by Dr. Jeffery Kaufman Western Mass Vascular Surgeons, Inc, of Springfield, Mass.

Respectfully submitted,

William P. Youngworth, III
Plaintiff Pro Se
For the Plaintiffs
P.O. Box 2663
Springfield, Ma. 01101
413-736-5727

## CERTIFICATE OF SERVICE

    Comes now the plaintiffs, by and through plaintiff William P. Youngworth, III, Pro Se, who serves upon the Clerk of this Court the plaintiffs foregoing motion to strike defendant Hoyt's motion to amend answer to plaintiffs Complaint via Courthouse lobby service. The plaintiffs further cause the foregoing action to be served upon defendant Hoyt via first class U.S. mail.

_/s/ W.P. Youngworth_

William P. Youngworth, III
Plaintiff Pro Se
P.O. Box 2663
Springfield, Ma. 01101

Dated: 8/15/05