UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III, et al, ) | CIVIL ACTION No. 05-30108MAP |
| PLAINTIFF PRO SE                )  | |
|                                 )  | |
| V.                              )  | |
|                                 )  | |
| MARK A. GENTILE, et al,         )  | |
| DEFENDANTS                      )  | |
| _____) | |

### PLAINTIFFS' MOTION FOR RECONSIDERATION
### TO DEFENDANT CHRISTINE HOYT'S MOTION TO AMEND ANSWER

Now comes the plaintiffs, by and through plaintiff William P. Youngworth, III, Pro Se who moves this Honorable Court to reconsider the plaintiff's motion to strike defendant Hoyt's motion to amend her answer.

In support of this motion the plaintiffs state that this Court allowed defendant Hoyt's motion to amend her answer to the plaintiffs' Complaint on 8/24/04. Also on this date this Court, by and through Judge Neiman, denied the plaintiff's motion to strike defendant Hoyt's motion to amend as it violation upward to ten rules of the Fed. R. Civ. P.s.

The plaintiffs are satisfied with the amendments defendant Hoyt makes to her answer to the plaintiffs Complaint. The plaintiffs are even delighted with the amendments to defendant Hoyt's (herein "Hoyt") answer to the plaintiff's Complaint. However, Hoyt, within her amended answer files a counterclaim for damages in the amount of $100,000 or "any amount deemed reasonable by the Court against William P. Youngworth, III and an

-2-

additional counterclaim for damages in the amount of $100,000 or any amount deemed reasonable by the Court against William P. Youngworth, IV for *false accusations and harassment* as outlined in the ....amendment to answer".

Any defendant coming before any Court of the United States enjoys the right to file a counterclaim to a Complaint being filed against them. However, a defendant can not simply come before a Court of the United States seeking a counterclaim claim action against a plaintiff absent invoking the pendant jurisdiction of a Federal Court and failing to demonstrate how their counterclaim rises to the level of *some (or any)* violation of a Code of United States Laws.

In the matter before this Court on the plaintiff's instant motion, defendant Hoyt fails to demonstrate how her litany of allegations rise to the level of any violation of a law of the United States. Hoyt fails to make any Jurisdictional statement at all demonstrating how her allegations of "emotional stress, duress and harm on myself" along with "subjecting me to malicious communications....(and) summoning me to court without valid reason" gives her claim to seek action before a Court of the United States whether it be through counterclaim or not.

The plaintiffs, as recently as last week have filed their motion to amend their Complaint based on newly discovered witnesses and events that the plaintiffs claim are direct retaliatory actions for their seeking the redress of this Court. The plaintiffs have moved

-3-

this Court to allow them to file their actual amendment no later than October 10, 2005 as plaintiff W.P.Y., III is set to undergo vascular surgery in 48 hours from the mailing of this action. The plaintiffs have addressed defendants Hoyt's counterclaim as a housekeeping matter prior to plaintiff W.P.Y., III being bed ridden during the recuperation from his surgery.

**WHEREFORE:** Defendant Hoyt has failed to file any proof of a claim before a Court of the United States, a properly formatted counterclaim and or a jurisdictional statement. As a result of same the defendant's counterclaim should be dismissed with prejudice.

Respectfully submitted,

*/s/ W. P. Youngworth, III*

William P. Youngworth, III
For the plaintiffs
Plaintiff Pro Se
P.O. Box 2663
Springfield, M. 01101
413-736-5727

## CERTIFICATE OF SERVICE

Now comes the plaintiffs who cause to be served their foregoing motion for reconsideration to defendant Hoyt's motion to amend answer to plaintiff's Complaint by mailing same via first class U.S. Mail to the Clerk of this Court at his usual place of business and the defendant at her residence.

_W. P. Youngworth III_  9/27/05
William P. Youngworth, III
Plaintiff Pro Se
P.O. Box 2663
Springfield, Ma. 01101