UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III; and<br>WILLIAM P. YOUNGWORTH, IV,<br>    Plaintiffs<br><br>    v.<br><br>MARK A. GENTILE; MARYANNE<br>PAICOPOULOS; CHRISTINE HOYT;<br>CAROLE M. CRISTO; SCOTT<br>GRIFFIN; DAVID B. DARRIN; SAFETY<br>PLAN ADVOCATE; JAMES M.<br>GENTILE; JOHN J. CONTE; THOMAS<br>REILLY; NANCY A. ALTERIO; TOWN<br>OF SPENCER; COMMONWEALTH OF<br>MASSACHUSETTS,<br>    Defendants | Civil Action No. 05-30108-MAP |

REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANTS'
MOTIONS TO DISMISS (Document Nos. 11, 12 and 39)
February 3, 2006

NEIMAN, C.M.J.

William P. Youngworth, III ("Plaintiff") -- proceeding *pro se* on his own behalf and ostensibly on behalf of his minor son, William P. Youngworth, IV -- has filed an extremely verbose complaint spanning 110 pages and 418 paragraphs. At its core, the complaint outlines an alleged conspiracy among a host of defendants to rob Plaintiff of a variety of constitutionally-based civil rights. Three motions to dismiss have been filed, one by Scott Griffin, David Darrin and the Town of Spencer (together "the Town Defendants"), a second by the Commonwealth of Massachusetts, and a third by Carole Cristo, James Gentile, John Conte, Thomas Reilly and Nancy Alterio (together "the State Defendants"). The other defendants, Mark Gentile, Maryanne Paicopoulos and

Christine Hoyt, are proceeding *pro se* and have answered the complaint.[1]

The three motions to dismiss have been referred to this court for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B). For the reasons which follow, the court will recommend that each of the motions to dismiss be allowed, albeit without prejudice to Plaintiff filing a circumscribed amended complaint as more fully described below.

I. BACKGROUND

Plaintiff filed the instant action on May 6, 2005, against thirteen different defendants. With regard to the individual town and state actors, the complaint alleges, in the main, that they deprived Plaintiff of a variety of constitutional rights while acting under color of state law. See 42 U.S.C. § 1983.

The Town Defendants, in lieu of answering the complaint, have filed a motion to dismiss in which they argue that the claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state claims upon which relief may be granted. For its part, the Commonwealth has filed a motion to dismiss asserting that the doctrine of sovereign immunity precludes the action from proceeding against it. Finally, the State Defendants have filed a motion to dismiss the complaint, given its prolixity,

---

[1] On July 8, 2005, District Judge Michael A. Ponsor ruled that yet another defendant -- an individual listed as the "Safety Plan Advocate" -- is not subject to suit. (See Document No. 40.) Following that ruling, Jenne McGinnis, a domestic violence counselor in Spencer and purportedly the so-called "Safety Plan Advocate," appeared as an interested person and filed an opposition to one of Plaintiff's two motions to amend, arguing that her inclusion as a defendant would be futile. By electronic order issued this day, the court has denied Plaintiffs' motions to amend. Accordingly, neither McGinnis nor the "Safety Plan Advocate" remain as defendants.

pursuant to Fed. R. Civ. P. 8(a), 8(e), 10(b) and 41(b).  In due course, Plaintiff filed oppositions to each motion.

## II. DISCUSSION

Since Plaintiff is a *pro se* litigant, his complaint is held to a less stringent standard than one prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and has been read with an extra degree of solicitude.  *See Rodi v. Ventetuolo* 941 F.2d 22, 23 (1st Cir. 1991).  Nonetheless, the court will recommend that Defendants' motions to dismiss each be allowed, albeit without prejudice to Plaintiff filing a circumscribed amended complaint as more fully described below.  Preliminarily, however, the court will comment on Plaintiff's attempt to sue on behalf of his minor son.

### A. PLAINTIFF'S SON

Plaintiff's son's claims are simply derivations of his own.  It is well-settled, however, that a *pro se* litigant cannot represent another individual as a lay advocate. *See Herrara-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).  *See also Clauson v. Town of W. Springfield*, 2000 WL 251740, at *2 (D. Mass. Feb 3, 2000) (collecting cases).  Moreover, as a minor, Plaintiff's son "is disqualified from representing himself."  *Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247, 249 (1st Cir. 2003).  Accordingly, the court will recommend that any claims brought by Plaintiff on behalf of his son, or by the son himself, be dismissed.

### B. THE TOWN DEFENDANTS' MOTION TO DISMISS (Document No. 39)

The Town Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6). Such a motion should be granted when a review of the complaint shows that a plaintiff

can prove no set of facts in support of the claims that would entitle him to relief. *See* Fed. R. Civ. P. 12(b)(6); *Wagner v. Devine*, 122 F.3d 53, 55 (1st Cir. 1997). *See also Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004) (complaint may be dismissed pursuant to Rule 12(b)(6) "if no well-pleaded set of facts supports recovery") (citing, *inter alia, Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court believes that the Town Defendants have met their Rule 12(b)(6) burden.

Liberally construed, Plaintiff appears to allege that the Town of Spencer, through its police chief (Darrin) and one of its officers (Griffin), failed to properly investigate a crime. Such allegations, however, are barred by Mass. Gen. L. ch. 258, § 10(h), which precludes "[a]ny claim based upon the . . . failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law." *See also DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 195 (1989) (finding nothing in the due process clause requiring municipalities to protect life, liberty and property against invasion by private actors).

Moreover, the Town of Spencer ought to be dismissed insofar as Plaintiff has not pled that his civil rights were violated as a result of an official "policy or custom" by a municipality. *Monell v. New York City Dept' of Social Services*, 436 U.S. 658, 694 (1978). Similarly, Plaintiff has not pled "an affirmative link" between Chief Darrin, as a supervisor, and the harm Plaintiff allegedly suffered. *See Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989). At best, the allegation appears to be that Darrin directed Griffin's investigation. That is insufficient. *See also Armstrong v.*

*Lamy*, 938 F. Supp. 1018, 1033 (D. Mass. 1996) (noting that municipal supervisor may only be sued "on the basis of his or her own acts or omissions").

Finally, given the facts alleged, this court agrees with the Town Defendants that Darrin and Griffin are shielded by qualified immunity insofar as they reasonably "could have believed [their] actions were lawful in light of clearly established law." *McBride v. Taylor*, 924 F.2d 386, 389 (1st Cir. 1991). See also *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton,* 483 U.S. 635, 639 (1987). For all these reasons, therefore, the court will recommend that the Town Defendants' motion to dismiss be allowed.

C. THE COMMONWEALTH'S MOTION TO DISMISS (Document No. 11)

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Accordingly, the Commonwealth argues, it is not subject to suit in this court. See *Alabama v. Pugh*, 438 U.S. 781, 781 (1978) (*per curiam*) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (citing *Pugh*) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought"). The court agrees and, as a result, will recommend that the Commonwealth's motion to dismiss be allowed as well.

5

D.  THE STATE DEFENDANTS' MOTION TO DISMISS (Document No. 12)

Taking a slightly different tact, the State Defendants argue that the complaint violates Rules 8(a), 8(e) and 10(b).  Once again, the court agrees.

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the instant complaint lists five counts, each simply incorporates hundreds of assertions.  In a word, that is improper.  *See generally Zuckerman v. McDonald's Corp.*, Civil Action No. 95-30044-MAP, 1995 WL 631819, at \*\*1-2 (D. Mass. Oct. 27, 1995) (holding that it is impossible for a defendant to answer such a complaint).  Rule 8(e), in turn, requires each averment in a pleading to "be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  Similarly, Rule 10(b) states that all averments "shall be made in numbered paragraphs, *the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances*."  Fed. R. Civ. P. 10(b) (emphasis added).  Plaintiff's complaint, however, "is presented in a rambling, discursive essay form," *see Zuckerman*, 1995 WL 631819, at \*1, and many of its paragraphs contain multiple, complex assertions.  As such, it violates Rules 8(e) and 10(b) as well.

As the State Defendants notes, Rule 41(b) allows the court to dismiss "on the merits" complaints that fail to comply with Rules 8 or 10.  *See Kuehl v. Fed. Dep. Ins. Corp.*, 8 F.3d 905, 908-09 (1st Cir. 1993).  This, in the court's view, is a drastic sanction which ought not be employed at this time.  Rather, the court suggests that the State Defendants' motion to dismiss be allowed, but that dismissal of the complaint be without prejudice to Plaintiff's filing an amended complaint in compliance with the

above-cited rules within two weeks of the adoption of this report and recommendation (should it be adopted).  *See Zuckerman*, 1995 WL 631819, at *1.  The court further recommends that, should he desire to amend the complaint, Plaintiff be directed to eliminate allegations targeting the Town Defendants, the Commonwealth and the Safety Plan Advocate (see n.1) and that the complaint not be brought by, or on behalf of, Plaintiff's son.  Of course, the complaint stands as is against the three *pro se* defendants -- Mark Gentile, Maryanne Paicopoulos and Christine Hoyt -- who have filed answers without seeking dismissal.

### III.  CONCLUSION

For the foregoing reasons, the court recommends as follows:

(1)   that any claims brought by Plaintiff on behalf of his son, or by the son himself, be DISMISSED;

(2)   that the Town Defendants' Motion to Dismiss (Document No. 39) be ALLOWED;

(3)   that the Commonwealth's Motion to Dismiss (Document No. 11) be ALLOWED; and

(4)   that the State Defendants' Motion to Dismiss (Document No. 12) be ALLOWED WITHOUT PREJUDICE to Plaintiff's filing an amended complaint within two weeks of the adoption of this report and recommendation, should it be adopted, so long as said complaint: (a) conforms to Rules 8 and 10, (b) eliminates allegations targeting the Town Defendants, the Commonwealth and the Safety Plan Advocate, (c) not be brought by, or on behalf of, Plaintiff's son; and (d) otherwise complies with this report and recommendation.[2]

---

[2]  The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically

DATED: February 3, 2006                                       /s/ Kenneth P. Neiman
                                                              KENNETH P. NEIMAN
                                                              Chief Magistrate Judge

---

identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.