UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH III,<br>　　　　　Plaintiff,<br>v.<br>MARK A. GENTILE, et al.,<br>　　　　　Defendants. | CIVIL ACTION<br>NO. 05-30108-MAP |

**DEFENDANTS CAROLE CRISTO, JAMES GENTILE, JOHN J. CONTE, THOMAS REILLY, AND NANCY A. ALTERIO'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

### INTRODUCTION

The Defendants Carole Cristo, James Gentile, John J. Conte, Thomas Reilly, and Nancy A. Alterio (collectively "the defendants") have moved the Court to dismiss the Plaintiffs' Amended Complaint because it fails to contain a "short and plain statement" of their claims against the defendants. This Court previously allowed the Defendants' Motion to Dismiss on similar grounds, but without prejudice, allowing the Plaintiff to file an Amended Complaint. The Amended Complaint is shorter in form, but as deficient in substance as the Plaintiff's original Complaint. The defendants still cannot fairly be expected to respond to the Amended Complaint.

### ARGUMENT

The original Complaint in this case had two plaintiffs, since the Plaintiff also was attempting to represent his minor son. As a result of this Court's prior rulings on Motions to Dismiss, the present Amended Complaint has four fewer defendants.[1] The original Complaint was a meandering document that was verbose, argumentative, and confusing, consisting of at least 413 numbered

---

[1] The four defendants were Scott Griffin, David Darin, the Town of Spencer and the Commonwealth of Massachusetts.

paragraphs of allegations and 111 unnumbered pages. Despite the deletion of one plaintiff and four defendants, the Amended Complaint has least 163 numbered paragraphs of allegations and 36 numbered pages. The allegations against the individual defendants remain verbose, argumentative, and confusing. Many, if not all, of the allegations against the individual defendants have simply been transposed and renumbered from the original to the Amended Complaint.

For instance, the allegations against Nancy Alterio[2] contained in paragraphs 88, 89, 90 and 91 of the Amended Complaint are virtually identical to the allegations of paragraphs 403, 404, 405 and 406 of the original Complaint. Likewise, the allegations against John J. Conte[3] contained in paragraphs 56, 61, 62, 70, 71, 83, 84, 85, and 87 of the Amended Complaint are virtually identical to the allegations of paragraphs 327, 349, 350, 368, 397, 398, 399 and 401 of the original Complaint. Similar analyses can be done for the other defendants.

The virtual similarity between the allegations in the original and Amended Complaints is compounded by the relief sought by the Plaintiff in the five counts for damages. The Plaintiff again fails to designate or differentiate between the actions of the various individuals, instead lumping them in one category labeled as "defendants." For instance, in paragraph 159 B, it is alleged that the defendants attempted to murder the Plaintiff. Without differentiation, this allegation would include both the Attorney General and a District Attorney. Count Four is entitled Vicarious Liability and merely incorporates all of the allegations against all of the defendants, again without designation of who might be responsible for whom. Again, Counts Three, Four and Five of the Amended Complaint are virtually similar to the same counts in the original Complaint. Each of the counts for relief incorporates at least a hundred assertions. As previously opined in this court, this is simply

---

[2] Executive Director, Massachusetts Disabled Persons Protection Commission

[3] Worcester District Attorney

improper. *See generally, Zuckerman v. MacDonald's Corp.*, Civil Action No. 95-30044-MAP, 1995 WL 631919 at **1-2 (D. Mass. Oct. 27, 1995)

As previously argued in the Defendants' prior Motion to Dismiss, it is well settled that Rules 8(a), 8(e), and 10(b) of the Federal Rules of Civil Procedure govern the content of complaints filed in this Court. Rule 8(a) requires the complaint to "contain a short and plain statement... showing that the pleader is entitled to relief...." Rule 8(e) requires "(e)ach averment of a [complaint to] be simple, concise and direct." Lastly, Rule 10(b) requires "(a)ll averments of claim ... be made in numbered paragraphs, the contents of each shall be limited as far as practicable to a statement of a single set of circumstances." The Court is empowered by Fed. R. Civ. P. 41(b) to dismiss any complaint which fails to comply with these pleading rules. *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993).

The Court should dismiss the plaintiff's Amended Complaint because it fails to comply with the pleading rules for the same reasons it dismissed the original Complaint. The Amended Complaint remains a verbose, argumentative, confusing and meandering document. The remaining individual Commonwealth defendants have a number of substantive defenses available to them if the allegations against them are direct, specific and concise. For instance, the Attorney General and the District Attorney, as well as their agents, may not be subject to suit due to prosecutorial immunity. The individuals associated with the East Brookfield District Court may be entitled to judicial immunity. In sum, the defendants cannot fairly be expected to respond to the Complaint unless specific and concise allegations are made against them.

## CONCLUSION

The defendants Carole Cristo, James Gentile, John J. Conte, Thomas Reilly, and Nancy A. Alterio request the Court dismiss the Amended Complaint for failure to comply with the

requirements of Rules 8 (a), 8(e), and 10(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL OF MASSACHUSETTS

Date:  May 11, 2006

_____
William P. O'Neill
Assistant Attorney General of Massachusetts
Western Massachusetts Division
1350 Main Street
Springfield, Massachusetts 01103-1629
413-784-1240 ext. 107