United States of America
United States District Court
District of Massachusetts



William P. Youngworth III
Plaintiffs

Civil Action No. 05-30108-MAP

v.

| | |
|---|---|
| Mark A. Gentile, AKA Mario Stiletto | } |
| Maryanne Paicopoulous AKA Mary E. Youngworth | } |
| Christine Hoyt | } |
| Carole M. Cristo | } |
| Jenne McGinnis | } |
| James M. Gentile | } |
| John J. Conte | } |
| Thomas Reilly | } |
| Nancy A. Alterio | } |

Motion to Dismiss Amended Complaint

Attorney for Defendant: Christine Hoyt, Pro Se

Address: 25 Clark Street, Spencer, Worcester County, MA 01562

Phone: 508 885 4612

Plaintiff(s) William Youngworth III

vs. )

Defendant(s) Mark Gentile et al.

1

Christine Hoyt_____, defendant, requests a motion to Dismiss the amended complaint of William Youngworth III_, plaintiff, in this action as follows:

Pursuant to Rules 8 (a), 8 (e), 10(b) of the Federal Rules of Civil Procedure, defendant Christine Hoyt moves to dismiss the Plaintiffs' Amended Complaint because it fails to contain a 'short and plain statement' of his claims against the defendant. The Amended Complaint is shorter in length and form, but is as deficient in substance as the Plaintiff's original Complaint. In addition, the Plaintiff continually references the original Complaint and documents submitted to the Court. In filing the original Complaint the Plaintiff supplied the Court with an addendum of numerous pages, by this defendants estimate several hundred pages, of documents to which he referred to as 'evidence' or 'exhibits, which he failed to supply this defendant under the Federal Rules of Civil Procedure. After procuring a copy of this addendum from the Clerk of the Court, this defendant found the addendum to further fail the Federal Rules of Civil Procedure by being excessive in length, unnumbered, lacking a table of contents and thus unreferenced, and thus impractical and unusable for the defendant to properly respond to the Complaint. In the Amended Complaint, the Plaintiff continues his references to materials previously presented to the Court which would encompass this addendum under 12(c) which is so vague and ambiguous it becomes worthless in its manner of presentation. Further under 9 (b) of the Federal Rules of Civil Procedure the Plaintiff continues to make false or mistaken statements in paragraphs 27, 28, 29, 30, 40, 42, 43, 46, 48, 50, 154 etc. as previously referenced in this defendants Amended Answer and in the Addendum to her Amended Answer on pages 1, 2, 3, 4. and additional false or mistaken statement in the over 150 paragraphs and 'Counts', for example 157 A through M etc. in the Amended Complaint. And in this Amended Complaint, the Plaintiff continues to 'lump' all the defendants together under various charges of attempted murder, deprivation of medication, defrauding him of assets etc. etc. without substantiating this defendants' involvement in any of these actions or additional charges.

Respectfully submitted

*Christine Hoyt, Pro Se*

Christine Hoyt, Pro Se   25 Clark Street, Spencer, MA 01562

INTRODUCTION

Defendant Christine Hoyt moves to dismiss the Plaintiffs' Amended Complaint because it fails to contain a 'short and plain statement' of his claims against the defendant. The Amended Complaint is shorter in length and form, but is as deficient in substance as the Plaintiff's original Complaint. In addition, the Plaintiff continues to reference additional documents supplied to the Court with the original Complaint in the form of an 'addendum' which this defendant finds to be excessive in length, unnumbered, lacking a table of contents and thus unreferenced, and thus impractical and unusable for the defendant to properly respond.

ARGUMENT

The Amended Complaint contains 163 paragraphs and 36 pages and references further the 'addendum' to the original Complaint containing several hundred pages, in my estimate, as they are unnumbered. The allegations against this defendant are lumped with all the other defendants and are incoherent, unorganized and illogical. This complaint continually references numerous individuals, defendants and otherwise, and numerous incidents and allegations that fail to link the complaint in a sensible manner and paragraphs may further may apply to one (44, 45 etc.) or more (49 etc.) or all or none of the defendants at all (120, 121, 122 etc.). Some paragraphs such as 13, 14, 22, 23, 58 etc. reference historical information of the Plaintiff himself which hardly seems relevant and simply adds to the voluminous presentation of the complaint.

The Amended Complaint is a reiteration in shorter form of the original Complaint and contains many of the same ambiguous statements.

The Amended Complaint further fails to designate between the actions of the various defendants and in lumping them as defendants in the relief sought for damages results in the inclusion of

3

myself in defrauding the Plaintiff of his assets under the defendants control (157 A), attempting to murder the plaintiff (157B), depriving him of medication (157C), depriving him of his home (157D), refusing to protect him of his rights and from serious felonious crimes (157 E) etc. throughout the various counts while the Complaint itself and the Amended Complaint do not provide any evidence or even statements including this defendants' as being involved or even having knowledge of the numerous allegations and activities described by the Plaintiff. (32 -35, 64 65, 95-through 149 etc.).

## CONCLUSION

Defendant Christine Hoyt requests the Court to Dismiss the Amended Complaint for failure to comply with the requirements of Rules 8(a), 8(e) and 10(b) as well as 9(b) and 12 (c) of the Federal Rules of Civil Procedure.

Respectfully submitted

*Christine Hoyt Pro Se 6/24/06*
Christine Hoyt, Pro Se

25 Clark Street

Spencer, MA 01562

508-885-4612

United States of America

United States District Court

District of Massachusetts

Civil Action No. 05-30108-MAP

I hereby certify that documents attached in relation to Civil Action 05-30108 MAP, in Motioning the Court to Dismiss the Amended Complaint of the Plaintiff, were delivered in the following manner by Defendant Christine Hoyt:

William P. Youngworth III:  By mail on May 25, 2006  to Plaintiff William P. Youngworth, Pro Se   at PO Box 2663, Springfield, MA 01101

v.

Mark A. Gentile: In person at 25 Clark St., Spencer, MA

Maryanne Paicopoulous AKA Mary E. Youngworth: In person at 25 Clark S.t, Spencer, MA

Nancy Frankel Pelletier, Esq.  Robinson Donovan P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115

Robert J. Murphy, Murphy and Riley, P.C. , 114 Tremont Street, Boston, MA 02111

William P. O'Neill, Assistant Attorney General, Western Massachusetts Division, 1350 Main St., Springfield, MA 01103

Attorney for Defendant: Christine Hoyt, Pro Se  *Christine Hoyt Pro Se 5/24/06*

Defendant: Christine Hoyt, 25 Clark Street, Spencer, MA 01562, 508 885 4612