UNTIED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Action No. 05-30108MAP

WILLIAM P. YOUNGWORTH, III }
Plaintiff )
)
v. }
)
MARK A. GENTILE, et al }
Defendants )
)

## PLAINTIFF'S MOTION FOR RECONSIDERATION
## AND OBJECTION TO COURT'S 6/2/2006 RULING

Now comes the plaintiff in the above entitled action who moves this Honorable Court for reconsideration and further objects to this Court's 6/2/2006 ruling dismissing his action as being "unopposed".

To date, the plaintiff re-filed his amended Complaint on March 30th, 2006 as per this Court's February 27, 2006 order. Said amended Complaint was delivered in hand by the Plaintiff to this Court's Clerk's office. Attached were the proper Summons and US Marshal Service forms for each defendant's Complaint. The plaintiff served defendants Gentile, Paicopoulos and Hoyt even though these were defendants ordered to stand trial to the plaintiff's original Complaint (see the Honorable Judge Ponsor's order of 2/27/2006).

To date the plaintiff has *only* received the following correspondences from the defendants in this matter: Notice from the Massachusetts Attorney General's Office for

-2-

the disappearance of Attorney Salvatore M. Giorlandino and the appearance of Assistant Attorney General William P. O'Neil dated on May 10, 2006, a motion to dismiss the amended Complaint from Defendant Hoyt and this Court's order of June 2, 2006 dismissing the plaintiff's Complaint for being "unopposed".

The plaintiff in this action has *never* received the completed and served US Marshal service forms, *any* supplemental challenges to his amended Complaint from any defendants *except* Hoyt (which the plaintiff was due to respond to within 24 hours of the date of this motion). The plaintiff has received *nothing* from any of these defendants expect Hoyt who has filed a moot request before this Court as she is a defendant standing to answer to the original Complaint and, of course, the notice of the changing of counsel for the "state defendants."

The plaintiff contacted this Court's Clerk's office on June 15, 2006 (yesterday) and informed the Clerk that he had only received this Court's order the previous day and "received nothing else in the form of challenges to his amended complaint (except Hoyt's) from any defendants nor even received the US Marshal Service forms as being completed in service". The responding Clerk advised the plaintiff to file this foregoing motion.

-3-

The plaintiff receives all his mail at his Post Office Box 2663 located at the 01101 Springfield Main Post Office. Only two keys exist to gain access to this Box. One is held by the plaintiff and the other by his caretaker Donna M. Miner. The Box is generally checked twice per week. This box has been checked for mail on 6/2/06, 6/6/06 and 6/13/06 thus far for the month of June 2006. The plaintiff promptly receives all mail delivered to this PO Box from his caretaker.

The plaintiff strenuously objects and begs this Court's reconsideration. The plaintiff has not been served with any supplemental challenges to his amended Complaint from any of the defendants except Hoyt. This Court can attest to the plaintiff's past diligence in responding to all defendant challenges and timely filed oppositions. In the case at hand the plaintiff assumed that since he had not received the returned completed US Marshal Service forms that there was some issue with the Marshals completing service upon the defendants.

Failure to make proper service upon the plaintiff violates his most basic rights and the Fed. R. Civ. P.'s. The plaintiff may have had a colorful issue for summary judgment but instead due to the defendant's failure to serve the plaintiff he has been deprived of his opportunity to even respond to any challenges to his amended Complaint.

-4-

The plaintiff can only assume that the defendant's have exploited their failure to properly serve him and have now themselves moved for summary judgment due to the plaintiff's failure to respond to their challenges to his Complaint.

Wherefore: the plaintiff prays that this Court reverse it's order dated 6/2/06, order the defendants to make proper service upon the plaintiff, strike the defendant's motions and answers filed up to this point as a violation of the service requirements within the Fed. R. Civ. P.'s (with the exception of defendant Hoyt) and order the US Marshal Service to provide the plaintiff with their completed service forms.

Respectfully submitted,

William P. Youngworth, III
Plaintiff, Pro Se
P.O. Box 2663
Springfield, Massachusetts 01101
413-736-5727
Yworth3@msn.com

# **AFFIDAVIT OF WILLIAM P. YOUNGWORTH, III**

The foregoing affiant, William P. Youngworth, III, the affiant herein hereby attests that the contents of this affidavit are true and accurate to the best of his knowledge and belief.

1. Your affiant William P. Youngworth, III is the plaintiff in the action entitled "William P. Youngworth, III v. Mark A. Gentile, et al" docket number 05-30108 MAP before The United States District Court holding for The Western District of Massachusetts in Springfield, Massachusetts.
2. Your affiant maintains his address as P.O. Box 2663 Springfield, Massachusetts 01101.
3. On March 30, 2006 your affiant re-filed his amended Complaint in the action identified within paragraph one of this affidavit pursuant to this Court's order of February 27, 2006 by making in hand service to the Clerk of court for the US District Court in Springfield, Ma.
4. Attached to the plaintiff's amended Complaint were the proper Summons and US Marshal Service forms.
5. Within these amended Complaints the affiant/plaintiff's address of P.O. Box 2663 Springfield, Ma. 01101 were plainly printed under each place calling for his signature.
6. To date your affiant has only received two correspondences from the defendants in the above entitled matter. One being the withdrawing and notice of appearance for a new attorney representing certain "state defendants" and a motion to dismiss filed by a defendant Hoyt on 6/6/06.
7. Your affiant has never received any completed US Marshal Service forms or any supplemental filings from the defendants with the exception of Hoyt.
8. Your affiant's P.O. Box has only two keys. One is under his control and the other is under the control of his caretaker Donna. M. Miner.
9. Your affiant's P.O. Box is usually checked twice per week and thus far in the month of June 2006 has been checked on 6/2/06, 6/06/06 and 6/13/06.
10. On 6/13/06 your affiant received a notice from the Honorable Judge Ponsor ordering his amended Complaint dismissed for being "unopposed".
11. On 6/14/06 your affiant called the Clerk's office of the US District Court and informed a clerk within same that he had never received any correspondences from the defendants (except Hoyt) or the returned US Marshal Service forms.
12. Your affiant is disabled and severely visually impaired. He requires the assistance of his caretaker. He resides with his caretaker and every time your affiant checks his mail he is either with his caretaker who drove him to the Post Office or his caretaker checks it herself if she is in the vicinity of the Post Office in the course of an errand.

-2-

13. The defendants (except Hoyt) in this above entitled matter have moved to dismiss your affiant's Complaint before the US District Court after they have failed to make any service on your affiant/plaintiff.

I, William P. Youngworth, III, the affiant herein does hereby swear and attest under oath that the contents of this affidavit are true and accurate to the best of his knowledge and belief.

Signed first knowing the pains and penalties for perjury.

*William P. Youngworth III*
William P. Youngworth, III
Affiant
Dated: 6/16/06

## AFFIDAVIT OF DONNA M. MINER

I, Donna M. Miner, the affiant herein does hereby say and depose that the contents of this affidavit are true and accurate to the best of my knowledge and belief.

1. Your affiant is the caretaker of William P. Youngworth, III and his minor child William P. Youngworth, IV.
2. Both Mr. Youngworth and his son reside within your affiant's home.
3. Mr. Youngworth is severely disabled and does not operate a motor vehicle.
4. Mr. Youngworth maintains P.O. Box 2663 Springfield, Ma. 01101 as his mailing address and has done so for at least the past five years.
5. There are only two keys to Mr. Youngworth's P.O. Box. One is under his control and the other is under your affiant's.
6. Your affiant is present with Mr. Youngworth every time he checks his mail. Other times your affiant does such if her errands place her in the vicinity of Mr. Youngworth's P.O. Box at the Main Street Post Office in Springfield, Ma.
7. Your affiant is fully aware of every element that has occurred to date within Mr. Youngworth's action he has filed before the Federal Court in Springfield.
8. Your affiant can state with all certainty that after Judge Ponsor ordered Mr. Youngworth to file an amended complaint by March 31, 2006 (which he in fact did) that he has only received three pieces of mail relating to this action.
9. One item of mail was from the Attorney General's Office stating that one of it's previous lawyer's was stepping out of the case and being replaced by another, one item of mail from defendant Hoyt and the third being an order from Judge Ponsor received on June 13, 2006.
10. During the month of June 2006 your affiant and Mr. Youngworth have checked his P.O. Box on 6/2/06, 6/06/06 and 6/13/06.
11. Your affiant is a duly sworn Notary Public in the Commonwealth of Massachusetts under present commission, a retired Post Office employee and an honorably discharged disabled veteran of the US Army.
12. Your affiant is without any doubts that none of the defendants in Mr. Youngworth's federal action, (beside Hoyt) have served Mr. Youngworth with any supplemental filings to his amended Complaint. As well he has not even received the completed service forms from the US Marshal Service.

I, Donna M. Miner, the foregoing affiant does attest that the contents of this affidavit are true and accurate to the best of her knowledge and belief.

Signed first knowing the pains and penalties for perjury.

_____
Donna M. Miner
Dated:  6-15-06