United States District Court

District of Massachusetts

C.A. No. 05-30108MAP

William P. Youngworth et al )
                               ) <u>Defendants Mark Gentile and Maryanne (Paicopoulos)</u>
       Vs.       ) <u>Gentile's Opposition to Plaintiff's Amended Complaint</u>
                               ) <u>and General Motion to Dismiss Complaint pursuant to</u>
Mark A. Gentile et als    ) <u>Rule 12 (b)(6) of the Federal Rules of Civil Procedure</u>

      Now comes the defendants, Mark and Maryanne Gentile, who Oppose Plaintiff's Amended Complaint and who further move this court to dismiss the complaint as frivolous and for failing to state a claim upon which relief can be granted, pursuant to rule 12 (b) (6) of the federal rules of civil procedure. In support of this opposition and motion, the defendants assert that there are both substantive and procedural deficiencies in the amended complaint that, even given the benefit of a broad reading, render the complaint meaningless.

      First of all, Plaintiff sets out no new theories of law or new claims for relief necessitating an amendment to the original complaint. Any new factual claims are more properly added by affidavit. Second of all, even though the so called amended complaint is marginally shorter, the plaintiff has failed to clarify any of the facts or claims for relief. The new complaint is still a rambling, verbose story line without any clearly defined facts relating to any one claim for relief. Next, the plaintiff clearly intended 'not to shorten or clarify' the original complaint; in that, he clearly references facts and claims set out in the original verbose document. Plaintiff cannot have his cake and eat it, too. An amended complaint is a free standing and self-contained document. It supersedes the original complaint; it doesn't annex it. Whatever claims and content omitted from the original complaint are deemed waived in the amended complaint. In this light, the amended complaint is both unreadable and unsalvageable.

Moreover, the original complaint, and in fact the entire course of this litigation, has been litigated in bad faith with the sole intent of harassing the defendants. The plaintiff has used this process as a ruse to evade 'no contact' orders and as a medium to harass, insult and torment the defendants. Insinuating that defendant Mark Gentile subsisted off of 'squirrels' or that his sister, defendant Maryanne Gentile was a 'crack addicted street walker' served no other purpose other than to be snide and insulting. True to his convoluted style, plaintiff, has in his pleadings attempted to alter the substance of his claims 'on the fly', so to speak, often making rash, unsupported and irresponsible claims as they suit him. During the course of this litigation, he has complained about me to the state police, the Worcester District Attorney's Office and the Department of Alcohol, Tobacco and Firearms, all of which subsequently investigated me and found no merit to plaintiff's claims. Subsequent to that, he amended the substance of his claims to state that I was obviously funneling illegal campaign contributions to the District Attorney, so that he wouldn't prosecute me and that I have an "inappropriate relationship" with the state trooper who was assigned to investigate the claims made against me, ostensibly being his logic for why I haven't been charged with any crimes that he imagines were carried out against him. In the original complaint, he pointed out how my nephew was fond of me and called me 'uncle', even before I married Maryanne. In the amended complaint, after the court ruled that he could not represent his son, he changed his facts to reflect a never before heard assertion that we intended to 'do in' his son, as well. The amended complaint, as well as its precursor, is little more than a collection of wild, irresponsible assertions without any support or basis in fact. He's simply attempting to keep this litigation alive as long as possible to eat up as much time and resources as possible.

Lastly, upon close examination, plaintiff fails to meet the criteria for a protected class under the civil rights act, on which he bases his claims for relief. Neither myself, nor my wife, have at any time acted under shade or color of law, nor does the plaintiff, even accepting his claims of physical disability as true, merit any special protection under the statute.

For the foregoing reasons, defendants Mark and Maryanne Gentile, oppose the amended complaint and move for dismissal for failure to state a claim upon which relief can be granted.

Respectfully Submitted,                             Dated July 21, 2006

_____
Mark Gentile

_____
Maryanne (Paicopoulos) Gentile

## CERTFICATE OF SERVICE

Defendant's Mark A. Gentile and Maryanne (Paicopoulos) Gentile do hereby swear and affirm that they caused the attached defendant's special motion to dismiss complaint with affidavit in support and defendant's opposition to the amended complaint and motion to dismiss pursuant to rule 12 (b)(6) of the federal rules of civil procedure to be served on the Plaintiff this Twenty-first day of July, 2006 by mailing copies of the same by first class mail, postage prepaid, to their post office box, P.O. Box 2663, Springfield, Mass. 01101, and copies of the same to the other named defendants' counsels at their respective business addresses.

Signed,

_____
Mark A. Gentile

_____
Maryanne (Paicopoulos) Gentile