United States District Court
District of Massachusetts

FILED
IN CLERK'S OFFICE
2006 JUL 21 P 3: 28
U.S. DISTRICT COURT
DISTRICT OF MASS.

C.A. No. 05-30108-MAP

William P. Youngworth et al       )
                                  )
              Vs.                 )
                                  )
Maryanne (Paicopoulos) Gentile et als

<u>Maryanne (Paicopoulos) Gentile's Special</u>
<u>Motion to Dismiss Complaint pursuant to</u>
<u>M.G.L.ch. 231 sec. 59H and 42 USC 1988</u>

    Now comes the defendant, Maryanne (Paicopoulos) Gentile, and moves this court to dismiss the complaint against her for being in violation of Massachusetts anti-SLAPP laws, as well as cognate provisions of federal law.

    In support of her motion, defendant states that Massachusetts anti-SLAPP protection extends to 209A abuse prevention orders, <u>Fabre v. Walton</u>, 436 Mass. 517, 781 NE 2d 780 (2002), and even though there are no federal anti-SLAPP laws, per se, federal courts have generally interpreted state anti-SLAPP statutes in accordance with cognate provisions in federal law, specifically 42 USC 1988, see generally <u>Robertson v. Wegmann,</u> 436 U.S. 584, 591 (1976), <u>Brazier v Cherry,</u> 293 F. 2d. 401, 408 (1961), <u>Canadian-American Oil Co. v. Delgado</u>, (N.D. Calif., 1995, C-94-04249 SI), specifically applying state anti-SLAPP legislation in federal civil action.

    In the case at hand, it is obvious in the whole body of the plaintiff's complaint against me stems from my obtaining a 209A anti abuse protection order against the plaintiff. Plaintiff's whole argument, without any reasonable supporting facts, is that the order was fraudulently obtained. As in <u>Fabre</u>, the plaintiff's argument fails in light of the court having twice extended the order, thus having determined on its face that the order had merit. Defendant further asserts that I have been, and continue to be, harmed by the

ongoing nature of this action. The numerous trips to court, the time, effort and cost of litigating this action, and the sheer amount of stress that continued contact with the plaintiff is visiting upon me have all combined to inflict very real physical, emotional and fiscal harm upon me. The defendant relies upon her supporting affidavit to bring factual support to her motion.

Wherefore, the defendant prays that the Court grant her special motion to dismiss this action against her with prejudice.

Respectfully Submitted,

*[signature]*
Maryanne (Paicopoulos) Gentile
25 Clark Street
Spencer, Mass. 01562

Dated July 21, 2006