UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

William P. Youngworth, III,                               Case No. 05-30108MAP
Plaintiff

v.

Mark A. Gentile, et als,
Defendants

## PLAINTIFF'S MOTION TO DENY
## STATE DEFENDANTS MOTION TO DISMISS
## OR IN THE ALTERNATIVE EXTEND FILING DEADLINE

Comes now the plaintiff William P. Youngworth, III who moves this Court to deny the "state defendants" motion to dismiss as being in violation of Rule 5 of the Fed. R. Civ. P's. Or, in the alternative, extend this Court's order for the plaintiff to file an answer to the "state" defendant's motion to dismiss by July 21, 2006.

In support of this motion the plaintiff states that on June 13, 2006 he received an order via mail from this Court of June 6, 2006 dismissing his amended Complaint (ordered filed before this Court before March 31, 2006) by this Court's order of February 27, 2006, as being "unopposed". The plaintiff filed an immediate motion for reconsideration citing that he was never served with any of the defendants' motion with the exception of defendant Hoyt. The plaintiff's motion was granted by order of the Honorable Judge Ponser. After this Court's order granting the plaintiff's request the plaintiff was *only* thereafter served with the motion to dismiss for counsel representing defendant Jenne McGinnis.

-2-

To date, despite in hand service on Assistant Attorney General William P. O'Neil (attorney for the "state defendants") telephone calls placed well over one week prior to the filing of this motion to both him and his assistant and previous e-mails, Attorney O'Neil has remained unresponsive to the plaintiff's requests for production of his filed motion to dismiss the plaintiff's amended Complaint.

The plaintiff contacted this Court's Clerk's office on July 14, 2006 in desperation to obtain a copy of Attorney O'Neil's motion to dismiss the plaintiff's amended Complaint. The plaintiff's call was responded to by a Clerk of this Court ("Maurice") where despite the obvious fact that his request was not the responsibility of this Court's already over worked Clerks to provide, Clerk "Maurice" attempted to assist the plaintiff. Unfortunately, Clerk "Maurice's" kind assistance resulted in the plaintiff being furnished with documents which related to his original Complaint and the motions to dismiss filed by counsel no longer a party to this case. To date, at the eleventh hour to this Court's ordered deadline of filing by the plaintiff by July 21, 2006, the plaintiff *still* has not been served by Attorney William P. O'Neil, attorney for the "state defendants", or furnished with his motion to dismiss despite the plaintiff's own efforts which is not required by the Federal Rules of Civil Procedure.

-3-

As a result of the "state defendants'" counsel's failure to make even a minimum attempt of service upon the plaintiff (after this Court was compelled to revise its previous ruling entering an order of dismissal) the plaintiff now finds himself facing a deadline where his amended Complaint will be dismissed for his failure to answer a motion to dismiss which the plaintiff hasn't the slightest notion of what might be contained therein.

The plaintiff has been prejudiced by defense counsel's repeated failure to serve the plaintiff. The plaintiff is unable to comply with this Court's order through no fault of his own and as a result of which the plaintiff moves to deny the "state defendant's" motion to dismiss the amended Complaint or in the alternative seek this Court's order compelling Attorney William P. O'Neil to serve the plaintiff with his motion to dismiss filed before this Court, but not served upon the plaintiff, allowing him a fair opportunity to respond to the defendant's motion. The plaintiff remains deeply appreciative to the patience that has been shown to a disabled Pro Se litigant by both this Court and its Clerks. The plaintiff is painfully aware of the burdensome docket before this Court and while through no fault of his own still offers this Court his apology for his inability to comply with this Court's order after this Court went to the extent of revising its previous order.

Wherefore: the plaintiff prays judgment in the instant matter and moves this Honorable Court to deny the "state defendants" motion to dismiss as being volatile of Rule 5 of the Fed. R. Civ. P.'s or in the alternative, issue an order compelling Attorney William P.

-4-

O'Neil to serve the plaintiff with his motion filed before this Court and thereafter allow the plaintiff a reasonable period of time to file his response.


Respectfully submitted,
*(signature)*
William P. Youngworth, III
Plaintiff Pro Se
P.O. Box 2663
Springfield, Ma. 01101
4130-736-5727
Yworth3@msn.com