UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

William P. Youngworth, III,　　　　　　　　　Case No. 05-30108MAP
Plaintiff

v.

Mark A. Gentiles, et als,
Defendant

### PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT JENNE McGINNIS' MOTION TO DISMISS AMENDED COMPLAINT

Comes now the plaintiff William P. Youngworth, III who hereby opposes defendant Jenne McGinnis' motion to dismiss the plaintiff's amended Complaint.

In support of the plaintiff's instant motion plaintiff states that in addition to the failure of service by counsel representing certain defendants previously identified by this Court as the "state defendants", that opposing counsel before this Court in this instant matter also failed to make service upon the plaintiff. However, service was received by the plaintiff of the instant motion to dismiss after plaintiff's counsel became aware of this Court's order revising its previous order dismissing the plaintiff's Complaint as being "unopposed" and after the plaintiff notified opposing counsel of the lack of service matter via e-mail. Despite the short notice of this motion, the lack of knowledge as to what is contained in the "state defendants" motion to dismiss and how if any way it might relate to defenses being raised herein, the plaintiff will move forward with his answer in opposition to the matter at hand.

-2-

Counsel for defendant McGinnis raises defenses out of their proper context. Counsel repeatedly raises dictum issued in various pre-trial rulings rendered by this Court relating to when the plaintiff was seeking summary default judgment against defendant McGinnis (identified only as "the Safety Plan Advocate") during a period that this defendant was deliberately exploiting her intentional concealing of her identity even after valid US Marshal service was made upon her at her place of work. It was not until the plaintiff learned this defendant's true identity did she move with counsel to remove the default judgment that the plaintiff had obtained against her. This defendant's true identity only was learned after a co-defendant and co-worker of defendant McGinnis signed her true name on a US marshal service form.

In removing the default judgment against this defendant this Court ruled that this defendant was not subject to suit due to the plaintiff's inability to identify her by name as a defendant and her title of employment did not identify her correctly as a defendant despite the fact that this was a situation solely created by the intentional actions of this defendant.

In this Court's February 27, 2006 ruling dismissing certain plaintiffs and defendants both with and without prejudice, while leaving certain other defendants standing to answer the plaintiff's now sole Complaint, this Court never reached the question of the standing of this defendant in its final ruling.

-3-

Counsel for this defendant essentially stands on one theory of law as a defense barring suit. This is the issue of "confidential communications", with, as the plaintiff alleges in his amended Complaint, co-defendants/co-conspirators. Additionally, within the plaintiff's Complaint he plainly alleges that this defendant was both audibly and visually instructing her co-defendant to enter knowingly false and perjured testimony before a trial Court of the Commonwealth designed to manipulate the outcome of certain state proceedings which did, in fact, injure the plaintiff by design and that these actions were both numerous and repeated on several occasions and in the presence of witnesses that the plaintiff intends to call at trial to testify to both what they heard and witnessed.

The defendant offers no theory of precedent law to support his contention and due to the short notice in the receipt of this pleading the plaintiff has not been afforded the opportunity to properly brief his theory of law for this Court's consideration however, the plaintiff is certain that confidential privilege ends where a knowingly committed crime starts.

The plaintiff asserts within his amended Complaint that defendant McGinnis was a second tier defendant in the alleged conspiracy. She is employed by the Department of Public Safety for the Commonwealth of Massachusetts and not in the town of "Spencer" as counsel incorrectly contends within his instant motion thus giving rise to the appearance that defendant McGinnis was/is a "town defendant" which were indeed

-4-

removed as defendants in the plaintiff's amended Complaint by order of this Court along with the Town of Spencer and the Commonwealth of Massachusetts. Upon the plaintiff having the judgment against this defendant reversed he thereafter sought to incorporate this defendant by her true name via motions to amend the original Complaint. At that point after this defendant could no longer deprive the plaintiff from seeking redress against her by the intentional concealment of her identity defenses were filed by counsel citing the plaintiffs' cause of action as 'futile' by virtue of his theory on privileged communications. The plaintiff in contrast has consistently alleged that this defendants' actions were knowingly illegal, she suborned perjury before a trial court of the Commonwealth, she was acting under the color of state law at all times relevant and the design of her actions and conduct were done with the intent to cause injury to both the plaintiff and his minor child. Which her actions absolutely so caused.

The plaintiff asserts that there has been a great deal of confusion over this defendant in this Court's various rulings and it is exactly that confusion that counsel attempts to exploit to the benefit of his client and the determent of the plaintiff. The plaintiff does not interpret the matter of defendant McGinnis as Res Judicata. The plaintiff asserts that the allegations set forth and construed as true in these preliminary proceedings gives continued rise to a cause of action against defendant McGinnis and this defendants' motion to dismiss the plaintiff's amended Complaint should be denied.

-5-

Respectfully submitted,

X *[signature]*
William P. Youngworth, III
Plaintiff Pro Se
P.O. Box 2663
Springfield, Ma. 01101
413-736-5727
Yworth3@msn.com

## CERTIFICATE OF SERVICE

    Comes now the plaintiff who causes his foregoing motion to deny the state defendants motion to dismiss the plaintiff's amended Complaint or in the alternative extend the filing deadline and the plaintiff's motion in opposition to defendant McGinnis' motion to dismiss the plaintiff's amended Complaint, to be served upon the Clerk of this Court by making in hand lobby service. Plaintiff additionally serves all other defendants at their residents or through their attorneys of record via US First Class mail.

x W. P. Youngworth III    7-21-06

William P. Youngworth, III
Plaintiff Pro Se
P.O. Box 2663
Springfield, Ma. 01101
413-736-5727
Yworth3@msn.com