UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III, <br> PLAINTIFF <br><br> v. <br><br> MARK A. GENTILE, et als, <br> DEFENDANTS | ] CIVIL ACTION <br> ] NO. 05-30108-MAP <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] |

### PLAINTIFF'S MOTION IN OPPOSITION TO "STATE DEFENDANTS" MOTION TO DISMISS AMENDED COMPLAINT

Comes now the plaintiff, William P. Youngworth, III, Pro Se, in opposition to defendants Carole Cristo, James Gentile, John J. Conte, Thomas Reilly and Nancy A. Alterio's (the " state defendants" as previously identified by this Court for the purposes of identifying groups within the plaintiff's original Complaint).

The plaintiff files his motion erring to caution. The plaintiff presently has his motion to deny the "state defendants" motion to dismiss the plaintiff's amended Complaint for what the plaintiff claims are repeated violations of Rule 5 of the Fed. R. Civ. P.'s (defective and failure to make proper service). On the very date of the plaintiff's filing the above motion he contacted a Clerk of this Court in person by visiting the Clerk's office (Maurice) and showed him the "state defendant's" council's motion which was post marked some 48 odd hours before the deadline drawn by this Court for the plaintiff's filing his motion opposing dismissal after this Court revised its previous ruling

-2-

dismissing the plaintiff's amended Complaint as being "unopposed" when, in fact, the plaintiff had been never been served by any party in this action with the exception of defendant Hoyt.

The plaintiff does not waive his previous objection which is pending ruling by this Court, however, the plaintiff is more than sensitive to this Court's massive docket and in the event his pending motion is denied by this Court the plaintiff wishes to exercise judicial economy by having the instant motion before this Court for its consideration.

The "state defendant's" in their motion to dismiss the amended Complaint claim violations of Fed. R. Civ. P.'s 8 (a), 8 (e) and 10 (b) citing that the amended fails to contain a "short and plain statement" of his claims against the defendants.

The plaintiff hereby opposes council's allegations. Briefly, the plaintiff filed his original Complaint and subsequent amended Complaint claiming numerous violations of his rights and a conspiracy to do same based on several main themes. One, is that the defendants deliberately took certain actions either directly, or in concert with their co-defendants, to violate the plaintiff's rights (acting under the color of state law) to deprive him of substantial assets entrusted to defendant caretakers who thereafter attempted to murder him, abused both him and his minor child in numerous ways and used a falsified

-3-

lease to their own home combined with a restraining order obtained by using perjury and forged exhibits of evidence to leave both the plaintiff ( a disabled citizen of the Commonwealth of Massachusetts ) and his child homeless, disposed and indigent. Two, that various other defendants both knew this fact and failed to act in retaliation for the plaintiff's well publicized failure to cooperate in high profile theft investigation which has remained unsolved for some seventeen years. Three, the defendants allowed the plaintiff and his child to be abused (despite their numerous and repeated requests for assistance made to certain other defendants) due mainly to an inappropriate relationship defendant Mark A. Gentile enjoyed with certain other co-defendants. Lastly, that the defendants named within the amended Complaint acted in concert to deprive the plaintiff's rights in both numerous and various ways due to a relationship defendant Mark A. Gentile has/had with a State Police Investigator assigned to the Worcester County CPAC Unit which was both intimate and highly inappropriate.

The plaintiff's Complaint outlines an overall conspiracy which was two plus years in it's planning, incorporated the participation of scores of co-defendants and other individuals not named with the amended or original Complaint and the most condensed description as possible of hundreds of overt acts. The plaintiff's amended Complaint is neither vague nor unspecific. To the contrary, the plaintiff has painstakingly furnished the defendants with an abundance of information so they could fairly defend themselves in both the pre-trial proceedings of this action and at trial on this Complaint.

-4-

The body of the plaintiff's original Complaint has been shortened and condensed by almost two thirds its original filing. Each set of facts remains distinct and standing on its own however council in the instant matter neglects any reference to the fact that the plaintiff's Complaint appears extraordinarily on its face merely because of complexity of a two plus year in planning overall conspiracy but in reality still remains a straightforward set of facts to try before this Court.

In essence counsel for the "state defendants" bases his motion to dismiss the plaintiff's amended Complaint in his opinion and as a standard reflex defense to suit. In reality the plaintiff has complied with this Court's order in filing his abbreviated complaint to such an extent that he is concerned that he was unable to include to true thrust of his cause of action or the true serious of the conduct of these defendants which the plaintiff alleges was outrageous, deliberate, punitive, retaliatory, illegal, inappropriate and shocking to any standard of decency or responsibility held by officers of this Commonwealth sworn to uphold it's laws.

The plaintiff vehemently opposes counsel's argument that the plaintiff's amended filing is a violation of the Fed. R. Civ. P.'s in which his motion to dismiss arises out of. The plaintiff states that his amended complaint was filed in the briefest form possible while still maintaining a very clear set of facts that plainly are set forth as to the conduct of each defendant. The plaintiff states that he has compelling evidence and has made

-5-

plain allegations that any Trier of fact or counsel for the defendant's can easily understand and mount a defense thereto. As to counsel's argument that the charging of certain defendants remains exactly the same as the plaintiff's original Complaint that is simply caused by the charging of these defendants remaining unchanged. The plaintiff maintains that he has drastically reduced his facts common to all counts to short, precise and exact sentences which alleges that these defendants committed numerous violations of the plaintiff's rights arising out of the actions and inactions of the conduct plainly alleged within the plaintiff's amended Complaint.

The plaintiff files his foregoing motion in opposition to the defendant's motion to dismiss while still awaiting this Court's ruling to deny the "state defendant's" motion to dismiss for its counsel's failure to comply repeatedly with the minimum service requirements contained with Rule 5 of the Fed. R. Civ. P.'s. The plaintiff has been compelled to pry the defendant's counsel's pleading from him despite counsel being served with this Court's order reversing its previous ruling dismissing the plaintiff's amended Complaint for failure to serve the plaintiff (repeatedly) with motions filed before this Court.

Respectfully submitted,

William P. Youngworth, III
P.O. Box 2663
Springfield, Mass. 01101
413-736-5727

## CERTIFICATE OF SERVICE

    Comes now the plaintiff who serves the foregoing motion in opposition to the defendant's motion to dismiss by causing same to be served upon this Court's Clerk via lobby service. Additionally, the plaintiff causes the foregoing motion to be served upon counsel for the defendants by causing same to be served via US first class mail at his (their) usual place of business. Additional services have further been caused to be served by similar US mail serve upon all parties of this action.

_____  8/07/06
William P. Youngworth, III
Plaintiff
P.O. Box 2663
Springfield. Ma. 01101