5/16/06

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **WILLIAM P. YOUNGWORTH, III,** ] | **CIVIL ACTION** |
| **PLAINTIFF** ] | **NO. 05-30108- MAP** |
| ] | |
| **v.** ] | |
| ] | |
| **MARK A. GENTILE, et als,** ] | |
| **DEFENDANTS** ] | |

## PLAINTIFF'S MOTION TO STRIKE FILINGS
## BY DEFENDANTS GENTILE AND PAICOPOULOS

Comes now the plaintiff who moves this Honorable Court to strike the motions filed

by defendants Gentile and Paicopoulos. More specifically the defendants "Opposition to

Plaintiff's amended Complaint and general motion to dismiss Complaint pursuant to Rule

12 (b) (6) of the Fed. R. Civ. P.'s, defendant Paicopoulos' special motion to dismiss and

affidavit in support thereof.

Prior to even briefly discussing these motions, based on the same legal holdings that

barred the plaintiff from litigating a claim for his minor child in the original Complaint

(the plaintiff William P. Youngworth, III not being an attorney and case holdings clearly

barring filings for a third party by a party whom is not an attorney).

As here, in defendant's joint motion, defendant Gentile has not only filed a motion

representing the interests of his co-defendant, he has also signed the motion for this party.

-2-

Clearly, these two defendants violate one, the Fed. R. Civ. P.s' , and two, the holding case law in this affair to date. If the plaintiff is legally barred from advocating for his minor child by the shear fact that he is not an attorney then the same theory of law obviously applies to these defendants and thus the motion must be completely struck.

However, in addition to the above, these defendants have already filed complete answers to the original Complaint in each and every averment made by the plaintiff's. The fact that they did answer and did not seek dismissal for reasons they now attempt to graft to motions filed by their co-defendants is nothing more then these defendants asking for a fourth and fifth bite at the apple. This Court has previously ruled on this issue and held defendants Gentile, Paicopoulos and Hoyt to answer to the original Complaint.

Next, defendant Gentile files a "special" motion in behalf of his co-defendant Paicopoulos and *again* not only signs it for his co-defendant but files it for her as well while again signing her name on the certificate of service. Defendant Gentile also incorporates an affidavit in support of this 'special' motion. This affidavit not only lacks a Jurit of any kind, it completely lacks any signature at all. Within defendant's "special" motion they/she seeks to ask this Court to bar the plaintiff's cause of action based on Anti-Slapp rulings handed down in various state jurisdictions. However, while these defendants bring this issue before this Court they do so under the guise of a complete

-3-

deception. Without plaintiff addressing the legal mechanics of Anti-Slapp laws these defendants attempt to ask this Court to entertain, these defendants would attempt to convince this Court that the underlying state restraining order action which, as the plaintiff maintains was used by these defendants as an actual tool to restrain him while they exploited it to rob him and his child of their possessions, assets and home was *vacated* by the State Courts on challenge brought by the plaintiff, was still in full force and effect. It is not and the defendants fully know this fact.

As to the remaining allegations these defendants attempt to sully this Court with: They are neither factual nor even worthy of the plaintiff addressing with the exception of one. These defendants make claim that they were planning to adopt the plaintiff's child. Most recently this caused the plaintiff and his caretaker companion (a crucial witness in this matter) to attempt to ask the plaintiff's minor child about this representation made by these defendants. The plaintiff's child responded that these defendants were attempting to convince him that "something was going to happen to his father" which would leave the plaintiff's child at the mercy of these defendants. A most revealing revelation however while Massachusetts Department of Social Services (DSS) has certainly taken its share of criticisms in most recent years the plaintiff seriously doubts that any person of common sense would believe that DSS has embraced a policy of handing over children to known and convicted pederasts (recently having come to the attention of the plaintiff and now to the State Sex Offender Registry)

-4-

and individuals whom they have previously taken all her past biological children from

for serious instances of abuse and neglect. That aside from the issue of this certain

defendant's well documented criminal record for both convictions of drug possession and

prostitution.

Lastly, defendants attempt to make light of the plaintiff's allegations of defendant

Gentile's inappropriate relationship with a State Trooper Detective assigned to defendant

Conte' staff. This allegation has arisen in several other matters unrelated to the plaintiff's.

Since then Trooper Detective Mike Lyver has been removed from the Worcester County

CPAC Unit and 'reassigned' to the State Police's Training Academy in New Braintree,

Massachusetts. The spirit in which these defendants are made (if even Paicopoulos was

involved in these filings at all) can be clearly reflected by the notation on the addressing

of the envelope they sent to the plaintiff containing their/his pleadings. (*attached for this

Court's inspection*)

WHEREFORE: The plaintiff moves this Court to strike all the pleadings filed by

defendants Gentile and Paicopoulos as being volatile to the case holdings in this matter to

date, this Court's previous rulings and the most basic aspects pertinent to the Fed. R. Civ.

P.'s.

Respectfully submitted,

William P. Youngworth, III,
Plaintiff Pro Se
P.O. Box 2663
Springfield, Ma, 01101
413-736-5727
Yworth3@msn.com



UNITED STATES
POSTAL SERVICE

0000

AMOUNT
$0.87

U.S. POSTAGE
PAID
SPRINGFIELD, MA
JUL 21 '06
000 3805-09
0110

## CERTIFACTE OF SERVICE

Comes now the plaintiff who causes the foregoing motion to strike filings of defendant Gentile and Paicopoulos to be served upon this Court's Clerk via lobby service and upon same defendants by US First class mail.

W. P. Youngworth III    8/6/06

William P. Youngworth, III
Plaintiff