UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III,<br>　　　　Plaintiff | )<br>)<br>)<br>)<br>) |
| v. | )　Civil Action No.  05-30108-MAP<br>)<br>)<br>) |
| MARK A. GENTILE, ET AL.,<br>　　　　Defendants | )<br>) |

REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANTS' MOTIONS
TO DISMISS AMENDED COMPLAINT (Document Nos. 77, 80, 81 and 88)
October 31, 2006

NEIMAN, C.M.J.

On February 27, 2006, District Judge Michael A. Ponsor, upon recommendation of the undersigned, ordered William P. Youngworth, III ("Plaintiff") to amend his verbose *pro se* complaint.  (Document No. 72, hereinafter the "February 27th Order.") Plaintiff did so and narrowed his allegations.  Still, all but one of the remaining defendants have filed motions to dismiss, several of whom continue to argue that the amended complaint, like the original, violates the pleading requirements of Fed. R. Civ. P. 8(a), 8(e) and 10(b).  Other defendants raise different concerns.

In all, four motions to dismiss have been referred to this court for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B).  For the reasons stated below, the court will recommend that one of the motions, that of Defendant Jenne McGinnis, be allowed and that the three other motions be denied.  The court will also recommend,

*sua sponte*, that portions of Plaintiff's complaint be dismissed.

## I. BACKGROUND

Plaintiff filed his amended complaint on March 30, 2006, against nine different defendants, three of whom are themselves proceeding *pro se*.[1] Two of the *pro se* defendants -- Maryanne Paicopoulos ("Paicopoulos"), described as Plaintiff's "caretaker," and Christine Hoyt ("Hoyt"), Plaintiff's landlord -- although having answered the original complaint, now seek to dismiss the amended complaint on various grounds. As mentioned above, a third motion to dismiss has been filed by Jenne McGinnis ("McGinnis"), a domestic violence counselor in the Town of Spencer. The fourth motion to dismiss has been filed by the five remaining "State Defendants": Carole Cristo, James Gentile, John Conte, Thomas Reilly and Nancy Alterio. The final defendant, Mark Gentile, who is also proceeding *pro se* and described as another one of Plaintiff's "caretakers," has remained silent.

The amended complaint, spanning 36 pages and 163 paragraphs, is substantially shorter than the original which spanned 110 pages and 418 paragraphs. It purports to contain five causes of action, each of which appears to target all of the defendants. Count One alleges a violation of 42 U.S.C. § 1983 ("section 1983"). Count Two alleges conspiracy in violation of section 1983. Count Three alleges "deliberate indifference" in violation of section 1983. Count Four is entitled "vicarious liability," but contains no substantive allegations. Count Five alleges intentional

---

[1] Thirteen defendants were named in the original complaint, but Judge Ponsor dismissed four of them in his February 27th Order: the Commonwealth of Massachusetts along with three individuals employed by the Town of Spencer.

infliction of emotional distress.

## II. DISCUSSION

Since Plaintiff is a *pro se* litigant, his amended complaint is held to a less stringent standard than one prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and has been read with an extra degree of solicitude. *See Rodi v. Ventetuolo* 941 F.2d 22, 23 (1st Cir. 1991). Nonetheless, the court will first recommend, *sua sponte*, that Counts Three and Four, as well as those portions of Counts One and Two which target Hoyt and Paicopoulos, be dismissed. The court will then turn to the specific motions filed by the various defendants.

### A. RECOMMENDED *SUA SPONTE* DISMISSALS

As an initial matter, the court will recommend, *sua sponte*, that Count Three, alleging "deliberate indifference," and Count Four, alleging "vicarious liability," be dismissed in their entirety. Neither of these causes of action requires extended discussion.

Count Three should be dismissed because there can be no cause of action for "deliberate indifference" based on the allegations of the complaint. The term "deliberate indifference" refers to a type of "unconstitutional condition[ ] of confinement" to which prisoners or pretrial detainees may be subjected. *See generally Surprenant v. Rivas*, 424 F.3d 5, 18-19 (1st Cir. 2005) (citing, *inter alia*, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Nowhere in the amended complaint, however, is there an allegation that Plaintiff was imprisoned or detained pretrial, let alone by any of the named defendants. In the court's view, therefore, Count Three ought not survive.

Count Four should be dismissed for an even more fundamental reason: there is nothing to it. The only sentence following the title "vicarious liability" reads as follows:

> The plaintiff repeats and reasserts the allegations against all defendants contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

(Amended Complaint ¶ 162.) Needless to say, this language obviously fails to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).

Finally, the court will recommend *sua sponte* that Counts One and Two, both of which purport to arise under section 1983, be dismissed as against two of the *pro se* defendants, Hoyt and Paicopoulos. In order to maintain a section 1983 claim, Plaintiff must establish that the targeted defendants were acting "under color of state law" and that this conduct "deprived him of rights, privileges, or immunities secured by the laws or Constitution of the United States." *Matney v. City of N. Adams*, 359 F. Supp. 2d 20, 22-23 (D. Mass. 2005) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1988)). Since neither Hoyt (Plaintiff's landlord) nor Paicopoulos (one of Plaintiff's caretakers) is a state actor, they cannot be sued under section 1983 for alleged constitutional violations. *See Yeo v. Town of Lexington*, 131 F.3d 241, 248-49 (1st Cir. 1997) ("If there is no state action, then the court may not impose constitutional obligations on (and thus restrict the freedom of) private actors.").[2]

---

[2] The court will not extend this *sua sponte* recommendation of dismissal to Mark Gentile, the third *pro se* defendant. Although there is no allegation that Mark Gentile is himself a state official, the amended complaint alleges that he told Plaintiff "that he had a cousin [-- *i.e.*, defendant James Gentile --] employed by the Attorney General's staff and other 'connections' that made him 'untouchable' in Worcester." (Amended Complaint ¶ 76.) As Judge Ponsor recognized in a previous case, "if a private party

B. M<small>C</small>G<small>INNIS'</small> M<small>OTION TO</small> D<small>ISMISS</small> (D<small>OCUMENT</small> N<small>O.</small> 80)

In the court's opinion, the motion to dismiss filed by McGinnis, the domestic violence counselor, ought to be allowed. As Plaintiff is well aware, on February 3, 2006, this court denied as futile Plaintiff's earlier motion to amend the complaint by adding McGinnis as a defendant. The court ruled that "there is no showing that Ms. McGinnis is a state actor or otherwise may be sued for confidential communications she had as a domestic violence counselor." (Electronic Order dated Feb. 3, 2006). The court referred to this ruling in its report and recommendation issued that same day. Upon thereafter adopting the recommendation, Judge Ponsor, in his February 27th Order, instructed Plaintiff to "insure that modifications are made to his amended complaint to incorporate the orders of this court."

Notwithstanding this instruction, Plaintiff named McGinnis in his amended complaint in violation of the court's previous orders. Moreover, he has not offered any legal basis for again naming McGinnis a defendant. Plaintiff simply states that *he* "does not interpret the matter . . . as Res Judicata." (Document No. 91 (Pl.'s Motion in Opp'n to McGinnis' Motion to Dismiss) at 4.) This is obviously insufficient. Lacking any compelling reason to allow Plaintiff to resurrect his original futile claims against McGinnis, the court will recommend that her motion to dismiss be allowed.

---

has acted 'with the help of or in concert with state officials,' a private actor may be liable based on state action." *Budnick v. Baybanks, Inc.*, 921 F. Supp. 30, 32-33 (D. Mass. 1996) (quoting *McKeesport Hosp. v. Accreditation Council*, 24 F.3d 519, 524 (3rd Cir. 1994)). Other portions of the amended complaint, too, imply that Mark Gentile may have acted in concert with state officials. (See, *e.g.*, Amended Complaint, ¶¶ 77, 123 and 124.)

5

C.  <u>THE STATE DEFENDANTS' MOTION TO DISMISS</u> (Document No. 77)

As they did with the original complaint, the State Defendants argue that the amended complaint violates Rules 8(a), 8(e) and 10(b).  The court, however, believes that the amended complaint, while often rambling and tangential, is sufficiently clear as to allow the State Defendants to file a responsive pleading to the claims which this court believes ought to remain against them, *i.e.*, Count One (alleging a violation of section 1983), Count Two (alleging a conspiracy in violation of section 1983), and Count Five (alleging intentional infliction of emotional distress).

To be sure, large portions of Plaintiff's amended complaint continue to mention events which apparently have nothing to do with the State Defendants.  (See, *e.g.*, Amended Complaint ¶¶ 12-43, 46-48, 50-55, 57-60, 63-69, 78-82, 92-108, 110-22, 125-45, 152, 154-56.)  Still, each of the State Defendants is clearly targeted in scattered paragraphs (see *id.* ¶¶ 44, 45, 49, 68 and 153 (targeting Cristo); 74-77, 123, 124 and 151 (targeting James Gentile); 56, 61, 62, 70, 71, 83-87, 109, 149 and 150 (targeting Conte); 72, 73, 77, 146 and 147 (targeting Reilly); and 88-91 and 148 (targeting Alterio)), which paragraphs are then incorporated into the various causes of action.  The federal rules require little more.  *See*, *e.g.*, *Torres-Rivera v. O'Neill-Cancel*, 406 F.3d 43, 49 (1st Cir. 2005) (observing that there is no heightened pleading requirement for civil rights claims) (citing, *inter alia*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)).

This is not to suggest that Plaintiff's allegations against the State Defendants will necessarily survive either a merits-based motion to dismiss, *see* Rules 12(b)(6) and (c),

6

a motion for summary judgment, *see* Rule 56, or a similar such attack. For now, however, considering the federal rules' relatively modest pleading requirements, the leniency accorded to *pro se* litigants, and the need to move this case along, the court will recommend that the State Defendants' motion to dismiss be denied.

D.  HOYT'S MOTION TO DISMISS (DOCUMENT NO. 81)

Although Hoyt, proceeding *pro se*, filed an answer to the original complaint, she has now moved to dismiss the amended complaint pursuant to Rules 8(a), 8(e) and 10(b). For essentially the same reasons noted above with regard to the State Defendants, the court will recommend that Hoyt's motion to dismiss be denied. While large portions of Plaintiff's amended complaint continue to concern events which apparently have nothing to do with Hoyt, she is clearly targeted in certain paragraphs to which she can (and in fact, did) respond.

E.  PAICOPOULOS' MOTION TO DISMISS (DOCUMENT NO. 88)

Paicopoulos, also proceeding *pro se*, argues that Plaintiff's claims against her should be dismissed "for being in violation of Massachusetts['] anti-SLAPP laws, as well as cognate provisions of federal law," *i.e.*, Mass. Gen. L. ch. 231, § 59H and 42 U.S.C. § 1988. (Paicopoulos's Motion at 1.) According to Paicopoulos, it is "obvious" that the claims against her stem from her "obtaining a 209A anti-abuse protection order against the plaintiff." (*Id.*) "The numerous trips to court," she continues, along with "the time, effort and cost of litigating this action, and the sheer amount of stress that continued contact with the plaintiff is visiting upon me," have "combined to inflict very real physical, emotional and fiscal harm upon me." (*Id.* at 2.)

7

The court takes Paicopoulos' allegations quite seriously. Moreover, given the tenor of Plaintiff's complaint, the court is concerned -- as are several of the other defendants -- that Plaintiff may be abusing the legal process as a means of harassment. If that turns out to be the case, Plaintiff can expect to be sanctioned in the most severe manner. For now, however, the court sees insufficient bases for dismissing the claims against Paicopoulos on the grounds she raises, particularly in light of the fact that she, like Hoyt, was able to adequately answer the original complaint. Accordingly, the court will recommend that Paicopoulos' motion to dismiss be denied.

### III. CONCLUSION

For the foregoing reasons, the court recommends as follows:

(1) that Counts Three and Four of the amended complaint be *sua sponte* DISMISSED as against all defendants;

(2) that Counts One and Two of the amended complaint be *sua sponte* DISMISSED as against Hoyt and Paicopoulos;

(3) that McGinnis' Motion to Dismiss (Document No. 80) be ALLOWED;

(4) that the State Defendants' Motion to Dismiss (Document No. 77) be DENIED;

(5) that Hoyt's Motion to Dismiss (Document No. 81) be DENIED; and

(6) that Paicopoulos' Motion to Dismiss (Document No. 88) be DENIED.[3]

---

[3] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's

DATED: October 31, 2006

          /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
Chief Magistrate Judge

---

receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  See *Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  See also *Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.