UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH III,<br>　　　　　Plaintiff,<br>v.<br>MARK A. GENTILE, et al.,<br>　　　　　Defendants. | CIVIL ACTION<br>NO. 05-30108-MAP |

**DEFENDANTS THOMAS REILLY, JOHN J. CONTE AND JAMES GENTILE'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

### INTRODUCTION

The Defendants Thomas Reilly, John J. Conte and James Gentile (collectively "the defendants") have moved the Court to dismiss the Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. The Defendants Thomas Reilly, as Attorney General of the Commonwealth, John J. Conte, as the Worcester District Attorney, and James Gentile as an Investigator for the Office of the Attorney General, are entitled to prosecutorial immunity

### FACTUAL BACKGROUND

The Defendant Thomas Reilly is identified as the Attorney General for the Commonwealth of Massachusetts in paragraph 9 of the Amended Complaint. The allegations against Thomas Reilly as Attorney General are contained in paragraphs 72, 73, 77, 146 and 147. The substantive allegations against Mr. Reilly appear in paragraphs 146 and 147. "The in-actions and actions of the defendant Reilly, the Attorney General and highest ranking law enforcement officer for the Commonwealth of Massachusetts, was (sic) designed as a punitive retaliation for the plaintiff's refusal to cooperate with his investigations in a previous investigation." *Amended Complaint* ¶146 "The conduct of the defendant Reilly at all times alleged herein was designed to discriminate against the plaintiff and to

treat him as a disfavored minority while acting in a conspiracy with the other defendant's to retaliate against the plaintiff by allowing his co-defendants to commit serious crimes against the plaintiff, caus him serious injury and to violate his most basic of protections afforded to him by his constitutional rights." *Amended Complaint* ¶147

The Defendant John J. Conte is identified as the Worcester District Attorney in paragraph 8 of the Amended Complaint. The allegations against as Worcester District Attorney are contained in paragraphs 56, 61, 62, 70, 71, 83, 84, 85, 87, 149 and 150. Again, the gravamen of the complaint against Mr. Conte are contained in the last two paragraphs and are similar to the allegations against the Attorney General. Paragraph 146 alleges that the Plaintiff was discriminated against as a disfavored minority, that no actions were taken to protect the rights of the Plaintiff and that the District Attorney participated in some sort of conspiracy against the Plaintiff. *Amended Complaint* ¶ 149. Further, it is alleged that the District Attorney obstructed justice and allowed witness tampering against the Plaintiff. *Amended Complaint* ¶ 150

The Defendant James Gentile is identified as an Investigator for the Massachusetts Attorney General's Office in paragraph 7 of the Amended Complaint. The allegations against James Gentile, as an Investigator in the Office of the Attorney General, are contained in paragraphs 74, 75, 76 and 151. After again alleging discrimination and retaliation, the Plaintiff alleges that Mr. Gentile ". . . intentionally fail (ed) to uphold his sworn duties to protect the rights of the plaintiff and further his role in an overall conspiracy while enjoying an inappropriate relationship with certain co-defendants within this Complaint." *Amended Complaint* ¶ 151.

## ARGUMENT

The Defendants Thomas Reilly as Attorney General and John Conte as Worcester District

2

Attorney are absolutely immune from civil rights claims under Federal law as well as State law for any actions taken, or not taken, as prosecutors for the Commonwealth. A prosecutor enjoys absolute immunity from suit under 42 U.S.C. § 1983 when acting within his or her jurisdictional scope. *Imbler v. Pachtman*, 424 U.S. 409, 427, (1975) *See also, Dinsdale v. Commonwealth*, 424 Mass. 176 (1997). As recognized by both the United States Supreme Court and the Supreme Judicial Court of Massachusetts, the immunity in question is not simply immunity from liability, but immunity from "'the risks of trial.'" *Breault v. Chairman of the Board of Fire Commissioners*, 401 Mass. 26, 31 (1987), *cert. denied*, 485 U.S. 906 (1988), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982).

The Attorney General and District Attorney, as prosecutors, act within the prosecutorial function anytime they are involved in the judicial process, i.e., presenting the state's case. *Martinez v. Winner*, 771 F.2d 424, 438 (10th Cir.1985). Prosecutorial immunity is a complete protection from civil suit, if the prosecutor is acting within his or her scope of authority. *Imbler*, 424 U.S. at 427.

Mr. Gentile is sued in his capacity as an Investigator assigned to the Worcester office of the Massachusetts Attorney General's office. Complaint, ¶ 1 & ¶ 74. It appears that Mr. Gentile responded to a letter written by the Plaintiff to the Attorney General's Office on 4/10/04, informing the Plaintiff that civil rights violations did not come "under the purview of the Office of the Massachusetts Attorney General." Complaint, ¶ 74. In the next paragraph of the Amended Complaint, the Plaintiff assumes this is somehow part of a conspiracy with another Defendant in this case named Mark Gentile. Complaint, ¶ 76. The Amended Complaint does not shed any further light on this alleged conspiracy.

Massachusetts General Laws c. 12, §3 defines the duties and responsibilities of the Attorney General:

"The attorney general shall appear for the commonwealth and for state departments, officers and commissions in all suits and other civil proceedings in which the commonwealth is a party or interested, or in which the official acts and doings of said departments, officers and commissions are called in question, in all the courts of the commonwealth, except upon criminal recognizances and bail bonds, and in such suits and proceedings before any other tribunal, including the prosecution of claims of the commonwealth against the United States, when requested by the governor or by the general court or either branch thereof. All such suits and proceedings shall be prosecuted or defended by him or under his direction. Writs, summonses or other processes served upon such officers shall be forthwith transmitted by them to him. All legal services required by such departments, officers, commissions and commissioners of pilots for district one in matters relating to their official duties shall, except as otherwise provided, be rendered by the attorney general or under his direction."

The Attorney General does not represent private citizens for alleged violations of their civil rights in the Plaintiff's circumstances. Mr. Gentile's disclaimer on the part of the Attorney General's Office is an accurate statement of the law, not part of a conspiracy to violate the Plaintiff's civil rights. The mere conclusory allegation of participation in a conspiracy by the Defendant Gentile fails to state a claim upon which relief can be granted. *See Kadar Corp. v. Milbury*, 549 F.2d 230, 233 (1st Cir.1977)

The plaintiff's claims against Mr. Reilly, Mr. Conte and Mr. Gentile focus exclusively on conduct that allegedly occurred while the Defendants were working in their official capacities. The plaintiff attempts to implicate Mr. Reilly, Mr. Conte and Mr. Gentile through factually unsupported, conclusory allegations that are based solely on actions allegedly taken while in their official positions. "It is settled law 'that [under the Eleventh Amendment] neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action.'" *Johnson v. Board of Bar Overseers of Massachusetts*, 324 F. Supp.2d 276, 286 (D. Mass. 2004)(quoting *Wang v. New Hampshire Bd. of Reg. in Med.*, 55 F.3d 698, 700 (1st Cir. 1995)). "[I]ndividuals . . . are . . . immune from suit based on their actions taken in their official capacities." *Id.*

Further, this Court should dismiss the Amended Complaint for the alleged violations of the

Plaintiff's civil rights because a suit against state officials in their official capacities is a suit against the Commonwealth, which is not a person under either statute. *See O'Malley v. Sheriff of Worcester County,* 415 Mass. 132, 141 n. 13 (1993) (stating "[s]tate officials sued for damages in their official capacity are not 'persons' under § 1983 because the law treats the action as [one] against the official's office and hence against the State"). Given that the defendants have been sued in their official capacities and that such a suit is akin to a suit against the Commonwealth (*O'Malley,* 415 Mass. at 141 n. 13), the Eleventh Amendment provides immunity from suit. *Kentucky v. Graham,* 473 U.S. 159, 169 (1985) (holding that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. [citations omitted] This bar remains in effect when State officials are sued for damages in their official capacity"). Here, since the Plaintiff has named Mr. Reilly, Mr. Conte and Mr. Gentile in their official capacities, the Amended Complaint must be dismissed.

Finally, a complaint based upon a violation of a civil rights statute must do more than state conclusions; it must at least outline the facts constituting the alleged violations. *Pavilonis v. King,* 626 F.2d 1075, 1078 (1st. Cir.), *cert. denied,* 449 U.S. 829 (1980); *Glaros v. Perse,* 628 F.2d 679, 684 (1st. Cir.1980); *Leonardo v. Moran,* 611 F.2d 397, 398 (1st. Cir.1979). The complaint must allege "not merely a grievance, but a violation by defendant of a legal right belonging to plaintiff." *Massachusetts Rules Practice,* §12.12 (Supp.), *citing Donnelly v. Suffolk University,* 3 Mass. App. Ct. 788, *cert. denied,* 425 U.S. 955 (1975). A "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of University of Alaska,* 673 F.2d 266, 268 (9th. Cir.1982). A civil rights complaint is insufficient when based upon "bald assertions, unsupportable conclusions ...." *The Dartmouth Review v. Dartmouth*

*College*, 889 F.2d 13, 16 (1st Cir. 1989) *quoting Chonquis v. Board of Appeals*, 811 F.2d 36, 379745 (1st Cir.), *cert. denied,* 483 U.S. 1021 (1987). The Plaintiff must also set forth "a causal connection between the conduct complained of and [his] constitutional deprivation." *See Scarpetta v. Murphy,* 624 F.Supp. 33, 35 (1985) (citations omitted). "Courts assessing the sufficiency of a § 1983 claim should not be required 'to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional official action into a substantial one.'" *South Boston Allied War Veterans Council v. Massachusetts Comm'n Against Discr.,* 1994 WL 879961 (Mass. Super. 1994) *quoting O'Brien v. DiGrazia,* 544 F.2d 543, 546 n. 3 (1st.Cir.1976). The Plaintiff has failed to meet this pleading burden.

## CONCLUSION

The defendants Thomas Reilly, John J. Conte and James Gentile request the Court dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

/S/ *William P. O'Neill*

---

William P. O'Neill
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, Massachusetts 01103-1629
413-784-1240 ext. 107