UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH III,<br>　　　　　　Plaintiff,<br>　　v.<br>MARK A. GENTILE, et al.,<br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 05-30108-MAP |

## DEFENDANT CAROLE CRISTO'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant Carole Cristo has moved to dismiss the Plaintiff's Amended Complaint because it fails to state a claim upon which relief can be granted since Ms. Cristo is entitled to quasi-judicial immunity for her actions at the East Brookfield District Court.

### FACTUAL BACKGROUND

The Defendant Carole Cristo is identified as an Administrative Account Clerk in paragraph 5 of the Amended Complaint. The allegations against Carole Cristo as an "Administrative Account Clerk" are contained in paragraphs 44, 45, 68, and 153 of the Amended Complaint. The Plaintiff's substantive allegations against Ms. Cristo appear in paragraphs 44 and 45. These paragraphs allege, inter alia, that on February 26, 2004, Ms. Cristo denied the Plaintiff's application for an abuse prevention petition which alleged abuse by his caretakers. Further, it is alleged that Ms. Cristo threw the Plaintiff out of her office for no apparent reason.

In fact, the Defendant Carole Cristo is the Office Manager of the East Brookfield District Court. *Affidavit of the Defendant Carole Cristo* ¶ 1. In addition to administrative and managerial duties, Ms. Cristo acts as a clerk for the screening of applications for abuse prevention petitions under General Laws c. 209A. *Affidavit of the Defendant Carole Cristo* ¶ 2. At the screening stage, a determination is made to determine if the applicant qualifies as a family or household member of the alleged abuser. *Affidavit of the Defendant Carole Cristo* ¶ 3. Under General Laws c. 209A, §1, family or household members are persons who are or were married to one another; are or were residing together in the same household; are or were related by blood or marriage; have a child in common or are or have been in a substantive dating or engagement relationship. *Affidavit of the Defendant Carole Cristo* ¶ 4. On February 26, 2004, Mr. Youngworth made an application for an abuse prevention petition under General Laws c. 209A at the East Brookfield District Court, alleging

abuse by his "caretakers." *Affidavit of the Defendant Carole Cristo* ¶ 5. Mr. Youngworth's caretakers did not qualify as family or household members under General Laws c. 209A, §1 as they were identified by him as being Mark A. Gentile and Maryanne Paicopoulos. *Affidavit of the Defendant Carole Cristo* ¶ 6. Since Mr. Youngworth's caretakers did not qualify as family or household members, Ms. Cristo denied his application for abuse prevention at that time. *Affidavit of the Defendant Carole Cristo* ¶ 7. Mr. Youngworth was informed by Ms. Cristo that a restraining order against non-family or non-household members would be available to him upon application at the Worcester Superior Court under that court's general equity powers. *Affidavit of the Defendant Carole Cristo* ¶ 8. Mr. Youngworth then created a disturbance and became disorderly and was asked to leave the Clerk's Office of East Brookfield District Court. *Affidavit of the Defendant Carole Cristo* ¶ 9. Ms. Cristo does not know Mark A. Gentile, Maryanne Paicopoulos or Christine Hoyt. She has never made any agreement with any party or individual to deprive Mr. Youngworth of his access to the East Brookfield District Court or any other court in the Commonwealth of Massachusetts. *Affidavit of the Defendant Carole Cristo* ¶ 10.

## ARGUMENT

A. THE DEFENDANT CAROL CRISTO IS ENTITLED TO JUDICIAL IMMUNITY IN THE PERFORMANCE OF HER QUASI JUDICIAL FUNCTIONS WHEN SCREENING ABUSE PREVENTION PETITIONS.

It is clear that the Defendant Cristo was acting as a quasi judicial officer in the process of screening a petition for abuse prevention under G.L. c. 209A. The functional approach taken by the courts in immunity cases requires an analysis of the nature of the duties performed, and whether they are closely associated with the judicial process. See *Cleavinger*, 474 U.S. at 200. Quasi judicial functions have been defined as duties for the court such as gathering information, preparing reports, and making recommendations, and the persons engaged in such duties are entitled to absolute immunity from suit. See *Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989).

Ms. Cristo was performing a quasi judicial function in screening a petition for abuse prevention under G.L. c. 209A. She was making a threshold determination if the Plaintiff's alleged abusers were persons from whom the Plaintiff was entitled to be protected under the statute. Her actions were intended to save judicial time and effort to prevent unqualified applications from being presented to the court, only to be dismissed for lack of qualification.

Non-judicial officers of a court are entitled to immunity for their actions, or non actions, in regard to their official duties. Clerks who are performing judicial functions are entitled to the same absolute immunity as judges. *Dunn v. Gazzola*, 216 F. 2d 709 (1st Cir. 1954). Court clerks who are

acting at the judge's direction are immune from liability. *Temple v. Marlborough Division of the District Court*, 395 Mass. 117 (1985) and *Slotnick v. Garfinkle*, 632 F. 2d 163, 166 (1st Cir. 1980). Clerks who merely receive and file papers for the court are also entitled to immunity for their actions. *Rudnicki v. McCormack, et al., supra*. This immunity is from suit and not just liability. *Dellenbach v. Letsinger*, 889 F. 2d 755, 763 (7th Cir. 1989).

The doctrine of absolute judicial immunity has been extended to persons, other than judges, performing judicial or quasi judicial functions. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 430-431 (1976) (prosecuting attorneys associated with judicial phase of criminal process); *Demoran v. Witt*, 781 F.2d 155, 157-158 (9th Cir.1986) (probation officer preparing presentence reports). Courts have expanded the doctrine of absolute judicial immunity to include these "quasi judicial" officers because they are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a law suit. *Robichaud v. Ronan*, 351 F.2d 533, 535-538 (9th Cir.1965). When acting at a judge's direction, these "quasi judicial" officers enjoy the same absolute immunity for their conduct, specifically including clerks. *Sullivan v. Kelleher*, 405 F.2d 486 (1968) (1CCA) and *Temple v. Marlborough Division of the District Court Department*, 395 Mass. at 133, 479 N.E.2d 137 (court clerk).

In the present case, the Defendant Cristo was making threshold inquiries of the Plaintiff to determine if he qualified for a restraining order. On February 26, 2004, Mr. Youngworth made an application for an abuse prevention petition under General Laws c. 209A at the East Brookfield District Court, alleging abuse by his "caretakers." *Affidavit of the Defendant Carole Cristo* ¶ 5. Mr. Youngworth's caretakers did not qualify as family or household members under General Laws c. 209A, §1 as they were identified by him as being Mark A. Gentile and Maryanne Paicopoulos. *Affidavit of the Defendant Carole Cristo* ¶ 6. Since Mr. Youngworth's caretakers did not qualify as family or household members, Ms. Cristo denied his application for abuse prevention at that time. *Affidavit of the Defendant Carole Cristo* ¶ 7. All of these inquiries were quasi-judicial in nature and qualify Ms. Cristo for immunity.

In addition, Mr. Youngworth was informed by Ms. Cristo that a restraining order without the conditions of family or household members would be available to him upon application at the Worcester Superior Court under that court's general equity powers. *Affidavit of the Defendant Carole Cristo* ¶ 8. He was not denied access to the Massachusetts judicial system, but was referred to the proper court where he was qualified to obtain the relief he sought. Apparently the Plaintiff failed to heed this advice, seeking redress in this Court after the fact.

B. THE ACTION AGAINST THE DEFENDANT CAROL CRISTO SHOULD BE DISMISSED AS SHE IS SUED ONLY IN HER OFFICIAL CAPACITY.

Throughout his Amended Complaint, the Plaintiff repeatedly refers to the Defendant in her official capacity at the East Brookfield District Court. The Plaintiff has not referred to the Defendant in her individual capacity at any point in his Amended Complaint. Given that this Defendant has been sued in her official capacity and that such a suit is akin to a suit against the Commonwealth, the Eleventh Amendment provides immunity from suit. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. [citations omitted] This bar remains in effect when State officials are sued for damages in their official capacity")..

This Court must dismiss the action against the Defendant Cristo because a suit against state officials in their official capacities is a suit against the Commonwealth, which is not a person under either statute. *See O'Malley v. Sheriff of Worcester County*, 415 Mass. 132, 141 n. 13 (1993) (stating "[s]tate officials sued for damages in their official capacity are not 'persons' under § 1983 because the law treats the action as [one] against the official's office and hence against the State"). Here, since the Plaintiff has named the Defendant Cristo in her official capacity, the Amended Complaint must be dismissed.

## CONCLUSION

WHEREFORE, the Defendant Cristo respectfully requests that the Court dismiss the Plaintiff's Amended Complaint against her for failure to state a claim upon which relief can be granted under Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

/S/ *William P. O'Neill*

William P. O'Neill
Assistant Attorney General of Massachusetts
Western Massachusetts Division
1350 Main Street
Springfield, Massachusetts 01103-1629
413-784-1240 ext. 107

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM P. YOUNGWORTH III,
    Plaintiff,
v.
MARK A. GENTILE, et al.,
    Defendants.

CIVIL ACTION
NO. 05-30108-MAP

### AFFIDAVIT OF THE DEFENDANT CAROLE CRISTO

I, Carole Cristo do hereby depose at state:

1. At all times relevant hereto, I was employed as the Office Manager of the East Brookfield District Court.

2. In addition to administrative and managerial duties, I will act, on occasion and as need requires, as a clerk for the screening of applications for abuse prevention petitions under Massachusetts General Laws c. 209A.

3. At the screening stage, a determination is made to determine if the alleged abuser is a family or household member of the petitioner.

4. Under Massachusetts General Laws c. 209A, §1, family or household members are persons who: (a) are or were married to one another; (b) are or were residing together in the same household; (c) are or were related by blood or marriage; (d) having a child in common regardless of whether they have ever married or lived together; or (e) are or have been in a substantive dating or engagement relationship, which shall be adjudged by district, probate or Boston municipal courts consideration of the following factors: (1) the length of time of the relationship; (2) the type of relationship; (3) the frequency of interaction between the parties; and (4) if the relationship has been terminated by either person, the length of time elapsed since the termination of the relationship.

5. On February 26, 2004, Mr. Youngworth made an application for an abuse prevention petition under Massachusetts General Laws c. 209A at the East Brookfield District Court, alleging abuse by his "caretakers."

6. Mr. Youngworth's caretakers did not qualify as family or household members under Massachusetts General Laws c. 209A, §1 as they were identified by him as being Mark A. Gentile and Maryanne Paicopoulos.

7. Since Mr. Youngworth's caretakers did not qualify as family or household members, he was denied an application for abuse prevention at that time.

8. Mr. Youngworth was informed that a restraining order against non-family or non-household members would be available to him upon application at the Worcester Superior Court under that court's general equity powers.

9. Mr. Youngworth then created a disturbance and became disorderly. He was asked to leave the Clerk's Office of East Brookfield District Court.

10. I do not know Mark A. Gentile, Maryanne Paicopoulos or Christine Hoyt and have never made any agreement any party or individual to deprive Mr. Youngworth of his access to the East Brookfield District Court or any other court in the Commonwealth of Massachusetts.

This statement made under oath and the pains and penalties of perjury on this ___31___ day of January 2007.

*Carole M. Cristo*
Carol Cristo
Office Manager
East Brookfield District Court.