United States District Court
District of Massachusetts

William Youngworth III, Plaintiff
v.
Mark A. Gentile, et al, Defendants

Civil Action: 05-30108 MAP

FILED


In response to the Notice of Scheduling Conference in the above mentioned case:

1) I, Christine Hoyt, have been in contact with William P. O'Neill, Assistant Attorney General and council for defendants Thomas Reilly, John J. Conte, James Gentile, Carole Christo and Nancy Alterio, also represented by the Office of the Attorney General, in the above mentioned case and we concurred that due to difference in the nature of the claims set forth against myself and the above mentioned defendants, there is no need for discovery between the parties listed in this paragraph.

2) Defendants Mark Gentile and Mary Paicopoulous Gentile no longer reside at 25 Clark Street, Spencer, MA and have left no forwarding address so I have no means of contacting those parties, other than to send this notice to their previous address at 25 Clark St., Spencer, MA and see if it is forwarded by the US Post Office.

3) William P. Youngworth III, herein called WPY, has written to me in regards to a settlement in this case, a copy of which I have enclosed, along with my response

4) I request the following items be provided by Plaintiff WPY as part of the discovery process:

   a. A valid, dated lease or rental agreement between WPY and myself for apartment 1F, 25 Clark Street, Spencer, MA and signed by Christine Hoyt, that he alleges exists.

   b. Valid, dated receipts for any monies allegedly paid to Christine Hoyt by WPY himself, and not Mark A. Gentile, and signed by Christine Hoyt, for the first months rent, last months rent and security deposit at apartment 1F, 25 Clark Street, Spencer, MA that WPY alleges he has paid.

   c. Valid, dated receipt(s) from Christine Hoyt to WPY or canceled checks from WPY indicating that the alleged payment(s) was for the rental of

    apartment 1F, 25 Clark Street was made by WPY, for any monthly rental payment he alleges he has paid.

e. A credit history report provided on documentation preferably by Experian, and if not by Experian, one of the other two major credit reporting agencies, that can be validated by the court as true and legal, as WPY provided credit reports to Christine Hoyt for Mark Gentile and WPY prior to Mark Gentile and Christine Hoyt entering into a rental agreement for apartment 1F, 25 Clark Street, Spencer, MA, copies of which have been previously provided in my original answer to this complaint which WPY indicated in a letter accompanying these credit reports, that these were obtained by WPY himself to represent the financial stability of Mark Gentile and himself, that I have been told are falsified documents so that these can be compared to the original credit report documents that WPY did in fact provide. As annual credit reports are available for free for Massachusetts residents by any of these agencies, this will not put undo burden on WPY.

f. Documented proof that WPY was evicted from apartment 1F, 25 Clark Street, Spencer, MA, as he alleges, from the East Brookfield Court or other legally recognized entity.

g. Proof that the rental agreement between Christine Hoyt and Mark Gentile for apartment 1F, 25 Clark Street, Spencer, MA was invalid as he alleges.

Attachments:

Page 3, 4 Response of Christine Hoyt to Proposed Settlement of WPY

Page 5 Certificate of Service

Page 6 Proposed Settlement by WPY

                                                Respectfully submitted

                                                *Christine Hoyt* (signature)

                                                Christine Hoyt

                                                25 Clark Street

                                                Spencer, MA 01562

April 5, 2007
To: William Youngworth III
PO Box 2663
Springfield, MA 01101

RE: Proposed settlement by WPY in WPYIII v Mark A. Gentile, et al United States District Court Civil Case 05-30108 –MAP

Plaintiff Youngworth:

1) In response to item 1 in your proposed settlement: I have no knowledge of any conspiracy nor did I at anytime take part in any conspiracy as alleged in this proposal and in your complaint.

2) In response to item 2: I have no knowledge and would not have any knowledge of any monies allegedly stolen from you by either defendant Gentile or defendant Paicopoulous, with whom you temporarily resided. I have no right or responsibility as a landlord to interfere with the personal lives of tenants, nor any knowledge of their personal financial or other arrangements other than that which they provide to me as proof of employment or credit or rental history in the process of applying for tenancy.
Further, you have stated to the court that you entered into an agreement with Mark Gentile allowing Gentile to act as your power of attorney and allowing you to act as his power of attorney. Any failings that you find or found in that agreement in regards to payments, finances or otherwise would be the responsibility of yourself WPY and Gentile and totally unrelated to myself and in not in any way under my control or influence.

3) I have no knowledge of any damages that you have suffered by my actions, intentional or unintentional, other than those that you allege in your complaint.

4) I have no knowledge and have never seen any proof that you were evicted from 25 Clark Street, Spencer, MA.

5) I do have knowledge that a restraining order against you was allowed against by the Massachusetts Court system, East Brookfield Division, for Mary Paicopoulous according to the documents that you provided in this case. I have no control or say in such matters as decided by the courts. I have no control,

3

influence or say in the process by which a tenant at my property or any other person may choose to file a request for restraining order against any other party.

6) As you (WPY) never were the tenant of record at this property, nor did I ever enter into a rental or lease agreement with you, and as I have never received any payment from you of any kind or in any amount, for rent, security deposit or for any other purpose, nor have your provided any evidence of such, whereas I have provided this court with the actual rental agreement between myself and Mark Gentile, the only sum I could compensate your for is zero dollars and zero cents.

7) My response to item 1, 2 and 3 therefore, is that I agree to provide you the exact sum that you are owed, which is the sum of zero dollars and zero cents, as settlement in this case.

8) In my counterclaim against you for harassment over an extended period of time I hereby tender the following terms of settlement:

    a. Compensatory damages in the amount of $25,000 (twenty five thousand dollars and zero cents.

    b. A formal, and legally binding agreement documented in the US District Court, stating that in the future, you WPY will not contact me at any time in the future, in any manner, for any reason or under any circumstances.

*Christine Hoyt*
Christine Hoyt
25 Clark Street
Spencer, MA 01562

4

Certificate of Service

I, Christine Hoyt, do hereby certify that I have provided all correspondence and documents in this response to the court by first class mail to the following:

Mark Gentile at 25 Clark Street, Spencer, MA 01562

Mary Paicopoulous at 25 Clark Street, Spencer, MA 01562

William Youngworth, III at PO Box 2663, Springfield, MA 01101

Assistant Attorney General William O'Neill at Office of the Attorney General, Western Massachusetts Division, 1350 Main Street, Springfield, MA 01103 as counsel for defendants John Conte, Thomas Reilly, James Gentile, Nancy Alterio and Carole Christo

*Christine Hoyt*   April 5, 2007
Christine Hoyt

Chris Hoyt
Defendant
25 Clark Street Unit 2-R
Spencer, Ma. 01562

March 28, 2007

Re: W.P.Y., III v. Mark A. Gentile, et al  USDC civil action 05-30108MAP/ Proposed settlement

Dear Defendant Hoyt:

Pursuant to the Court's 3/12/07 order concerning pre-trail posture on the above entitled matter, the court is attempting to explore if there is any avenues of settlement that could resolve any part or all of this action.

While I do not see, nor desire any resolution short of trial with you, I certainly will attempt to assuage the Court's desires and mandates.

Given the gravity of your conduct at all times relevant and your being a defendant/conspirator on the top tier of the egregious violations and abuses you and your co-defendants subjected me to nothing but the harshest sanctions are appropriate but in the spirit of judicial economy I hereby tender the following terms of settlement:

1. Your complete and truthful testimony against your co-defendants encompassing the specific facts of when they enlisted you as an accomplice in their overall scheme and your participation in said conspiracy.

2. Compensation of all monies which was stolen from me and thereafter provided to you in the form of rent payments by Gentile and Paicopoulos.

3. Additional compensatory damage payments to myself in the amount of $75,000.

Lastly, I would highly advise you to retain counsel. I fully know that your co-defendants are attempting to diminish the full scope of the legal peril you are really in. This is a very serious matter and obviously meritorious or the court would have dismissed my cause of action long ago.

Short of settlement you are going to face a federal jury and I have no doubts as to the strength of my case against you and your co-defendants. Should I prevail the portion of the Complaint the court has left in tact against you will, as I predict, cause a jury will sanction you most severely.

Very truly yours,

*W.P. Ytt*
William P. Youngworth, III,

6