UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT

WILLIAM P. YOUNGWORTH, III    CIVIL ACTION 05-30108MAP
PLAINTIFF

v.

MARK A GENTILE, et al,
DEFENDANTS

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CAROLE CHRISTO'S MOTION TO DISMISS

1. "Quasi Judicial Immunity".

Cleavinger, et al v. Saxner, et al 474 US 198-212 in Cleavinger, few doctrines were more solidly established at common law than the immunity of Judges from liability for damages for acts committed within their Judicial Jurisdiction, holding Pierson v. Ray 386 US 547, 553-554 (1967). However, no where in the holding of Cleavinger has any "quasi-judicial" immunity been created or the extension of any such "absolute" protections. As here the plaintiff contends, for an "account clerk" (despite the apparent 'promotion' of title and duty now afforded defendant Christo) acting both intentionally to injure the plaintiff and contrary to state law, even if this defendant had the power to act in the capacity as a Magistrate or a Justice, which the plaintiff contends she does not, nor was she acting in the spirit of any such official who would be entitled to absolute immunity.

- 2 -

The Plaintiff argues that defendant Christo has far overstepped any authority she may be vested with [no matter her post title] and acted in both a non-judicial capacity and used whatever authority she may have had [official or self-appointed as the plaintiff claims within his complaint] to deprive the plaintiff redress of the courts non-legal rationales.  In Cleavenger at 201 "absolute immunity flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official".  See also Berty, et al v. Economou, et al 438 US at 478-530.  Clearly, as here, this defendant was not performing any judicial function.  In stark contrast, this defendant used whatever authority she had, real or imagined, to prevent averments, from rightfully going forward and further prevented the plaintiff, at the threshold, from allowing the plaintiff from seeking judicial redress.  In all likelihood, as the plaintiff later triumphed in having the bogus restraining order thrown out which, his caretakers had first fraudulently obtained as part and parcel of their scheme.

Defendant goes on to cite several other holdings, which are all in fact correct, however, as to the right of defendant Christo to invoke these defenses is as rational as the court house janitor citing "judicial immunity" after using his key to lock a person out of a court house (while attempting to seek the redress and protections of the courts) over some personal dislikes for the person.

The Plaintiff need not dispense volumes of legal precedent to support his prosecution of defendant Christo.  Defendant Christo's theory of law all hinges on

promoting herself to court house personnel having a Judicial function and the dictum of her supporting affidavit, which the plaintiff states is completely untrue, or distortions to support her new defense, and seeking summary judgment. The fact remains and the plaintiff remains confident that he can prevail before a jury trying the facts of this case.

## ISSUE B. SEEKING DISMISSAL

Defendant Christo has sought this court's dismissal citing the plaintiff failed to refer to her in her "individual capacity" at any point in his amended complaint. This fact is no doubt true and the plaintiff will not contest the keen eye of defendant's counsel. However, if this is in fact true, this failure to incorporate this reference was purely accidental on the plaintiff's behalf and he, in fact, did name defendant Christo in her individual capacity in his original complaint. The plaintiff, as he's made this court all too aware, suffers from numerous handicaps including visual impairment, as well as, a daily regiment of medications that often leave him confused. The plaintiff, while not attempting to diminish the rights of the defendant, would ask this court to examine the totality of the plaintiff's circumstances and rule that the plaintiff's neglect in the incorporation of the reference of "individual capacity" was, in fact, an oversight and not intentionally omitted on the amended complaint.

**WHEREFORE:** The plaintiff prays judgment and asks this court to deny the defendant's motion for summary judgment and subsequent dismissal.

Respectfully submitted,

*W.P.Y[signature]*

William P. Youngworth, III
Plaintiff
P. O. Box 2663
Springfield, Ma 01101-2663

## CERTIFICATE OF SERVICE

I, William P. Youngworth, III hereby serves the foregoing actions upon counsel for the defendant's and the clerk of this court via in hand service on this 23rd day of April 2007.

_____
William P. Youngworth, III
Plaintiff