UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT

| | |
|---|---|
| WILLIAM P. YOUNGWORTH, III<br>PLAINTIFF | CIVIL ACTION 05-30108MAP |
| v. | |
| MARK A GENTILE, et al,<br>DEFENDANTS | |

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S JOHN CONTE, JAMES GENTILE, AND THOMAS REILLY'S MOTION TO DISMISS.

Defendant's Conte, Reilly and Gentile [James] come before this court via their memo supporting defense counsel's legal theorem that the above defendants are all entitled to Judicial immunity and are "absolutely immune from civil rights claims". And, "A prosecutor enjoys absolute immunity for suit under 42 USC ss 1993 when acting within his or her Jurisdictional scope".

Thereafter, defendant's counsel cites various case holdings to support this theory. Mainly counsel seeks the protections under Imbler v. Pactman 424 US at 409 (1976). However, as in the case here, the Supreme Court never afforded a blanket " Judicial immunity" for all acts related to a prosecutor and the performance of his duty. "We did not attempt to describe the line between a prosecutor's acts in preparing for those

functions, [discussed later in this memorandum] some of which would be absolutely immune, and his acts of investigation or "administration", which would not. Id, at 431 and n..33.

The Plaintiff does not allege at any time that any act attributed to defendants Reilly, Conte, or James Gentile was committed (or not) during the performance of a Judicial function, but in contrast, acts committed in failing to uphold their sworn duties for reasons far beyond the scope of official function. This is not a prosecution based on what these defendants did while in the diligent performance of a Judicial function. In contrast, it's about what they failed to do and their true motives for not.
In the case of defendant Reilly, after the plaintiff made numerous requests <u>directly to him</u> seeking his intervention as the states chief law enforcement officer behind the conduct of the Worcester County authorities by and through Defendant Conte, and the conduct of a member of his own staff (defendant James Gentile, a relation to defendants in chief Mark A. Gentile, who quashed the Plaintiff's complaint within the Attorney Generals Office Worcester Division), defendants Reilly, as the plaintiff alleges, did not just simply fail to act, which the plaintiff legally recognizes can not alone support a 1983 actions against him, but intentionally failed to take curative and required legal actions as a retaliation against the plaintiff for the plaintiff's failure to cooperate with his investigators over an infamous property crime which had stymied his office and caused great public ridicule and embarrassment to the Commonwealth.

Defendant Conte, in stark contrast, simply ignored a multitude of egregious, heinous and serious crimes while being committed against the plaintiff due to numerous and completely outrageously inappropriate reasons, in addition to obstructing justice and being at the ground floor in allowing the plaintiff to be injured. This was not done under the guise of any prosecutorial action as opposed to allowing it to occur to protect an informant of his office and a network of individuals whom curried favor from him in exchange for illegal and legal campaign contributions to his election war chest.

Defendant James Gentile, a relative of the top tier defendant Mark.A.Gentile, used his office and official capacity as an investigator in the Worcester office of the Massachusetts Attorney General to intercept and circumvent a complaint made directly to the Worcester regional office (where he is employed) to cull out and bury the plaintiffs complaint against his family member.

None of these individuals were acting under the scope of any Judicial function where they would be shielded from a 1983 action pursuant to the precedents they cite in their memorandum of law.

The full thrust of the plaintiff's actions has been diluted by his having to file an amended complaint. While undoubtedly true the plaintiffs original complaint was "voluminous", it was also more fully detailed with which the plaintiff now intends to introduce via evidence at trial.

The case holdings submitted by these defendants are mainly controlled by Imbler, supra. However, the court left no ambiguity of when this Judicial immunity is triggered. The Plaintiff claims that this mechanism has not been tripped in this action. At best, by pure virtue of these defendants holding of elected office and employment, they could only invoke a qualified immunity defense and by no means a Judicial immunity as in the case here, none of these defendants were acting as advocates for the state. See Burns v. Reed 500 US (slip opinion) (1991) "The actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor" Imbler, supra.

Qualified immunity "represents the norm" for executive officers, Malley v. Briggs 475 US at 340 quoting Harlow v. Fitzgerald 457 US at 807. This matter of law completely excludes this defense applied for defendant James Gentile, that is not an elected Prosecutor, but is a hybrid police agent/investigator.

All of these defendants in this instant matter were not acting as advocates for the state, but instead failed to act at all for various reasons all of which were non-judicial in nature.

Additionally, defendant James Gentile submits a secondary argument concerning his response to the plaintiff's complaint, sent generally to the Worcester Office of the Massachusetts Attorney General concerning the egregious acts that had been committed against his child and himself by his then caretakers Mark A. Gentile and Mary Ann Paicopoulos. As opposed to avoiding the mere appearance of an impropriety, defendant

James Gentile answers the Plaintiff's complaint against [who the plaintiff's best information and belief] is a member of his own family. As if this is not outrageous enough, then defendant James Gentile responds to the plaintiff informing him, in essence, that serious civil rights violations "does not come under the purview of the Attorney Generals office".

In the joint motions to dismiss filed by defendants Reilly, Conte, and Gentile, a quotation of policy for the Massachusetts Attorney General is inserted and thereafter the analogy is presented that the plaintiff somehow requested the Massachusetts Attorney Generals office to present suit on his behalf. Such was never the case and this representation is without basis or fact. Plain and simple, the plaintiff was seeking the criminal charging of his former caretakers and defendant Hoyt after the plaintiff's numerous appeals for same made directly to defendant Conte were deliberately ignored. Never did the plaintiff request any representation in any civil mater from the Massachusetts Attorney Generals office. To suggest, or even infer, otherwise cuts cross grain to the plaintiff's entire theory of the conspiracy he alleges within his complaint.

Next, the defendants accuse the plaintiff of making "conclusory allegations" that can not be supported. Aside from the defendants attempting to try this case on the motions the plaintiff does, in fact, allege that his prosecution is based on hard fact and not a wisp of fog. The plaintiff intends to call actual witnesses at trial and does not intend to try this case on far fetched theories that border on clinical paranoia. But, instead, hard evidence.

For example, the plaintiff intends to introduce into evidence at trial the arrest of an actual member of the Attorney Generals Worcester staff accused of tipping off and leaking information to defendant Mark A. Gentile (and others) as to Massachusetts State Police CPAC Worcester County investigator/detectives who tipped Gentile off as to imminent raids coming within the hour by the ATF who were searching for caches of automatic weapons.

Footnote: No defense attorney citing qualified immunity is before this court and subsequently should not be invoked or applied to the class of the "state defendants".

Defendants next argue that the Plaintiffs civil rights action "is a suit against state officials in their official capacities" and such is "a suit against the Commonwealth", which is not a person under either statute. Defendants cite O'Malley v. Sheriff of Worcester County, 415 Mass 132, 141, n. 13 (1993). This entire axiom remains a live question within the *Massachusetts State Courts*. In a later Massachusetts State Court controversy Swanset Development Corp. v. Taunton, 423 Mass 390, 391 (1996) "That issue was expressly left open". What is important is the Massachusetts courts continuing to determine this issue on all four corners time and time again . See, Commonwealth v. Elm Medical Labs Inc. 33 Mass App. Ct. 71, 74 – 80 (1992). See also Hansen v. Commonwealth 344 Mass 467, 473, n.8 and the Massachusetts Civil Rights Act. The plaintiff argues invoking any such precedent from his case holdings has no balancing test to be considered here.

Lastly, these defendants attack the frame work of the Plaintiff's amended complaint citing again that it states conclusions and lacks the constituting of alleged violations. The plaintiff's complaint is not a 'grievance' but clearly numerous violations by the defendants of legal rights belonging to the plaintiff.

The Plaintiff, upon the state defendant's first objection, was compelled by this court to strip down his original complaint which, of course, was in essence too complex and "confusing" for the state defendants to answer. As a matter of fact they, in fact, so did pass on answering the original complaint based on exactly this reasoning by them.

While now moot the Plaintiff still defends his original complaint and his need to file such an exhaustive pleading due to the extraordinary complexity of the conspiracy and substantive allegations the plaintiff attempts to hold in tact via the stripped down amended complaints filing.

**CONCLUSION:** The motion to dismiss filed on behalf of defendants Conte, Reilly, and James Gentile should be denied as the legal rationale for this requested dismissal fail in light of the totality of the defendants alleged conduct.

Respectfully submitted,

*[signature: W.P.]*
William P. Youngworth, III,
Plaintiff

P. O. Box 2663
Springfield, Ma 01101-2663

## CERTIFICATE OF SERVICE

I, William P. Youngworth, III hereby serves the foregoing actions upon counsel for the defendant's and the clerk of this court via in hand service on this 23rd day of April 2007.

_____
William P. Youngworth, III
Plaintiff