## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS


**WILLIAM P. YOUNGWORTH, III,**              CIVIL ACTION 05-30108MAP
**PLAINTIFF**

v.

**MARK A. GENTILE, et al,**
**DEFENDANTS**


## PLAINTIFF'S MOTION IN OPPOSITION TO
## DEFENDANT CAROLE CRISTO'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 (d) the plaintiff hereby opposes defendant Cristo's motion for summary judgment.


Defendant Cristo has filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on what the plaintiff can only speculate is the holdings of subsection (b) despite lack of notation.


Within this defendant's motion she has filed a supporting affidavit and accompanying memorandum of law. The plaintiff will address the substance of this defendant's affidavit within this motion and address the memorandum of law in his accompanying memorandum in opposition.


The plaintiff heatedly refutes the contents and representations with this defendant's affidavit. In fact, the plaintiff states and will attest under oath within his affidavit

-2-

supporting this motion in opposition that the contents of this defendant's affidavit in no way represents the facts of the plaintiff's encounter with this defendant, and in its totality is devoid of any factual element at all with the exception of dates, names of the parties, that there was an encountered between the plaintiff and the defendant and that the defendant is employed in the Clerk's office at the East Brookfield District Court. The plaintiff reasserts within this motion that this defendant full well knew that she was deliberately blocking the plaintiff from seeking the court's redress and protection that he was both rightfully and legally entitled to and causing him irreparable injury by doing so. Additionally, aside from this defendant's affidavit being a complete and utter falsehood in her attempt to create a defense for absolute judicial immunity, the plaintiff contents that there now arises a material dispute of facts that should be rightfully determined as a jury question controversy and the totality of this defendant's motion is a violation of subsection (g) of Rule 56.

The plaintiff herein attaches his supporting affidavit with his motion in opposition to defendant Cristo's motion for summary judgment. The plaintiff asserts that defendant Cristo's actions and illegal conduct places her well beyond and outside the scope of protections as a court official acting in any judicial capacity and therefore entitled to any "quasi-officials" absolute protections for acting in any judicial capacity. In fact, the plaintiff contents that this defendant's actions were extra judicial in nature, that she was not following and mandate or directive of policy of the Massachusetts Courts and that her

-3-

actions were both specifically designed to cause the plaintiff injury, that she full well
knew the consequences of what her actions would deprive the plaintiff of and that even if
she was so vested with the powers she now claims she is that her taking the rightful and
proper actions would have probably circumvented the filing of this entire action and the
plaintiff's status quo would have been quickly restored.

**WHEREFORE:** The plaintiff opposes defendant Cristo's motion for summary judgment
pursuant to Rule 56 and claims that this defendant has now placed crucial material facts
in dispute via her affidavit and now they should be determined by a trier of fact and a jury
of her peers. Additionally, the plaintiff further objects, opposes and disputes the
reference to "factual background" incorporated within the defendant's memorandum of
law and her additional request for dismissal brought under a non listed subtitle in her
memorandum of law for the plaintiff failing to incorporate the terminology of "individual
capacity" in his amended Complaint and says that this reference was so used in his
original Complaint which this Honorable Court ordered cut down in its size.

Respectfully submitted,
William P. Youngworth, III,

Plaintiff

P.O. Box 2663

Springfield, Massachusetts 01101

413-736-5727

## CERTIFICATE OF SERVICE

I, William P. Youngworth, III hereby serves the foregoing actions upon counsel for the defendant's and the clerk of this court via in hand service on this 23rd day of April 2007.


William P. Youngworth, III
Plaintiff

## AFFIDAVIT OF WILLIAM P. YOUNGWORTH, III

I, William P. Youngworth, III, the affiant herein does hereby attest under oath that the contents of this affidavit are true and accurate to the best of my knowledge and belief.

1. Your affiant is the plaintiff in the action entitled William P. Youngworth, III v. mark A. gentile, et al docket number 05-30108-MAP before the U.S. District Court holding in Western Massachusetts.
2. Your affiant has carefully reviewed the affidavit filed by defendant Carole Cristo in support of her motion for summary judgment.
3. That this affidavit is non factual, deliberately distorts the facts mentioned therein and is attempt to create a defense for judicial immunity.
4. That at all times relevant defendant Cristo was employed as a court house employee and was supposed to be performing administrative duties at her place of employment and not those of any judicial capacity.
5. That the duties and responsibilities defendant Cristo now claims she performs in the course of her employment are those of a judicial official in the Massachusetts court systems known as Clerk/Magistrates.
6. Defendant Carole Cristo at all times relevant was not a clerk/magistrate but was in fact an accountant clerk so indicated by the sign of her title affixed to her desk.
7. Your affiant states that on or about February 26, 2004 that defendant Carole Cristo had taken it upon herself to throw the plaintiff out of what she claimed was "her office" after he simply requested a form to file for 209A protection from abuse and restraining order from any of the several clerks working behind the desk in the clerk's office of the East Brookfield District Court.
8. Your affiant states that he never directed his request at defendant Cristo but instead she intercepted the plaintiff from obtaining the services of an authorized court official who was so empowered to assist the plaintiff.
9. Your affiant states that in his several encounters with defendant Cristo that she regularly takes it upon herself to act beyond the scope of her official capacity of an administrative account clerk and seems to dominate the Clerk of court's office at the East Brookfield District Court by taking actions far beyond the scope of her real duties and circumvents the functions of clerk magistrates in doing so.
10. That at all times relevant defendant Cristo knew that the plaintiff was seeking legal protections from abuse from members of his own household and that he was legally entitled to seek the court's redress.
11. Your affiant further states that any omission to name defendant Cristo as a defendant in her individual capacity was an accidental oversight and that your affiant had in fact properly done so in his original Complaint which by order of the US District Court was drastically reduced in volume.

I, William P. Youngworth, III, the affiant in the above hereby swears and attests that the contents of this affidavit are true and accurate.

Affidavit of plaintiff William P. Youngworth, III
Page 2

William P. Youngworth, III, affiant

Dated: 4/20/07