UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM P. YOUNGWORTH III,<br>                              Plaintiff,<br>v.<br>MARK A. GENTILE, et al.,<br>                              Defendants. | CIVIL ACTION<br>NO. 05-30108-MAP |

## DEFENDANT JAMES GENTILE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

The Defendant James Gentile  has moved the Court  to dismiss the Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. The Defendant  James Gentile, as an Investigator for the Office of the Attorney General, is entitled to qualified immunity for his actions concerning the Plaintiff's allegations of wrong doing by him.

### FACTUAL BACKGROUND

The Defendant James Gentile is identified as an Investigator for the Massachusetts Attorney General's Office in paragraph 7 of the Amended Complaint. The allegations against James Gentile, as an Investigator in the Office of the Attorney General, are contained in paragraphs 74, 75, 76 and 151 of the Amended Complaint. Paragraph 74 alleges  that,  "On 4/21/04, the Plaintiff received a letter from James

Gentile, "Investigator" assigned to the Worcester office of the Massachusetts Attorney General's Office in response to the Plaintiff's 4/10/04 letter to that office." [1]

Paragraph 75 of the Amended Complaint asserts "Within the Defendant James Gentile's response to Plaintiff  he denied that the Plaintiff's request for assistance (a civil rights violation) citing that such did not come within the purview of the Office of the Massachusetts Attorney General.   Defendant James Gentile's actions furthered a conspiracy to violate the Plaintiff's rights and acted in retaliation against the Plaintiff for his failure to cooperate with the Attorney General's office investigation into a 1990 art museum robbery, in addition to other illegal conduct."   Paragraph 76 alleges, "Previous to the Plaintiff's complaint filed with the Worcester Office of the Attorney General's office the Plaintiff was informed by the Defendant (Mark) Gentile that he had a cousin employed by the Attorney General's staff and other 'connections' that made him 'untouchable' in Worcester."    Finally in paragraph 151, after again alleging discrimination and retaliation, the Plaintiff alleges that Mr. Gentile " . . . intentionally fail (ed) to uphold his sworn duties to protect the rights of the plaintiff and further his role in an overall conspiracy while enjoying an inappropriate relationship with certain co-defendants within this Complaint."

According to the Defendant's Affidavit,  he was employed as an Investigator for the Massachusetts Office of the Attorney General from March 2000 to September 2005. *Gentile Affidavit ¶ 1.*  Part  of his duties as an Investigator included screening complaints

---

[1] The letter of 4/21/05 is included in the Affidavit of the Defendant James Gentile as Exhibit B. The letter of 4/10/05 is included in the Affidavit of the Defendant James Gentile as Exhibit A.

received by the Office of the  Attorney General to determine if investigation by the office was warranted. *Gentile Affidavit ¶ 2.*  On or about April 13, 2004, the Office of the Attorney General, Central Massachusetts Division, received a letter from the Plaintiff William P. Youngworth, III, dated April 10, 2004, addressed        to        the        Attorney General which included a series of other documents.  *Gentile Affidavit ¶ 3,  Exhibit A.*  After reviewing the correspondence and its enclosures, Mr. Gentile determined that the matters for which the Plaintiff was seeking redress and action were not within the jurisdiction of the Office of the Attorney General as prescribed by the laws of the Commonwealth, particularly G.L. c. 12, §3. *Gentile Affidavit ¶ 4.*  On April 21, 2004, the Plaintiff was informed that the issues raised in his April 10, 2004, letter and attachments were not within the purview of the Attorney General's Office and that he should contact the Worcester District Attorney's Office.  *Gentile Affidavit ¶ 5, Exhibit B.*

On January 5, 2005, the Office of the Attorney General, Central Massachusetts Division, received a copy of a letter by the Plaintiff addressed to the State Ethic**s** Commission entitled "Complaint of misconduct/Investigator James Gentile of the Massachusetts Attorney Generals Office - Worcester Division," *Gentile Affidavit ¶ 7.* On February 10, 2005, James Gentile received a telephone call from an Investigator for the State Ethics Commission while he was at work.  The Investigator asked James Gentile  if Mark Gentile was his cousin. Mr. James Gentile responded that Mark Gentile was not his cousin. *Gentile Affidavit ¶ 8.*  The State Ethics Commission  took no action in regard to the allegations that  James Gentile was related to Mark Gentile. *Gentile Affidavit ¶ 9, Exhibit E.*

James Gentile is not related to the defendant Mark Gentile in any way, by any manner of kinship, or by any degree of consanguinity. *Gentile Affidavit ¶ 10.* James Gentile, in his capacity as an Investigator for the Office of the Attorney General, took no actions relating to Mark Gentile in any manner, method or degree at any time. *Gentile Affidavit ¶ 13.*

## ISSUES

A. THE PLAINTIFF'S COMPLAINT FAILS TO ALLEGE THAT THE DEFENDANT JAMES GENTILE ACTED IN OTHER THAN HIS OFFICIAL CAPACITY AS AN INVESTIGATOR FOR THE ATTORNEY GENERAL.

This Court must dismiss the alleged violations of the plaintiff's civil rights because a suit against state officials in their official capacities is a suit against the Commonwealth, which is not a person under either statute. *See O'Malley v. Sheriff of Worcester County,* 415 Mass. 132, 141 n. 13 (1993) (stating "[s]tate officials sued for damages in their official capacity are not 'persons' under § 1983 because the law treats the action as [one] against the official's office and hence against the State"). Here, since the Plaintiff has named James Gentile in his official capacity as an Investigator the actions against him must be dismissed.

Throughout his Complaint, the Plaintiff repeatedly refers to James Gentile in his official capacity as an Investigator at the Office of the Massachusetts Attorney General. Given that the Plaintiff is attempting to sue the Defendant in his official capacity and that such a suit is akin to a suit against the Commonwealth (*O'Malley,* 415 Mass. at 141 n. 13), the Eleventh Amendment provides immunity from suit. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that "absent waiver by the State or valid congressional

override, the Eleventh Amendment bars a damages action against a State in federal court. [citations omitted] This bar remains in effect when State officials are sued for damages in their official capacity").

B. THE DEFENDANT JAMES GENTILE IS ENTITLED TO QUALIFIED IMMUNITY AS A MATTER OF

LAW FOR HIS ACTIONS

Finally, all of the actions of James Gentile as an Investigator for the Office of the Attorney General are entitled to qualified immunity. When a defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.  Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.  The privilege is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)

Qualified immunity protects government officials from liability so long as their conduct does not violate a clearly established statutory or constitutional right that a reasonable person would have known.  See: *Saucier v. Katz* , 533 U.S. 194 (2001); *Graham v. Connor,* 490 U.S.386 (1989); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Rodrigues v. Furtado,* 410 Mass. 878, 882 (1991);   *Duarte v. Healy*, 405 Mass. 43, 46 (1989). The Defendant's actions did not violate any of the Plaintiff's clearly established constitutional rights. James Gentile was acting as a reasonably prudent Investigator when he declined to further investigate the allegations of wrong doing by the other Defendants in this case. Since James Gentile's actions were reasonable under the circumstances and

did not violate any of the Plaintiff's civil rights, he should enjoy a qualified immunity from all of the Plaintiff's causes of action.

"Public officials accused of civil rights violations may raise the defense of qualified immunity as a shield against claims for damages arising out of their actions. If, however, the official's conduct violated some right emanating from federal law, and if the law was clearly established at the time of the infringement, so that an objectively reasonable actor would have realized that his conduct violated the plaintiff's rights, then the qualified immunity defense is unavailable." *Stella v. Kelley*, 63 F.3d 71, 73 (1st Cir.1995), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982); The principles under *Harlow* require that two issues be examined. First, whether at the time of the alleged conduct there was a clearly established constitutional right that was violated; and, second, whether a reasonable person would have known that her conduct violated that constitutional right.

Again, the Plaintiff's Complaint does not survive the Defendant's right to immunity. The Plaintiff's Complaint does not allege that the Defendant acted so as to violate the Plaintiff's clearly established federal rights. The Plaintiff has failed to state how his rights under the U.S. Constitution were violated, leaving the Court to speculate as to the violations. At best the Plaintiff alleges that he was discriminated against, possibly due to some sort of handicap. That Defendant declined to exercise the Attorney General's jurisdiction on statutory grounds**;** this was not discrimination of any sort, but merely compliance with the law of the Commonwealth. Even reading the Complaint in the Plaintiff's favor, the named constitutional violations cannot be found.

To overcome the Defendant's qualified immunity, the Plaintiff must show that the Defendant directly participated in violating the Plaintiff's clearly established rights. *Frazier v. Bailey*, 957 F.2d 920, 929 (1st Cir.1992). The Plaintiff never met the Defendant, never even talked to him. The Plaintiff bases his allegations of conspiracy on statements by Mark Gentile, another Defendant. As stated his Affidavit, James Gentile was unaware that the Defendant Mark Gentile existed prior to this litigation. *Gentile Affidavit ¶ 10.* Further, in his capacity as an Investigator for the Office of the Attorney General, James Gentile took no actions relating to Mark Gentile in any manner, method or degree at any time. *Gentile Affidavit ¶ 12.*

In short, all the Defendant James Gentile did in regard to the Plaintiff was to review a letter written by the Plaintiff and decline to investigate further based on lack of jurisdiction. He did not know the other alleged conspirator nor did he take any actions to further any alleged conspiracy. In his capacity as an Investigator for the Office of the Attorney General, the Defendant took no action in regard to the complaint of the Plaintiff concerning Mark Gentile other than to determine that no action should be taken by the Office of the Attorney General. *Gentile Affidavit ¶ 13.* The Defendant has never met or spoken with the Plaintiff. *Gentile Affidavit ¶ 14.* Absent all allegations or possible proof of such violation, the complaint should be dismissed.

## <u>CONCLUSION</u>

The Plaintiff cannot sustain his burden of proof to show that the Defendant James Gentile committed any wrongful act toward him. James Gentile is entitled to a qualified immunity since he was acting in his official capacity in an objectively reasonable manner toward the Plaintiff.

The Defendant respectfully requests that summary judgment be granted to the Defendant James Gentile.

Respectfully submitted,
James Gentile
By His Attorney,

MARTHA COAKLEY
ATTORNEY GENERAL
/S/  *William P. O'Neill*
_____
William P. O'Neill   BBO#379745
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413)784-1240 FAX: 784-1244

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM P. YOUNGWORTH III,

Plaintiff,

v.

MARK A. GENTILE, et al.,

Defendants.

CIVIL ACTION
NO. 05-30108-MAP

## AFFIDAVIT OF THE DEFENDANT JAMES GENTILE

I, James Gentile do hereby depose and state:

1.  I was employed as an Investigator for the Massachusetts Office of the Attorney General from March 2000 to September 2005.

2.  Part of my duties as an Investigator included screening complaints received by the Office of the Attorney General to determine if investigation by the office was warranted.

3.  On or about April 13, 2004, the Office of the Attorney General, Central Massachusetts Division, received a letter from the Plaintiff William P. Youngworth, III, dated April 10, 2004, addressed to the Attorney General and included a series of other documents. A copy of this correspondence is attached as Exhibit A.

4.  After reviewing the correspondence and its enclosures, I determined that the matters for which the Plaintiff was seeking redress and action were not within the jurisdiction of the Office of the Attorney General as proscribed by the laws of the Commonwealth, particularly G.L. c. 12, §3.

5.  On April 21, 2004, I informed the Plaintiff that the issues raised in his April 10, 2004, letter and attachments were not within the purview of the Attorney General's Office and that he should contact the Worcester District Attorney's Office. A copy of this letter is attached as Exhibit B.

6.  On April 26, 2004, the Office of the Attorney General, Central Massachusetts Division, received a copy of a letter by the Plaintiff addressed to the Attorney General at One Ashburton Place, Boston, Massachusetts, dated April 23, 2004. To the best of my knowledge, no action was taken by the Attorney General's Office in regard to this letter, a copy of which is attached as Exhibit C.

7.    On January 5, 2005, the Office of the Attorney General, Central Massachusetts Division, received a copy of a letter by the Plaintiff addressed to the State Ethic Commission entitled "Complaint of misconduct/Investigator James Gentile of the Massachusetts Attorney Generals Office- Worcester Division," including copies of Exhibits A, B and C above. A copy of this complaint is attached as Exhibit D.

8.    On February 10, 2005, I received a telephone call from an Investigator for the State Ethics Commission while I was at work. The Investigator asked me if Mark Gentile was my cousin. I responded that he was not my cousin.

9.    On or about June 27, 2005, I received a letter from the State Ethics Commission that indicated the State Ethics Commission would take no action in regard to the allegations that I was related to Mark Gentile. A copy of this letter is attached as Exhibit E.

10.    I am not related to the defendant Mark Gentile in any way, by any manner of kinship, or by any degree of consanguinity.

11.    Prior to this litigation, I was unaware that the Defendant Mark Gentile existed.

12.    In my capacity as an Investigator for the Office of the Attorney General, I took no actions relating to Mark Gentile in any manner, method or degree at any time.

13.    In my capacity as an Investigator for the Office of the Attorney General, I took no action in regard to the complaint of the Plaintiff concerning Mark Gentile other than to determine that no action should be taken by the Office of the Attorney General.

14.    I have never met or spoken with the Plaintiff William P. Youngworth, III.

This statement made under oath and the pains and penalties of perjury on this _1st_ day of August 2007.


James Gentile

# Exhibit A

**RECEIVED**

Attorney General
Commonwealth of Massachusetts
One Exchange Place
Worcester, Ma. 01608

APR 13 2004

OFFICE OF THE ATTORNEY GENERAL
CENTRAL MASSACHUSETTS DIVISION

4/10/04

RE: East Brookfield District Court/Worcester County D.A.'s office.

Dear Attorney General:

Please find enclosed numerous documents that are self-explanatory.

I have requested an investigation be conducted by the Worcester County District
Attorney's Office. That office has phoned me at where I am being forced to reside, to
inform me that they "would be looking into my allegations." I assure you, a very serious
felony has been committed using the trial court as an instrument to rob my child and I
with. This is an outrageous affront to the judicial system. Additionally, there arise serious
questions as to various liabilities.

I am, at this point, not seeking to engage any level of state government nor the judicial
body in any actions. I only want help setting things straight for my child's sake. What has
transpired to date is a reprehensible example to set for a young child being raised by a
single parent who has spent his entire adult life being a "marked man" for something he
did when he was Fifteen years old. And may I add, having done so by manipulation of an
infamous skunk of a character.

My past is my past. My child's future is here and now. Please, help him understand there is
a system that works, for at least, him.

Most respectfully,

William P. Youngworth, III

William P. Youngworth, IV

P.O. Box 2663
Springfield, Ma. 01101
cc: John J. Conte

Mr. John J. Conte
District Attorney
Worcester County
Court House, Room 200
2Main St.
Worcester, Ma 01606

April 9, 2004

Re: Comm. v. Youngworth, East Brookfield District Court/Request for Special
Prosecutor

Dear Mr. Conte:

Your office is presently prosecuting me in a matter before the East Brookfield District
Court. I have asked your office to investigate felony perjury charges to which that court is
an actual party to.

Original postures in this matter appear to be fluid. Certain canons of ethics also seem to
be convienately flexible. At this point in time I do not allege that your office has done
anything inappropriate. However, it is also obvious, at least to me, that they haven't done
anything at all.

I believe we are faced with a conflict of interest. Because of which I herein request the
appointment of a special prosecutor in any criminal matters your office is engaging me in.

Very truly yours,

William P. Youngworth, III
Pro Se
P. O. Box 2663
Springfield, MA 01101-2663

cc: First Presiding Justice EBDC
    Attorney General Thomas Reilly
    File

Attorney Michael Reno
339 Main Street, Suite 501
Worcester, Ma. 01608-2490

4/9/04

RE: Comm. v. Youngworth/ East Brookfield D.C. motion to withdraw.

Dear Attorney Reno:

Thank you for your prompt response in filing your motion to withdraw.

I need to make several observations and memorialize such with this document. Within
your motion to withdraw you appear to be representing to the court that I am either
petulant or polemic. I must take exception with you in this representation. To date, I have
been very sensitive to our not seemingly being on the same page. Since you are, in fact,
my only non-hostile witness, not as I "allege", but as you are *fully aware,* I desperately do
not desire that you become so. I brought that vehicle to that courthouse to show you its
condition. I walked you outside and insisted you witness the condition of this vehicle. I did
not do so to make a witness out of you. I did so to prove a point to you. This point, and
its complete overview, seems to be completely lost on you. This is where we do not
'connect.'

It was circumstances, brought about by the actions of that very court, which has left you
as a witness. Despite the fact we were having communications problems I have never
accused you of being incompetent, despite the fact that I requested you obtain the State
police's Turret tapes in a timely fashion, by a hand written note that I handed to you while
the court was in session hearing an unrelated matter. The fact that you failed to take timely
action with my discovery request has now provided the Commonwealth with a convenient
excuse in denying me crucial exculpatory evidence. In fact, you may now have very
seriously impeded my defense by lack of your action that I specifically requested in a
timely fashion. I did not want to set this out in a document but your remark in your motion
gives an impression I will not allow to stand.

Granted, their are some historically strange circumstances, founded within the very roots
of that court, which have brought about this 'situation.' But, please note that I keep
remarkable records and have copies of every communication I have documented with you.
I would not be surprised in the least if these end up exhibits in a motion to dismiss.

I specifically desired to work with you in crafting your withdrawal motion so that it did
not create the wrong impression for either of us. You, apparently, did not see the wisdom
nor my good will gesture in that. It seems that CYA is a popular practice in those parts.
So, since you have opted to advocate your interests instead of your client's, I am forced to
draft this document. As a matter of fact, that court is not a disinterested third party and
has no right to be hearing anything having to do with me. Since the trial court is convinced

of their rectitude in harming my child and I, my motion to recuse must be generated Pro Se. Such will be done upon completion of this document.

From the moment I received your latest notice hereafter, you are no longer my attorney. Neither you nor I are hereafter bound by privilege. Past documents, generated by myself, are also excluded from the scope of that legal definition.

In closing, I wish you no ill. You are, no doubt, over worked, under appreciated and under paid. I will seek no BOBOS action against you. I simply want justice from yet another ill action taken by a 'justice' system where I never seem to see much justice.

As my Professor stated in his 101 introduction: "Law comes down to two principles. How much can you afford and who tells the best story." A sad fact but, at least with myself, proved over and over again.

Sir, I wish you good health and luck in the future.

Most respectfully,

William P. Youngworth, III, Pro Se
P.O. Box 2663
Springfield, Ma. 01101
cc: Presiding First Justice EBDC
  : Region IV Administrative Justice
  : Asst. Dist. Atty. Todd Mathieson Worcester County
  : John J. Conte D.A.
  : Attorney General Thomas Reilly
  : *Criminal* Clerk EBDC

Criminal Clerk
East Brookfield District Court
544 Main Street
East Brookfield, Ma. 01515

RE: No. 0269CR001284

4/10/04

Dear Criminal Clerk:

Attorney Michael Reno has requested his motion to withdraw to be marked up for
4/21/04.

Kindly find enclosed my Pro Se motions to recuse and for change of venue. These are
appropriate to also mark up for hearing on the same date since I have forthwith released
attorney Reno prior to any court's action. I am within my rights to exercise this option as I
deem appropriate as it is necessary to prevent further violations of my rights by not only
Attorney Reno but by this very court.

Bias is Res Judicata in this matter at bar. At least in my legal opinion. If it is not, I will ask
the SJC to decide such on my 211-3 out of your court in its Single Justice session if so
required.

I will appear before your court at 9:00AM on 4/21/04 on Attorney Reno's motion, ready
to argue my motions. Please except same for filing or note your exception with the Region
IV Administrative Justice, The Honorable Paul F. LoCanto.

Very truly yours,

William P. Youngworth III, Pro Se
Defendant
P.O. Box 2663
Springfield, Ma. 01101
cc: The Honorable Paul F. LoCanto

The Honorable Paul F. LoCanto
Regional Administrative Justice
Region IV
Fitchburg District Court
100 Elm Street
Fitchburg, Ma. 01420-3186

4/10/04
RE: Comm. v. Youngworth EBDC Docket No.0269CR001284/ conflict of interest.

Dear Judge LoCanto:

I have requested your Jurisdiction conduct an investigation into matters transpiring before the East Brookfield District Court and its Presiding First Justice the Honorable Charles A. Abdella.

In addition to that affair, there is an additional pending criminal action before that court. I am filing motions to recuse and change of venue. Inappropriate 'happenings' are starting to creep their way into this affair. That entire court is no longer a disinterested third party. I have also requested the District Attorney's Office conduct an Investigation. If I do not see some movement from that office, and shortly, I will be filing with the Attorney General. If there is no redress there I will be heading straight for the United States District Court with my 42 USC 1983 action. In short, I will pursue this to the ends of the earth.

These are not motions I should be filing. The court's posture is becoming obvious for their failure to take it up on their own initiative. This letter to you is not even necessary but I am preserving the moment.

Upon the passing of a reasonable epoch I will address this matter directly with Justice Zoll's office. And then 211-3 the entire sordid affair. If it is called for. I am not making 'demands' I am just holding the system to its own rules of procedure. The system was used by two degenerates to restrain me while they robbed my child's education funds and then they enlisted a few rather eager Boston 'newspapers' in furtherance of their conspiracy which has left my child and I homeless, losing irreplaceable sentimental objects, stealing a child's school, friend's and innocence all in one fell swoop.

All that is apparent is a group of low level political appointees doing the CYA act instead of making things right to a little boy who is only guilty of being my son. I can appreciate the unique liability concerns of many agencies. I am well aware of optional recourses. At this point, all I am after is the three people who started this mess. But, I assure all; if they wish to remain in the path of my quest, there will be no backing out when this really starts.

In the meanwhile, since that court seems to be paralyzed by their own concerns, I look to your office to intervene.

Page two. Hon. Paul F. LoCanto


Very truly yours,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101
cc: The Honorable Charles A. Abdella
   : Administrative Justice Samuel Zoll
   : John J. Conte
   : A.G. Comm. of Mass.
   : Chief Justice SJC
   : Brian Ross
   : File

## COMMONWEALTH OF MASSACHUSETTS

Worcester,ss

**EAST BROOKFIELD
DISTRICT COURT
No. 0269CR001284**

**Commonwealth**

**v.**

**William P. Youngworth, III, Pro Se
Defendant**

### <u>MOTION TO RECUSE</u>

Comes now the defendant, William P. Youngworth, III, Pro Se, who moves this

Honorable Court to recuse itself in the instant matter at bar.

In support of this motion the defendant states that this court is an actual party to another

Controversy that this court is a party to. The defendant has sought the intervention of

The Administrative Justice of the Commonwealth's District Court system. The defendant

Has also sought to initiate an investigation by the Worcester County District Attorney's

Office into perjury charges committed before this very court.

This court has demonstrated bias towards the defendant in its failing to grant

Even the most basic of relief's that would be afforded any other citizen of this

Commonwealth. Additionally, this court appointed counsel to represent the defendant

In the matter at bar who is now withdrawing as counsel due to this court's own actions

Forcing counsel to be a witness as to evidence crucial to the defendant's defense that

Has now been placed into the custody of parties hostile to the defendant. As well,

This counsel appointed by this court, has failed to honor the defendant's request to

Preserve exculpatory evidence, that the State Police have destroyed during an

Internal investigation by two separate police department's, in a timely manner, thus

Irrevocably damaging this defendant's rights to be able to present evidence favorable

To his defense.

Wherefore: Due to the multipliable conflicts of interests that have arisen as a direct

Result of this court's own action, this court should recuse itself from all further matters

Connected to this defendant.

Respectfully submitted,

William P. Youngworth, III
Defendant, Pro Se
P.O. Box 2663
Springfield, Ma. 01101

# COMMONWEALTH OF MASSACHUSETTS

**Worcester,ss**                                          **EAST BROOKFIELD**
                                                         **DISTRICT COURT**
                                                         **No.0269CR001284**

**COMMONWEALTH**

**v.**

**WILLIAM P. YOUNGWORTH, III**
**DEFENDANT, Pro Se.**

## DEFENDANT'S MOTION
## FOR CHANGE OF VENUE

Comes now the defendant, William P. Youngworth, III, Pro Se who moves this Honorable

Court for a change of venue in the matter at bar.

Incorporated by the defendant's motion to recuse are set forth multi-dimensional legal

complexities which makes the jurisdiction of this court inappropriate to further adjudicate

any additional matters concerning this defendant.

Additionally, the prosecuting body of the Commonwealth is now faced with an additional

conflict of interest by an investigation it is conducting surrounding circumstances that

this court is party to. This court is no longer a disinterested third party. This court is an

actual party to controversies actually created by this court. The jurisdictional issues

presented thereby are obvious.

Wherefore: Out of a matter of judicial economy, prosecutorial conflicts, judicial conflicts

and respect of this defendant's Statutory and Constitutional rights, the defendant's instant

motion should be granted.

Respectfully submitted,

William P. Youngworth, III, Defendant, Pro Se
P.O. Box 2663

Springfield, Massachusetts
01101

## CERTIFICATE OF SERVICE

Comes now the defendant, William P. Youngworth, III, Pro Se, who serves upon this court by and through its *Criminal* Clerk the defendant's foregoing motion to recuse and motion for change of venue by causing same to be mailed Via first class US Mail, at this courts' clerks' usual place of business. The defendant further causes service to be made of same to be made upon the Commonwealth Via same.

William P. Youngworth, III
Defendant, Pro Se
P.O. Box 2663
Springfield, Ma. 01101

# Exhibit B



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### Central Massachusetts Division
### One Exchange Place
### Worcester, Massachusetts 01608

TOM REILLY
ATTORNEY GENERAL

(508) 792-7600
www.ago.state.ma.us

April 21, 2004

William P. Youngworth III
P.O. Box 2663
Springfield, MA 01101

Dear Mr. Youngworth:

Your April 10, 2004, letter has been referred to my attention for review.

The issues eluded to in your letter do not fall within the purview of the Attorney General's Office. I suggest you continue to pursue your concerns with the Worcester County District Attorney's Office and the appropriate administrators charged with managing the district court system.

Thank you for contacting the Office of the Attorney General.

Sincerely,

James Gentile
Investigator

# Exhibit C

RECEIVED

APR 26 2004

OFFICE OF THE ATTORNEY GENERAL
CENTRAL MASSACHUSETTS DIVISION

The Attorney General of Massachusetts
One Ashburton Place
Boston, Mass. 01608

RE: Civil rights violation.

4/23/04

Dear Attorney General:

On 4/21/04 an "Investigator" from your Worcester office wrote me a rather confusing letter.

First off, is this investigator, a James Gentile, the famous cousin of the catalyst of my child's and my own victimization? One Mark A. Gentile, whom he always boasts about? Wow, what a small world. And both from Worcester, Massachusetts. No doubt a 'remarkable' coincidence. I guess Mr. Gentile (the felon), that's" Mark A.", I am referring to in this letter, simply share the same spelling of their last names, along with the entire group of Gentile's of Shrewsbury Street Worcester and the huge extended 'family' that helps make Worcester the 'special city' that have allowed the Gentile's to prosper so.

Aside from that, this Mr. Gentile's letter to me has me confused. Is he saying my child and myself, a handicapped person, and both citizens of this Commonwealth, have no constitutionally guaranteed rights? The Attorney General of this Commonwealth does not enforce civil rights violations "within the purview of the Attorney General's Office"? Or, is he telling me that we have no rights according to a member of the Gentile family?

I am confused by all of this. Would you kindly clarify all this for me within ten business days.

And if it would not be a big hassle would you tell your Mr. Gentile that I said "your welcome" after he was so kind to "thank" 'me' for "contacting the Office of the Attorney General."

I guess Mark A. Gentile was right when he told me in a yet other matter before another trial court of this Commonwealth. He said I could not "touch him in Worcester County." Lets see if he has more relations in the United States Attorney's Office, besides with the FBI. But I guess I know now why he was laughing at me on April 20th, 2004 before the Superior Court sitting at Hampshire County after using the court to rob my son yet again. This also seems to explain why the Department of Revenue and the Town of Spencer shows Mark A. Gentile such deference in enforcing seriously delinquent meals taxes, quarterly filings, no income declarations at all, and cheating the other taxpayers of Spencer, Massachusetts who have had to install Title Five compliant Septic Systems, or violating this Commonwealth's Environmental laws by illegally filing lot #A-1, adjacent to his property he "leases" which control the entire water table for Lake Whittemore and

using his "leased" property to store components to an old Worcester, Massachusetts commercial refrigeration system containing similar agents that killed a lot of good men who were called "Worcester Firefighters" that died in their performance of their duty simply because they suspected some poor unfortunate persons were in a building ablaze.

Hey, I have an idea, so I really take the hint to leave the state with my son, next time the Legislature is seated in session why don't you ask the Gentile family if they would like us to rename the Commonwealth to something more to their liking.

Very truly yours,

William P. Youngworth, III
(Now homeless with child)
P.O. Box 2663
Springfield, Ma. 01101

P.S. Could you ask "Investigator Gentile" if my son could get a job in one of the family's businesses so he can get his education money back? If it would not be a bother.

cc: James Gentile (and family)
  : John J. Conte
  : The ACLU
  : The Governor for the Commonwealth of 'Massachusetts'
  : The United States Attorney
  : The Attorney General of the United States
  : The Director of the Federal Bureau of Investigation
  : The Town of Spencer, Massachusetts
  : Paul J. Mahoney
  : MCAD
  : Professor Ogletree
  : Attorney Marvin H. Siegel (Chief Counsel)
  : Attorney Richard P. Branson
  : Brian Ross
  : The East Brookfield District Court

# Exhibit D

RECEIVED

State Ethics Commission
Enforcement Division
Room 619
One Ashburton Place
Boston, Ma. 02108

JAN 0 5 2005

OFFICE OF THE ATTORNEY GENERAL
CENTRAL MASSACHUSETTS DIVISION

January 3, 2005

RE: Complaint of misconduct/ Investigator James Gentile of The Massachusetts Attorney
Generals Office-Worcester Division.

Dear State Ethics Commission:

I wish to initiate a complaint against James Gentile, an Investigator assigned to the
Worcester office of the Massachusetts Attorney Generals Office.

I am a disabled citizen of this Commonwealth. In February of 2004 my caretakers
embarked on a scheme to defraud my child and myself out of the financial assets entrusted
to them to provide for our existence. Additionally, in furtherance to my former caretakers
conspiracy, they falsified a lease with the participation of my former landlord, went to a
local District Court, committed perjury while under oath, and were granted a restraining
order which left my child and myself homeless.

Since then, I have made a proof positive showing that our civil rights were violated. I have
filed countless complaints with any and every agency that by law is required to assist us
but, to date, no one will help us. Despite the Restraining Order being vacated.

To exacerbate the situation, when we appealed for help from the Massachusetts Attorney
Generals Office,( Worcester Division ) not only were we denied any assistance but we
were denied assistance from a family member of one of the caretakers I was seeking to
initiate a complaint about. The caretaker whom I was complaining about was Mark A.
Gentile of Worcester, Ma. The representative who responded to my appeal for help was
James Gentile.

No doubt these Gentiles will deny complicity in any conflict of interest investigation. I
know that their last names being the same is no coincidence. The Gentile family is
entrenched within the political mechanics of Worcester. The Gentile family is intertwined
with several other families and the combined extended family are 'connected' with every
entity of Worcester County Government from the Dog Catcher to the Mayor.

I hereby request this office conduct a conflict of interest investigation into my allegations
against James Gentile of the Massachusetts Attorney General's Staff in Worcester,
Massachusetts.

Very truly yours,

William P. Youngworth, III
P.O. Box 2663
Springfield, Ma. 01101
413-736-5727

cc: File

dmm/wpy3

Attorney General
Commonwealth of Massachusetts
One Exchange Place
Worcester, Ma. 01608

4/10/04

RE: East Brookfield District Court/Worcester County D.A.'s office.

Dear Attorney General:

Please find enclosed numerous documents that are self-explanatory.

I have requested an investigation be conducted by the Worcester County District Attorney's Office. That office has phoned me at where I am being forced to reside, to inform me that they "would be looking into my allegations." I assure you, a very serious felony has been committed using the trial court as an instrument to rob my child and I with. This is an outrageous affront to the judicial system. Additionally, there arise serious questions as to various liabilities.

I am, at this point, not seeking to engage any level of state government nor the judicial body in any actions. I only want help setting things straight for my child's sake. What has transpired to date is a reprehensible example to set for a young child being raised by a single parent who has spent his entire adult life being a "marked man" for something he did when he was Fifteen years old. And may I add, having done so by manipulation of an infamous skunk of a character.

My past is my past. My child's future is here and now. Please, help him understand there is a system that works, for at least, him.

Most respectfully,

William P. Youngworth, III

William P. Youngworth, IV
P.O. Box 2663
Springfield, Ma. 01101
cc: John J. Conte



**THE COMMONWEALTH OF MASSACHUSETTS**
**OFFICE OF THE ATTORNEY GENERAL**
**Central Massachusetts Division**
**One Exchange Place**
**Worcester, Massachusetts 01608**

TOM REILLY
ATTORNEY GENERAL

(508) 792-7600
www.ago.state.ma.us

April 21, 2004

William P. Youngworth III
P.O. Box 2663
Springfield, MA 01101

Dear Mr. Youngworth:

Your April 10, 2004, letter has been referred to my attention for review.

The issues eluded to in your letter do not fall within the purview of the Attorney General's Office. I suggest you continue to pursue your concerns with the Worcester County District Attorney's Office and the appropriate administrators charged with managing the district court system.

Thank you for contacting the Office of the Attorney General.

Sincerely,

James Gentile
Investigator

The Attorney General of Massachusetts
One Ashburton Place
Boston, Mass. 01608

RE: Civil rights violation.

4/23/04

Dear Attorney General:

On 4/21/04 an "Investigator" from your Worcester office wrote me a rather confusing letter.

First off, is this investigator, a James Gentile, the famous cousin of the catalyst of my child's and my own victimization? One Mark A. Gentile, whom he always boasts about? Wow, what a small world. And both from Worcester, Massachusetts. No doubt a 'remarkable' coincidence. I guess Mr. Gentile (the felon), that's" Mark A.", I am referring to in this letter, simply share the same spelling of their last names, along with the entire group of Gentile's of Shrewsbury Street Worcester and the huge extended 'family' that helps make Worcester the 'special city' that have allowed the Gentile's to prosper so.

Aside from that, this Mr. Gentile's letter to me has me confused. Is he saying my child and myself, a handicapped person, and both citizens of this Commonwealth, have no constitutionally guaranteed rights? The Attorney General of this Commonwealth does not enforce civil rights violations "within the purview of the Attorney General's Office"? Or, is he telling me that we have no rights according to a member of the Gentile family?

I am confused by all of this. Would you kindly clarify all this for me within ten business days.

And if it would not be a big hassle would you tell your Mr. Gentile that I said "your welcome" after he was so kind to "thank" 'me' for "contacting the Office of the Attorney General."

I guess Mark A. Gentile was right when he told me in a yet other matter before another trial court of this Commonwealth. He said I could not "touch him in Worcester County." Lets see if he has more relations in the United States Attorney's Office, besides with the FBI. But I guess I know now why he was laughing at me on April 20th, 2004 before the Superior Court sitting at Hampshire County after using the court to rob my son yet again. This also seems to explain why the Department of Revenue and the Town of Spencer shows Mark A. Gentile such deference in enforcing seriously delinquent meals taxes, quarterly filings, no income declarations at all, and cheating the other taxpayers of Spencer, Massachusetts who have had to install Title Five compliant Septic Systems, or violating this Commonwealth's Environmental laws by illegally filing lot #A-1, adjacent to his property he "leases" which control the entire water table for Lake Whittemore and

using his "leased" property to store components to an old Worcester, Massachusetts commercial refrigeration system containing similar agents that killed a lot of good men who were called "Worcester Firefighters" that died in their performance of their duty simply because they suspected some poor unfortunate persons were in a building ablaze.

Hey, I have an idea, so I really take the hint to leave the state with my son, next time the Legislature is seated in session why don't you ask the Gentile family if they would like us to rename the Commonwealth to something more to their liking.

Very truly yours,

William P. Youngworth, III
(Now homeless with child)
P.O. Box 2663
Springfield, Ma. 01101

P.S. Could you ask "Investigator Gentile" if my son could get a job in one of the family's businesses so he can get his education money back? If it would not be a bother.

cc: James Gentile (and family)
  : John J. Conte
  : The ACLU
  : The Governor for the Commonwealth of 'Massachusetts'
  : The United States Attorney
  : The Attorney General of the United States
  : The Director of the Federal Bureau of Investigation
  : The Town of Spencer, Massachusetts
  : Paul J. Mahoney
  : MCAD
  : Professor Ogletree
  : Attorney Marvin H. Siegel (Chief Counsel)
  : Attorney Richard P. Branson
  : Brian Ross
  : The East Brookfield District Court

# Exhibit E



Commonwealth of Massachusetts
# STATE ETHICS COMMISSION
John W. McCormack Office Building - One Ashburton Place - Room 619
Boston, Massachusetts 02108-1501

CONFIDENTIAL

June 27, 2005

James Gentile
c/o Department of the Attorney General
Central Massachusetts office
One Exchange Place
Worcester, MA  01608

Dear Mr. Gentile :

    As you know, we discussed with you a concern about whether you, an investigator with the Attorney General's office,  handled an investigation involving a family member.  Relying on what you told us, we are satisfied that this matter does not require any further action on our part.

    Thank you for your cooperation.

Very truly yours,

David Giannotti
Senior Investigator